IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

| | | |
|---|---|---|
| CHERYL DOUGHERTY, individually, and on behalf of all others similarly situated, | § § § | |
| Plaintiff, | § § § | |
| v. | § § | CIVIL ACTION NO.: 2:09-0443 |
| RAMONA CERRA, *et al.* | § § | |
| Defendants. | § | |

## DEFENDANTS' NOTICE OF REMOVAL

**TO THE HONORABLE UNITED STATES DISTRICT JUDGE:**

Defendants Ramona Cerra, John Cook, Greg Garrett, George Edwards, Clarence Burdette, Roland Rich, Luther Cope, The Variable Annuity Life Insurance Company ("The VALIC"), AIG Retirement Advisors, Inc. (n/k/a VALIC Financial Advisors, Inc.), and AIG Retirement Services Company (n/k/a VALIC Retirement Services Company)[1] (collectively, "the Removing Parties") file this Notice of Removal pursuant to 28 U.S.C. §§ 1331, 1441 and 1446, and the applicable provisions of the Securities Litigation Uniform Standards Act of 1998 ("SLUSA").[2]

---

[1] Plaintiff improperly named AIG Retirement Group and Variable Annuity Marketing Company as Defendants because they do not or no longer exist. Note also that AIG Retirement Advisor, Inc. and AIG Retirement Services have changed their names and are now known as VALIC Financial Advisors, Inc. and VALIC Retirement Services Company, respectively.

[2] Plaintiffs also name a number of other individual Defendants in their Complaint but these individuals have either not been served, have no connection to this matter or simply do not exist.

## PROCEDURAL BACKGROUND

1.  Plaintiff Cheryl Dougherty, individually and on behalf of all others similarly situated ("Dougherty"), filed her Motion for Leave and Second Amended Complaint suit on March 26, 2009, in the Circuit Court of Kanawha County, West Virginia. The Second Amended Complaint was attached to Plaintiff's Motion to Amend. Defendants timely filed this notice of removal within the 30-day time period required by 28 U.S.C. § 1446(b).

2.  On March 26, 2009, Plaintiff served her Motion For Leave to File Second Amended Complaint, including the proposed Second Amended Complaint attached as an exhibit, from which, for the first time, it could be ascertained that this case is one which is or has become removable. *See* 28 U.S.C. § 1446(b).[3] Although the Motion has not yet been ruled upon, Rule 15(a) of the West Virginia Rules of Civil Procedure provides, in pertinent part, that "leave (to amend) shall be freely given when justice so requires." W.Va. R.Civ.P. 15(a).

## NATURE OF THE SUIT

3.  Dougherty alleges for herself and on behalf of the class that:

a)  All Defendants (specifically the AIG/VALIC Defendants as defined in the Second Amended Complaint) were marketers, sellers, and administrators of "investment products";

b)  Defendants had a consistent, common, ongoing, pervasive, intentional, deliberate and systematic pattern of recruiting, hiring, training and/or instructing representatives to

---

[3] Specifically, 28 U.S.C. § 1446(b) states that "[i]f the case stated by the initial pleading is not removable, a notice of removal may be filed within thirty days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable, except that a case may not be removed on the basis of jurisdiction conferred by section 1332 of this title more than 1 year after commence of the action." 28 U.S.C. § 1446(b).

6353701

2

make common fraudulent or misleading representations, including intentional omissions, to her and similarly situated class members;

c)      The AIG/VALIC Defendants had a fiduciary duty to refrain from the reckless disregard of their interests in the management of investment funds;

d)      Defendants have engaged in an ongoing pattern of reckless mismanagement, showing a total disregard for investors' rights and interests in Defendants' "investment products";

e)      The AIG/VALIC Defendants engaged in high risk securities lending that involved the purchase of tens of billions of dollars in sub-prime mortgage bonds in exchange for various forms of collateral which were inappropriate and insufficient to support the risk;

f)      A significant percentage of the growth of the securities lending portfolio arose from loans involving corporate bonds owned by the AIG/VALIC Defendants, which directly impacted class members' investments;

g)      The AIG/VALIC Defendants' conduct lead to the collapse of their business and a massive failure in confidence in financial markets in the United States and internationally, and a multibillion dollar bailout by the United States government.

(Second Amended Class Complaint ("SAC"), ¶¶ 2, 5, 6, 8, 11-37.)

4.      Based on these allegations, Dougherty alleges the following state-law claims against AIG/VALIC and the individual Defendants:  a) common law fraud and misrepresentation (First Cause of Action); b) joint venture (Second Cause of Action); c) civil conspiracy (Third

Cause of Action); d) unconscionability (Fourth Cause of Action); and e) breach of fiduciary duty (Sixth Cause of Action). (SAC, ¶¶ 69-85, 86-93.)

## BASIS FOR REMOVAL

5. This is a civil action in which the court has original jurisdiction pursuant to 28 U.S.C. §§ 1331, 1441 and 1446(b).

## REMOVAL IS MANDATED UNDER THE SECURITIES LITIGATION UNIFORM STANDARDS ACT OF 1998

6. Under the Securities Litigation Uniform Standards Act of 1998, 15 U.S.C. § 77 *et seq.* ("SLUSA") federal courts have jurisdiction over certain "covered class actions," like this one, alleging fraud in connection with the sale or purchase of "covered securities." *See* 15 U.S.C. §§ 77p(f)(2)(A), 77(p)(f)(3), 77r(b) and 15 U.S.C. §§ 78bb(f)(5)(B), (f)(5)(E); 15 U.S.C. §§ 77p, 78bb(f); *In re Alger, Columbia, Janus, MFS, One Group, and Putnam Mut. Fund Litig.*, 320 F.Supp.2d 352, 354 (D.Md. 2004) (citing *Riley v. Merrill Lynch, Pierce, Fenner & Smith, Inc.*, 292 F.3d 1334, 1342 (11th Cir. 2002)); *Lowinger v. Johnston,* N. 3:05 CV 316H, 2005 WL 2592229, at *3 (W.D.N.C. Oct. 13, 2005); *see In re Mut. Funds Invest. Litig.*, 384 F.Supp.2d 845, 871 (D.Md. 2005).

7. Specifically, SLUSA applies to all "covered class actions" based on state law claims that allege (1) a misrepresentation or omission of a material fact in connection with the purchase or sale of a "covered security" or (2) that the defendant used or employed any manipulative or deceptive device or other contrivance in connection with the purchase or sale of a "covered security." 15 U.S.C. § 78bb(f)(1); *In re Mut. Funds Invest. Litig.*, 437 F.Supp.2d 439, 442-43 (D.Md. 2006).

8. SLUSA also provides that all "covered class actions" filed in state court are removable to federal court. 15 U.S.C. § 78bb(f)(2); *see Lowinger*, 2005 WL 2592229, at *3-*4. Because Dougherty's suit falls within the purview of SLUSA, removal is proper here.

### A. Dougherty's Suit Is A "Covered Class Action" Under SLUSA

9. "Covered class actions" are defined to include:

any single lawsuit in which—...

(II) one or more named parties seek to recover damages on a representative basis on behalf of themselves and other unnamed parties similarly situated, and questions of law or fact common to those persons or members of the protective class predominate over any questions affecting only individual persons or members...

15 U.S.C. §§ 77p(f)(2)(A); 15 U.S.C. §§ 78bb(f)(5)(B).

10. Dougherty's action meets this requirement as she specifically asserts all claims on behalf of herself and "all others similarly situated." (SAC, ¶¶ 1, 48-59.)

11. Dougherty also alleges that common questions of law or fact predominate over any questions affecting individual persons and that relief sought is common to the entire class. (SAC, ¶ 51.)

### B. Dougherty Alleges Claims of Misrepresentation and Omission of Material Fact As Well as Deception

12. Dougherty's Second Amended Complaint is replete with allegations of misrepresentation that clearly fall under the express language of 15 U.S.C. § 78bb(f)(1). Generally, "[t]he element of misrepresentation or omission of a material fact is satisfied when a plaintiff alleges a misrepresentation concerning the value of the security sold or the consideration received in return." *In re Mut. Funds Invest. Litig.*, 437 F.Supp.2d at 443 (citing *Araujo v. John*

*Hancock Life Ins. Co.*, 206 F.Supp.2d 377, 382 (E.D.N.Y. 2002)). Dougherty has alleged such misrepresentations.

### C. Dougherty Allegations of Misrepresentation, Deception and Omissions are "In Connection with Purchase of a Covered Security"

13. The United States Supreme Court has held that the phrase "in connection with" should be construed very broadly and has instructed courts to construe the phrase "not technically and restrictively, but flexibly to effectuate its remedial purpose." *See also SEC v. Zandford*, 535 U.S. 813, 819-20 (2002).

14. For the purposes of SLUSA pre-emption, the identity of the plaintiffs does not determine whether the complaint alleges fraud "in connection with the purchase or sale" of securities; rather, it is the alleged conduct of the defendant that is determinative. *See Merrill Lynch, Pierce, Fenner & Smith, Inc. v. Dabit*, 547 U.S. 71, 86, 89 (2006); *Segal v. Fifth Third Bank, N.A.*, No. 1:07-cv-348, 2008 WL 819290, at *4 (S.D. Ohio Mar. 25, 2008).

15. Thus, it is enough that the fraud alleged simply "coincide" with a securities transaction—whether by plaintiffs or someone else. *Dabit*, 547 U.S. at 85 (citing *O'Hagan*, 521 U.S. at 651). "The requisite showing, in other words, is 'deception "in connection with the purchase or sale of any security," not deception of an identifiable purchaser or seller." *Id.* at 658.

16. Dougherty's claims against the AIG/VALIC Defendants concern "covered securities."

17.     Dougherty contends that Defendants' fraudulent misrepresentations, deception and/or omissions induced class members into purchasing investment products from the AIG/VALIC Defendants.

18.     Dougherty does not allege that she herself purchased a registered security. Indeed, she alleges she purchased a fixed annuity, an insurance product that is not a security. She *does* allege that the AIG/VALIC Defendants harmed purchasers of unspecified investment products, which necessarily includes registered securities. For SLUSA to apply, Dougherty need not have directly purchased a security. *See Dabit,* 547 U.S. at 85, 86, 89 (citing *O'Hagan,* 521 U.S. at 651). She need only plead that the fraud coincided with a securities transaction— something she has clearly alleged here.

19.     The investment products that the VALIC Defendants market and sell include registered securities—like variable annuities, variable life products, mutual fund shares, and others—that are "covered securities under SLUSA." Further, registered securities were offered through the Defined Contribution Plan in which Dougherty participated, and putative class members purchased or sold such securities. Further, Dougherty alleges that class members were harmed as a result of, among other things, the AIG/VALIC Defendants' alleged reckless security lending.[4] Thus, the essence of her case is that the class has been harmed to the AIG/VALIC Defendants' securities activities. Dougherty's claims, therefore, fall within the broad scope of SLUSA and are subject to removal.

---

[4] Plaintiff's allegations regarding the reckless security lending and other wrongful securities activities target AIG, Inc., as well as, The VALIC, AIG Retirement Advisors, Inc., and AIG Retirement Services Company. However, AIG, Inc. is only a holding company and does not market or sell such securities and the latter two entities are now VALIC companies.

## THE NOTICE OF REMOVAL IS PROCEDURALLY CORRECT

20.     The Removing Parties' notice of removal is procedurally correct.

21.     The Removing Parties have attached as Exhibit "A" to this notice all pleadings, process, orders, and all other filing in the state court action as required by 28 U.S.C. § 1446(a).

22.     Venue is proper in this district under 28 U.S.C. § 1441(a) because this district and division embrace the place in which the removed action had been pending.

23.     In accordance with 28 U.S.C. § 1446(d), the Removing Parties will promptly file a copy of this Notice of Removal with the clerk of the Circuit Court of Kanawha County, West Virginia, in which the action has been pending.

24. Defendants James Pingley, American International Group, Inc. ("AIG, Inc."), and the West Virginia Consolidated Public Retirement Board all consent to this removal. The consents for AIG, Inc., James Pingley and the West Virginia Consolidated Public Retirement Board are attached as Exhibit "B."

## JURY DEMAND

25. Plaintiff has demanded a jury in the state court action.

Respectfully Submitted,

*[signature]*

Thomas J. Hurney, Jr., Esquire
WV Bar ID# 1833
Michael M. Fisher, Esquire
WV Bar ID# 4353
JACKSON KELLY PLLC
P.O. Box 553
Charleston, West Virginia 25322
(304) 340-1000

Daniel McNeel Lane, Jr.
(*admitted pro hac vice*)
Brian S. Jones
(*admitted pro hac vice*)
AKIN GUMP STRAUSS HAUER & FELD LLP
300 Convent Street, Suite 1600
San Antonio, Texas 78205
(210) 281-7000

**ATTORNEYS FOR THE VARIABLE ANNUITY LIFE INSURANCE COMPANY, VALIC FINANCIAL ADVISORS, INC., VALIC RETIREMENT SERVICES COMPANY, RAMONA CERRA, JOHN COOK, GREG GARRETT, GEORGE EDWARDS, CLARENCE BURDETTE, ROLAND RICH AND LUTHER COPE**

## CERTIFICATE OF SERVICE

    I hereby certify that a true and correct copy of the foregoing instrument was served on all the following counsel of record by certified mail, return receipt requested, on April 24, 2009:

Harry F. Bell, Jr.
William Bands
Bell & Bands, PLLC
30 Capitol Street
P.O. Box 1723
Charleston, WV 25326-1723

Charles Webb
The Webb Law Firm
108 1/2 Capitol Street, Suite 201
Charleston, WV 25301

Gary Pullin
Pullin Fowler Flanagan PLLC
901 Quarrier Street
Charleston, WV 25301

Jim Pingley (Pro Se)
15 Dartmouth Lane
Falling Waters, WV 25419-3967

_____
MICHAEL FISHER