CASE  08-C-2080                    KANAWHA                    PAGE  1

CHERYL DOUGHERTY          vs.  RAMONA CERRA

| LINE | DATE | ACTION |
|---|---|---|
| 1 | 10/23/08 | *CASE INFO SHEET; RECORDS FR MARSHALL COUNTY; CERT CPY OF O |
| 2 | 11/18/08 | TRANSFER TO KANAWHA COUNTY |
| 3 | 11/18/08 | # UNINVOLVED D'S MOT TO DIS & ALTERNATIVE MOT FOR SJ W/EXH'S & |
| 4 | 11/18/08 | W/COS |
| 5 | 11/18/08 | # MEMO OF LAW SUPP MOT TO DIS W/COS |
| 6 | 11/18/08 | # NOT OF MOT W/COS |
| 7 | 11/18/08 | # COS AS TO ANS' OF UNINVOLVED D'S TO P'S INTERROG'S & RESP'S |
| 8 | 11/18/08 | # TO REQ FOR PROD |
| 9 | 11/18/08 | # COS AS TO VALIC'S ANS' TO P'S INTERROG'S & RESP'S |
| 10 | 11/18/08 | # CASE INFO SHEET; ANS OF VARIABLE ANNUITY LIFE INS. CO. TO AND |
| 11 | 11/18/08 | # CLASS ACTION COMPLAINT W/COS |
| 12 | 11/18/08 | # CASE INFO SHEET; ANS OF GERODE EDWARDS TO AND CLASS ACTION |
| 13 | 11/18/08 | # COMPLAINT W/COS |
| 14 | 11/18/08 | # CASE INFO SHEET; ANS OF JOHN COOK TO AND CLASS ACTION |
| 15 | 11/18/08 | # COMPLAINT W/COS |
| 16 | 11/18/08 | # CASE INFO SHEET; ANS OF ROLAND RICH TO AND CLASS ACTION |
| 17 | 11/18/08 | # COMPLAINT W/COS |
| 18 | 11/18/08 | # CASE INFO SHEET; ANS OF LUTHER COPE TO AND CLASS ACTION |
| 19 | 11/18/08 | # COMPLAINT W/COS |
| 20 | 11/18/08 | # CASE INFO SHEET; ANS OF RAMONA CERRA TO AND CLASS ACTION |
| 21 | 11/18/08 | # COMPLAINT W/COS |
| 22 | 11/18/08 | # CASE INFO SHEET; ANS OF GREG GARRETT TO AND CLASS ACTION |
| 23 | 11/18/08 | # COMPLAINT W/COS |
| 24 | 11/18/08 | # CASE INFO SHEET; ANS OF CLARENCE BURDETTE TO AND CLASS ACTION |
| 25 | 11/18/08 | # COMPLAINT W/COS |
| 26 | 11/20/08 | # CASE INFO SHEET; ANS OF WV CONSOLIDATED PUBLIC RETIREMENT |
| 27 | 11/20/08 | # BOARD W/COS |
| 28 | 12/08/08 | # COS AS TO VARIABLE ANNUITY LIFE INS. CO'S 1ST REQ FOR PROD |
| 29 | 12/08/08 | # COS AS TO VARIABLE ANNUITY LIFE INS. CO'S 1ST INTERROG'S |
| 30 | 12/08/08 | *O: GRT PRO HAC VICE ADM TO BRIAN JONES/KAU |
| 31 | 01/20/09 | SW APPLICATION FOR ADM PRO HAC VICE W/COS |
| 32 | 01/20/09 | SW APPLICATION FOR ADM PRO HAC VICE W/COS |
| 33 | 02/06/09 | O: MAILED; 2/5/09; M. FISHER, H. BELL, C. WEBB, G. FULLIN/NK |
| 34 | 02/05/09 | *O: GRT PRO HAC VICE ADM TO DANIEL MCNEEL LANE JR/KAU (2/2/5) |
| 35 | 02/26/09 | # UNINVOLVED D'S PINGLEY'S NOT TO DIS W/EXH; AFD IN SUPP W/COS |
| 36 | 02/26/09 | # VARIABLE ANNUITY LIFE INS. CO'S NOT TO COMPEL AGAINST P' |
| 37 | 02/26/09 | # W/EXH'S |
| 38 | 03/03/09 | O: MAILED; 2/27; M.FISHER, H.BELL,JR., C.WEBB, G.FULLIN/AB |
| 39 | 02/27/09 | *O: GRT PRO HAC VICE ADM TO BRIAN JONES/KAU |
| 40 | 03/10/09 | # NOT OF HRG W/COS (3/31/09 @ 10:00 AM) |
| 41 | 03/11/09 | # NOT OF HRG W/COS (3/31/09 @ 10:00 AM) |
| 42 | 03/23/09 | # COS AS TO P'S ANS' TO VARIABLE ANNUITY LIFE INS. CO'S 1ST |
| 43 | 03/27/09 | # INTERROG'S & REQ FOR PROD |
| 44 | 03/27/09 | # NOT OF MOT W/COS; P'S MOT FOR LEAVE TO F 2ND AND C W/COS |
| 45 | 03/31/09 | # 2ND AND CLASS ACTION COMPLAINT |
| 46 | 04/01/09 | O: MAILED; (3/31/09) R. WEBB, H. BELL, M. FISHER, T. FULLIN/NK |
| 47 | 03/31/09 | *SO: TD 4/19/10; CONF 4/12/10; H/KAU |
| 48 | 04/20/09 | O: MAILED;S4/20/09;M.FISHER,C.WEBB,H.BELL,P.CAMPBELL,G.FULLIN, |
| 49 |  | C. KINNEY/NP |

EXHIBIT
A

0899-169-008 OIVHO

CHERYL DOUGHERTY                    vs. RAMONA CERRA, ET AL

COPY

| LINE | DATE | ACTION |
|------|------|--------|
| 1 | 05/12/08 | COMPLAINT FILED. |
| 2 | 05/12/08 | SUM AND COMP TO ATTORNEY FOR SERVICE. |
| 3 | 07/24/08 | AMENDED CLASS ACTION COMPLAINT FILED. SIGNED SUMMONS AND |
| 4 |  | RETURNED TO ATTORNEY FOR SERVICE, CERT OF SERV (PLS INTERR).] |
| 5 | 08/14/08 | RET RECS FROM SEC ST FOR: AIG RETIREMENT ADVISORS 8-4; AIG |
| 6 |  | RETIREMENT SERVICES 8-4; WV CONSOLIDATED PUBLIC RETIREMENT 8-4; |
| 7 |  | AMERICAN INTERNATIONAL GROUP 8-5; VARIABLE ANNUITY LIFE 8-4; |
| 8 |  | VARIABLE ANNUITY MARKETING - NO DATE; AIG RETIREMENT (GREEN |
| 9 |  | CARD NOT SIGNED) |
| 10 | 09/18/08 | NOTICE OF HEARING, DEF WV CONSOLIDATED PUBLIC RET MOTION TO |
| 11 |  | DISMISS FOR IMPROPER VENUE MEMO IN LAW IN SUPPORT OF MOTION |
| 12 |  | AND CERT OF SERV |
| 13 | 09/22/08 | ORDER: PL'TF MAY FILE A RESPONSE ON OR BEFORE 10-20-08, DEF |
| 14 |  | MAY FILE A RELPY ON OR BEFORE 11-7-08, COPIES ISSUED |
| 15 | 10/01/08 | STIPULATION FILED. |
| 16 | 10/14/08 | ANSWER OF JAMES PINGLEY |
| 17 | 10/15/08 | SUM AND AMENDED COMP SERVED BY CREDIBLE PERSON ON CERRA-WARD ON |
| 18 |  | 9-24 ON J COOK ON 9-24 ON BURDETTE ON 9-24 ON COPE ON 9-24 ON |
| 19 |  | EDWARDS ON 9-30 ON SISL ON 9-30 |
| 20 | 10/17/08 | ORDER: AGREED TRANSFER ORDER: DEFS WHICH HAVE BEEN SERVED SHALL |
| 21 |  | HAVE 30 DAYS FROM THE DATE OF THIS ORDER TO RESPOND TO THE COMP, |
| 22 |  | FILE TRANSFERRED TO KANAWHA COUNTY, COPY OF FILE SENT, ISSUED. |
| 23 | 10/21/08 | AFFID OF SERV OF SUMMON AND AMENDED COMP ON GREG GARRETT, BRENT |
| 24 |  | COLLIN AND MARK MULLINS. |
| 25 | 10/30/08 | FILE TRANSFERRED TO KANAWHA COUNTY. |
| 26 |  | **** DRAWER 729 **** |
| 27 | 11/17/08 | CERT MAIL ACCEPETED BY ROLAND RICH ON 10/29/08. |

Memorandum to the Clerk
For Instituting Civil Action
To The Clerk of the Circuit Court of
Marshall County, West Virginia

2008 OCT 28 PM 4: 13

CATHY S. GATSON
KANAHWA CO. CIRCUIT COURT

CHERYL DOUGHERTY, Plaintiff,

v.

CIVIL ACTION NO. 08-C-116M    08-C-2080 KAUFMAN

RAMONA CERRA, et al., Defendants.

II.    TYPE OF CASE

| TORTS | OTHER CIVIL | |
|---|---|---|
| ___ Asbestos | ___ Adoption | ___ Appeal from Magistrate Court |
| ___ Professional Malpractice | ___ Contract | ___ Petition for Modification of Magistrate Sentence |
| ___ Personal Injury | ___ Real Property | ___ Miscellaneous Civil |
| ___ Product Liability | ___ Mental Health | ___ Other |
| _X_ Other tort | ___ Appeal of Administrative Agency | |

III.    JURY DEMAND: __ __ _
        CASE WILL BE READY FOR TRIAL BY  (Month/Year): _____ DECEMBER 2009 _____

IV    DO YOU OR ANY OF YOUR CLIENTS IN THIS CASE REQUIRE SPECIAL
      ACCOMMODATIONS DUE TO A DISABILITY OR AGE?  X_ No  __ Yes

IF YES, PLEASE SPECIFY:
___    Wheelchair accessible hearing room and other facilities
___    Interpreter or other auxiliary aid for the hearing impaired
___    Reader or other auxiliary aid for the visually impaired
___    Spokesperson or other auxiliary aid for the speech impaired
___    Other: _____

Attorney Name: Harry F. Bell, Jr. (WV Bar No. 297)       Representing:
Firm: _____ Bell & Bands, PLLC _____            X_ Plaintiff _____ Defendant
Address: P.O. Box 1723, Charleston, WV 25326            ___ Cross-Complainant ___ Cross-Defendant
Telephone: (304) 345-1700 Fax: (304) 345-1715

Dated: _____ July 23, 2008 _____            _____
                                                        Signature

Transfer from Marshall County, Per Court Order

**Memorandum to the Clerk**
**For Instituting Civil Action**

To The Clerk of the Circuit Court of Marshall County, West Virginia:

CHERYL DOUGHERTY,

      Plaintiff,

v.                                CIVIL ACTION NO. 08-C-116M

RAMONA CERRA, et al.,

      Defendants.


SERVICE

| Name/Address | Days to Answer | Type of Service (Personal or Other) |
|---|---|---|
| AMERCAN INTERNATIONAL GROUP, INC. | 30 | SOS |
| AIG RETIREMENT GROUP | 30 | SOS |
| VARIABLE ANNUITY LIFE INSURANCE COMPANY | 30 | SOS |
| AIG RETIREMENT ADVISORS, INC. | 30 | SOS |
| AIG RETIREMENT SERVICES COMPANY | 30 | SOS |
| VARIABLE ANNUITY MARKETING COMPANY | 30 | SOS |
| WEST VIRGINIA CONSOLIDATED PUBLIC RETIREMENT BOARD | 60 | SOS |
| RAMONA CERRA | 20 | Personal |
| JOHN COOK | 20 | Personal |
| GREGG GARRETT | 20 | Personal |
| ROLAND RICH | 20 | Personal |
| GEORGE M. EDWARDS | 20 | Personal |
| CLARENCE BURDETTE | 20 | Personal |

| | | |
|---|---|---|
| BRIAN AIKMAN | 20 | Personal |
| LUTHER COPE | 20 | Personal |
| GUY DEVONOE | 20 | Personal |
| DON GIBSON | 20 | Personal |
| BILL GLASS | 20 | Personal |
| JOHN MARSHALL | 20 | Personal |
| MARK MULLENS | 20 | Personal |
| TIMOTHY PALMER | 20 | Personal |
| JIM PINGLEY | 20 | Personal |
| DAVID SISK | 20 | Personal |
| JOHN SPURLOCK | 20 | Personal |
| KEN WHITTINGTON | 20 | Personal |

STATE OF WEST VIRGINIA

COUNTY OF MARSHALL


I, DAVID R. EALY, CLERK OF THE CIRCUIT COURT OF MARSHALL COUNTY,

WEST VIRGINIA, HEREBY CERTIFY THAT THE FOREGOING ARE A TRUE AND

EXACT COPY OF THE ORIGINAL PAPERS FILED ON THE RECORD IN THE WITHIN

ACTION OF CHERYL DOUGHERTY VS RAMONA CERRA, ET AL CIVIL ACTION

08-C-119 M.

GIVEN UNDER MY HAND AND SEAL THIS 17TH DAY OF OCTOBER , 2008

DAVID R. EALY, CLERK

BY: _Donna Crow_____

Deputy Clerk

CASE 08-C-116                    MARSHALL

CHERYL DOUGHERTY          vs. RAMONA CERRA, ET AL

LINE   DATE     ACTION

    1  05/12/08  COMPLAINT FILED.
    2  05/12/08  SUM AND COMP TO ATTORNEY FOR SERVICE.
    3  07/24/08  AMENDED CLASS ACTION COMPLAINT FILED. SIGNED SUMMONS AND
    4            RETURNED TO ATTORNEY FOR SERVICE, CERT OF SERV (PLS INTERR).]
    5  08/14/08  RET RECS FROM SEC ST FOR: AIG RETIREMENT ADVISORS 8-4; AIG
    6            RETIREMENT SERVICES 8-4; WV CONSOLIDATED PUBLIC RETIREMENT 8-4;
    7            AMERICAN INTERNATIONAL GROUP 8-5; VARIABLE ANNUITY LIFE 8-4;
    8            VARIABLE ANNUITY MARKETING - NO DATE; AIG RETIREMENT (GREEN
    9            CARD NOT SIGNED)
   10  09/18/08  NOTICE OF HEARING, DEF WV CONSOLIDATED PUBLIC RET MOTION TO
   11            DISMISS FOR IMPROPER VENUE MEMO IN LAW IN SUPPORT OF MOTION
   12            AND CERT OF SERV
   13  09/22/08  ORDER: PL'TF MAY FILE A RESPONSE ON OR BEFORE 10-20-08, DEF
                 MAY FILE A RELPY ON OR BEFORE 11-7-08, COPIES ISSUED
   15  10/01/08  STIPULATION FILED.
   16  10/14/08  ANSWER OF JAMES PINGLEY
   17  10/15/08  SUM AND AMENDED COMP SERVED BY CREDIBLE PERSON ON CERRA-WARD ON
   18            9-24 ON J COOK ON 9-24 ON BURDETTE ON 9-24 ON COPE ON 9-24 ON
   19            EDWARDS ON 9-30 ON SISL ON 9-30
   20  10/17/08  ORDER: AGREED TRANSFER ORDER: DEFS WHICH HAVE BEEN SERVED SHALL
   21            HAVE 30 DAYS FROM THE DATE OF THIS ORDER TO RESPOND TO THE COMP,
   22            FILE TRANSFERRED TO KANAWHA COUNTY, ISSUED.
   23  10/21/08  AFFID OF SERV OF SUMMON AND AMENDED COMP ON GREG GARRETT, BRENT
   24            COLLIN AND MARK MULLINS.

IN THE CIRCUIT COURT OF MARSHALL COUNTY, WEST VIRGINIA

CHERYL DOUGHERTY, individually,
and on behalf of all others similarly situated,

     Plaintiff,

v.                            CIVIL ACTION NO.: _____ 08-C-116 m

RAMONA CERRA, individually; JOHN COOK,
individually; GREG GARRETT, individually;
ROLAND RICH, individually; GEORGE M. EDWARDS,
individually; CLARENCE BURDETTE, individually;
JOHN DOES 1-30, individually; AMERICAN
INTERNATIONAL GROUP, INC., a Texas
corporation; AIG RETIREMENT GROUP, f/k/a
AIG VALIC GROUP; VARIABLE ANNUITY LIFE INSURANCE
COMPANY, a Texas corporation; AIG RETIREMENT
ADVISORS, INC., f/k/a VALIC FINANCIAL ADVISORS,
INC., a Texas corporation; AIG RETIREMENT SERVICES
COMPANY, f/k/a VALIC RETIREMENT SERVICES
COMPANY, a Texas corporation; and VARIABLE
ANNUITY MARKETING COMPANY, a Texas
corporation,

     Defendants.

## CLASS ACTION COMPLAINT

Now comes the Plaintiff, on behalf of herself and all others similarly situated

(hereinafter referred to as the "system members," "Class members," and/or "Class"),

by and through counsel, Bell & Bands, PLLC, and the Webb Law Firm, PLLC, and for

this Class Action Complaint against Defendants states as follows:

## I. <u>INTRODUCTION</u>

1. Plaintiff brings this action, on behalf of herself and all others similarly situated, for compensatory and punitive damages for the unlawful, unfair and/or deceptive acts or practices employed by Defendants, which involve the consistent, common, ongoing, pervasive, intentional, deliberate, wanton, illegal, and systematic pattern and practice of recruiting, hiring, training and/or instructing undisclosed, prominent representatives in this State to make virtually identical and/or common fraudulent misrepresentations, which in fact were made, to Plaintiff, and all others similarly situated, unsophisticated employees of the State public school system, calculated to convince them to transition from the State of West Virginia Teacher's Retirement System ("Retirement System") Defined Benefit Plan (hereinafter referred as to "DBP") to the Defined Contribution Plan (hereinafter referred to as "DCP"), of, and sold by, Defendants, which was an exorbitantly commission-driven, front-loaded brokerage fee annuity ("the Annuity"), and not a financial product that would be, and/or is, in the best interest of the Plaintiff and all others similarly situated;

2. Specifically, at all times relevant herein, the corporate Defendants named in this action and further described and identified hereinbelow, *inter alia*, collectively constitute the primary brokerage firm/financial services provider selected by, and working in conjunction with, the State of West Virginia

Consolidated Public Retirement Board ("WV Retirement Board"), which has received statutory notice that it will be joined as a party defendant in this action, to administer the then-recently mandated DCP for newly-hired qualified employees and for those existing teachers, school service personnel and professional staff who chose to leave the DBP, i.e. members of the Retirement System ("system members");

3. At all times relevant herein, the individual Defendants, named in this action and further described and identified hereinbelow, *inter alia*, are and/or were prominent local persons with knowledge of, and/or experience with, the State and local public school system, including, upon information and belief, former legislators, former teachers, former coaches, and/or former school/education administrators, recruited, trained and/or instructed by the corporate Defendants, in return for exorbitant front-loaded commissions, to act on the corporate Defendants' behalf to represent, suggest, infer, and/or lead Plaintiff, and all others similarly situated, to believe, that they were representatives of the WV Retirement Board, not the corporate Defendants, and to make virtually identical and/or common fraudulent misrepresentations, which in fact were made, to Plaintiff, and all others similarly situated, unsophisticated employees of the State public school system, calculated to convince them to purchase the Annuity as aforesaid,

3

sold by Defendants, which was not a financial product that would be, and/or is, in the best interest of the Plaintiff and all others similarly situated;

4. The aforesaid misrepresentations, *inter alia*, made on a consistent, common, ongoing, pervasive, intentional, wanton, illegal and systematic basis by the Defendants to Plaintiff and all others similarly situated, i.e. system members, were that the "old" DBP was in grave danger and/or going bankrupt, that they would receive no retirement funds, and thus to ensure that system members' retirement fund accounts would sufficiently provide for the system members' retirement, they must get into the "new" DCP system and purchase the Annuity from Defendants which was "guaranteed" to double or triple their retirement fund accounts;

5. In April 2008, the WV Retirement Board sent letters to Plaintiff and all other similarly situated system members for the first time informing Plaintiff and all other similarly situated system members the actual and true projections of what they would earn under the DBP with their annuities purchased from the Defendants in comparison with what they would have earned had they maintained their previous accounts established prior to Defendants' peddling of their Annuity, and not switched to Defendants' Annuity, thereby informing Plaintiff and all other similarly situated system members for the first time that they detrimentally relied on the misrepresentations of Defendants as they were actually losing retirement funds with Defendants' Annuity, and/or that

Defendants' Annuity would in reality perform significantly below the levels "guaranteed" by the Defendants, and in fact that had they maintained their previously-established accounts and not switch to Defendants' Annuity, they would have earned significantly more over time and up to their retirement, thus for the first time informing Plaintiff and all other similarly situated system members that Defendants' had made misrepresentations regarding the Annuity, upon which they detrimentally relied, inducing them to change their retirement fund accounts to the Annuity, and hence caused them to suffer significant damages.  In addition, upon information and belief, a significant number of the former system members referred to herein may not yet even know that they detrimentally relied on the aforesaid misrepresentations of the Defendants, and that they have suffered significant damages as direct result;

6. This letter also for the first time informed Plaintiff and all other similarly situated system members that they had the option to switch back from the Defendants' Annuity to their previously-established retirement fund accounts but at significant personal cost, thereby increasing their damages suffered as a direct result of Defendants' misrepresentations calculated to induce them to switch their retirement fund accounts to Defendants' Annuity and their detrimental reliance on the same;

## II.  THE PARTIES

7. Plaintiff restates and realleges every allegation herein as if repeated verbatim;

8. Plaintiff Cheryl Dougherty is, and at all times relevant herein was, a resident of Wheeling, Ohio County, West Virginia, and a member of the Retirement System, employed as a teacher in Marshall County, West Virginia, who, directly as a result of Defendants' misrepresentations switched her retirement fund account to Defendants' Annuity, and suffered significant damages as a direct result;

9. Defendant American International Group, Inc. ("AIG"), is and was the parent corporation of Defendant Variable Annuity Life Insurance Company ("VALIC"), which in turn is and was the parent corporation of Defendant Variable Annuity Marketing Company ("VAMCO").  Defendant AIG also is and was the parent corporation of Defendant AIG Retirement Advisors, Inc., f/k/a VALIC Financial Advisors, Inc., and Defendant AIG Retirement Services, Inc., f/k/a VALIC Retirement Services Company.  AIG Retirement Group, f/k/a AIG VALIC Group, is and was the entity of Defendant AIG under which Defendants VALIC, Defendant AIG Retirement Advisors, Inc., f/k/a VALIC Financial Advisors, Inc., and Defendant AIG Retirement Services, Inc., f/k/a VALIC Retirement Services Company, operate and do business;

10. All of these Defendants (previously referred to herein collectively as "the corporate Defendants," hereinafter referred to collectively as "the AIG/VALIC Defendants") are, and at all times relevant herein were, Texas corporations with their principal place of business being Houston, Texas, and doing

business in West Virginia as, *inter alia*, marketers, sellers and administrators of financial products, including retirement products such as annuities, and specifically the Annuity at issue in this action, by and through the individual Defendants recruited, hired, trained and/or instructed, and undisclosed, prominent representatives in this State to make virtually identical and/or common fraudulent misrepresentations, which in fact were made, to Plaintiff, and all similarly situated system members, unsophisticated employees of the State public school system, calculated to induce them to convince them to transition from the State of West Virginia Teacher's Retirement System ("Retirement System") Defined Benefit Plan (hereinafter referred as to "DBP") to the Defined Contribution Plan (hereinafter referred to as "DCP"), of, and sold by, Defendants, which was an exorbitantly commission-driven, front-loaded brokerage fee annuity ("the Annuity"), and not a financial product that would be, and/or is, in the best interest of the Plaintiff and all others similarly situated;

11. Defendant Ramona Cerra (previously referred to herein as one of the collective group of "individual Defendants," hereinafter also referred to as "Defendant Cerra") is, and at all times relevant hereto was, a resident of West Virginia's Northern Panhandle region and a former legislator, and thus a prominent local person with knowledge of, and/or experience with, the State and local public school system, recruited, hired, trained and/or instructed by

7

the AIG/VALIC Defendants to act as their agent and representative to make the misrepresentations described herein to system members in the Northern Panhandle region, including Plaintiff and other similarly situated system members, many of whom, along with Plaintiff, met with Defendant Cerra at their place of employment in Marshall County, West Virginia, at which time said misrepresentations were made.  In return, Defendant Cerra received from the AIG/VALIC Defendants exorbitant front-loaded commissions on her sales of the Annuity to Plaintiff and other similarly situated system members employed by the Marshall County school system.  In committing these actions and omissions, Defendant Cerra acted individually and as an agent under the direction and control of the AIG/VALIC Defendants;

12. Defendants John Cook ("Defendant Cook"), Greg Garrett ("Defendant Garrett"), Roland Rich ("Defendant Rich"), George M. Edwards ("Defendant Edwards"), Clarence Burdette ("Defendant Burdette"), and Defendant John Does 1-30, are all, along with Defendant Cerra (hereinafter all also referred to collectively as "the individual Defendants"), are and were prominent local persons with knowledge of, and/or experience with, the State and local public school system, recruited, hired, trained and/or instructed by the AIG/VALIC Defendants to act as their agent and representative to make the misrepresentations described herein to system members similarly situated with the Plaintiff, throughout the State of West Virginia, at meetings such as

8

the one described hereinabove.  In return, the individual Defendants received from the AIG/VALIC Defendants exorbitant front-loaded commissions on their sales of the Annuity to Plaintiff and other similarly situated system members employed throughout the State of West Virginia.  In committing these actions and omissions, the individual Defendants acted individually and as agents under the direction and control of the AIG/VALIC Defendants;

### III.      JURISDICTION AND VENUE

13. Plaintiff restates and realleges every allegation herein as if repeated verbatim;

14. The parties to this action and the acts and omissions complained herein are subject to the jurisdiction of this Court inasmuch as a substantial part, or all, of the actions or omissions giving rise to the claims made herein occurred in the State of West Virginia, and in regard to Plaintiff and many other similarly situated system members, specifically occurred in Marshall County, West Virginia;

15. Venue properly lies before this Court pursuant to W. Va. Code § 56-1-1.

### IV.      CLASS ACTION ALLEGATIONS

16. Plaintiff restates and realleges every allegation herein as if repeated verbatim;

17. This civil action is brought by the Plaintiff as a class action, individually and on behalf of all others similarly situated under the provisions of Rule 23 of the West Virginia Rules of Civil Procedure;

9

18. The Class consists of all current and former system members who, as a result of the misrepresentations of Defendants as aforesaid, upon which they detrimentally relied, inducing them to transfer their retirement fund account to, or place their retirement fund account in, the Defendants' Annuity;

19. The Class is so numerous that joinder of individual members is impracticable. The exact number of Class members can be readily determined from the records of AIG/VALIC Defendants and/or the State of West Virginia Consolidated Public Retirement Board, which has received statutory notice that it will be joined as a party defendant in this action.   In fact, upon information and belief, a significant number of the former system members referred to herein may not yet even know that they detrimentally relied on the aforesaid misrepresentations of the Defendants, and that they have suffered significant damages as direct result;

20. There are common questions of law and/or fact in this action that relate to and affect the rights of the Plaintiffs and each Class member, and the relief sought is common to the entire Class, including but not limited to:

   a.   whether the AIG/VALIC Defendants engaged in a consistent, common, ongoing, pervasive, intentional, deliberate, wanton, illegal, and systematic pattern and practice of recruiting, hiring, training and/or instructing undisclosed, prominent agents/representatives in this State, controlled by the AIG/VALIC Defendants, with knowledge of, and/or experience with, the State and local public school system,

including, upon information and belief, former legislators, former teachers, former coaches, and/or former school/education administrators, to make virtually identical and/or common fraudulent misrepresentations, calculated to induce Plaintiff and Class members to detrimentally rely on the same and as a direct result purchase or transfer retirement funds to the Annuity;

b.  whether Plaintiff and Class members so purchased or transferred retirement funds to the Annuity;

c.  whether the financial characteristics, features, and performance of the Annuity, in comparison with previously-established retirement fund accounts of Plaintiff and Class members and/or other DCP options, indeed show the Annuity was not a financial product in the best interest of Plaintiff and Class members; and

d.  whether the individual Defendants received exorbitant, front-loaded commissions from their sales of the Annuity to Plaintiff and Class members;

21. The claims of the named Plaintiff are typical of the claims of the Class in that the named Plaintiff and Class members are all system members to which misrepresentations were made regarding the Annuity and who purchased or transferred funds to the Annuity;

22. Notice, if required, can be provided to Class members by first class mail and/or by published notice using techniques and forms of notice similar to those customarily used in consumer protection class action litigation;

23. Plaintiff seeks compensatory and punitive damages common to the Class and also seeks to enjoin and redress the aforementioned unlawful, unfair and deceptive sales practices employed by Defendants;

24. Class certification is appropriate pursuant to Rule 23 because Defendants have committed consistent and common, virtually-identical actions and/or omissions generally applicable to the Class.

25. Class certification is also appropriate under Rule 23 because, among other things, the prosecution of several actions by individual Class members would create the risk of varying adjudications and the creation of inconsistent standards of conduct for those opposing the Class.

26. Further, individual actions by Class members may be dispositive of the interests of other members not parties to the adjudication of the claim which would impair or impede the ability of those individuals to protect their interests.

27. Class certification is also appropriate because the cost of litigation for one individual may be unlikely to justify the case, yet Plaintiff is in need of the relief sought herein and Defendants are liable for the harm to Plaintiff and the Class.  Without class certification, Plaintiff will be unable to seek proper redress for this harm.

28. The Plaintiff will fairly and adequately represent and protect the interests of the Class.

## V.  SPECIFIC PARTY ALLEGATIONS

29. Plaintiff restates and realleges every allegation herein as if repeated verbatim.

30. During the academic year 1990-1991, the AIG/VALIC Defendants, by and through its agent and representative, Defendant Cerra, conducted a meeting during the school day on Marshall County school grounds, for Plaintiff and other system members at that location;

31. The AIG/VALIC Defendants, by and through Defendant Cerra, whom they had, *inter alia*, recruited and trained, and who they controlled, set up this meeting for the sole purpose of making the misrepresentations described herein calculated to induce Plaintiff, inter alia, to transfer her retirement fund account to the Defendants' Annuity;

32. At said meeting, Defendant Cerra led Plaintiff to believe Cerra was a representative from the WV Retirement Board, and represented, *inter alia*, to the Plaintiff the following:

a. That the teachers retirement system was in grave danger;

b. That there would be no retirement by the time she reached age fifty-five (55);

c. That there was a new system "which would save us," "allow us to regain our losses," and "allow us to retire with even better benefits that our peers

[who remained in the plan]," which was the Defendants' Annuity; and

   d. That Plaintiff had to make her decision to purchase and/or transfer her retirement fund account to the Annuity;

33. The representations made to Plaintiff by Defendant Cerra in an effort to get Plaintiff to purchase and/or transfer her retirement fund account to the Annuity, under the control of the AIG/VALIC Defendants, were in fact false;

34. As a result of the misrepresentations and pressure tactics employed by AIG/VALIC Defendants' agent, Defendant Cerra, Plaintiff purchased and/or transferred her retirement fund account to the Annuity;

34. Plaintiff did not learn of the misrepresentations of Defendant Cerra, as an agent controlled by the AIG/VALIC Defendants, and her substantial damages suffered as a result of the same, until she received the aforesaid letter in April 2008 from the WV Retirement Board;

## VI.  FIRST CAUSE OF ACTION

### (Common Law Fraud and Misrepresentation)

35. Plaintiff restates and realleges every allegation herein as if repeated verbatim.

36. Defendants engaged in a consistent, common, ongoing, pervasive, intentional, wanton, illegal and systematic pattern and practice of misrepresenting the Annuity as set forth herein, and thus commonly and consistently, and in virtually identical fashion, misrepresented facts and information material to

the transactions of Plaintiff and Class members, with the intent that they rely on the same;

37. As a direct result of said misrepresentations, Plaintiff and Class members did in fact detrimentally rely on the same and purchased and/or transferred retirement fund accounts to Defendants' Annuity;

38. As a direct result of said misrepresentations, Plaintiff and Class members have suffered and continue to suffer significant and substantial damages;

## VI.  SECOND CAUSE OF ACTION

### (Joint Venture)

39. Plaintiff restates and realleges every allegation herein as if repeated verbatim.

40. Defendants combined their skill, knowledge, resources, contacts, and other attributes and characteristics in order to engage in the single business enterprise of selling the Annuity to Plaintiff and Class members by the use of misrepresentation and deceit;

41. Defendants thus engaged in a joint venture to obtain significant economic gain to the detriment of Plaintiff and Class members;

42. As a direct result, Plaintiff and Class members have suffered and continue to suffer significant and substantial damages;

## VI.  THIRD CAUSE OF ACTION

### (Civil Conspiracy)

43. Plaintiff restates and realleges every allegation herein as if repeated verbatim.

44. Defendants actions and omissions as described herein constitute civil conspiracy;

45. As a direct result, Plaintiff and Class members have suffered and continue to suffer significant and substantial damages;

**WHEREFORE**, Plaintiff prays that this Court take the following actions and award the following relief:

1. That this action be certified as a Class Action on behalf of the proposed Class and that Plaintiff be designated as representative of the Class;

2. That this Court declare that the actions and/or omissions of Defendants as described herein is unlawful, illegal, and in violation of West Virginia law as set forth herein;

3. That this Court grant a permanent injunction against Defendants forbidding them from hereinafter undertaking the unlawful actions and/or omissions described herein;

4. That this Court award Plaintiff and all Class members compensatory and punitive damages, along with all applicable interest under the law, as well as all other damages available under the law;

5.  That this Court award Plaintiff and all Class members equitable relief;

    and

6.  That this Court award Plaintiff and all Class members all attorney fees

    and costs incurred in the prosecution of this action.

### THE PLAINTIFF DEMANDS A TRIAL BY JURY

**PLAINTIFF CHERYL DOUGHERTY, individually,
and on behalf of all others similarly situated,
By Counsel**

Harry F. Bell, Jr. (WV Bar No. 297)
William L. Bands (WV Bar No. 6048)
Tim J. Yianne (WV Bar No. 8623)
Bell & Bands, PLLC
30 Capitol Street
P.O. Box 1723
Charleston, WV 25326-1723
(304) 345-1700
(304) 345-1715  Facsimile

and

Charles R. Webb (WV Bar No. 4782)
The Webb Law Firm
108 ½ Capitol Street, Suite 201
Charleston, WV  25301
(304) 344-9322
(304) 344-1157  Facsimile

**Memorandum to the Clerk**
**For Instituting Civil Action**
**To The Clerk of the Circuit Court of**
**Marshall County, West Virginia**

CHERYL DOUGHERTY, Plaintiff,

v.                                                           CIVIL ACTION NO. _____

RAMONA CERRA, et al., Defendants.

II.    TYPE OF CASE

| **TORTS** | **OTHER CIVIL** | |
|---|---|---|
| ___ Asbestos | ___ Adoption | ___ Appeal from Magistrate Court |
| ___ Professional Malpractice | ___ Contract | ___ Petition for Modification of Magistrate Sentence |
| ___ Personal Injury | ___ Real Property | ___ Miscellaneous Civil |
| ___ Product Liability | ___ Mental Health | ___ Other |
| _X_ Other tort | ___ Appeal of Administrative Agency | |

III.    JURY DEMAND: _____
CASE WILL BE READY FOR TRIAL BY *(Month/Year)*: _____ DECEMBER 2009 _____ ___

IV.    DO YOU OR ANY OF YOUR CLIENTS IN THIS CASE REQUIRE SPECIAL
ACCOMMODATIONS DUE TO A DISABILITY OR AGE? _X_ No ___ Yes

IF YES, PLEASE SPECIFY:
___ Wheelchair accessible hearing room and other facilities
___ Interpreter or other auxiliary aid for the hearing impaired
___ Reader or other auxiliary aid for the visually impaired
___ Spokesperson or other auxiliary aid for the speech impaired
___ Other: _____

Attorney Name: Harry F. Bell, Jr. (WV Bar No. 297)

Firm: _____ Bell & Bands, PLLC _____

Address: P.O. Box 1723, Charleston, WV 25326

Telephone: (304) 345-1700 Fax: (304) 345-1715

Dated: ___May 12, 2008___

Representing:
_X_ Plaintiff _____ Defendant
___ Cross-Complainant ___ Cross-Defendant

_____
Signature

**Memorandum to the Clerk**
**For Instituting Civil Action**

To The Clerk of the Circuit Court of Marshall County, West Virginia:

CHERYL DOUGHERTY,

      Plaintiff,

v.                                        CIVIL ACTION NO. 08-C-116 M

RAMONA CERRA, et al.,

      Defendants.

SERVICE

| Name/Address | Days to Answer | Type of Service (Personal or Other) |
|---|---|---|
| RAMONA CERRA | 20 | Personal |
| JOHN COOK | 20 | Personal |
| GREGG GARRETT | 20 | Personal |
| ROLAND RICH | 20 | Personal |
| GEORGE M. EDWARDS | 20 | Personal |
| CLARENCE BURDETTE | 20 | Personal |
| AMERCAN INTERNATIONAL GROUP, INC. | 30 | SOS |
| AIG RETIREMENT GROUP | 30 | SOS |
| VARIABLE ANNUITY LIFE INSURANCE COMPANY | 30 | SOS |
| AIG RETIREMENT ADVISORS, INC. | 30 | SOS |
| AIG RETIREMENT SERVICES COMPANY | 30 | SOS |
| VARIABLE ANNUITY MARKETING COMPANY | 30 | SOS |

# Bell&Bands PLLC
## Attorneys at Law

Harry F. Bell, Jr.          30 Capitol Street          Phone          304/345-1700
William L. Bands          P. O. Box 1723          Facsimile          304/345-1715
Tim J. Yianne          Charleston, WV 25326-1723          Facsimile2          304/344-1956
Erin L. Winter
Andrew L. Paternostro, Senior Attorney
Arthur J. Chmiel, Of Counsel   Sender: hfbell@belllaw.com          www.belllaw.com

July 18, 2008

David R. Ealy, Clerk
Marshall County Circuit Court
Post Office Drawer B
Moundsville, West Virginia 26041

> RE:   **Dougherty vs. Ramona Cerra, et al.**
> **Circuit Court of Marshall County, West Virginia**
> **Civil Action No. 08-C-116M**

Dear Mr. Ealy:

Enclosed for filing in the above-referenced matter, please find (1) the appropriate number of Amended Complaints for filing; (2) a Certificate of Service for Plaintiff's Requests for Production of Documents, First Set, to AIG/VALIC Defendants to be filed; and (3) Summonses for the defendants to be issued by the clerk. Please return them once they have been issued, along with the extra copies of the complaint, stamped as filed, and I will arrange for service.

Should you have any questions or concerns, please feel free to contact me. Thank you for your attention to this matter.

Sincerely,

Harry F. Bell, Jr.

HFBjr/dmb
Enclosure

IN THE CIRCUIT COURT OF MARSHALL COUNTY, WEST VIRGINIA

CHERYL DOUGHERTY, individually,
and on behalf of all others similarly situated,

        Plaintiff,

v.

                                          CIVIL ACTION NO.: 08-C-116M
                                          (Honorable John T. Madden)

RAMONA CERRA, individually; JOHN COOK,
individually; GREG GARRETT, individually;
ROLAND RICH, individually; GEORGE M. EDWARDS,
individually; CLARENCE BURDETTE, individually;
BRIAN AIKMAN, individually; LUTHER COPE,
individually; GUY DEVONO, individually; DON
GIBSON, individually; BILL GLASS, individually;
JOHN MARSHALL, individually; MARK MULLENS,
individually; TIMOTHY PALMER, individually; JIM
PINGLEY, individually; DAVID SISK, individually;
JOHN SPURLOCK, individually; KEN WHITTINGTON,
individually; and all other Presently Unknown
Individual Agents/Employees/Contract Workers/
Representatives of VALIC/AIG, as named below,
involved in the sale and marketing of VALIC/AIG
retirement products in West Virginia to existing
and newly-hired members of the West Virginia
Teachers' Retirement System; AMERICAN
INTERNATIONAL GROUP, INC., a Texas
corporation; AIG RETIREMENT GROUP, f/k/a
AIG VALIC GROUP; VARIABLE ANNUITY LIFE
INSURANCE COMPANY, a Texas corporation;
AIG RETIREMENT ADVISORS, INC., f/k/a
VALIC FINANCIAL ADVISORS, INC., a Texas
corporation; AIG RETIREMENT SERVICES
COMPANY, f/k/a VALIC RETIREMENT SERVICES
COMPANY, a Texas corporation; VARIABLE
ANNUITY MARKETING COMPANY, a Texas
Corporation; and the WEST VIRGINIA CONSOLIDATED
PUBLIC RETIREMENT BOARD, a West Virginia state
Agency,

        Defendants.

## CERTIFICATE OF SERVICE

I, Harry F. Bell, Jr., hereby certify that I have served *Plaintiff's Requests for Production of Documents, First Set, to the AIG/VALIC Defendants*, upon all defendants commensurate with service of the Summons and Amended Complaint in the above-referenced civil matter.

Harry F. Bell, Jr.

IN THE CIRCUIT COURT OF MARSHALL COUNTY, WEST VIRGINIA

CHERYL DOUGHERTY, individually,
and on behalf of all others similarly situated,

    Plaintiff,

v.            CIVIL ACTION NO.: 08-C-116M
               (Honorable John T. Madden)

RAMONA CERRA, individually; JOHN COOK,
individually; GREG GARRETT, individually;
ROLAND RICH, individually; GEORGE M. EDWARDS,
individually; CLARENCE BURDETTE, individually;
BRIAN AIKMAN, individually; LUTHER COPE,
individually; GUY DEVONO, individually; DON
GIBSON, individually; BILL GLASS, individually;
JOHN MARSHALL, individually; MARK MULLENS,
individually; TIMOTHY PALMER, individually; JIM
PINGLEY, individually; DAVID SISK, individually;
JOHN SPURLOCK, individually; KEN WHITTINGTON,
individually; and all other Presently Unknown
Individual Agents/Employees/Contract Workers/
Representatives of VALIC/AIG, as named below,
involved in the sale and marketing of VALIC/AIG
retirement products in West Virginia to existing
and newly-hired members of the West Virginia
Teachers' Retirement System; AMERICAN
INTERNATIONAL GROUP, INC., a Texas
corporation; AIG RETIREMENT GROUP, f/k/a
AIG VALIC GROUP; VARIABLE ANNUITY LIFE
INSURANCE COMPANY, a Texas corporation;
AIG RETIREMENT ADVISORS, INC., f/k/a
VALIC FINANCIAL ADVISORS, INC., a Texas
corporation; AIG RETIREMENT SERVICES
COMPANY, f/k/a VALIC RETIREMENT SERVICES
COMPANY, a Texas corporation; VARIABLE
ANNUITY MARKETING COMPANY, a Texas

Corporation; and the WEST VIRGINIA CONSOLIDATED
PUBLIC RETIREMENT BOARD, a West Virginia state
Agency,

        Defendants.

## AMENDED CLASS ACTION COMPLAINT

Now comes the Plaintiff, on behalf of herself and all others similarly situated

(hereinafter referred to as the "system members," "Class members," and/or "Class"),

by and through counsel, Bell & Bands, PLLC, and the Webb Law Firm, PLLC, and for

this Amended Class Action Complaint against Defendants states as follows:

## I.  INTRODUCION AND COMMON FACTS

1.    Plaintiff brings this action, on behalf of herself and all others similarly

situated, for compensatory and punitive damages for the unlawful, unfair and/or

deceptive acts or practices employed by, and/or breaches of fiduciary duty

committed by, the Defendants, jointly and severally;

2.    These unlawful, unfair and/or deceptive acts involve and include the

consistent, common, ongoing, pervasive, intentional, deliberate, wanton, illegal, and

systematic pattern and practice of recruiting, hiring, training and/or instructing

undisclosed, prominent representatives in this State to make virtually identical

and/or common fraudulent or misleading misrepresentations, including intentional

omissions, which in fact were made, to Plaintiff, and all others similarly situated,

unsophisticated employees of the State public school system, calculated to convince

them to transition from the State of West Virginia Teacher's Retirement System Defined Benefit Plan (hereinafter referred to as the "TRS") to the Defined Contribution Plan (hereinafter referred to as "DCP"), of, and sold by, the individual and corporate Defendants, and/or to purchase an exorbitantly commission-driven, front-loaded brokerage fee annuity ("the Annuity"), pursuant to an unconscionable contract or contract with unconscionable terms, procured in an unconscionable manner using fraud and coercion, which in fact was not a financial product that would be, and/or is, in the best interest of the Plaintiff and all others similarly situated, but instead very beneficial to the individual and corporate Defendants;

3.    The individual and corporate Defendants were chosen by and working in conjunction with Defendant West Virginia Consolidated Public Retirement Board ("WVCPRB"), which was charged with the fiduciary duty to choose appropriate and honest financial services providers for the TRS and DCP, and in turn the fiduciary duty to supervise, monitor and oversee the operations and practices of the provider(s) chosen, in this case the individual and corporate Defendants;

4.    Specifically, at all times relevant herein, the corporate Defendants named in this action and further described and identified hereinbelow, *inter alia*, collectively constitute the primary brokerage firm/financial services provider selected by, working in conjunction with, and purportedly supervised, overseen and monitored by Defendant WVCPRB, to administer the then-recently mandated DCP for newly-hired qualified employee members and for those existing teacher, school service

personnel and professional staff members who left the TRS to move to the recently-

mandated DCP (collectively the "members" of the "TRS");

5.     At all times relevant herein, the individual Defendants, named in this

action and further described and identified hereinbelow, *inter alia*, are and/or were

prominent local persons with knowledge of, and/or experience with, the State and

local public school system, including, upon information and belief, former legislators,

former teachers, former coaches, and/or former school/education administrators,

recruited, trained and/or instructed by the corporate Defendants, in return for

exorbitant front-loaded commissions, to act on the corporate Defendants' behalf to

represent, suggest, infer, and/or lead Plaintiff, and all others similarly situated, to

believe, that they were representatives of Defendant WVCPRB, not the corporate

Defendants, which were independent marketers of the annuity, chosen and

purportedly supervised, overseen and monitored by Defendant WVCPRB, and to

make virtually identical and/or common fraudulent, coercive and/or misleading

misrepresentations, including intentional omissions, which in fact were made to

Plaintiff and all others similarly situated, unsophisticated employees of the State

public school system, calculated to convince them to move from the TRS to the DCP

and/or to purchase the Annuity pursuant to an unconscionable contract, or contract

with unconscionable terms, as aforesaid, sold in an unconscionable manner, by the

corporate and individual Defendants, which was not a financial product that would

be, and/or is, in the best interest of the Plaintiff and all others similarly situated;

6.    The aforesaid misrepresentations, misleading statements, and intentional omissions, *inter alia*, made on a consistent, common, ongoing, pervasive, intentional, wanton, illegal and systematic basis by the individual and corporate Defendants to Plaintiff and all others similarly situated, i.e. existing TRS members and newly-hired employee members mandated to enter the DCP, were, to existing TRS members, that the TRS was in grave danger and/or going bankrupt, that they would receive no retirement funds, and that, to ensure that system members' retirement fund accounts would sufficiently provide for the TRS members' retirement, they must transfer into the "new" DCP system; and to both existing TRS members and newly-hired employee members mandated to enter the DCP, that purchasing the Annuity from the individual and corporate Defendants as their DCP retirement product was in their best interest as it was "guaranteed" to perform significantly better than the "old" TRS, even if the "old" TRS remained solvent, without ever explaining or emphasizing the unconscionable contract or unconscionable terms therein, unilaterally inserted into the Annuity contract, un-bargained for, and oppressive ;

7.    At all times relevant herein, Defendant WVCPRB was an agency and arm of the State of West Virginia, charged with the fiduciary duty to choose appropriate and honest financial services providers for the TRS and DCP, and in turn the fiduciary duties to, *inter alia*: (1) educate or supervise and monitor the education of Plaintiff, and all others similarly situated, unsophisticated employees of the State

public school system, so that they could make informed decisions based on truthful

and accurate information to move from the TRS to the DCP, and/or to purchase the

individual and corporate Defendants' Annuity because it was in fact in the best

interest of Plaintiff and all others similarly situated; (2) to administer, monitor and

supervise the TRS, as well as the new DCP, including but not limited to the

affirmative duty to oversee, monitor and evaluate the Retirement System funds and

assets, and in turn to monitor and evaluate the products, sales tactics, and

unconscionable contracts and/or contractual terms employed by the corporate and

individual Defendants; and (3) to take all actions necessary to protect the fiscal and

actuarial solvency of such funds and assets.  Defendant WVCPRB breached these

fiduciary duties;

   8. In April 2008, Defendant WVCPRB mailed statements to Plaintiff and

all other similarly situated system members which for the first time informed Plaintiff

and all other similarly situated system members the actual and true projections of

what they would earn under the DCP with the Annuities purchased from the corporate

and individual Defendants, in comparison to the projected hypothetical retirement

plan value and earnings had they remained in, or been able to join, the TRS, and not

transferred to the DCP and/or chosen the corporate and individual Defendants'

Annuity, thereby informing Plaintiff and all other similarly situated system members

for the first time that, in their reliance on the misrepresentations, intentional

omissions and misleading statements of the individual and corporate Defendants,

chosen and purportedly supervised and monitored by Defendant WVCPRB, they were actually losing retirement funds with Defendants' Annuity, and/or that Defendants' Annuity had in reality performed significantly below the levels guaranteed by the Defendants, hence causing them to suffer significant damages;

9.     This statement also, for the first time, informed Plaintiff and all other similarly situated system members that they had the option to switch back, or transfer, from the Defendants' Annuity to the TRS, but at significant personal cost, thereby increasing their damages suffered as a direct result of Defendants' misrepresentations calculated to induce them to switch their retirement fund accounts to Defendants' Annuity, or for new hires to choose the same, sold pursuant to an unconscionable contract or contractual terms, in an unconscionable manner, and their detrimental reliance on the same;

10.     In addition, Plaintiff and all other similarly situated system members recently learned of the individual and corporate Defendants' Annuity contract's unconscionability, or unconscionable terms, relating to surrender charges, said contract and/or terms being fraudulently and coercively entered into by Plaintiff and all other similarly situated system members unknowing of, and without an informed perception and appreciation of, the unconscionable surrender charge terms, acquiesced in and approved by Defendant WVCPRB, due to the individual and corporate Defendants' unconscionable, fraudulent, false, misleading, and coercive practices employed in the sale of the Annuity.

## II.   THE PARTIES

11.   Plaintiff restates and realleges every allegation herein as if repeated verbatim;

12.   Plaintiff Cheryl Dougherty is, and at all times relevant herein was, a resident of Wheeling, Ohio County, West Virginia, and a member of the Retirement System, employed as a teacher in Marshall County, West Virginia, who, directly as a result of Defendants' misrepresentations and intentional omissions left the TRS for the DCP, and in turn transferred her retirement fund account to the individual and corporate Defendants' Annuity, pursuant to an unconscionably-sold contract with unconscionable terms, *inter alia*, imposing surrender charges, and suffered significant damages as a direct result;

13.   Defendant American International Group, Inc. ("AIG"), is and was the parent corporation of Defendant Variable Annuity Life Insurance Company ("VALIC"), which in turn is and was the parent corporation of Defendant Variable Annuity Marketing Company ("VAMCO").   Defendant AIG also is and was the parent corporation of Defendant AIG Retirement Advisors, Inc., f/k/a VALIC Financial Advisors, Inc., and Defendant AIG Retirement Services, Inc., f/k/a VALIC Retirement Services Company.   AIG Retirement Group, f/k/a AIG VALIC Group, is and was the entity of Defendant AIG under which Defendants VALIC, Defendant AIG Retirement Advisors, Inc., f/k/a VALIC Financial Advisors, Inc., and Defendant AIG Retirement Services, Inc., f/k/a VALIC Retirement Services Company, operate and do business;

14.   All of these Defendants (previously referred to herein collectively as "the corporate Defendants," hereinafter referred to collectively as "the AIG/VALIC Defendants") are, and at all times relevant herein were, Texas corporations with their principal place of business being Houston, Texas, and doing business throughout the entire State of West Virginia as, *inter alia*, marketers, sellers and administrators of financial products, including retirement products such as annuities, and specifically the Annuity at issue in this action, by and through the individual Defendants recruited, hired, trained and/or instructed, and undisclosed, prominent representatives in this State to make virtually identical and/or common fraudulent misrepresentations, and intentional omissions, which in fact were made, to Plaintiff, and all similarly situated system members, unsophisticated employees of the State public school system, calculated to induce them to transfer from the State of West Virginia Teacher's Retirement System ("TRS") Defined Benefit Plan (hereinafter referred as to "DBP") to the Defined Contribution Plan (hereinafter referred to as "DCP"), of, and sold by, Defendants, which was an exorbitantly commission-driven, front-loaded brokerage fee annuity ("the Annuity"), sold pursuant to an unconscionable contract or contractual terms imposing unconscionable surrender charges, in an unconscionable manner, and not a financial product that would be, and/or is, in the best interest of the Plaintiff and all others similarly situated;

15.   Defendant Ramona Cerra (previously referred to herein as one of the collective group of "individual Defendants," hereinafter also referred to as

"Defendant Cerra") is, and at all times relevant hereto was, a resident of West Virginia and a former legislator, and thus a prominent local person with knowledge of, and/or experience with, the State and local public school system, recruited, hired, trained and/or instructed by the AIG/VALIC Defendants to act as their agent and representative to make the misrepresentations and intentional omissions described herein to system members in the Northern Panhandle region, including Plaintiff and other similarly situated system members, many of whom, along with Plaintiff, met with Defendant Cerra at their place of employment in Marshall County, West Virginia, at which time said misrepresentations were made.   In return, Defendant Cerra received from the AIG/VALIC Defendants exorbitant front-loaded commissions on her sales of the Annuity to Plaintiff and other similarly situated system members employed by the Marshall County school system.   In committing these actions and omissions, Defendant Cerra acted individually and as an agent under the direction and control of the AIG/VALIC Defendants;

16.   Defendants John Cook ("Defendant Cook"), Greg Garrett ("Defendant Garrett"), Roland Rich ("Defendant Rich"), George M. Edwards ("Defendant Edwards"), Clarence Burdette ("Defendant Burdette"), Defendant Brian Aikman ("Defendant Aikman"), Defendant Luther Cope ("Defendant Cope"), Guy Devono/DeVono ("Defendant Devono/DeVono"), Don Gibson ("Defendant Gibson"), Bill Glass ("Defendant Glass"), John Marshall ("Defendant Marshall"), Mark Mullens ("Defendant Mullens"), Timothy Palmer ("Defendant Palmer"), Jim Pingley

("Defendant Pingley"), David Sisk ("Defendant Sisk"), John Spurlock ("Defendant Spurlock"), Ken Whittington ("Defendant Whittington"), and all other presently unknown and unidentified  individual agents / employees / contract workers / representatives of the AIG/VALIC Defendants involved in the sale and marketing of the Annuity in West Virginia to existing TRS members transferred to the DCP and new hires mandated to join the DCP, along with Defendant Cerra (hereinafter all also referred to collectively as "the individual Defendants"), are and were prominent local persons with knowledge of, and/or experience with, the State and local public school system, recruited, hired, trained and/or instructed by the AIG/VALIC Defendants to act as their agents and representatives to make the misrepresentations described herein to system members similarly situated with the Plaintiff, throughout the State of West Virginia, at meetings such as the one described hereinabove.  In return, the individual Defendants received from the AIG/VALIC Defendants exorbitant front-loaded commissions on their fraudulent sales of the Annuity to Plaintiff and other similarly situated system members employed throughout the State of West Virginia, pursuant to an unconscionable contract.  In committing these actions and omissions, the individual Defendants acted individually and as agents under the direction and control of the AIG/VALIC Defendants;

17.   Defendant WVCPRB is and was an agency and arm of the State of West Virginia, pursuant to W.Va. Code §§ 5-10D-1, *et seq.*, charged with the fiduciary duty to choose appropriate and honest financial services providers for the TRS and

DCP, and in turn the fiduciary duties to, *inter alia*:  (1) educate or supervise and monitor the education of Plaintiff, and all others similarly situated, unsophisticated employees of the State public school system, so that they could make informed decisions based on truthful and accurate information to move from the TRS to the DCP, and/or to purchase the individual and corporate Defendants' Annuity because it was in fact in the best interest of Plaintiff and all others similarly situated; (2) to administer, monitor and supervise the TRS, as well as the new DCP, including but not limited to the affirmative duty to oversee, monitor and evaluate the Retirement System funds and assets, and in turn to monitor and evaluate the products, sales tactics, and unconscionable contracts and/or contractual terms employed by the AIG/VALIC and individual Defendants; and (3) to take all actions necessary to protect the fiscal and actuarial solvency of such funds and assets.

### III.    JURISDICTION AND VENUE

18.    Plaintiff restates and realleges every allegation herein as if repeated verbatim;

19.    The parties to this action and the acts and omissions complained of herein are subject to the jurisdiction of this Court inasmuch as a substantial part, if not all, of the actions or omissions giving rise to the claims made herein occurred in the State of West Virginia, and in regard to Plaintiff and many other similarly situated system members, specifically occurred in Marshall County, West Virginia;

20.    Venue properly lies before this Court pursuant to W. Va. Code § 56-1-1.

## IV.    CLASS ACTION ALLEGATIONS

21.    Plaintiff restates and realleges every allegation herein as if repeated verbatim;

22.    This civil action is brought by the Plaintiff as a class action, individually and on behalf of all others similarly situated under the provisions of Rule 23 of the West Virginia Rules of Civil Procedure;

23.    The Class consists of all current and former system members who, as a result of the misrepresentations and intentional omissions of the individual and AIG/VALIC Defendants as aforesaid, upon which they detrimentally relied, and by which they were fraudulently induced, transferred their retirement fund account from the TRS to, or placed their retirement fund account in, the individual and AIG/VALIC Defendants' Annuity, pursuant to an unconscionable contract or contractual terms imposed upon them via unconscionable sale, all while acting under Defendant WVCPRB, which was charged with the fiduciary duties as aforesaid relating to the choice of financial services provider, and administration, monitoring and supervision of the same, in this case the AIG/VALIC and individual Defendants;

24.    The Class is so numerous that joinder of individual members is impracticable.  The exact number of Class members can be readily determined from the records of the Defendants.  In fact, upon information and belief, a significant number of retired and/or disabled former members, referred to herein, may not yet

even know that they detrimentally relied on the aforesaid misrepresentations and intentional omissions of the AIG/VALIC and individual Defendants, and the unconscionable contract pursuant to which they were fraudulently induced to purchase the Annuity from the AIG/VALIC and individual Defendants, chosen and purportedly supervised, monitored and administered by their purported retirement system fiduciary, Defendant WVCPRB, and that they have suffered significant damages as direct result;

25.   There are common questions of law and/or fact in this action that relate to and affect the rights of the Plaintiffs and each Class member, and the relief sought is common to the entire Class, including but not limited to:

a.   whether the AIG/VALIC Defendants engaged in a consistent, common, ongoing, pervasive, intentional, deliberate, wanton, illegal, and systematic pattern and practice of recruiting, hiring, training and/or instructing undisclosed, prominent agents/representatives in this State, controlled by the AIG/VALIC Defendants, with knowledge of, and/or experience with, the State and local public school system, including, upon information and belief, former legislators, former teachers, former coaches, and/or former school/education administrators, to make virtually identical and/or common fraudulent misrepresentations, and intentional omissions, calculated to induce Plaintiff and Class members to detrimentally rely on the same and as a direct result transfer retirement funds to, or purchase, the Annuity;

b.   whether the contract or contractual terms pursuant to which the Annuity was sold were and are unconscionable in their surrender

charge penalty provisions, and whether the entire contract was rendered unconscionable pursuant to the fraudulent manner in which Plaintiff and Class members were induced to enter the same;

c.      whether Defendant WVCPRB breached its fiduciary duties in choosing the AIG/VALIC Defendants, and in, *inter alia*, subsequently failing to monitor, administer and supervise the individual and AIG/VALIC Defendants;

d.      whether Plaintiff and Class members so transferred retirement funds to, or purchased, the Annuity;

e.      whether Plaintiff and Class members suffered damages; and

f.      whether the individual Defendants received exorbitant, front-loaded commissions from their sales of the Annuity to Plaintiff and Class members;

26.    The claims of the named Plaintiff are typical of the claims of the Class in that the named Plaintiff and Class members are or were all system members to which misrepresentations were made regarding the Annuity and who purchased or transferred funds to the Annuity;

27.    Notice, if required, can be provided to Class members by first class mail and/or by published notice using techniques and forms of notice similar to those customarily used in consumer protection class action litigation;

28.    Plaintiff seeks compensatory and punitive damages common to the Class and also seeks to enjoin and redress the aforementioned unlawful, unfair and deceptive sales practices employed and approved by Defendants;

29.     Class certification is appropriate pursuant to Rule 23 because Defendants have committed consistent and common, virtually-identical actions and/or omissions and used identical and/or common documents generally, with minor variations over time, applicable to the entire Class, with minor variations over time, and the fiduciary duties relating to the claims made herein owed by Defendant WVCPRB extend to all members of the Class;

30.     Class certification is also appropriate under Rule 23 because, among other things, the prosecution of several actions by individual Class members would create the risk of varying adjudications and the creation of inconsistent standards of conduct for those opposing the Class;

31.     Further, individual actions by Class members may be dispositive of the interests of other members not parties to the adjudication of the claims made herein or like claims, which would impair or impede the ability of those individuals to protect their interests;

32.     Class certification is also appropriate because the cost of litigation for one individual may be unlikely to justify the case, yet Plaintiff is in need of the relief sought herein and Defendants are liable for the harm to Plaintiff and the Class. Without class certification, Plaintiff will be unable to seek proper redress for this harm;

33.   The Plaintiff will fairly and adequately represent and protect the interests of the Class.

## V.  SPECIFIC PARTY ALLEGATIONS

34.   Plaintiff restates and realleges every allegation herein as if repeated verbatim.

35.   During the academic year 1990-1991, the AIG/VALIC Defendants, by and through their individual agent and representative, Defendant Cerra, conducted a meeting during the school day, on Marshall County school grounds, for Plaintiff and other system members at that location;

36.   The AIG/VALIC Defendants, by and through Defendant Cerra, whom they had, *inter alia*, recruited and trained, and who they controlled, set up this meeting for the sole purpose of making the misrepresentations described herein calculated to induce Plaintiff, *inter alia*, to leave the TRS and transfer her retirement fund account to the DCP, and in turn to purchase Defendants' Annuity;

37.   At said meeting, Defendant Cerra led Plaintiff to believe Cerra was a representative from Defendant WVCPRB and represented, *inter alia*, to the Plaintiff the following:

   a. That the teachers retirement system was in grave danger;

   b. That there would be no retirement by the time she reached age fifty-five

     (55);

   c. That there was a new system "which would save us," "allow us to regain our

losses," and "allow us to retire with even better benefits that our peers

[who remained in the plan]," which was the Defendants' Annuity; and

d. That Plaintiff had to immediately make her decision to purchase and/or

transfer her retirement fund account to the Annuity;

38.     The representations made to Plaintiff by Defendant Cerra in an effort

to get Plaintiff to leave the TRS and purchase and/or transfer her retirement fund

account to the DCP Annuity, under the control of the AIG/VALIC Defendants, were in

fact false;

39.     Defendant AIG/VALIC, by and through Defendant Cerra, also employed

many intentional omissions concerning the nature of the Annuity, its projected

performance and related terms and conditions, the fact Defendant Cerra's exorbitant

commission on the sale of the Annuity was front loaded, and terms and conditions of

the Annuity contract, including but not limited to its surrender charge penalty

provisions;

40.     As a result of the misrepresentations, intentional omissions, and

pressure tactics employed by the AIG/VALIC Defendants' agent, Defendant Cerra,

Plaintiff left the TRS and purchased and/or transferred her retirement fund account

to the DCP Annuity;

41.     Plaintiff did not learn of the misrepresentations and intentional

omissions of Defendant Cerra, as an agent controlled by the AIG/VALIC Defendants,

and her substantial damages suffered as a result of the same, until 2008 as aforesaid.

## IV.  CAUSES OF ACTION

### First Cause of Action
### (Common Law Fraud and Misrepresentation –
### AIG/VALIC and Individual Defendants)

42.    Plaintiff restates and realleges every allegation herein as if repeated verbatim;

43.    The AIG/VALIC and individual Defendants engaged in a consistent, common, ongoing, pervasive, intentional, wanton, illegal and systematic pattern and practice of misrepresenting and/or omitting material facts regarding the condition of the TRS, and the, *inter alia*, viability, nature, returns, qualities, terms and conditions of the Annuity, as set forth herein, and thus commonly and consistently, and in virtually identical fashion, misrepresented and/or concealed facts and information material to the transactions of Plaintiff and Class members, with the intent that they rely on the same;

44.    As a direct result of said misrepresentations and intentional omissions, Plaintiff and Class members did in fact detrimentally rely on the same and purchased and/or transferred accounts to the AIG/VALIC and individual Defendants' Annuity;

45.    As a direct result of said misrepresentations, Plaintiff and Class members have suffered and continue to suffer significant and substantial damages.

**Second Cause of Action**
**(Joint Venture– AIG/VALIC and**
**Individual Defendants)**

46.   Plaintiff restates and realleges every allegation herein as if repeated verbatim;

47.   The AIG/VALIC and individual Defendants combined their skill, knowledge, resources, contacts, and other attributes and characteristics in order to engage in the single business enterprise of marketing and selling the DCP and the Annuity to Plaintiff and Class members by the use of misrepresentation, omission, and deceit;

48.   The AIG/VALIC and individual Defendants thus engaged in a joint venture to obtain significant economic gain to the detriment of Plaintiff and Class members;

49.   As a direct result, Plaintiff and Class members have suffered and continue to suffer significant and substantial damages;

**Third Cause of Action**
**(Civil Conspiracy – AIG/VALIC and**
**Individual Defendants)**

50.   Plaintiff restates and realleges every allegation herein as if repeated verbatim;

51.   The AIG/VALIC and individual Defendants' actions and omissions as described herein constitute civil conspiracy;

52.    As a direct result, Plaintiff and Class members have suffered and continue to suffer significant and substantial damages.

### Fourth Cause of Action
### (Unconscionability – AIG/VALIC and
### Individual Defendants)

53.    Plaintiff restates and realleges every allegation herein as if repeated verbatim;

54.    Plaintiff and Class members were fraudulently induced by the AIG/VALIC and individual Defendants to enter into the contract purchasing the Annuity;

55.    This renders the Annuity contracts executed by Plaintiff and Class members  unconscionable due to the conduct undertaken by these Defendants;

56.    Moreover, the contract itself was a contract of adhesion, the terms of which were not subject to bargaining by Plaintiff and Class members, who came to the contract with bargaining power woefully inadequate in comparison to the AIG/VALIC and individual Defendants, who had prepared and presented the contract to  Plaintiff  and  Class  members  for  execution  following  the  fraudulent misrepresentations and intentional omissions regarding the Annuity and the contract by these Defendants;

57.    Further, the contractual terms providing for surrender charge penalties are  unconscionable  in  that  they  were  adhesive  in  nature,  unbargained  for,  and

fraudulently and forcibly imposed on, and grossly one-sided and unfair to, the Plaintiff and Class members;

58.    Accordingly, the fraudulently-induced, one-sided, unbargained-for, and grossly-unfair Annuity contract of adhesion generally, and its surrender charge penalty provisions in particular, are unenforceable against and/or have caused Plaintiff and Class members to suffer, and to continue to suffer, significant and substantial damages.

### Fifth Cause of Action
### (Breach of Fiduciary Duty –
### Defendant WVCPRB)

59.    Plaintiff restates and realleges every allegation herein as if repeated verbatim;

60.    Defendant WVCPRB owed various fiduciary duties to Plaintiff and Class members as aforesaid;

61.    Defendant WVCPRB breached these fiduciary duties owed to Plaintiff and Class members as aforesaid;

62.    As a direct result, Plaintiff and Class members have suffered and continue to suffer significant and substantial damages.

**WHEREFORE**, Plaintiff prays that this Court take the following actions and award the following relief:

1.     That this action be certified as a Class Action on behalf of the proposed Class and that Plaintiff be designated as representative of the Class;

That this Court declare that the actions and/or omissions of Defendants as described herein is unlawful, illegal, and in violation of West Virginia law as set forth herein;

2.     That this Court declare that the Annuity contract(s) pursuant to which Plaintiff and Class members purchased the Annuity, and/or the surrender charge penalty provisions of the same, be declared unconscionable and unenforceable against Plaintiff and Class Members;

3.     That this Court grant a permanent injunction against Defendants forbidding them from hereinafter undertaking the unlawful actions and/or omissions described herein;

4.     That this Court award Plaintiff and all Class members compensatory and punitive damages, along with all applicable interest under the law, as well as all other damages available under the law;

5.     That this Court award Plaintiff and all Class members equitable relief; and

6.     That this Court award Plaintiff and all Class members all attorney fees and costs incurred in the prosecution of this action.


## THE PLAINTIFF DEMANDS A TRIAL BY JURY

PLAINTIFF CHERYL DOUGHERTY, individually,
and on behalf of all others similarly situated,
By Counsel

_Harry F. Bell, Jr._

Harry F. Bell, Jr. (WV Bar No. 297)
William L. Bands (WV Bar No. 6048)
Tim J. Yianne (WV Bar No. 8623)
Bell & Bands, PLLC
30 Capitol Street
P.O. Box 1723
Charleston, WV 25326-1723
(304) 345-1700
(304) 345-1715  Facsimile

and

_Charles R. Webb_

Charles R. Webb (WV Bar No. 4782)
The Webb Law Firm
108 ½ Capitol Street, Suite 201
Charleston, WV 25301
(304) 344-9322
(304) 344-1157  Facsimile

**OFFICE OF THE SECRETARY OF STATE**
**STATE OF WEST VIRGINIA**



**Betty Ireland**
**Secretary of State**

Building 1, Suite 157-K
1900 Kanawha Blvd., East
Charleston, West Virginia 25305
Telephone: 304-558-6000
Toll Free: 866-SOS-VOTE
www.wvsos.com

# LEGAL NOTICE

David R. Ealy, Circuit Clerk
Marshall County Courthouse
600 7th Street
Moundsville, WV  26041-2129

August 11, 2008

Civil Action: 08-C-116M

I am enclosing:

| | | | |
|---|---|---|---|
| ____ summons | __1__ original |
| ____ notice | ____ affidavit |
| ____ order | ____ answer |
| ____ petition | ____ cross-claim |
| ____ motion | ____ counterclaim |
| ____ interrogatories | ____ request |
| ____ suggestions | __1__ certified return receipt |
| ____ subpoena duces tecum | ____ request for production |
| ____ summons and complaint | ____ request for admissions |
| ____ summons returned from post office | ____ no return from post office |
| ____ summons and amended complaint | ____ notice of mechanic's lien |
| ____ 3rd party summons and complaint | ____ suggestee execution |

which was served on the Secretary at the State Capitol in her capacity as your statutory attorney-in-fact.  According to law, I have accepted service of process in the name and on behalf of American International Group, Inc. .

*Please note that this office has no connection whatsoever with the enclosed documents other than to accept service of process in your name and on your behalf as your attorney-in-fact.  Please address any questions about these documents directly to the court or to the plaintiff's attorney, shown in the enclosed paper.  Please do not call the Secretary of State's office.*

Sincerely,

*Penney Barker*

Penney Barker, Manager
Business & Licensing Division

# CIVIL SUMMONS

## IN THE CIRCUIT COURT OF MARSHALL COUNTY, WEST VIRGINIA

**CHERYL DOUGHERTY, individually,**
**and on behalf of all others similarly situated,**

      **Plaintiff,**

**v.**
                                **CIVIL ACTION NO.: 08-C-116M**
                                **(Honorable John T. Madden)**

**RAMONA CERRA, individually,**
**et al.,**

      **Defendants.**

TO:    **AMERICAN INTERNATIONAL GROUP, INC.**
          c/o Corporation Service Company
          209 West Virginia Street
          Charleston, WV  25302

       **IN THE NAME OF THE STATE OF WEST VIRGINIA,**

       You are hereby summoned and required to serve upon Harry F. Bell, Jr., Plaintiff's attorney, whose address is Bell & Bands PLLC, Post Office Box 1723, Charleston, West Virginia 25326-1723, an Answer, including any related Counterclaim you may have, to the Amended Complaint filed against you in the above-styled civil action, a true copy of which is herewith delivered to you.

       You are required to serve your Answer to the Amended Complaint within **30** days after service of this Summons upon you, exclusive of the date of service.  If you fail to do so, judgment by default will be taken against you for the relief demanded in the Amended Complaint and you will be thereafter barred from asserting in another action any claim you have which must be asserted by counterclaim in the above-styled action.

Dated:  7/24/08                  *David R Early Jmarge Kulvancik*
                                        Clerk of the Court

**OFFICE OF THE SECRETARY OF STATE**
**STATE OF WEST VIRGINIA**



**Betty Ireland**
**Secretary of State**

Building 1, Suite 157-K
1900 Kanawha Blvd., East
Charleston, West Virginia 25305
Telephone: 304-558-6000
Toll Free: 866-SOS-VOTE
www.wvsos.com

# LEGAL NOTICE

David R. Ealy, Circuit Clerk
Marshall County Courthouse
600 7th Street
Moundsville, WV  26041-2129

August 11, 2008

Civil Action: 08-C-116M

I am enclosing:

| | | | |
|---|---|---|---|
| _____ | summons | __1__ | original |
| _____ | notice | _____ | affidavit |
| _____ | order | _____ | answer |
| _____ | petition | _____ | cross-claim |
| _____ | motion | _____ | counterclaim |
| _____ | interrogatories | _____ | request |
| _____ | suggestions | __1__ | certified return receipt |
| _____ | subpoena duces tecum | _____ | request for production |
| _____ | summons and complaint | _____ | request for admissions |
| _____ | summons returned from post office | _____ | no return from post office |
| _____ | summons and amended complaint | _____ | notice of mechanic's lien |
| _____ | 3rd party summons and complaint | _____ | suggestee execution |

which was served on the Secretary at the State Capitol in her capacity as your statutory attorney-in-fact.  According to law, I have accepted service of process in the name and on behalf of Variable Annuity Marketing Company .

*Please note that this office has no connection whatsoever with the enclosed documents other than to accept service of process in your name and on your behalf as your attorney-in-fact.  Please address any questions about these documents directly to the court or to the plantiff's attorney, shown in the enclosed paper.  Please do not call the Secretary of State's office.*

Sincerely,

*Penney Barker*

Penney Barker, Manager
Business & Licensing Division



2. Article Number

7160 3901 9845 5838 7725

3. Service Type   **CERTIFIED MAIL**

4. Restricted Delivery? (Extra Fee)   ☐ Yes

1. Article Addressed to:

08-C-116M

Variable Annuity Marketing Company
2929 Allen PKWY
Houston, TX 77019

**COMPLETE THIS SECTION ON DELIVERY**

A. Received by (Please Print Clearly)   |   B. Date of Delivery

C. Signature

X _____   ☐ Agent   ☐ Addressee

D. Is delivery address different from Item 1?   ☐ Yes
   If YES, enter delivery address below:   ☐ No

PS Form 3811, January 2005        Domestic Return Receipt

# CIVIL SUMMONS

## IN THE CIRCUIT COURT OF MARSHALL COUNTY, WEST VIRGINIA

**CHERYL DOUGHERTY, individually,**
**and on behalf of all others similarly situated,**

        **Plaintiff,**

**v.**                     **CIVIL ACTION NO.: 08-C-116M**
                               **(Honorable John T. Madden)**

**RAMONA CERRA, individually,**
**et al.,**

        **Defendants.**

TO:    **VARIABLE ANNUITY MARKETING COMPANY**
        c/o Corporation Service Company
        209 West Virginia Street
        Charleston, WV 25302

        **IN THE NAME OF THE STATE OF WEST VIRGINIA,**

        You are hereby summoned and required to serve upon Harry F. Bell, Jr., Plaintiff's attorney, whose address is Bell & Bands PLLC, Post Office Box 1723, Charleston, West Virginia 25326-1723, an Answer, including any related Counterclaim you may have, to the Amended Complaint filed against you in the above-styled civil action, a true copy of which is herewith delivered to you.

        You are required to serve your Answer to the Amended Complaint within **30** days after service of this Summons upon you, exclusive of the date of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the Amended Complaint and you will be thereafter barred from asserting in another action any claim you have which must be asserted by counterclaim in the above-styled action.

Dated: 7/24/08

                                      Clerk of the Court

**OFFICE OF THE SECRETARY OF STATE**
**STATE OF WEST VIRGINIA**



**Betty Ireland**
**Secretary of State**

Building 1, Suite 157-K
1900 Kanawha Blvd., East
Charleston, West Virginia 25305
Telephone: 304-558-6000
Toll Free: 866-SOS-VOTE
www.wvsos.com

# LEGAL NOTICE

David R. Ealy, Circuit Clerk
Marshall County Courthouse
600 7th Street
Moundsville, WV 26041-2129

August 11, 2008

Civil Action: 08-C-116M

I am enclosing:

| | | | |
|---|---|---|---|
| ___ | summons | _1_ | original |
| ___ | notice | ___ | affidavit |
| ___ | order | ___ | answer |
| ___ | petition | ___ | cross-claim |
| ___ | motion | ___ | counterclaim |
| ___ | interrogatories | ___ | request |
| ___ | suggestions | _1_ | certified return receipt |
| ___ | subpoena duces tecum | ___ | request for production |
| ___ | summons and complaint | ___ | request for admissions |
| ___ | summons returned from post office | ___ | no return from post office |
| ___ | summons and amended complaint | ___ | notice of mechanic's lien |
| ___ | 3rd party summons and complaint | ___ | suggestee execution |

which was served on the Secretary at the State Capitol in her capacity as your statutory attorney-in-fact. According to law, I have accepted service of process in the name and on behalf of Variable Annuity Life Insurance Company.

*Please note that this office has no connection whatsoever with the enclosed documents other than to accept service of process in your name and on your behalf as your attorney-in-fact. Please address any questions about these documents directly to the court or to the plantiff's attorney, shown in the enclosed paper. Please do not call the Secretary of State's office.*

Sincerely,

*Penney Barker*

Penney Barker, Manager
Business & Licensing Division



COMPLETE THIS SECTION ON DELIVERY

A. Received by (Please Print Clearly)
B. Date of Delivery
8/4/08

C. Signature
X
☐ Agent
☐ Addressee

D. Is delivery address different from item 1?   ☐ Yes
If YES, enter delivery address below:   ☐ No

2. Article Number

7160 3901 9845 5838 7831

3. Service Type   CERTIFIED MAIL

4. Restricted Delivery? (Extra Fee)   ☐ Yes

1. Article Addressed to:
08-C-116M
Variable Annuity Life Insurance
Company
Corporation Service Company
209 West Washington Street
Charleston, WV 25302

PS Form 3811, January 2005        Domestic Return Receipt

# CIVIL SUMMONS

## IN THE CIRCUIT COURT OF MARSHALL COUNTY, WEST VIRGINIA

**CHERYL DOUGHERTY, individually,**
**and on behalf of all others similarly situated,**

       **Plaintiff,**

**v.**

       **CIVIL ACTION NO.: 08-C-116M**
       **(Honorable John T. Madden)**

**RAMONA CERRA, individually,**
**et al.,**

       **Defendants.**

TO:    **VARIABLE ANNUITY LIFE INSURANCE COMPANY**
       c/o Corporation Service Company
       209 West Virginia Street
       Charleston, WV 25302

    **IN THE NAME OF THE STATE OF WEST VIRGINIA,**

    You are hereby summoned and required to serve upon Harry F. Bell, Jr., Plaintiff's attorney, whose

address is Bell & Bands PLLC, Post Office Box 1723, Charleston, West Virginia 25326-1723, an Answer,

including any related Counterclaim you may have, to the Amended Complaint filed against you in the above-

styled civil action, a true copy of which is herewith delivered to you.

    You are required to serve your Answer to the Amended Complaint within **30** days after service of this

Summons upon you, exclusive of the date of service.  If you fail to do so, judgment by default will be taken

against you for the relief demanded in the Amended Complaint and you will be thereafter barred from asserting

in another action any claim you have which must be asserted by counterclaim in the above-styled action.

Dated: _7/24/08_       _David R Ealy Marge Kulvancik_
                       Clerk of the Court

## OFFICE OF THE SECRETARY OF STATE
### STATE OF WEST VIRGINIA



**Betty Ireland**
**Secretary of State**

Building 1, Suite 157-K
1900 Kanawha Blvd., East
Charleston, West Virginia 25305
Telephone: 304-558-6000
Toll Free: 866-SOS-VOTE
www.wvsos.com

# LEGAL NOTICE

David R. Ealy, Circuit Clerk
Marshall County Courthouse
600 7th Street
Moundsville, WV  26041-2129

August 11, 2008

Civil Action: 08-C-116M

I am enclosing:

| | | | |
|---|---|---|---|
| ___ | summons | _1_ | original |
| ___ | notice | ___ | affidavit |
| ___ | order | ___ | answer |
| ___ | petition | ___ | cross-claim |
| ___ | motion | ___ | counterclaim |
| ___ | interrogatories | ___ | request |
| ___ | suggestions | _1_ | certified return receipt |
| ___ | subpoena duces tecum | ___ | request for production |
| ___ | summons and complaint | ___ | request for admissions |
| ___ | summons returned from post office | ___ | no return from post office |
| ___ | summons and amended complaint | ___ | notice of mechanic's lien |
| ___ | 3rd party summons and complaint | ___ | suggestee execution |

 h was served on the Secretary at the State Capitol in her capacity as your statutory attorney-in-fact.  According to law, I have accepted
 ..ce of process in the name and on behalf of AIG Retirement Group .

*Please note that this office has no connection whatsoever with the enclosed documents other than to accept service of process in your name*
*and on your behalf as your attorney-in-fact.  Please address any questions about these documents directly to the court or to the plantiff's*
*attorney, shown in the enclosed paper.  Please do not call the Secretary of State's office.*

Sincerely,

*Penney Barker*

Penney Barker, Manager
Business & Licensing Division

**COMPLETE THIS SECTION ON DELIVERY**

A. Received by (Please Print Clearly)   B. Date of Delivery

C. Signature

X
☐ Agent
☐ Addressee

D. Is delivery address different from item 1?   ☐ Yes
If YES, enter delivery address below:   ☐ No

2. Article Number

7160 3901 9845 5838 7732

3. Service Type   CERTIFIED MAIL

4. Restricted Delivery? (Extra Fee)   ☐ Yes

1. Article Addressed to:
08-C-116M
AIG Retirement Group
2929 Allen PKWY
Houston, TX 77019

PS Form 3811, January 2005        Domestic Return Receipt

# CIVIL SUMMONS

## IN THE CIRCUIT COURT OF MARSHALL COUNTY, WEST VIRGINIA

**CHERYL DOUGHERTY, individually,**
**and on behalf of all others similarly situated,**

   **Plaintiff,**


**v.**           **CIVIL ACTION NO.: 08-C-116M**
               **(Honorable John T. Madden)**


**RAMONA CERRA, individually,**
**et al.,**

   **Defendants.**


**TO:**  **AIG RETIREMENT GROUP**
    c/o Corporation Service Company
    209 West Virginia Street
    Charleston, WV  25302

  **IN THE NAME OF THE STATE OF WEST VIRGINIA,**

    You are hereby summoned and required to serve upon Harry F. Bell, Jr., Plaintiff's attorney, whose

address is Bell & Bands PLLC, Post Office Box 1723, Charleston, West Virginia 25326-1723, an Answer,

including any related Counterclaim you may have, to the Amended Complaint filed against you in the above-

styled civil action, a true copy of which is herewith delivered to you.

    You are required to serve your Answer to the Amended Complaint within **30** days after service of this

Summons upon you, exclusive of the date of service.  If you fail to do so, judgment by default will be taken

against you for the relief demanded in the Amended Complaint and you will be thereafter barred from asserting

in another action any claim you have which must be asserted by counterclaim in the above-styled action.


Dated: _7/24/08_      _David R Ealy / Marge Kubancik_
             Clerk of the Court

**OFFICE OF THE SECRETARY OF STATE**
STATE OF WEST VIRGINIA



**Betty Ireland**
**Secretary of State**

Building 1, Suite 157-K
1900 Kanawha Blvd., East
Charleston, West Virginia 25305
Telephone: 304-558-6000
Toll Free: 866-SOS-VOTE
www.wvsos.com

# LEGAL NOTICE

David R. Ealy, Circuit Clerk
Marshall County Courthouse
600 7th Street
Moundsville, WV 26041-2129

August 11, 2008

Civil Action: 08-C-116M

I am enclosing:

| | | | |
|---|---|---|---|
| ___ summons | __1__ original |
| ___ notice | ___ affidavit |
| ___ order | ___ answer |
| ___ petition | ___ cross-claim |
| ___ motion | ___ counterclaim |
| ___ interrogatories | ___ request |
| ___ suggestions | __1__ certified return receipt |
| ___ subpoena duces tecum | ___ request for production |
| ___ summons and complaint | ___ request for admissions |
| ___ summons returned from post office | ___ no return from post office |
| ___ summons and amended complaint | ___ notice of mechanic's lien |
| ___ 3rd party summons and complaint | ___ suggestee execution |

which was served on the Secretary at the State Capitol in her capacity as your statutory attorney-in-fact.  According to law, I have accepted
s        of process in the name and on behalf of AIG Retirement Advisors, Inc. .

*Please note that this office has no connection whatsoever with the enclosed documents other than to accept service of process in your name and on your behalf as your attorney-in-fact.  Please address any questions about these documents directly to the court or to the plaintiff's attorney, shown in the enclosed paper.  Please do not call the Secretary of State's office.*

Sincerely,

*Penney Barker*

Penney Barker, Manager
Business & Licensing Division



**COMPLETE THIS SECTION ON DELIVERY**

A. Received by (Please Print Clearly) | B. Date of Delivery

C. Signature

X

D. Is delivery address different from item 1?
If YES, enter delivery address below:
☐ Agent
☐ Addressee
☐ Yes
☐ No

2. Article Number
7160 3901 9845 5638 7824

1. Article Addressed to:
08-C-116M
AIG Retirement Advisors, Inc.
Corporation Service Company
209 West Washington Street
Charleston, WV 25302

3. Service Type   CERTIFIED MAIL

4. Restricted Delivery? (Extra Fee)   ☐ Yes

PS Form 3811, January 2005         Domestic Return Receipt

# CIVIL SUMMONS

## IN THE CIRCUIT COURT OF MARSHALL COUNTY, WEST VIRGINIA

**CHERYL DOUGHERTY, individually,**
**and on behalf of all others similarly situated,**

       **Plaintiff,**

**v.**
                  **CIVIL ACTION NO.: 08-C-116M**
                  **(Honorable John T. Madden)**

**RAMONA CERRA, individually,**
**et al.,**

       **Defendants.**

**TO:**    **AIG RETIREMENT ADVISORS, INC.**
       **c/o Corporation Service Company**
       **209 West Virginia Street**
       **Charleston, WV  25302**

    **IN THE NAME OF THE STATE OF WEST VIRGINIA,**

    You are hereby summoned and required to serve upon Harry F. Bell, Jr., Plaintiff's attorney, whose address is Bell & Bands PLLC, Post Office Box 1723, Charleston, West Virginia 25326-1723, an Answer, including any related Counterclaim you may have, to the Amended Complaint filed against you in the above-styled civil action, a true copy of which is herewith delivered to you.

    You are required to serve your Answer to the Amended Complaint within **30** days after service of this Summons upon you, exclusive of the date of service.  If you fail to do so, judgment by default will be taken against you for the relief demanded in the Amended Complaint and you will be thereafter barred from asserting in another action any claim you have which must be asserted by counterclaim in the above-styled action.

Dated: _July 24, 2008_    _Daniel R Esley Marge Kulwancik_
                           Clerk of the Court

**OFFICE OF THE SECRETARY OF STATE**
STATE OF WEST VIRGINIA



**Betty Ireland**
Secretary of State

Building 1, Suite 157-K
1900 Kanawha Blvd., East
Charleston, West Virginia 25305
Telephone: 304-558-6000
Toll Free: 866-SOS-VOTE
www.wvsos.com

# LEGAL NOTICE

August 11, 2008

David R. Ealy, Circuit Clerk
Marshall County Courthouse
600 7th Street
Moundsville, WV  26041-2129

Civil Action: 08-C-116M

I am enclosing:

| | |
|---|---|
| ___ summons | _1_ original |
| ___ notice | ___ affidavit |
| ___ order | ___ answer |
| ___ petition | ___ cross-claim |
| ___ motion | ___ counterclaim |
| ___ interrogatories | ___ request |
| ___ suggestions | _1_ certified return receipt |
| ___ subpoena duces tecum | ___ request for production |
| ___ summons and complaint | ___ request for admissions |
| ___ summons returned from post office | ___ no return from post office |
| ___ summons and amended complaint | ___ notice of mechanic's lien |
| ___ 3rd party summons and complaint | ___ suggestee execution |

... h was served on the Secretary at the State Capitol in her capacity as your statutory attorney-in-fact.  According to law, I have accepted se...ice of process in the name and on behalf of AIG Retirement Services Company .

*Please note that this office has no connection whatsoever with the enclosed documents other than to accept service of process in your name and on your behalf as your attorney-in-fact.  Please address any questions about these documents directly to the court or to the plantiff's attorney, shown in the enclosed paper.  Please do not call the Secretary of State's office.*

Sincerely,

*Penney Barker*

Penney Barker, Manager
Business & Licensing Division

2. Article Number

7160 3901 9845 5838 7817

**COMPLETE THIS SECTION ON DELIVERY**

A. Received by (Please Print Clearly)    B. Date of Delivery

8/4/08

C. Signature

☑ Agent
☐ Addressee

D. Is delivery address different from item 1?   ☐ Yes
   If YES, enter delivery address below:          ☐ No

3. Service Type   **CERTIFIED MAIL**

4. Restricted Delivery? *(Extra Fee)*   ☐ Yes

1. Article Addressed to:

08-C-116M

AIG Retirement Services Company

Corporation Service Company

209 West Washington Street

Charleston, WV  25302

PS Form 3811, January 2005          Domestic Return Receipt

# CIVIL SUMMONS

## IN THE CIRCUIT COURT OF MARSHALL COUNTY, WEST VIRGINIA

**CHERYL DOUGHERTY, individually,**
**and on behalf of all others similarly situated,**

        **Plaintiff,**

**v.**
                     **CIVIL ACTION NO.: 08-C-116M**
                     **(Honorable John T. Madden)**

**RAMONA CERRA, individually,**
**et al.,**

        **Defendants.**

**TO:**    **AIG RETIREMENT SERVICES COMPANY**
        **c/o Corporation Service Company**
        **209 West Virginia Street**
        **Charleston, WV  25302**

### IN THE NAME OF THE STATE OF WEST VIRGINIA,

You are hereby summoned and required to serve upon Harry F. Bell, Jr., Plaintiff's attorney, whose address is Bell & Bands PLLC, Post Office Box 1723, Charleston, West Virginia 25326-1723, an Answer, including any related Counterclaim you may have, to the Amended Complaint filed against you in the above-styled civil action, a true copy of which is herewith delivered to you.

You are required to serve your Answer to the Amended Complaint within **30** days after service of this Summons upon you, exclusive of the date of service.  If you fail to do so, judgment by default will be taken against you for the relief demanded in the Amended Complaint and you will be thereafter barred from asserting in another action any claim you have which must be asserted by counterclaim in the above-styled action.

Dated: 7/24/08

David R Ealy / Marge Kubancik
Clerk of the Court

**OFFICE OF THE SECRETARY OF STATE**
**STATE OF WEST VIRGINIA**



**Betty Ireland**
**Secretary of State**

Building 1, Suite 157-K
1900 Kanawha Blvd., East
Charleston, West Virginia 25305
Telephone: 304-558-6000
Toll Free: 866-SOS-VOTE
www.wvsos.com

# LEGAL NOTICE

August 11, 2008

David R. Ealy, Circuit Clerk
Marshall County Courthouse
600 7th Street
Moundsville, WV  26041-2129

Civil Action: 08-C-116M

I am enclosing:

| | |
|---|---|
| ___ summons | _1_ original |
| ___ notice | ___ affidavit |
| ___ order | ___ answer |
| ___ petition | ___ cross-claim |
| ___ motion | ___ counterclaim |
| ___ interrogatories | ___ request |
| ___ suggestions | _1_ certified return receipt |
| ___ subpoena duces tecum | ___ request for production |
| ___ summons and complaint | ___ request for admissions |
| ___ summons returned from post office | ___ no return from post office |
| ___ summons and amended complaint | ___ notice of mechanic's lien |
| ___ 3rd party summons and complaint | ___ suggestee execution |

...h was served on the Secretary at the State Capitol in her capacity as your statutory attorney-in-fact.  According to law, I have accepted
s...ice of process in the name and on behalf of West Virginia Consolidated Public Retirement Board .

*Please note that this office has no connection whatsoever with the enclosed documents other than to accept service of process in your name
and on your behalf as your attorney-in-fact.  Please address any questions about these documents directly to the court or to the plaintiff's
attorney, shown in the enclosed paper.  Please do not call the Secretary of State's office.*

Sincerely,

*Penney Barker*

Penney Barker, Manager
Business & Licensing Division

**2. Article Number**

7160 3901 9845 5838 7800

| COMPLETE THIS SECTION ON DELIVERY | |
|---|---|
| A. Received by (Please Print Clearly) | B. Date of Delivery |
| | AUG 04 |
| C. Signature X *Kathy L. Thomas* | ☐ Agent |
| | ☐ Addressee |
| D. Is delivery address different from item 1? | ☐ Yes |
| If YES, enter delivery address below: | ☐ No |

**3. Service Type   CERTIFIED MAIL**

**4. Restricted Delivery?** *(Extra Fee)*   ☐ Yes

**1. Article Addressed to:**

08-C-116M

West Virginia Consolidated Public
Retirement Board
Darrell McGraw, WV Attorney General
Office of the West Virginia Attorney
Gen
State Capitol Complex Bldg. 1, Rm. E26
Charleston WV 25305

PS Form 3811, January 2005          Domestic Return Receipt

# CIVIL SUMMONS

## IN THE CIRCUIT COURT OF MARSHALL COUNTY, WEST VIRGINIA

CHERYL DOUGHERTY, individually,
and on behalf of all others similarly situated,

     Plaintiff,

v.

                                   CIVIL ACTION NO.: 08-C-116M
                                   (Honorable John T. Madden)

RAMONA CERRA, individually,
et al.,

     Defendants.

TO:    WEST VIRGINIA CONSOLIDATED PUBLIC RETIREMENT BOARD
       Darrell McGraw, WV Attorney General
       Office of the West Virginia Attorney General
       State Capitol Complex
       Building 1, Room E-26
       Charleston, WV  25305

IN THE NAME OF THE STATE OF WEST VIRGINIA,

You are hereby summoned and required to serve upon Harry F. Bell, Jr., Plaintiff's attorney, whose address is Bell & Bands PLLC, Post Office Box 1723, Charleston, West Virginia 25326-1723, an Answer, including any related Counterclaim you may have, to the Amended Complaint filed against you in the above-styled civil action, a true copy of which is herewith delivered to you.

You are required to serve your Answer to the Amended Complaint within **60** days after service of this Summons upon you, exclusive of the date of service.  If you fail to do so, judgment by default will be taken against you for the relief demanded in the Amended Complaint and you will be thereafter barred from asserting in another action any claim you have which must be asserted by counterclaim in the above-styled action.

Dated: _7/24/08_                                          
                                    Clerk of the Court

**OFFICE OF THE SECRETARY OF STATE**
**STATE OF WEST VIRGINIA**



**Betty Ireland**
**Secretary of State**

Building 1, Suite 157-K
1900 Kanawha Blvd., East
Charleston, West Virginia 25305
Telephone: 304-558-6000
Toll Free: 866-SOS-VOTE
www.wvsos.com

# LEGAL NOTICE

August 11, 2008

David R. Ealy, Circuit Clerk
Marshall County Courthouse
600 7th Street
Moundsville, WV 26041-2129

Civil Action: 08-C-116M

I am enclosing:

| | |
|---|---|
| ____ summons | __1__ original |
| ____ notice | ____ affidavit |
| ____ order | ____ answer |
| ____ petition | ____ cross-claim |
| ____ motion | ____ counterclaim |
| ____ interrogatories | ____ request |
| ____ suggestions | __1__ certified return receipt |
| ____ subpoena duces tecum | ____ request for production |
| ____ summons and complaint | ____ request for admissions |
| ____ summons returned from post office | ____ no return from post office |
| ____ summons and amended complaint | ____ notice of mechanic's lien |
| ____ 3rd party summons and complaint | ____ suggestee execution |

. . . was served on the Secretary at the State Capitol in her capacity as your statutory attorney-in-fact. According to law, I have accepted
se. . ice of process in the name and on behalf of West Virginia Consolidated Public Retirement Board .

*Please note that this office has no connection whatsoever with the enclosed documents other than to accept service of process in your name
and on your behalf as your attorney-in-fact. Please address any questions about these documents directly to the court or to the plantiff's
attorney, shown in the enclosed paper. Please do not call the Secretary of State's office.*

Sincerely,

Penney Barker

Penney Barker, Manager
Business & Licensing Division

2. Article Number

7160 3901 9845 5838 7756

3. Service Type **CERTIFIED MAIL**

4. Restricted Delivery? *(Extra Fee)* ☐ Yes

1. Article Addressed to:

08-C-116M
West Virginia Consolidated Public
Retirement Board
David L Wyant, Chairman
Anne Werum Lambright, Exec Director
4101 MacCorkle Avenue, SE
Charleston, WV 25304-1036

**COMPLETE THIS SECTION ON DELIVERY**

A. Received by (Please Print Clearly) V M Goff

B. Date of Delivery 8/4/08

C. Signature w/o inspection

X V M Goff

☐ Agent
☐ Addressee

D. Is delivery address different from item 1? ☐ Yes
If YES, enter delivery address below: ☐ No

PS Form 3811, January 2005 Domestic Return Receipt

# CIVIL SUMMONS

## IN THE CIRCUIT COURT OF MARSHALL COUNTY, WEST VIRGINIA

CHERYL DOUGHERTY, individually,
and on behalf of all others similarly situated,

        Plaintiff,

v.

                                        CIVIL ACTION NO.: 08-C-116M
                                        (Honorable John T. Madden)

RAMONA CERRA, individually,
et al.,

        Defendants.

TO:    WEST VIRGINIA CONSOLIDATED PUBLIC RETIREMENT BOARD
       David L. Wyant, Chairman
       Anne Werum Lambright, Executive Director
       West Virginia Consolidated Retirement Board
       4101 MacCorkle Avenue, SE
       Charleston, West Virginia 25304-1636

### IN THE NAME OF THE STATE OF WEST VIRGINIA,

You are hereby summoned and required to serve upon Harry F. Bell, Jr., Plaintiff's attorney, whose address is Bell & Bands PLLC, Post Office Box 1723, Charleston, West Virginia 25326-1723, an Answer, including any related Counterclaim you may have, to the Amended Complaint filed against you in the above-styled civil action, a true copy of which is herewith delivered to you.

You are required to serve your Answer to the Amended Complaint within **60** days after service of this Summons upon you, exclusive of the date of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the Amended Complaint and you will be thereafter barred from asserting in another action any claim you have which must be asserted by counterclaim in the above-styled action.

Dated: _7/24/08_        _David R Ealy / Marge Kubiancic_
                                 Clerk of the Court



**PULLIN, FOWLER FLANAGAN, BROWN & POE** PLLC
ATTORNEYS AT LAW

JAMESMARK BUILDING
901 QUARRIER STREET
CHARLESTON, WV 25301

PHONE: (304) 344-0100
FAX: (304) 342-1545

600 NEVILLE STREET
SUITE 201
BECKLEY, WV 25801

PHONE: (304) 254-9300
FAX: (304) 255-5519

CRANBERRY SQUARE
2414 CRANBERRY SQUARE
MORGANTOWN, WV 26508

PHONE: (304) 225-2200
FAX: (304) 225-2214

REPLY TO:  CHARLESTON

SENDER'S E-MAIL:

GPullin@pffwv.com
www.pffwv.com

September 16, 2008

David R. Ealy
Marshall Circuit Clerk
Marshall County Courthouse
600 7th Street
Moundsville, WV 26041

RE:  *Cheryl Dougherty v. Ramona Cerra, et al.*
**Marshall County Circuit Court Civil Action No. 08-C-116M**

Dear Mr. Ealy:

I am enclosing herein for filing a Notice of Hearing,  Defendant Consolidated Public Retirement Board's Motion to Dismiss for Improper Venue and Memorandum of Law in Support regarding the above-referenced litigation.  A copy of the same has been mailed to counsel of record.

Thank you for your cooperation and assistance in this matter.

Very truly yours,

GARY E. PULLIN

GEP/mw

Enclosures

cc:  Honorable John T. Madden
Harry F. Bell, Jr., Esquire
Charles R. Webb, Esquire
Thomas J. Hurney, Esquire

| PLAINTIFF: Cheryl Dougherty | CASE NUMBER: |
|---|---|
| DEFENDANT: Ramona Cerra | 08-C-116M |

TYPE OF CASE

| TORTS | OTHER CIVIL | OTHER CIVIL |
|---|---|---|
| ASBESTOS | ADOPTION | APPEAL FROM MAGISTRATE COURT |
| PROFESSIONAL MALPRACTICE | CONTRACT | PETITION FOR MODIFICATION OF MAGISTRATE SENTENCE |
| PERSONAL INJURY | REAL PROPERTY | MISC. CIVIL |
| PRODUCT LIABILITY | MENTAL HEALTH | OTHER |
| OTHER TORT | APPEAL OF ADMINISTRATIVE AGENCY | |

**JURY DEMAND:**   Yes
**CASE WILL BE READY FOR TRIAL BY (Month/Year):**   February 2009

**DO YOU OR ANY OF YOUR CLIENTS OR WITNESSES IN THIS CASE REQUIRE SPECIAL ACCOMMODATIONS DUE TO A DISABILITY OR AGE?**   No
**IF YES, PLEASE SPECIFY:**

Wheelchair accessible hearing room and other facilities
    Interpreter or other auxiliary aid for the hearing impaired
    Reader or other auxiliary air for the visually impaired
    Spokesperson or other auxiliary aid for the speech impaired
    Other:

Attorney:    Gary E. Pullin, Esq.
                WV State Bar No. 4528
Firm:        **Pullin, Fowler, Flanagan, Brown & Poe, PLLC**
Address:    901 Quarrier Street
                Charleston, WV 25301
Telephone:  (304) 344-0100

Representing: WVCPRB

DATE: September 16, 2008

Gary E. Pullin
WV State Bar No. 4528

IN THE CIRCUIT COURT OF MARSHALL COUNTY, WEST VIRGINIA

CHERYL DOUGHERTY, individually,
and on behalf of all others similarly
situated,

        Plaintiff,

v.                                       Civil Action No. 08-C-116M
                                          Honorable John T. Madden

RAMONA CERRA, individually, et al.,

        Defendants.

## NOTICE OF HEARING

**PLEASE TAKE NOTICE** that a hearing concerning Defendant West Virginia

Consolidated Public Retirement Board's Motion to Dismiss for Improper Venue, attached

hereto, will take place before the Honorable John T. Madden at a date and time to be set by

the Court.

                          CONSOLIDATED PUBLIC RETIREMENT BOARD

                          By Counsel

                          GARY E. PULLIN, ESQUIRE
                          WVSB No. 4528

**Pullin, Fowler, Flanagan, Brown & Poe, PLLC**
JamesMark Building
901 Quarrier Street
Charleston, West Virginia 25301
304/344-0100

IN THE CIRCUIT COURT OF MARSHALL COUNTY, WEST VIRGINIA

CHERYL DOUGHERTY, individually,
and on behalf of all others similarly
situated,

       Plaintiff,

v.

                                         Civil Action No. 08-C-116M
                                         Honorable John T. Madden

RAMONA CERRA, individually, et al.,

       Defendants.

## DEFENDANT WEST VIRGINIA CONSOLIDATED PUBLIC RETIREMENT BOARD'S MOTION TO DISMISS FOR IMPROPER VENUE

**COMES NOW** the defendant, West Virginia Consolidated Public Retirement

Board, by counsel, Gary E. Pullin and Pullin, Fowler, Flanagan, Brown & Poe, PLLC,

and moves the Court, pursuant to Rule 12(b)(3) of the West Virginia Rules of Civil

Procedure to dismiss the West Virginia Consolidated Public Retirement Board from this

civil action upon the grounds that the cause of action alleged against the West Virginia

Consolidated Public Retirement Board in this civil action may only be brought in the

Circuit Court of Kanawha County pursuant to W. Va. Code § 14-2-2.

      In support of this motion, the defendant, West Virginia Consolidated Public

Retirement Board, attaches hereto, its Memorandum of Law in Support of the Motion to

Dismiss for Improper Venue.

                            CONSOLIDATED PUBLIC RETIREMENT BOARD

                            By Counsel

                            GARY E. PULLIN, ESQUIRE

**Pullin, Fowler, Flanagan, Brown & Poe, PLLC**
JamesMark Building
901 Quarrier Street
Charleston, West Virginia 25301
304/344-0100

IN THE CIRCUIT COURT OF MARSHALL COUNTY, WEST VIRGINIA

CHERYL DOUGHERTY, individually,
and on behalf of all others similarly
situated,

       Plaintiff,

v.                                                                    Civil Action No. 08-C-116M
                                                                      Honorable John T. Madden

RAMONA CERRA, individually, et al.,

       Defendants.

## DEFENDANT WEST VIRGINIA CONSOLIDATED PUBLIC RETIREMENT BOARD'S MEMORANDUM OF LAW IN <u>SUPPORT OF MOTION TO DISMISS FOR IMPROPER VENUE</u>

**COMES NOW** the defendant, West Virginia Consolidated Public Retirement Board, by counsel, Gary E. Pullin and Pullin, Fowler, Flanagan, Brown & Poe, PLLC, and moves to dismiss this civil action against it upon the grounds of improper venue. In support of this motion to dismiss for improper venue, the defendant, West Virginia Consolidated Public Retirement Board, asserts the following:

      1.    Plaintiff, Cheryl Dougherty, individually, and on behalf of all others similarly situated, filed this action in the Circuit Court of Marshall County, West Virginia against the West Virginia Consolidated Public Retirement Board, AIG/VALIC and a number of individual defendants alleging the defendants engaged in unlawful, unfair and/or deceptive acts or practices and breached fiduciary duties owed to the plaintiffs. The complaint further alleges that the defendants jointly and severally engaged in the acts alleged therein to convince plaintiffs to transition from the State of West Virginia Teachers Retirement System Defined Benefit Plan to the Defined Contribution Plan

which was sold by the individual and corporate defendants, and/or to purchase an exorbitantly commissioned-driven, front-loaded brokerage fee annuity which was not in the best interest of the plaintiff and all others similarly situated, but instead very beneficial to the individual and corporate defendants.

2.     In this civil action filed in the Circuit Court of Marshall County, the plaintiff, on behalf of herself and all others similarly situated, asks that this Court enter a declaratory judgment declaring that the actions and/or omissions of the defendants as set forth in the complaint are unlawful, illegal and in violation of West Virginia law. The civil action also asks the Court to enter declaratory judgment declaring that the annuity contracts purchased by the plaintiff and others similarly situated are unconscionable and unenforceable against the plaintiff and all others similarly situated.

3.     The civil action also asks the Court to grant a permanent injunction against the defendants forbidding them from hereinafter undertaking the unlawful actions and/or omissions alleged in the complaint. The civil action also asks the Court to award the plaintiff and all class members unspecified equitable relief as well as compensatory and punitive damages.

4.     Venue for a cause of action generally lies in the county where the cause of action arose or the defendant resides. *See, Hesse v. State Soil Conservation Committee*, 153 W. Va. 111, 168 S.E.2d 293 (1969); W. Va. Code §§ 56-1-2, *et seq.* (1966).

However, venue for certain suits and actions is proper only in the Circuit Court of Kanawha County. W. Va. Code § 14-2-2 provides as follows:

> (a) The following proceedings shall be brought and
> prosecuted only in the Circuit Court of Kanawha County:

(1)  Any suit in which the governor, any other state officer, or a state agency is made a party defendant, except as garnishee or suggestee…

This section shall apply only to such proceedings as are not prohibited by Constitutional immunity of the state from suit under Section 35, Article VI of the Constitution of the State.

W. Va. Code § 14-2-2 clearly provides that a civil action in which a state agency or official is named, whether as a principal party or a third party defendant, may be brought only in the Circuit Court of Kanawha County, West Virginia. *State, ex rel. Stewart v. Alsop,* 207 W. Va. 430; 533 S.E.2d 362.

The only exception to the exclusive venue provision of W. Va. Code § 14-2-2 is where the recovery sought against the state agency is only up to the limits of the state agency's liability insurance coverage. *Pittsburgh Elevator Company v. The West Virginia Board of Regents, et al.*, 172 W. Va. 743, 310 S.E.2d 675 (1983).

However, the plaintiffs seek recovery against the West Virginia Consolidated Public Retirement Board, a state agency, far beyond the limits of any liability insurance coverage.  First of all, the plaintiffs do not limit the amount of compensatory damages they are seeking from the West Virginia Consolidated Public Retirement Board to the limits of its liability insurance coverage.  Moreover, and more importantly, the plaintiffs seek injunctive relief and equitable relief against the West Virginia Consolidated Public Retirement Board, and injunctive relief and equitable relief is clearly not covered under the West Virginia Consolidated Public Retirement Board's liability insurance policy. Therefore, the claims asserted against the West Virginia Consolidated Public Retirement Board in the instant action fall outside the state's liability insurance coverage, and pursuant to W. Va. Code § 14-2-2 can only be brought in the Circuit Court of Kanawha County.

The West Virginia Consolidated Public Retirement Board is also entitled to Constitutional immunity from the instant action pursuant to W. Va. Constitution Article VI, Section 35.

Article VI, Section 35 of the Constitution of the State of West Virginia provides that, "The State of West Virginia shall never be made defendant in any court of law or equity." Again, the only exception to that Constitutional provision is a suit against the state which seeks recovery only up to the limits of the state's liability insurance coverage. Inasmuch as the instant action seeks recovery from a state agency beyond the coverage provided by the state's liability insurance policy, this suit is barred insofar as it seeks to state a cause of action against the West Virginia Consolidated Public Retirement Board, a state agency.

**WHEREFORE**, based upon the foregoing, the West Virginia Consolidated Public Retirement Board, respectfully prays that this motion to dismiss be granted for the reasons set forth herein, and that the West Virginia Consolidated Public Retirement Board be dismissed from this civil action.

WEST VIRGINIA CONSOLIDATED PUBLIC RETIREMENT BOARD

By Counsel

GARY E. PULLIN, ESQUIRE
WVSB No. 4528

**Pullin, Fowler, Flanagan, Brown & Poe, PLLC**
JamesMark Building
901 Quarrier Street
Charleston, West Virginia 25301
304/344-0100

IN THE CIRCUIT COURT OF MARSHALL COUNTY, WEST VIRGINIA

CHERYL DOUGHERTY, individually,
and on behalf of all others similarly
situated,

        Plaintiff,

v.
                                  Civil Action No. 08-C-116M
                                  Honorable John T. Madden

RAMONA CERRA, individually, et al.,

        Defendants.

## CERTIFICATE OF SERVICE

The undersigned counsel for defendant, West Virginia Consolidated Public Retirement

Baord, does hereby certify on this 16th day of September, 2008, that a true copy of the foregoing

**Notice of Hearing; Defendant West Virginia Consolidated Public Retirement Board's**

**Motion to Dismiss; and Defendant West Virginia Consolidated Public Retirement Board's**

**Memorandum of Law in Support of Motion to Dismiss for Improper Venue"** was served

upon all counsel of record by depositing same to them in the U.S. Mail, postage prepaid, sealed in an

envelope, and addressed as follows:

| | |
|---|---|
| Harry F. Bell, Jr., Esquire<br>William L. Bands, Esquire<br>Tim J. Yianne, Esquire<br>***Bell & Bands PLLC***<br>P.O. Box 1723<br>Charleston, WV 25326-1723<br>304/345-1700 | Charles R. Webb, Esquire<br>***The Webb Law Firm***<br>108-1/2 Capitol St.,Ste. 201<br>Charleston, WV 25301<br>304/344-9322 |
| Thomas J. Hurney, Esquire<br>Jackson Kelly PLLC<br>P.O. Box 553<br>Charleston, WV 25322-0553<br>304/340-1000 | |

Gary E. Pullin
WV State Bar No. 4528

**Pullin, Fowler, Flanagan, Brown & Poe, PLLC**
JamesMark Building
901 Quarrier Street
Charleston, West Virginia 25301



PULLIN, FOWLER
FLANAGAN,
BROWN & POE PLLC

ATTORNEYS AT LAW

JAMESMARK BUILDING
901 QUARRIER STREET
CHARLESTON, WV 25301

PHONE: (304) 344-0100
FAX: (304) 342-1545

600 NEVILLE STREET
SUITE 201
BECKLEY, WV 25801

PHONE: (304) 254-9300
FAX: (304) 255-5519

CRANBERRY SQUARE
2414 CRANBERRY SQUARE
MORGANTOWN, WV 26508

PHONE: (304) 225-2200
FAX: (304) 225-2214

**REPLY TO: CHARLESTON**

**SENDER'S E-MAIL:**

GPullin@pffwv.com
www.pffwv.com

September 16, 2008

David R. Ealy
Marshall Circuit Clerk
Marshall County Courthouse
600 7th Street
Moundsville, WV 26041

     RE:   ***Cheryl Dougherty v. Ramona Cerra, et al.***
           **Marshall County Circuit Court Civil Action No. 08-C-116M**

Dear Mr. Ealy:

     I am enclosing herein for filing a Notice of Hearing, Defendant Consolidated Public Retirement Board's Motion to Dismiss for Improper Venue and Memorandum of Law in Support regarding the above-referenced litigation. A copy of the same has been mailed to counsel of record.

     Thank you for your cooperation and assistance in this matter.

                    Very truly yours,

                    GARY E. PULLIN

GEP/mw

Enclosures

cc:   Honorable John T. Madden
      Harry F. Bell, Jr., Esquire
      Charles R. Webb, Esquire
      Thomas J. Hurney, Esquire

| PLAINTIFF: Cheryl Dougherty<br>DEFENDANT: Ramona Cerra | CASE NUMBER:<br>08-C-116M |
|---|---|

TYPE OF CASE

| TORTS | OTHER CIVIL | OTHER CIVIL |
|---|---|---|
| ASBESTOS | ADOPTION | APPEAL FROM MAGISTRATE COURT |
| PROFESSIONAL MALPRACTICE | CONTRACT | PETITION FOR MODIFICATION OF MAGISTRATE SENTENCE |
| PERSONAL INJURY | REAL PROPERTY | MISC. CIVIL |
| PRODUCT LIABILITY | MENTAL HEALTH | OTHER |
| OTHER TORT | APPEAL OF ADMINISTRATIVE AGENCY | |

**JURY DEMAND:** Yes
**CASE WILL BE READY FOR TRIAL BY (Month/Year):** February 2009

**DO YOU OR ANY OF YOUR CLIENTS OR WITNESSES IN THIS CASE REQUIRE SPECIAL ACCOMMODATIONS DUE TO A DISABILITY OR AGE?** No
**IF YES, PLEASE SPECIFY:**

Wheelchair accessible hearing room and other facilities
    Interpreter or other auxiliary aid for the hearing impaired
    Reader or other auxiliary air for the visually impaired
    Spokesperson or other auxiliary aid for the speech impaired
    Other:

Attorney:    Gary E. Pullin, Esq.
                WV State Bar No. 4528
Firm:         **Pullin, Fowler, Flanagan, Brown & Poe, PLLC**
Address:    901 Quarrier Street
                Charleston, WV 25301
Telephone:  (304) 344-0100

Representing: WVCPRB

Gary E. Pullin
WV State Bar No. 4528

DATE: September 16, 2008

IN THE CIRCUIT COURT OF MARSHALL COUNTY, WEST VIRGINIA

CHERYL DOUGHERTY, individually,
and on behalf of all others similarly
situated,

       Plaintiff,

v.                              Civil Action No. 08-C-116M
                                    Honorable John T. Madden

RAMONA CERRA, individually, et al.,

       Defendants.

## NOTICE OF HEARING

**PLEASE TAKE NOTICE** that a hearing concerning Defendant West Virginia

Consolidated Public Retirement Board's Motion to Dismiss for Improper Venue, attached

hereto, will take place before the Honorable John T. Madden at a date and time to be set by

the Court.

                          CONSOLIDATED PUBLIC RETIREMENT BOARD

                          By Counsel

                          GARY E. PULLIN, ESQUIRE
                          WVSB No. 4528

**Pullin, Fowler, Flanagan, Brown & Poe, PLLC**
JamesMark Building
901 Quarrier Street
Charleston, West Virginia 25301
304/344-0100

IN THE CIRCUIT COURT OF MARSHALL COUNTY, WEST VIRGINIA

CHERYL DOUGHERTY, individually,
and on behalf of all others similarly
situated,

        Plaintiff,

v.                              Civil Action No. 08-C-116M
                                  Honorable John T. Madden

RAMONA CERRA, individually, et al.,

        Defendants.

## DEFENDANT WEST VIRGINIA CONSOLIDATED PUBLIC RETIREMENT BOARD'S MOTION TO DISMISS FOR IMPROPER VENUE

**COMES NOW** the defendant, West Virginia Consolidated Public Retirement

Board, by counsel, Gary E. Pullin and Pullin, Fowler, Flanagan, Brown & Poe, PLLC,

and moves the Court, pursuant to Rule 12(b)(3) of the West Virginia Rules of Civil

Procedure to dismiss the West Virginia Consolidated Public Retirement Board from this

civil action upon the grounds that the cause of action alleged against the West Virginia

Consolidated Public Retirement Board in this civil action may only be brought in the

Circuit Court of Kanawha County pursuant to W. Va. Code § 14-2-2.

In support of this motion, the defendant, West Virginia Consolidated Public

Retirement Board, attaches hereto, its Memorandum of Law in Support of the Motion to

Dismiss for Improper Venue.

                         CONSOLIDATED PUBLIC RETIREMENT BOARD

                         By Counsel

                         GARY E. PULLIN, ESQUIRE

**Pullin, Fowler, Flanagan, Brown & Poe, PLLC**
JamesMark Building
901 Quarrier Street
Charleston, West Virginia 25301
304/344-0100

IN THE CIRCUIT COURT OF MARSHALL COUNTY, WEST VIRGINIA

CHERYL DOUGHERTY, individually,
and on behalf of all others similarly
situated,

         Plaintiff,

v.                                      Civil Action No. 08-C-116M
                                      Honorable John T. Madden

RAMONA CERRA, individually, et al.,

         Defendants.

## DEFENDANT WEST VIRGINIA CONSOLIDATED PUBLIC RETIREMENT BOARD'S MEMORANDUM OF LAW IN SUPPORT OF MOTION TO DISMISS FOR IMPROPER VENUE

**COMES NOW** the defendant, West Virginia Consolidated Public Retirement

Board, by counsel, Gary E. Pullin and Pullin, Fowler, Flanagan, Brown & Poe, PLLC,

and moves to dismiss this civil action against it upon the grounds of improper venue.  In

support of this motion to dismiss for improper venue, the defendant, West Virginia

Consolidated Public Retirement Board, asserts the following:

        1.      Plaintiff, Cheryl Dougherty, individually, and on behalf of all others

similarly situated, filed this action in the Circuit Court of Marshall County, West Virginia

against the West Virginia Consolidated Public Retirement Board, AIG/VALIC and a

number of individual defendants alleging the defendants engaged in unlawful, unfair

and/or deceptive acts or practices and breached fiduciary duties owed to the plaintiffs.

The complaint further alleges that the defendants jointly and severally engaged in the acts

alleged therein to convince plaintiffs to transition from the State of West Virginia

Teachers Retirement System Defined Benefit Plan to the Defined Contribution Plan

which was sold by the individual and corporate defendants, and/or to purchase an exorbitantly commissioned-driven, front-loaded brokerage fee annuity which was not in the best interest of the plaintiff and all others similarly situated, but instead very beneficial to the individual and corporate defendants.

2.      In this civil action filed in the Circuit Court of Marshall County, the plaintiff, on behalf of herself and all others similarly situated, asks that this Court enter a declaratory judgment declaring that the actions and/or omissions of the defendants as set forth in the complaint are unlawful, illegal and in violation of West Virginia law. The civil action also asks the Court to enter declaratory judgment declaring that the annuity contracts purchased by the plaintiff and others similarly situated are unconscionable and unenforceable against the plaintiff and all others similarly situated.

3.      The civil action also asks the Court to grant a permanent injunction against the defendants forbidding them from hereinafter undertaking the unlawful actions and/or omissions alleged in the complaint. The civil action also asks the Court to award the plaintiff and all class members unspecified equitable relief as well as compensatory and punitive damages.

4.      Venue for a cause of action generally lies in the county where the cause of action arose or the defendant resides. *See*, *Hesse v. State Soil Conservation Committee*, 153 W. Va. 111, 168 S.E.2d 293 (1969); W. Va. Code §§ 56-1-2, *et seq.* (1966).

However, venue for certain suits and actions is proper only in the Circuit Court of Kanawha County. W. Va. Code § 14-2-2 provides as follows:

>      (a) The following proceedings shall be brought and
>      prosecuted only in the Circuit Court of Kanawha County:

(1)  Any suit in which the governor, any other state officer, or a state agency is made a party defendant, except as garnishee or suggestee…

This section shall apply only to such proceedings as are not prohibited by Constitutional immunity of the state from suit under Section 35, Article VI of the Constitution of the State.

W. Va. Code § 14-2-2 clearly provides that a civil action in which a state agency or official is named, whether as a principal party or a third party defendant, may be brought only in the Circuit Court of Kanawha County, West Virginia.  *State, ex rel. Stewart v. Alsop*, 207 W. Va. 430; 533 S.E.2d 362.

The only exception to the exclusive venue provision of W. Va. Code § 14-2-2 is where the recovery sought against the state agency is only up to the limits of the state agency's liability insurance coverage. *Pittsburgh Elevator Company v. The West Virginia Board of Regents, et al.*, 172 W. Va. 743, 310 S.E.2d 675 (1983).

However, the plaintiffs seek recovery against the West Virginia Consolidated Public Retirement Board, a state agency, far beyond the limits of any liability insurance coverage.  First of all, the plaintiffs do not limit the amount of compensatory damages they are seeking from the West Virginia Consolidated Public Retirement Board to the limits of its liability insurance coverage.  Moreover, and more importantly, the plaintiffs seek injunctive relief and equitable relief against the West Virginia Consolidated Public Retirement Board, and injunctive relief and equitable relief is clearly not covered under the West Virginia Consolidated Public Retirement Board's liability insurance policy. Therefore, the claims asserted against the West Virginia Consolidated Public Retirement Board in the instant action fall outside the state's liability insurance coverage, and pursuant to W. Va. Code § 14-2-2 can only be brought in the Circuit Court of Kanawha County.

The West Virginia Consolidated Public Retirement Board is also entitled to Constitutional immunity from the instant action pursuant to W. Va. Constitution Article VI, Section 35.

Article VI, Section 35 of the Constitution of the State of West Virginia provides that, "The State of West Virginia shall never be made defendant in any court of law or equity." Again, the only exception to that Constitutional provision is a suit against the state which seeks recovery only up to the limits of the state's liability insurance coverage. Inasmuch as the instant action seeks recovery from a state agency beyond the coverage provided by the state's liability insurance policy, this suit is barred insofar as it seeks to state a cause of action against the West Virginia Consolidated Public Retirement Board, a state agency.

**WHEREFORE**, based upon the foregoing, the West Virginia Consolidated Public Retirement Board, respectfully prays that this motion to dismiss be granted for the reasons set forth herein, and that the West Virginia Consolidated Public Retirement Board be dismissed from this civil action.

WEST VIRGINIA CONSOLIDATED PUBLIC
RETIREMENT BOARD

By Counsel

GARY E. PULLIN, ESQUIRE
WVSB No. 4528

**Pullin, Fowler, Flanagan, Brown & Poe, PLLC**
JamesMark Building
901 Quarrier Street
Charleston, West Virginia 25301
304/344-0100

IN THE CIRCUIT COURT OF MARSHALL COUNTY, WEST VIRGINIA

CHERYL DOUGHERTY, individually,
and on behalf of all others similarly
situated,

        Plaintiff,

v.                                      Civil Action No. 08-C-116M
                                        Honorable John T. Madden

RAMONA CERRA, individually, et al.,

        Defendants.

### CERTIFICATE OF SERVICE

        The undersigned counsel for defendant, West Virginia Consolidated Public Retirement

Baord, does hereby certify on this 16th day of September, 2008, that a true copy of the foregoing

**Notice of Hearing; Defendant West Virginia Consolidated Public Retirement Board's**

**Motion to Dismiss; and Defendant West Virginia Consolidated Public Retirement Board's**

**Memorandum of Law in Support of Motion to Dismiss for Improper Venue"** was served

upon all counsel of record by depositing same to them in the U.S. Mail, postage prepaid, sealed in an

envelope, and addressed as follows:

| | |
|---|---|
| Harry F. Bell, Jr., Esquire<br>William L. Bands, Esquire<br>Tim J. Yianne, Esquire<br>**Bell & Bands PLLC**<br>P.O. Box 1723<br>Charleston, WV 25326-1723<br>304/345-1700 | Charles R. Webb, Esquire<br>**The Webb Law Firm**<br>108-1/2 Capitol St.,Ste. 201<br>Charleston, WV 25301<br>304/344-9322 |
| Thomas J. Hurney, Esquire<br>Jackson Kelly PLLC<br>P.O. Box 553<br>Charleston, WV 25322-0553<br>304/340-1000 | |

Gary E. Pullin
WV State Bar No. 4528

**Pullin, Fowler, Flanagan, Brown & Poe, PLLC**
JamesMark Building
901 Quarrier Street
Charleston, West Virginia 25301

## IN THE CIRCUIT COURT OF MARSHALL COUNTY, WEST VIRGINIA

CHERYL DOUGHERTY, individually,
and on behalf of all others similarly situated,

      Plaintiff,

v.

RAMONA CERRA, individually; JOHN COOK, individually; GREG GARRETT, individually; ROLAND RICH, individually; GEORGE M. EDWARDS, individually; CLARENCE BURDETTE, individually; BRIAN AIKMAN, individually; LUTHER COPE, individually; GUY DEVONO, individually; DON GIBSON, individually; BILL GLASS, individually; JOHN MARSHALL, individually; MARK MULLENS, individually; TIMOTHY PALMER, individually; JIM PINGLEY, individually; DAVID SISK, individually; JOHN SPURLOCK, individually; KEN WHITTINGTON, individually; and all other Presently Unknown Individual Agents/Employees/Contract Workers/ Representatives of VALIC/AIG, as named below, involved in the sale and marketing of VALIC/AIG retirement products in West Virginia to existing and newly-hired members of the West Virginia Teachers' Retirement System; AMERICAN INTERNATIONAL GROUP, INC., a Texas corporation; AIG RETIREMENT GROUP, f/k/a AIG VALIC GROUP; VARIABLE ANNUITY LIFE INSURANCE COMPANY, a Texas corporation; AIG RETIREMENT ADVISORS, INC., f/k/a VALIC FINANCIAL ADVISORS, INC., a Texas corporation; AIG RETIREMENT SERVICES COMPANY, f/k/a VALIC RETIREMENT SERVICES COMPANY, a Texas corporation; VARIABLE ANNUITY MARKETING COMPANY, a Texas Corporation; and the WEST VIRGINIA CONSOLIDATED PUBLIC RETIREMENT BOARD, a West Virginia state Agency,

      Defendants.

CIVIL ACTION NO. 08-C-116-M
(Honorable John T. Madden)

## STIPULATION

COME NOW Plaintiff, by counsel, and the defendants identified as American International Group, Inc.; AIG Retirement Group, f/k/a AIG VALIC Group; Variable Annuity

Life Insurance Company; AIG Retirement Advisors, Inc., f/k/a VALIC Financial Advisors, Inc.;

AIG Retirement Services Company, f/k/a VALIC Retirement Services Company; Variable

Annuity Marketing Company; Ramona Cerra; John Cook; Clarence Burdette; and Luther Cope,

by counsel, and hereby STIPULATE and AGREE that the time within which each of the

defendants, identified as American International Group, Inc.; AIG Retirement Group, f/k/a AIG

VALIC Group; Variable Annuity Life Insurance Company; AIG Retirement Advisors, Inc., f/k/a

VALIC Financial Advisors, Inc.; AIG Retirement Services Company, f/k/a VALIC Retirement

Services Company; Variable Annuity Marketing Company; Ramona Cerra; John Cook; Clarence

Burdette; and Luther Cope shall have to answer, move or otherwise respond to the Amended

Complaint herein is hereby extended until and including **October 17, 2008**.

Dated this _16th_ day of September, 2008.


_____
Harry F. Bell, Jr. (W.Va. Bar #297)
William L. Bands (W.Va. Bar #6048)
Tim J. Yianne (W.Va. Bar #8623)
Bell & Bands, PLLC
30 Capitol Street
P. O. Box 1723
Charleston, West Virginia 25326-1723
(304) 345-1700
*Counsel for Plaintiff*

_____
Thomas J. Hurney, Jr. (W.Va. Bar #1833)
Clifford F. Kinney, Jr. (W.Va. Bar #6220)
JACKSON KELLY PLLC
Post Office Box 553
Charleston, West Virginia 25322
(304) 340-1307
*Counsel for Defendants American
International Group, Inc.; AIG Retirement
Group, f/k/a AIG VALIC Group; Variable
Annuity Life Insurance Company; AIG
Retirement Advisors, Inc., f/k/a VALIC
Financial Advisors, Inc.; AIG Retirement
Services Company, f/k/a VALIC Retirement
Services Company; Ramona Cerra; John
Cook; Clarence Burdette; Luther Cope; and
Variable Annuity Marketing Company*

# Bell&Bands PLLC
### Attorneys at Law

| | | | |
|---|---|---|---|
| Harry F. Bell, Jr. | 30 Capitol Street | Phone | 304/345-1700 |
| William L. Bands | P. O. Box 1723 | Facsimile | 304/345-1715 |
| Tim J. Yianne | Charleston, WV 25326-1723 | Facsimile2 | 304/344-1956 |
| Erin L. Winter | | | |
| Andrew L. Paternostro, Senior Attorney | | | |
| Arthur J. Chmiel, Of Counsel | Sender: hfbell@belllaw.com | www.belllaw.com | |

September 26, 2008

The Honorable John T. Madden
Circuit Court of Marshall County
600 Seventh Street
Moundsville, West Virginia 26041

RE:   Cheryl Dougherty v. Ramona Cerra, et al.
      Circuit Court of Marshall County, West Virginia
      Civil Action No. 08-C-116M

Dear Judge Madden:

Counsel for the Defendants and I have reached a stipulation regarding the extension of time to respond to the Amended Complaint until October 17, 2008. Therefore, I am filing a Stipulation that Mr. Kinney prepared.

Additionally, Mr. Pullen who has entered an appearance on behalf of West Virginia Consolidated Public Retirement Board has filed a Motion. He and I had discussions to determine if it is appropriate to enter an Order transferring the same or if in fact the real party in interest is the insurance company which may be providing coverage to the Consolidated Public Retirement Board in which case we may have a dispute on those, but we hope to resolve those and present our respective positions to you within the very near future.

Sincerely,

Harry F. Bell, Jr.

HFBjr/sld
Enclosure
cc:   Gary Pullen, Esquire
      Clifford Kinney, Esquire
      Charles R. Webb, Esquire

**IN THE CIRCUIT COURT OF MARSHALL COUNTY, WEST VIRGINIA**

**CHEYRL DOUGHERTY, individually,**
**and on behalf of all others similarly**
**situated,**

        **PLAINTIFF,**

**Vs.**             **// CIVIL ACTION NO. 08-C-116M**

**RAMONA CERRA, individually, et. al.,**

        **DEFENDANTS.**

## ORDER

The Defendant, Consolidated Public Retirement Board by it's counsel, Gary E. Pullin, Esquire has filed a Motion to Dismiss for Improper Venue and a Memorandum in support thereof.

The Plaintiff, Cheryl Daugherty, may file a Response on or before October 20, 2008.

Thereafter, the Defendant may file a Reply on or before November 7, 2008.

Courtesy copies shall be provided to the Court in accordance with **Rule 6.03** of the **West Virginia Trail Court Rules**.

Oral argument will be provided if it will aid the decisional process.

It is so ORDERED.

The Clerk shall transmit a copy of this order to all counsel of record.

Dated this 19th day of September, 2008.

_____
JOHN T. MADDEN, JUDGE

October 5, 2008

Bell & Blands PLLC
P.O. Box 1723
Charleston, WV 25326-1723

RE: CIVIL ACTION NO.: 08-C-116M

In regards to summons of Civil Action referenced above that was rudely and
aggressively served on my wife on the late afternoon of Friday, October 03, 2008.
In this Amended Complaint a person by the name of "Jim Pingley" is listed as an
individual defendant.
I am not now nor have I ever been  an "Individual Agent"/"Employee"/"Contract
Worker"/ or "Representative" for any of the Corporate defendants enumerated in
the above referenced Amended Complaint.
Additionally, I have no knowledge of or relationship with of any of the other
enumerated "individual defendants".
I am not now nor have I ever been "chosen by and working in conjunction with
the Defendant West Virginia Consolidated Public Retirement Board".

I am respectfully requesting that the "individual defendant's" name "Jim Pingley"
immediately be removed as a Defendant from this complaint.
Additionally, I respectfully request that all parties provided with copies of this
Amended Complaint be notified immediately that I am not an "individual
defendant".
Lastly, I am respectfully requesting that I be provided with an explanation as to
the nature and source of information that resulted in the name "Jim Pingley"
being included as an "individual defendant" in the above referenced Amended
Complaint.

James E. Pingley
15 Dartmouth Lane
Falling Waters, WV 25419

c: David Ealy, Clerk of the Court, Circuit Court of Marshall County
c: WV Office of the Attorney General
attachments: summons, listing of individual defendants

# Bell&Bands PLLC
## Attorneys at Law

| | | |
|---|---|---|
| Harry F. Bell, Jr. | 30 Capitol Street | Phone | 304/345-1700 |
| William L. Bands | P. O. Box 1723 | Facsimile | 304/345-1715 |
| Tim J. Yianne | Charleston, WV 25326-1723 | Facsimile2 | 304/344-1956 |
| Erin L. Winter | | |
| Andrew L. Paternostro, Senior Attorney | | |
| Arthur J. Chmiel, Of Counsel | Sender: wlbands@belllaw.com | www.belllaw.com |

October 6, 2008

David R. Ealy, Clerk
Marshall County Circuit Court
Post Office Drawer B
Moundsville, West Virginia 26041

      RE:    **Dougherty vs. Ramona Cerra, et al.**
              **Circuit Court of Marshall County, West Virginia**
              **Civil Action No. 08-C-116M**

Dear Mr. Ealy:

      Please accept for filing in the above-referenced civil action the enclosed documents:

1. Affidavit of Service of Summons and Amended Complaint to Ramona Cerra by delivering to her husband Larry Ward at their residence;

2. Affidavit of Service of Summons and Amended Complaint to John Cook by delivering to him in person at 16 Pinecrest Drive, Huntington, WV.;

3. Affidavit of Service of Summons and Amended Complaint to Clarence Burdette by delivering to his wife, Delores at their residence;

4. Affidavit of Service of Summons and Amended Complaint to Luther Cope by delivering to him personally at 104 Oakwood Estate, Scott Depot, WV;

5. Affidavit of Service of Summons and Amended Complaint to George M. Edwards by delivering them to him personally; and

6. Affidavit of Service of Summons and Amended Complaint to David Sisk by delivering the same to him personally.

# Bell&Bands PLLC

David R. Ealy, Clerk
October 6, 2008
Page 2

Should you have any questions or concerns, please feel free to contact me.  Thank you for your attention to this matter.

Sincerely,

William L. Bands

WLB/dmb
Enclosure

# CIVIL SUMMONS

## IN THE CIRCUIT COURT OF MARSHALL COUNTY, WEST VIRGINIA

**CHERYL DOUGHERTY, individually,**
**and on behalf of all others similarly situated,**

       **Plaintiff,**

**v.**

       **CIVIL ACTION NO.: 08-C-116M**
       **(Honorable John T. Madden)**

**RAMONA CERRA, individually,**
**et al.,**

       **Defendants.**

TO:    **JIM PINGLEY**

    **IN THE NAME OF THE STATE OF WEST VIRGINIA,**

      You are hereby summoned and required to serve upon Harry F. Bell, Jr. Plaintiff's attorney, whose address is Bell & Bands PLLC, Post Office Box 1723, Charleston, West Virginia 25326-1723, an Answer, including any related Counterclaim you may have, to the Amended Complaint filed against you in the above-styled civil action, a true copy of which is herewith delivered to you.

      You are required to serve your Answer to the Amended Complaint within **20** days after service of this Summons upon you, exclusive of the date of service.  If you fail to do so, judgment by default will be taken against you for the relief demanded in the Amended Complaint and you will be thereafter barred from asserting in another action any claim you have which must be asserted by counterclaim in the above-styled action.

Dated: ___7/24/08___          *David R. Foley / Marge Kubancik*
                              Clerk of the Court

IN THE CIRCUIT COURT OF MARSHALL COUNTY, WEST VIRGINIA

CHERYL DOUGHERTY, individually,
and on behalf of all others similarly situated,

        Plaintiff,

v.

                                    CIVIL ACTION NO.: 08-C-116M
                                    (Honorable John T. Madden)

RAMONA CERRA, individually; JOHN COOK,
individually; GREG GARRETT, individually;
ROLAND RICH, individually; GEORGE M. EDWARDS,
individually; CLARENCE BURDETTE, individually;
BRIAN AIKMAN, individually; LUTHER COPE,
individually; GUY DEVONO, individually; DON
GIBSON, individually; BILL GLASS, individually;
JOHN MARSHALL, individually; MARK MULLENS,
individually; TIMOTHY PALMER, individually; JIM
PINGLEY, individually; DAVID SISK, individually;
JOHN SPURLOCK, individually; KEN WHITTINGTON,
individually; and all other Presently Unknown
Individual Agents/Employees/Contract Workers/
Representatives of VALIC/AIG, as named below,
involved in the sale and marketing of VALIC/AIG
retirement products in West Virginia to existing
and newly-hired members of the West Virginia
Teachers' Retirement System; AMERICAN
INTERNATIONAL GROUP, INC., a Texas
corporation; AIG RETIREMENT GROUP, f/k/a
AIG VALIC GROUP; VARIABLE ANNUITY LIFE
INSURANCE COMPANY, a Texas corporation;
AIG RETIREMENT ADVISORS, INC., f/k/a
VALIC FINANCIAL ADVISORS, INC., a Texas
corporation; AIG RETIREMENT SERVICES
COMPANY, f/k/a VALIC RETIREMENT SERVICES
COMPANY, a Texas corporation; VARIABLE
ANNUITY MARKETING COMPANY, a Texas

# STATE OF WEST VIRGINIA

## AFFIDAVIT OF SERVICE

STATE OF WEST VIRGINIA,

COUNTY OF MARSHALL  , TO WIT:

THIS DAY CAME ALLEN LYNCH ,PERSONALLY KNOWN BY ME TO BE A CREDIBLE PERSON ABOVE THE AGE OF TWENTY ONE YEARS, WHO AFTER BEING FIRST DULY SWORN, STATES THAT HE SERVED THE WITHIN SUMMONS AND COMPLAINT ON THE WITHIN NAMED RAMONA CERRA-WARD  BY DELIVERING TO LARRY WARD, HUSBAND , AT USUAL PLACE OF ABODE (102 RED DEER DRIVE, HURRICANE, WV  AND ADVISED OF THE PURPORT OF THE SUMMONS AND COMPAINT TO LARRY WARD, HUSBAND, AT USUAL PLACE OF ABODE, BY DELIVERING TO HIM/HER IN PERSON TRUE COPIES ON THIS THE 24TH DAY OF SEPTEMBER ,2008 IN PUTNAM COUNTY, WEST VIRGINIA.

_____
PRIVATE PROCESS SERVER

TAKEN, SUBSCRIBED AND SWORN TO BEFORE ME ON THIS THE 24 DAY OF SEPTEMBER, 2008.

_____
NOTARY PUBLIC

MY COMMISSION EXPIRES:_____ 10·10·2012

(SEAL)



Official Seal
Notary Public  State of West Virginia
Bruce Hartsaw
5th Street
WV 25064
My commission expires October 10, 2012

# CIVIL SUMMONS

## IN THE CIRCUIT COURT OF MARSHALL COUNTY, WEST VIRGINIA

**CHERYL DOUGHERTY, individually,**
**and on behalf of all others similarly situated,**

       **Plaintiff,**

**v.**
                       **CIVIL ACTION NO.: 08-C-116M**
                       **(Honorable John T. Madden)**

**RAMONA CERRA, individually,**
**et al.,**

       **Defendants.**

**TO:**    **RAMONA CERRA**

      **IN THE NAME OF THE STATE OF WEST VIRGINIA,**

      You are hereby summoned and required to serve upon Harry F. Bell, Jr., Plaintiff's attorney, whose address is Bell & Bands PLLC, Post Office Box 1723, Charleston, West Virginia 25326-1723, an Answer, including any related Counterclaim you may have, to the Amended Complaint filed against you in the above-styled civil action, a true copy of which is herewith delivered to you.

      You are required to serve your Answer to the Amended Complaint within **20** days after service of this Summons upon you, exclusive of the date of service.  If you fail to do so, judgment by default will be taken against you for the relief demanded in the Amended Complaint and you will be thereafter barred from asserting in another action any claim you have which must be asserted by counterclaim in the above-styled action.

Dated:    _7/24/08_

                                    Clerk of the Court

# CIVIL SUMMONS

## IN THE CIRCUIT COURT OF MARSHALL COUNTY, WEST VIRGINIA

CHERYL DOUGHERTY, individually,
and on behalf of all others similarly situated,

       Plaintiff,

v.
                           CIVIL ACTION NO.: 08-C-116M
                           (Honorable John T. Madden)

RAMONA CERRA, individually,
et al.,

       Defendants.

TO:    JOHN COOK

     IN THE NAME OF THE STATE OF WEST VIRGINIA,

       You are hereby summoned and required to serve upon Harry F. Bell, Jr., Plaintiff's attorney, whose

address is Bell & Bands PLLC, Post Office Box 1723, Charleston, West Virginia 25326-1723, an Answer,

including any related Counterclaim you may have, to the Amended Complaint filed against you in the above-

styled civil action, a true copy of which is herewith delivered to you.

       You are required to serve your Answer to the Amended Complaint within **20** days after service of this

Summons upon you, exclusive of the date of service.  If you fail to do so, judgment by default will be taken

against you for the relief demanded in the Amended Complaint and you will be thereafter barred from asserting

in another action any claim you have which must be asserted by counterclaim in the above-styled action.

Dated: _____7/24/08_____         _David R Ealy / Margo Kulbowick_
                                    Clerk of the Court

## STATE OF WEST VIRGINIA

## AFFIDAVIT OF SERVICE

STATE OF WEST VIRGINIA,

COUNTY OF MARSHALL , TO WIT:

THIS DAY CAME ALLEN LYNCH ,PERSONALLY KNOWN BY ME TO BE A CREDIBLE PERSON ABOVE THE AGE OF TWENTY ONE YEARS, WHO AFTER BEING FIRST DULY SWORN, STATES THAT HE SERVED THE WITHIN SUMMONS AND COMPLAINT ON THE WITHIN NAMED JOHN COOK AT 16 PINECREST DRIVE, HUNGTINGTON, WV,   BY DELIVERING TO HIM/HER IN PERSON TRUE COPIES ON THIS THE 24TH DAY OF SEPTEMBER ,2008 IN CABELL COUNTY, WEST VIRGINIA.

_____

PRIVATE PROCESS SERVER

TAKEN, SUBSCRIBED AND SWORN TO BEFORE ME ON THIS THE 24 DAY OF SEPTEMBER , 2008.

_____

NOTARY PUBLIC

MY COMMISSION EXPIRES:_____10.10.2012_____

(SEAL)



# STATE OF WEST VIRGINIA

## AFFIDAVIT OF SERVICE

STATE OF WEST VIRGINIA,

COUNTY OF MARSHALL  , TO WIT:

  THIS DAY CAME ALLEN LYNCH ,PERSONALLY KNOWN BY ME TO BE A CREDIBLE PERSON ABOVE THE AGE OF TWENTY ONE YEARS, WHO AFTER BEING FIRST DULY SWORN, STATES THAT HE SERVED THE WITHIN SUMMONS AND COMPLAINT ON THE WITHIN NAMED CLARENCE BURDETTE TO WIFE DELORES AT USUAL PLACE OF ABODE, 5446 LONGVIEW DRIVE, CHARLESTON, WV  AND EXPLAINED THE PURPORT OF SUMMONS AND COMPLAINT TO DELORES BURDETTE, WIFE OF CLARENCE BURDETTE, BY DELIVERING TO HIM/HER IN PERSON TRUE COPIES ON THIS  THE 24TH DAY OF SEPTEMBER ,2008 IN KANAWHA COUNTY, WEST VIRGINIA.

           PRIVATE PROCESS SERVER

  TAKEN, SUBSCRIBED AND SWORN TO BEFORE ME ON THIS THE 24 DAY OF SEPTEMBER , 2008.

           NOTARY PUBLIC

MY COMMISSION EXPIRES: 10·10·2012

(SEAL)



Official Seal
Notary Public, State of West Virginia
David Bruce Hartsaw
204 - 15th Street
Dunbar, WV  25064
My commission expires October 10, 2012

# CIVIL SUMMONS

## IN THE CIRCUIT COURT OF MARSHALL COUNTY, WEST VIRGINIA

**CHERYL DOUGHERTY, individually,**
**and on behalf of all others similarly situated,**

        **Plaintiff,**

**v.**                        **CIVIL ACTION NO.: 08-C-116M**
                                        **(Honorable John T. Madden)**

**RAMONA CERRA, individually,**
**et al.,**

        **Defendants.**

TO:      **CLARENCE BURDETTE**

      **IN THE NAME OF THE STATE OF WEST VIRGINIA,**

You are hereby summoned and required to serve upon Harry F. Bell, Jr., Plaintiff's attorney, whose address is Bell & Bands PLLC, Post Office Box 1723, Charleston, West Virginia 25326-1723, an Answer, including any related Counterclaim you may have, to the Amended Complaint filed against you in the above-styled civil action, a true copy of which is herewith delivered to you.

You are required to serve your Answer to the Amended Complaint within **20** days after service of this Summons upon you, exclusive of the date of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the Amended Complaint and you will be thereafter barred from asserting in another action any claim you have which must be asserted by counterclaim in the above-styled action.

Dated: ___7/24/08___                    _David R Ealy  Marge Kuboucik_
                                      Clerk of the Court

# STATE OF WEST VIRGINIA

## AFFIDAVIT OF SERVICE

STATE OF WEST VIRGINIA,

COUNTY OF MARSHALL , TO WIT:

THIS DAY CAME ALLEN LYNCH ,PERSONALLY KNOWN BY ME TO BE A CREDIBLE PERSON ABOVE THE AGE OF TWENTY ONE YEARS, WHO AFTER BEING FIRST DULY SWORN, STATES THAT HE SERVED THE WITHIN SUMMONS AND COMPLAINT ON THE WITHIN NAMED LUTH COPE AT 104 OAKWOOD ESTATE, SCOTT DEPOT, WV, BY DELIVERING TO HIM/HER IN PERSON TRUE COPIES ON THIS  THE 24TH DAY OF SEPTEMBER ,2008 IN PUTNAM COUNTY, WEST VIRGINIA.

_____

PRIVATE PROCESS SERVER

TAKEN, SUBSCRIBED AND SWORN TO BEFORE ME ON THIS THE 24 DAY OF SEPTEMBER , 2008.

_____

NOTARY PUBLIC

MY COMMISSION EXPIRES: _____ 10 10 2012 _____

(SEAL)



Official Seal
Notary Public, State of West Virginia
David Bruce Hartsaw
204 - 15th Street
Dunbar, WV 25064
My commission expires October 10, 2012

# CIVIL SUMMONS

## IN THE CIRCUIT COURT OF MARSHALL COUNTY, WEST VIRGINIA

**CHERYL DOUGHERTY, individually,**
**and on behalf of all others similarly situated,**

> **Plaintiff,**

**v.**

CIVIL ACTION NO.: 08-C-116M
(Honorable John T. Madden)

**RAMONA CERRA, individually,**
**et al.,**

> **Defendants.**

**TO:**   **LUTHER COPE**

### IN THE NAME OF THE STATE OF WEST VIRGINIA,

You are hereby summoned and required to serve upon Harry F. Bell, Jr., Plaintiff's attorney, whose address is Bell & Bands PLLC, Post Office Box 1723, Charleston, West Virginia 25326-1723, an Answer, including any related Counterclaim you may have, to the Amended Complaint filed against you in the above-styled civil action, a true copy of which is herewith delivered to you.

You are required to serve your Answer to the Amended Complaint within **20** days after service of this Summons upon you, exclusive of the date of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the Amended Complaint and you will be thereafter barred from asserting in another action any claim you have which must be asserted by counterclaim in the above-styled action.

Dated: _7/24/08_     _David R. Ealy / Marge Kubancik_
                        Clerk of the Court

# STATE OF WEST VIRGINIA

## AFFIDAVIT OF SERVICE

STATE OF WEST VIRGINIA,

COUNTY OF MARSHALL , TO WIT:                                         08-C-116M

THIS DAY CAME ALLEN LYNCH  ,PERSONALLY KNOWN BY ME TO BE A CREDIBLE PERSON ABOVE THE AGE OF TWENTY ONE YEARS, WHO AFTER BEING FIRST DULY SWORN, STATES THAT HE SERVED THE WITHIN SUMMONS AND COMPLAINT ON THE WITHIN NAMED GEORGE M. EDWARDS  BY DELIVERING TO HIM/HER IN PERSON TRUE COPIES ON THIS THE 30TH DAY OF SEPTEMBER ,2008 IN FAYETTE COUNTY, WEST VIRGINIA.

PRIVATE PROCESS SERVER

TAKEN, SUBSCRIBED AND SWORN TO BEFORE ME ON THIS THE 30 DAY OF SEPTEMBER , 2008.

NOTARY PUBLIC

MY COMMISSION EXPIRES: 10.10.2012

(SEAL)



Official Seal
Notary Public, State of West Virginia
David Bruce Hartsaw
204 - 15th Street
Dunbar, WV 25064
My commission expires October 10, 2012

# CIVIL SUMMONS

## IN THE CIRCUIT COURT OF MARSHALL COUNTY, WEST VIRGINIA

CHERYL DOUGHERTY, individually,
and on behalf of all others similarly situated,

               Plaintiff,

v.                              CIVIL ACTION NO.: 08-C-116M
                              (Honorable John T. Madden)

RAMONA CERRA, individually,
et al.,

               Defendants.

TO:     GEORGE M. EDWARDS

               IN THE NAME OF THE STATE OF WEST VIRGINIA,

      You are hereby summoned and required to serve upon Harry F. Bell. Jr., Plaintiff's attorney, whose address is Bell & Bands PLLC, Post Office Box 1723, Charleston, West Virginia 25326-1723, an Answer, including any related Counterclaim you may have, to the Amended Complaint filed against you in the above-styled civil action, a true copy of which is herewith delivered to you.

      You are required to serve your Answer to the Amended Complaint within **20** days after service of this Summons upon you, exclusive of the date of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the Amended Complaint and you will be thereafter barred from asserting in another action any claim you have which must be asserted by counterclaim in the above-styled action.

Dated: _7/24/08_

                                          Clerk of the Court

# STATE OF WEST VIRGINIA

## AFFIDAVIT OF SERVICE

STATE OF WEST VIRGINIA,

COUNTY OF MARSHALL , TO WIT:                                        08-C-116M

THIS DAY CAME ALLEN LYNCH ,PERSONALLY KNOWN BY ME TO BE A CREDIBLE PERSON ABOVE THE AGE OF TWENTY ONE YEARS, WHO AFTER BEING FIRST DULY SWORN, STATES THAT HE SERVED THE WITHIN SUMMONS AND COMPLAINT ON THE WITHIN NAMED DAVID SISK A/K/A DONALD D. SISK II  BY DELIVERING TO HIM/HER IN PERSON TRUE COPIES ON THIS THE 30TH DAY OF SEPTEMBER ,2008 IN RALEIGH COUNTY, WEST VIRGINIA.

<u>PRIVATE PROCESS SERVER</u>

TAKEN, SUBSCRIBED AND SWORN TO BEFORE ME ON THIS THE 30 DAY OF SEPTEMBER , 2008.

<u>NOTARY PUBLIC</u>

MY COMMISSION EXPIRES: 10.10 2012

(SEAL)



Official Seal
Notary Public, State of West Virginia
David Bruce Hartsaw
204 - 15th Street
Dunbar, WV 25064
My commission expires October 10, 2012

# CIVIL SUMMONS

## IN THE CIRCUIT COURT OF MARSHALL COUNTY, WEST VIRGINIA

**CHERYL DOUGHERTY, individually,
and on behalf of all others similarly situated,**

        **Plaintiff,**

**v.**

        **CIVIL ACTION NO.: 08-C-116M
(Honorable John T. Madden)**

**RAMONA CERRA, individually,
et al.,**

        **Defendants.**

**TO:**    **DAVID SISK**

**IN THE NAME OF THE STATE OF WEST VIRGINIA.**

You are hereby summoned and required to serve upon Harry F. Bell, Jr., Plaintiff's attorney, whose address is Bell & Bands PLLC, Post Office Box 1723, Charleston, West Virginia 25326-1723, an Answer, including any related Counterclaim you may have, to the Amended Complaint filed against you in the above-styled civil action, a true copy of which is herewith delivered to you.

You are required to serve your Answer to the Amended Complaint within **20** days after service of this Summons upon you, exclusive of the date of service.  If you fail to do so, judgment by default will be taken against you for the relief demanded in the Amended Complaint and you will be thereafter barred from asserting in another action any claim you have which must be asserted by counterclaim in the above-styled action.

Dated: _7/24/08_

_David R Ealy_ _Margy Kulbancetz_
Clerk of the Court