IN THE CIRCUIT COURT OF MARSHALL COUNTY, WEST VIRGINIA

CHERYL DOUGHERTY, individually,
and on behalf of all others similarly
situated,

     Plaintiff,

v.

                                            Civil Action No. 08-C-116M
                                            Honorable John T. Madden

RAMONA CERRA, individually; et al.,

     Defendants.

## AGREED ORDER OF TRANSFER

On this day came the plaintiff, Cheryl Dougherty, by counsel, William L. Bands and Bell & Bands, and came also the defendant, The West Virginia Consolidated Public Retirement Board, by counsel, Gary E. Pullin and Pullin, Fowler, Flanagan, Brown & Poe, PLLC, and came also the defendants, Ramona Cerra, John Cook, Greg Garrett, George M. Edwards, Clarence Burdette, Luther Cope, American International Group, f/k/a AIG VALIC Group; Variable Annuity Life Insurance Company, a Texas corporation; AIG Retirement Advisors, Inc., f/k/a VALIC Financial Advisors, Inc., a Texas corporation; AIG Retirement Services Company, f/k/a VALIC Retirement Services Company, a Texas corporation; Variable Annuity Marketing Company, a Texas corporation, by counsel, Thomas J. Hurney, Clifford F. Kinney, Jr. and Jackson Kelly PLLC, and announced to the Court their agreement that this matter be transferred to the Circuit Court of Kanawha County pursuant to the provisions of *W. Va. Code § 14-2-2*. There being no objection thereto and good cause having been shown, it is accordingly

**ORDERED** and **ADJUDGED** that this matter be transferred to the Circuit Court of

Kanawha County, West Virginia pursuant to the provisions of *W. Va. Code § 14-2-2.*

It is further **ORDERED** that those defendants which have been served

shall have thirty (30) days from the date of the entry of this Order to answer or otherwise

respond to the Complaint filed herein.

The Clerk is directed to forward the file in this civil action to the Circuit

Court of Kanawha County, West Virginia.

The Clerk is further directed to forward certified copies of this Order to

counsel of record at their addresses listed below.

ENTERED THIS _17_ DAY OF _October_, 2008.

_____
HONORABLE JOHN T. MADDEN
CIRCUIT JUDGE

Prepared by:

_____
Gary E. Pullin, Esq., WVSB #4528
Pullin, Fowler, Flanagan, Brown & Poe, PLLC
JamesMark Building
901 Quarrier Street
Charleston, West Virginia 25301
304/344-0100
*Counsel for Defendant The West Virginia*
*Consolidated Public Retirement Board*

Certified by me this _17th_ day
of _Oct__ 2008.
_Donna Crouse___ Deputy

Approved by:

_____

Harry F. Bell, Jr., Esq., WVSB #297
William L. Bands, Esq., WVSB #6048
Bell & Bands PLLC
P.O. Box 1723
Charleston, WV 25326-1723
304/345-1700
     *Counsel for Plaintiff*


_____

Thomas J. Hurney, Esq., WVSB #1833
Clifford F. Kinney, Jr., Esq., WVSB #6220
Jackson Kelly PLLC
P.O. Box 553
Charleston, WV 25322-0553
304/340-1346
     *Counsel for AIG/VALIC Defendants*

IN THE CIRCUIT COURT OF KANAWHA COUNTY, WEST VIRGINIA

**FILED**

2006 NOV 18 PM 1:47

KANAWHA CO. CIRCUIT COURT

CHERYL DOUGHERTY, individually,
and on behalf of all others similarly situated,

      Plaintiff,

v.

**CIVIL ACTION NO.: 08-C-2080**
**(Judge Kaufman)**

RAMONA CERRA, individually. JOHN COOK,
individually. GREG GARRETT, individually.
ROLAND RICH, individually. GEORGE M.
EDWARDS, individually. CLARENCE BURDETTE,
individually. BRIAN AIKMAN, individually.
LUTHER COPE, individually. GUY DEVONO,
individually. DON GIBSON, individually. BILL
GLASS, individually. JOHN MARSHALL,
individually. MARK MULLENS, individually.
TIMOTHY PALMER, individually. JIM PINGLEY,
individually. DAVID SISK, individually. JOHN
SPURLOCK, individually. KEN WHITTINGTON,
individually. and all other Presently Unknown
Individual Agents/Employees/Contract Workers/
Representatives of VALIC/AIG, as named below,
involved in the sale and marketing of VALIC/AIG
retirement products in West Virginia to existing and
newly-hired members of the West Virginia Teachers'
Retirement System. AMERICAN
INTERNATIONAL GROUP, INC., a Texas
corporation. AIG RETIREMENT GROUP, f/k/a
AIG VALIC GROUP. VARIABLE ANNUITY LIFE
INSURANCE COMPANY, a Texas corporation. AIG
RETIREMENT ADVISORS, INC., f/k/a VALIC
FINANCIAL ADVISORS, INC., a Texas
corporation. AIG RETIREMENT SERVICES
COMPANY, f/k/a VALIC RETIREMENT
SERVICES COMPANY, a Texas corporation.
VARIABLE ANNUITY MARKETING COMPANY,
a Texas Corporation. and the WEST VIRGINIA
CONSOLIDATED PUBLIC RETIREMENT
BOARD, a West Virginia state Agency,

      Defendants.

3 - 4

## THE UNINVOLVED DEFENDANTS' MOTION TO DISMISS
## FOR FAILURE TO PLEAD FRAUD WITH SPECIFICITY
## AND, IN THE ALTERNATIVE, MOTION FOR SUMMARY JUDGMENT

Defendants AIG, Inc. ("AIG"), AIG Retirement Services Company, f/k/a VALIC Retirement Services Company ("AIGRSCo"), AIG Retirement Advisors, Inc. ("AIGRA"), AIG Retirement Group, f/k/a/ AIG VALIC Group, and Variable Annuity Marketing Company ("VAMCO"), (collectively, the "Uninvolved Defendants"), hereby respectfully move the Court to dismiss Plaintiff's claims against them for failure to plead fraud with particularity pursuant to Rule 9(b) of the West Virginia Rules of Civil Procedure or, in the alternative, grant summary judgment against all of Plaintiff's claims pursuant to Rule 56 of the West Virginia Rules of Civil Procedure.[1]  In support of their motion the Uninvolved Defendants state as follows:

**A.      The Amended Complaint Fails to Comply with Rule 9(b).**

1.      Plaintiff's Amended Complaint fails to satisfy the heightened pleading standards of West Virginia Rule of Civil Procedure 9(b).

2.      Plaintiff asserts several causes of action against the Uninvolved Defendants, all of which arise from misrepresentations purportedly made to Plaintiff by Defendant Ramona Cerra.

3.      Plaintiff's allegations with respect to the Uninvolved Defendants are vague, conclusory, and do not detail the "circumstances constituting fraud or mistake" with "particularity" as is required by W. VA. R. CIV. P. 9(b).  Because Plaintiff fails to properly detail with particularity the circumstances of fraud—the time, place, and contents of the alleged

---

[1] The Uninvolved Defendants hereby incorporate the contemporaneously-filed Memorandum supporting this Motion as if fully set forth herein.

misrepresentations—with respect to each of the Uninvolved Defendants, the Uninvolved

Defendants are entitled to dismissal pursuant to W. Va. R. Civ. P. 9(b).

**B.      Alternatively, the Court Should Grant Summary Judgment Against All of Plaintiff's
         Claims.**

  4. In the alternative, the Uninvolved Defendants move for summary judgment on all

of Plaintiff's claims under Rule 56.  Simply put, the Uninvolved Defendants have nothing to do

with this lawsuit.

  5. The irrefutable evidence offered by these entities shows that they are distinct and

separate entities that did not participate in any way in either  the sale, marketing, underwriting, or

administration of the subject Annuity to Plaintiff or to any putative class members.[2]

  a. Two of these entities did not even exist at the time Plaintiff was allegedly

mislead by Cerra, and one entity—AIG VALIC Group—has never existed at all.

  b. AIG did not close on its purchase of American General Corporation, of

which the VALIC was a subsidiary, until August 2001—ten years after Plaintiff elected to

move her retirement to the DCP.

  6. Because these entities have nothing to do with the transactions at issue, Plaintiff's

claims for misrepresentation, joint venture, civil conspiracy, and unconscionability of contract

must fail.

  WHEREFORE, for the reasons set forth above and in the accompanying Memorandum,

the Uninvolved Defendants request that the Court dismiss the claims against them or, in the

---

[2] See Exhibits 1-5, attached.  Counsel for the Uninvolved Defendants provided these Affidavits to
Plaintiff's counsel in an effort to avoid the need to file this motion but those efforts were rejected.

alternative, enter summary judgment on all of Plaintiff's claims against them, and grant the Uninvolved Defendants such other and further relief as the Count deems appropriate.

AMERICAN INTERNATIONAL GROUP, INC.;
AIG RETIREMENT GROUP f/k/a AIG VALIC
GROUP; AIG RETIREMENT ADVISORS INC.
f/k/a VALIC FINANCIAL ADVISORS INC.;
AIG RETIREMENT SERVICES COMPANY
f/k/aVALIC RETIREMENT SERVICES
COMPANY; VARIABLE ANNUITY
MARKETING COMPANY,

**By Counsel**

Thomas J. Hurney, Jr. (WVSB #1833)
Clifford F. Kinney, Jr. (WVSB #6220)
**JACKSON KELLY PLLC**
P. O. Box 553
Charleston, WV  25322-0553
(304) 340-1000

and

David McNeel Lane, Jr.
(admission *pro hac vice* pending)
Brian S. Jones
(admission *pro hac vice* pending)
**AKIN GUMP STRAUSS HAUER & FELD LLP**
300 Convent Street, Suite 1600
San Antonio, Texas 78205-3732
(210) 281-7000

### AFFIDAVIT OF KATHERINE STOVER
### REGARDING AIG RETIREMENT SERVICES COMPANY,
### f/k/a VALIC RETIREMENT SERVICES COMPANY

STATE OF TEXAS        )
                      ) ss.:
COUNTY OF HARRIS      )

I, Katherine Stoner, hereby state the following, under oath:

1.      My name is Katherine Stoner.  I am over twenty-one (21) years of age, and am fully competent to testify herein. Unless otherwise noted, the following is based on my personal knowledge and upon my familiarity with relevant corporate records.

2.      I am providing this affidavit, in connection with the lawsuit styled: *Cheryl Dougherty, et al. v. Ramona Cerra, et al.*, Civil Action No.: 08-C-116-M, Circuit Court of Marshall County, West Virginia ("the *Dougherty* lawsuit").

3.      I am Vice President, Secretary and Deputy General Counsel of The Variable Annuity Life Insurance Company ("VALIC") located at 2929 Allen Parkway, Houston, Texas. In my position, I am familiar with the nature of VALIC's business, the business of VALIC's subsidiaries, and their corporate structures. I am also familiar with VALIC's relationship to its ultimate parent company, American International Group, Inc. ("AIG, Inc.").

4.      VALIC Retirement Services Company was incorporated on November, 18, 1996.  VALIC Retirement Services Company's name was changed to American General Retirement Services Company on February 14, 2000, and changed back to VALIC Retirement Services Company on November 1, 2001, before becoming AIG Retirement Services Company ("AIGRSCo") effective January 1, 2008.  AIGRSCo is a subsidiary of VALIC.

5.      AIGRSCo did not market, sell, or administer the Annuity (as that term is defined in the Amended Complaint in the *Dougherty* lawsuit).  AIGRSCo did not enter into any

{C1396428.1}

Exhibit 1

agreements with Cheryl Dougherty, the West Virginia Teachers' Defined Contribution Plan, that plan's sponsor, or its plan participants. AIGRSCo did not make visits or conduct meetings with Cheryl Dougherty or other school system members, or make pronouncements about the condition or status of the Teachers Retirement System.

6.     AIGRSCo did not issue the Annuity or any annuity contracts to the West Virginia Teachers' Defined Contribution Plan or to its participants, did not impose any surrender charges regarding the Annuity, and did not recruit, hire, train, or instruct agents to sell the Annuity.

7.     AIGRSCo provides nondiscretionary administrative services to employer-sponsored retirement plans. AIGRSCo is not and was not the administrative services provider to the West Virginia Teachers' Defined Contribution Plan.

8.     Each of AIG, Inc.'s subsidiaries, including AIGRSCo, is an entity separate and distinct from AIG, Inc. AIGRSCo maintains its own corporate formalities, including separate books and records and a separate Board of Director. AIGRSCo does not pay the commission, salaries or other expenses of VALIC agents or employees.

FURTHER AFFIANT SAYETH NOT.

Dated: _____ location _Houston TX_.

_August 26_ , 2008

_Katherine Stoner_
KATHERINE STONER

STATE OF TEXAS          )
                                       ) ss.:
COUNTY OF HARRIS      )

{C1396428.1}

2

This affidavit was acknowledged before me this 26th day of August,

2008, by Katherine Stoner.

JULIE GARCIA BOLANOS
Notary Public State of Texas
My Comm. Exp. 09-06-2009

_____
Notary Public in and for the State of Texas

Julie Garcia-Bolanos
_____
Printed Name of Notary Public

My Commission Expires: September 6, 2009.

{C1396428.1}                                    3

## AFFIDAVIT OF KATHERINE STONER
## REGARDING VARIABLE ANNUITY MARKETING COMPANY

| | |
|---|---|
| STATE OF TEXAS | ) |
| | ) ss.: |
| COUNTY OF HARRIS | ) |

I, Katherine Stoner, hereby state the following, under oath:

1.     My name is Katherine Stoner.  I am over twenty-one (21) years of age, and am fully competent to testify herein. Unless otherwise noted, the following is based on my personal knowledge and upon my familiarity with relevant corporate records.

2.     I am providing this affidavit in connection with the lawsuit styled: *Cheryl Dougherty, et al. v. Ramona Cerra, et al.*, Civil Action No.: 08-C-116-M, Circuit Court of Marshall County, West Virginia ("the *Dougherty* lawsuit").

3.     I am Vice President, Secretary and Deputy General Counsel of The Variable Annuity Life Insurance Company ("VALIC") located at 2929 Allen Parkway, Houston, Texas.  In my position, I am familiar with the nature of VALIC's business, the business of VALIC's subsidiaries, and their corporate structures.  I am also familiar with VALIC's relationship to its ultimate parent company, American International Group, Inc. ("AIG, Inc.").

4.     The Variable Annuity Marketing Company ("VAMCO") did not market, sell, or administer the Annuity (as that term is defined in the Amended Complaint in the *Dougherty* lawsuit).  VAMCO did not make visits or conduct meetings with Cheryl Dougherty or other school system members, or make pronouncements about the condition or status of the Teachers Retirement System.

5.     VAMCO did not issue the Annuity or any annuity contracts to the West Virginia Teachers' Defined Contribution Plan or to its participants, did not impose any surrender

{C1396430.1}

**Exhibit 2**

charges regarding the Annuity, and did not recruit, hire, train, or instruct agents to sell the Annuity.

      6.    VAMCO was dissolved June 21, 2002.   A copy of the Articles of Dissolution from VAMCO is attached to this Affidavit.

      7.    Each of AIG, Inc.'s subsidiaries, including VAMCO, is an entity separate and distinct from AIG, Inc.   VAMCO maintained its own corporate formalities, including separate books and records and a separate Board of Directors. VAMCO did not pay the commission, salaries or other expenses of VALIC agents or employees related to the Annuity.

FURTHER AFFIANT SAYETH NOT.

Dated: Houston, Texas

        _August 28_ , 2008

                                         _Katherine Stoner_
                                       KATHERINE STONER

STATE OF TEXAS        )
                        ) ss.:
COUNTY OF HARRIS    )

    This   affidavit   was   acknowledged   before   me   this   _28th_ day   of _August_ , 2008, by Katherine Stoner.

                                      _Julie Garcia Bolanos_
                                  Notary Public in and for the State of Texas

   [SEAL: JULIE GARCIA BOLANOS / Notary Public State of Texas / My Comm. Exp. 09-06-2009]
                                    _Julie Garcia-Bolanos_
                                    Printed Name of Notary Public

My Commission Expires:   _September 6_ , _2009_ .

JUN-21-2002   10:26        C T CORP                                    P.02/04



Office of the Secretary of State
Corporations Section
P.O. Box 13697
Austin, Texas 78711-3697

FILED
In the Office of the
Secretary of State of Texas

JUN 2 1 2002

Corporations Section

# ARTICLES OF DISSOLUTION
# BUSINESS CORPORATION

Pursuant to the provisions of article 6.06 of the Texas Business Corporation Act, the undersigned corporation adopts the following articles of dissolution:

1. The name of the corporation is _The Variable Annuity Marketing Company_

   The file number is _State Tax ID:  17416603623_

2. The names and respective addresses of its officers are as follows:

   | NAME | OFFICE HELD | ADDRESS |
   |------|-------------|---------|
   | | See Attached List | |
   | | | |
   | | | |

3. The names and respective addresses of its directors are as follows:

   | NAME | ADDRESS |
   |------|---------|
   | | See Attached List |
   | | |
   | | |

**YOU MUST CHECK EITHER A OR B IN ITEMS FOUR THROUGH SIX**

4. ☒ A. A written consent to dissolve was signed by all shareholders of the corporation or was signed in their names by their attorneys thereunto duly authorized.

or

☐ B. A resolution to dissolve was adopted by not less than a two-thirds vote of the shareholders of the corporation on the following date: _____ . _ . _ _____

The number of shares outstanding and entitled to vote, and voting for and against the dissolution were as follows:

| CLASS | SERIES | OUTSTANDING AND ENTITLED TO VOTE | TOTAL VOTED FOR | TOTAL VOTED AGAINST |
|-------|--------|----------------------------------|------------------|----------------------|
| | | | | |
| | | | | |

TX035-04/0501 C T System Online

JUN-20-2002   16:44              713 831 5931           97%           P.02

5. ☒   A. All debts, liabilities and obligations of the corporation have been paid, satisfied, or discharged or adequate provision has been made for payment, satisfaction, or discharge thereof.

or ☐

  B. The properties and assets of the corporation were not sufficient to pay, satisfy, or discharge all the corporation's debts, liabilities, and obligations. All properties and assets of the corporation have been applied so far as they would go to the just and equitable payment of those debts, liabilities, and obligations or adequate provision has been made for such application.

6. ☒   A. The remainder of the properties and assets of the corporation have been distributed to its shareholders according to their respective rights and interests.

or ☐

  B. No properties or assets of the corporation remained for distribution to shareholders after applying the properties and assets of the corporation so far as they would go to the just and equitable payment of the debts, liabilities, and obligations of the corporation or making adequate provision for such application.

By _____ Officer    Title: *President*

## INSTRUCTIONS

1. Attach certificate #05-305 from the comptroller of public accounts indicating that all taxes have been paid and the corporation is in good standing for the purpose of dissolution. Requests for certificates or questions on tax status should be directed to the Tax Assistance Section, Comptroller of Public Accounts, Austin, Texas 78774-0100; (512) 463-4600; toll-free (800) 252-1381; (TDD) (800) 248-4099.

2. The franchise tax year ends on December 31st. The corporation must be in good standing through the date of receipt of the articles of dissolution by the secretary of state. A post mark date will not be considered as the date of receipt. If December 31st falls on a Saturday, Sunday, or legal holiday, the documents must be received no later than the last business day before December 31st. It is suggested that corporations attempting to dissolve prior to the end of the franchise tax year make their submissions well in advance of such tax deadline. Corporations not dissolved on or before December 31st will be subject to the new franchise tax year's requirements as of January 1st. Submissions which are incorrect or incomplete in any manner cannot be filed and will be returned. The effective date of filing is the date of receipt of the re-submission of a complete document which conforms to law.

3. Send a $40 payment for the filing fee along with two copies of the articles of dissolution, and the certificate from the comptroller of public accounts to the Secretary of State, Statutory Filings Division, Corporations Section, P.O. Box 13697, Austin, Texas 78711-3697. The delivery address is 1019 Brazos, Austin, Texas 78701. We will place one document on record and, *if a duplicate copy has been provided for such purpose*, return a file stamped copy. The telephone number is (512) 463-5555, TDD: (800) 735-2989, FAX: (512) 463-5709.

4. The attached form promulgated by the secretary of state is designed to meet minimum statutory filing requirements and no warranty is made regarding the suitability of this form for any particular purpose. This form and the information provided are *not* substitutes for the advice of an attorney and it is recommended that the services of an attorney be obtained before preparation of the articles of dissolution.

Form No. 602
Revised 9/99

TX521 - 0443-01 C T System Online

JUN-21-2002  10:26        C T CORP                                    P.04/04



# TEXAS COMPTROLLER OF PUBLIC ACCOUNTS

### CAROLE KEETON RYLANDER · COMPTROLLER · AUSTIN, TEXAS 78774

June 13, 2002

THE VARIABLE ANNUITY MARKETING COMPANY
2929 ALLEN PKWY STE L11-3
HOUSTON, TX 77019-7100

## CERTIFICATE OF ACCOUNT STATUS

THE STATE OF TEXAS
COUNTY OF TRAVIS

I, Carole Keeton Rylander, Comptroller of Public Accounts of the State of Texas,
DO HEREBY CERTIFY that according to the records of this office

THE VARIABLE ANNUITY MARKETING COMPANY

has filed all required reports for taxes administered by the Comptroller under
Title 2, Tax Code, and taxes reported due on those reports have been paid.  This
certificate must be filed with the Texas Secretary of State to legally end the
corporation's existence in Texas.  This certificate is valid for the purpose of
dissolution, merger, conversion, or withdrawal through December 31, 2002.

GIVEN UNDER MY HAND AND
SEAL OF OFFICE in the City of
Austin, this 13th day of
June, 2002 A.D.

Carole Keeton Rylander
Texas Comptroller

Taxpayer number: 1-74-1660362-3
File number: 00272306-00

NOTE: Failure by Texas corporations to legally dissolve, merge, or convert with the Texas Secretary of State on or before the
expiration of this certificate, will result in additional franchise tax responsibilities. Out of state corporations are responsible
for franchise tax through the last date of business in this state.

FORM 05-305 (Rev.10-01/12)

** TOTAL PAGE.04 **
TOTAL P.04

## AFFIDAVIT OF KATHERINE STONER
## REGARDING AIG RETIREMENT GROUP, f/k/a AIG VALIC GROUP

STATE OF TEXAS          )
                        ) ss.:
COUNTY OF HARRIS        )

I, Katherine Stoner, hereby state the following, under oath:

1.      My name is Katherine Stoner. I am over twenty-one (21) years of age, and am fully competent to testify herein. Unless otherwise noted, the following is based on my personal knowledge and upon my familiarity with relevant corporate records.

2.      I am providing this affidavit, in connection with the lawsuit styled: *Cheryl Dougherty, et al. v. Ramona Cerra, et al.*, Civil Action No.: 08-C-116-M, Circuit Court of Marshall County, West Virginia ("the *Dougherty* lawsuit").

3.      I am Vice President & Secretary, Deputy General Counsel of The Variable Annuity Life Insurance Company ("VALIC") located at 2929 Allen Parkway, Houston, Texas. In my position, I am familiar with the nature of VALIC's business, the business of VALIC's subsidiaries, and their corporate structures.  I am also familiar with VALIC's relationship to its ultimate parent company, American International Group, Inc. ("AIG, Inc.").

4.      There is no company in the VALIC family of companies that goes by or went by the name AIG Retirement Group, f/k/a AIG VALIC Group, and I am not aware of any company in the AIG, Inc. family of companies that has ever gone by that name.

5.      I am not aware of any company in either the VALIC or AIG, Inc. family of companies that has ever used the name AIG Retirement Group, f/k/a AIG VALIC Group as a trade name or conducted business as AIG Retirement Group, f/k/a AIG VALIC Group.

**Exhibit 3**

6.     Each of VALIC's subsidiaries is an entity separate and distinct from VALIC. VALIC's subsidiary companies each maintain their own corporate formalities, including separate books and records and separate Boards of Directors.

FURTHER AFFIANT SAYETH NOT.

Dated: Houston, Texas

_August 26_ , 2008

_Katherine Stoner_
**KATHERINE STONER**

STATE OF TEXAS          )
                                        ) ss.:
COUNTY OF HARRIS     )

This affidavit was acknowledged before me this _26th_ day of _August_ , 2008, by Katherine Stoner.

_Julie Garcia-Bolanos_
Notary Public in and for the State of Texas

_Julie Garcia-Bolanos_
Printed Name of Notary Public

My Commission Expires: _September 6_ , _2009_ .

2

**AFFIDAVIT OF DAVID H. DEN BOER**
**REGARDING AIG RETIREMENT ADVISORS, INC.**
**f/k/a VALIC FINANCIAL ADVISORS, INC.**

STATE OF TEXAS       )
                         ) ss.:

COUNTY OF HARRIS    )

       I, David H. den Boer, hereby state the following, under oath:

       1.       My name is David H. den Boer. I am over twenty-one (21) years of age, and am fully competent to testify herein. Unless otherwise noted, the following is based on my personal knowledge and upon my familiarity with relevant corporate records.

       2.       I am providing this affidavit in connection with the lawsuit styled: *Cheryl Dougherty, et al. v. Ramona Cerra, et al.*, Civil Action No.: 08-C-116-M, Circuit Court of Marshall County, West Virginia ("the *Dougherty* lawsuit").

       3.       I am the Senior Vice President & Chief Compliance Officer for The Variable Annuity Life Insurance Company ("VALIC") and the Director, Senior Vice President, and the Chief Compliance Officer for AIG Retirement Advisors, Inc. ("AIGRA"). In these capacities I am familiar with VALIC's and AIGRA's business and corporate structure.

       4.       AIGRA is a wholly owned subsidiary of VALIC. VALIC Investment Services Company was incorporated on November 18, 1996. VALIC Investment Services Company's name was changed to American General Financial Advisors, Inc. on February 14, 2000, then to VALIC Financial Advisors, Inc. effective November 1, 2001, before becoming AIGRA effective January 1, 2008.

       5.       AIGRA did not market, sell, or administer the Annuity (as that term is defined in the Amended Complaint in the *Dougherty* lawsuit). The Annuity is a group fixed annuity contract and not security. AIGRA did not make visits or conduct meetings with Cheryl Dougherty or other school system members, or make pronouncements about the condition or status of the Teachers Retirement System.

**Exhibit 4**

6.     AIGRA did not issue the Annuity to the West Virginia Teachers' Defined Contribution Plan or to its participants, did not impose any surrender charges regarding the Annuity, and did not recruit, hire, train, or instruct agents to sell the Annuity.

7.     AIGRA is a member of the Financial Industry Regulatory Authority ("FINRA").  AIGRA is registered with the Securities Exchange Commission as an investment advisor and as a registered broker-dealer.  AIGRA offers for sale certain securities, life insurance products, and investment advisory services.

8.     Each of AIG, Inc.'s subsidiaries, including AIGRA, is an entity separate and distinct from AIG, Inc.  AIGRA maintains its own corporate formalities, including separate books and records and a separate Board of Directors.

FURTHER AFFIANT SAYETH NOT.

Dated: Houston, Texas

August 28, 2008

DAVID H. DEN BOER

STATE OF TEXAS        )
                                        ) ss.:
COUNTY OF HARRIS   )

This affidavit was acknowledged before me this 28th day of August, 2008, by David H. den Boer.

Notary Public in and for the State of Texas

Gloria F. Cox

GLORIA F. COX
Notary Public, State of Texas
My Commission Expires 12-12-2010

Printed Name of Notary Public

My Commission Expires: _____, _____.

{C1396386.1}

## AFFIDAVIT OF TIMOTHY A. GREENSFELDER
## REGARDING AMERICAN INTERNATIONAL GROUP, INC.

STATE OF NEW YORK     )
                           ) ss.:
COUNTY OF NEW YORK    )

     I, Timothy A. Greensfelder, hereby state the following, under oath:

     1.      I am over twenty-one (21) years of age, and am fully competent to testify herein. Unless otherwise noted, the following is based on my personal knowledge and upon my familiarity with relevant corporate records.

     2.      I am providing this affidavit, in connection with the lawsuit styled: *Cheryl Dougherty, et al. v. Ramona Cerra, et al.*, Civil Action No.: 08-C-116-M, Circuit Court of Marshall County, West Virginia ("the *Dougherty* lawsuit").

     3.      I am an Associate General Counsel of American International Group, Inc. ("AIG Inc.") located at 70 Pine Street, New York, New York. As Associate General Counsel, I am familiar with the nature of AIG Inc.'s business and its corporate structure.

     4.      AIG Inc. is a "holding company" and corporate parent to numerous corporations. The Variable Annuity Life Insurance Company ("VALIC") is an indirect, wholly owned subsidiary of AIG Inc.

     5.      Unlike VALIC, as a holding company, AIG Inc. is not licensed or otherwise authorized to market, sell or administer Annuities (as I am told that term is defined in the Amended Complaint in the *Dougherty* lawsuit). As such, AIG Inc. has never marketed, sold or administered Annuities and, therefore could not have made, and did not make visits or conduct meetings with Cheryl Dougherty or other school system members, or make pronouncements about the condition or status of the Teachers Retirement System, which I am informed and therefore believe to be the subject of the *Dougherty* lawsuit. Nor could AIG Inc. have issued any

Exhibit 5

annuity contracts, imposed any surrender charges regarding any annuity contracts, or recruited, hired, trained, or instructed agents to sell any such annuities to the West Virginia Teachers' Defined Contribution Plan or to its participants, which I am informed and therefore believe to be at issue in the *Dougherty* lawsuit. Therefore, AIG Inc. could not have been involved in any way with the Plaintiff Cheryl Dougherty or the class I am told that she purports to represent regarding the allegations in the *Dougherty* lawsuit.

8.      Each of AIG Inc.'s subsidiaries, including VALIC, is an entity separate and distinct from AIG Inc.  VALIC and AIG Inc.'s other subsidiary companies each maintain their own corporate formalities, including separate books and records and a separate Board of Directors.  AIG Inc. does not pay the commissions, salaries or other expenses of VALIC agents and employees.

FURTHER AFFIANT SAYETH NOT.

TIMOTHY A. GREENSFELDER

STATE OF NEW YORK        )
                         ) ss.:
COUNTY OF NEW YORK  )

This affidavit was acknowledged before me this 27th day of August, 2008, by Timothy A. Greensfelder.

**CHERYL GRANT**
Notary Public - State of New York
No. 01GR6167404
Qualified in New York
My Commission Expires May 29. 201‘

_Cheryl Grant_
Notary Public in and for the State of New York

_Cheryl Grant_
Printed Name of Notary Public

My Commission Expires: _____, _____.

2

IN THE CIRCUIT COURT OF KANAWHA COUNTY, WEST VIRGINIA

CHERYL DOUGHERTY, individually,
and on behalf of all others similarly situated,

      Plaintiff,

v.

                                      CIVIL ACTION NO. 08-C-2080
                                        (Judge Kaufman)

RAMONA CERRA, et al.,

      Defendants.

## CERTIFICATE OF SERVICE

     I, Clifford F. Kinney, Jr., certify that a copy of the foregoing **"The Uninvolved Defendants' Motion To Dismiss For Failure To Plead Fraud With Specificity And, In The Alternative, Motion For Summary Judgment"** was served upon all counsel of record by placing a copy thereof in the regular course of the United States mail, postage prepaid, this 17th day of November, 2008, addressed as follows:

Harry F. Bell, Jr.
William L. Bands
Tim J. Yianne
BELL & BANDS, PLLC
30 Capitol Street
P.O. Box 1723
Charleston, WV 25326-1723

Gary Pullin
PULLIN, FOWLER, FLANAGAN,
BROWN, & POE, PLLC
JamesMark Building
901 Quarrier Street
Charleston, WV 25301

Charles R. Webb
THE WEBB LAW FIRM
108 1/2 Capitol Street, Suite 201
Charleston, WV 25301

                                                             Clifford F. Kinney, Jr. (WVSB# 6220)

IN THE CIRCUIT COURT OF KANAWHA COUNTY, WEST VIRGINIA

CHERYL DOUGHERTY, individually,
and on behalf of all others similarly situated,

      Plaintiff,

v.

                                                                CIVIL ACTION NO.: 08-C-2080
                                                               (Judge Kaufman)

RAMONA CERRA, individually; JOHN COOK,
individually; GREG GARRETT, individually;
ROLAND RICH, individually; GEORGE M.
EDWARDS, individually; CLARENCE
BURDETTE, individually; BRIAN AIKMAN,
individually; LUTHER COPE, individually; GUY
DEVONO, individually; DON GIBSON,
individually; BILL GLASS, individually; JOHN
MARSHALL, individually; MARK MULLENS,
individually; TIMOTHY PALMER, individually;
JIM PINGLEY, individually; DAVID SISK,
individually; JOHN SPURLOCK, individually; KEN
WHITTINGTON, individually; and all other
Presently Unknown Individual
Agents/Employees/Contract Workers/
Representatives of VALIC/AIG, as named below,
involved in the sale and marketing of VALIC/AIG
retirement products in West Virginia to existing and
newly-hired members of the West Virginia Teachers'
Retirement System; AMERICAN
INTERNATIONAL GROUP, INC., a Texas
corporation; AIG RETIREMENT GROUP, f/k/a
AIG VALIC GROUP; VARIABLE ANNUITY LIFE
INSURANCE COMPANY, a Texas corporation;
AIG RETIREMENT ADVISORS, INC., f/k/a
VALIC FINANCIAL ADVISORS, INC., a Texas
corporation; AIG RETIREMENT SERVICES
COMPANY, f/k/a VALIC RETIREMENT
SERVICES COMPANY, a Texas corporation;
VARIABLE ANNUITY MARKETING COMPANY,
a Texas Corporation; and the WEST VIRGINIA
CONSOLIDATED PUBLIC RETIREMENT
BOARD, a West Virginia state Agency,

      Defendants.

**MEMORANDUM OF LAW SUPPORTING THE
UNINVOLVED DEFENDANTS' MOTION TO DISMISS
FOR FAILURE TO PLEAD FRAUD WITH SPECIFICITY
AND, IN THE ALTERNATIVE, MOTION FOR SUMMARY JUDGMENT**

Defendants AIG, Inc. ("AIG"), AIG Retirement Services Company, f/k/a VALIC Retirement Services Company ("AIGRSCo"), AIG Retirement Advisors, Inc. ("AIGRA"), AIG Retirement Group, f/k/a/ AIG VALIC Group, and Variable Annuity Marketing Company ("VAMCO"), (collectively, the "Uninvolved Defendants"), submit this memorandum of law in support of their contemporaneously-filed Motion to Dismiss Plaintiff's claims against them for failure to plead fraud with particularity pursuant to West Virginia Rule of Civil Procedure 9(b), and in the alternative, the Motion for Summary Judgment on all of Plaintiff's claims pursuant to Rule 56 of the West Virginia Rule of Civil Procedure.[1]

### *Preliminary Statement*

In 1991, the Consolidated Public Retirement Board of the State of West Virginia ("the Board") established a Defined Contribution Retirement Plan ("DCP") for teachers. New hires were required to participate in the DCP, while current participants in the existing Defined Benefits Plan ("DBP") were permitted to switch over to the DCP prospectively. (Plaintiff's Amended Complaint (hereinafter "Complaint") at ¶ 4.) The Board selected a VALIC group fixed annuity product as one of several investment options it offered participants within the DCP. (*Id.* at ¶¶ 2-3.) Plaintiff Cheryl Dougherty is a teacher who is alleged to have switched her retirement from the DBP to the DCP. (*Id.* at ¶ 12.)

Plaintiff brings a putative class action asserting that she was mislead at a school meeting by Defendant Ramona Cerra ("Cerra") concerning the financial health of the DBP and the

---

[1] The Uninvolved Defendants hereby incorporate their Motion and Exhibits as if fully set forth herein.

financial benefits of switching to the DCP.[2]   (*Id.* at ¶¶ 34-40.)   Plaintiff claims that Cerra's alleged misstatements and omissions led Plaintiff to leave the DBP and transfer her retirement funds to the DCP.   (*Id.*)   Plaintiff's *sole* basis for liability against the Uninvolved Defendants is that Cerra was allegedly acting as a agent for the Uninvolved Defendants or that she was otherwise acting or working in conjunction with the Uninvolved Defendants.   (*Id.* at ¶¶ 35-40.)

Plaintiff's allegations with respect to the Uninvolved Defendants, however, are vague, conclusory, and do not detail the "circumstances constituting fraud or mistake" with "particularity" as is required by W. VA. R. CIV. P. 9(b).   Because Plaintiff fails to properly detail with particularity the circumstances of fraud with respect to each of the Uninvolved Defendants, the Uninvolved Defendants are entitled to dismissal pursuant to W. VA. R. CIV. P. Rule 9(b).

In the alternative, the Uninvolved Defendants move for summary judgment on all of Plaintiff's claims.   Simply put, the Uninvolved Defendants have nothing to do with this lawsuit. The summary judgment evidence offered by these entities shows that they are distinct and separate entities that did not participate in any way in either the sale, marketing, underwriting, or administration of the DCP Annuity to Plaintiff or to any putative class members.   Indeed, two of these entities *did not even exist* at the time Plaintiff was allegedly mislead by Cerra, and one entity — AIG VALIC Group — has *never existed at all*.   Moreover, AIG did not close on its purchase of American General Corporation, of which VALIC was a subsidiary, until August 2001 — *ten years after* Plaintiff elected to move her retirement to the DCP.   Because these entities have nothing to do with the transactions at issue, Plaintiff's claims for misrepresentation, joint venture, civil conspiracy, and unconscionability of contract fail.   Accordingly, the

---

[2] According to Plaintiff's Complaint, Defendant Ramona Cerra is a former legislator, who met with Plaintiff during a presentation made at Plaintiff's place of employment.   (Complaint at ¶ 15.)

3

Uninvolved Defendants request that the Court enter summary judgment on all of Plaintiff's claims against them and that they otherwise be dismissed from this case.

## ARGUMENT & AUTHORITIES

I.   **THE COURT SHOULD DISMISS PLAINTIFF'S CLAIMS AGAINST THE UNINVOLVED DEFENDANTS BECAUSE PLAINTIFF'S COMPLAINT FAILS TO SATISFY RULE 9(b)'S HEIGHTENED PLEADING STANDARDS.**

   A.   **Rule 9(b) Applies Because Plaintiff Has Asserted Fraud By the Uninvolved Defendants.**

Under West Virginia law, "[t]he essential elements in an action for fraud are: '(1) that the act claimed to be fraudulent was the act of the defendant or induced by him; (2) that it was material and false; that plaintiff relied upon it and was justified under the circumstances in relying upon it; and (3) that he was damaged because he relied upon it.'" *Lengyel v. Lint*, 280 S.E.2d 66, 69 (W. Va. 1981). Therefore, Plaintiff's claims for common law fraud and misrepresentation, joint venture, civil conspiracy, and unconscionability against the Uninvolved Defendants all hinge or relate to Plaintiff's allegations of fraud.[3]

But pleading fraud requires more than the typical short and plain statement of the claim allowed under Rule 8(a)(1). Rather, Rule 9(b) specifically provides that "[i]n all averments of fraud or mistake, the circumstances constituting fraud or mistake shall be stated with particularity." W. Va. R. Civ. P. 9(b); *Kessel v. Leavitt*, 511 S.E.2d 720, 757 (W. Va. 1998); *Hager v. Exxon Corporation*, 241 S.E.2d 920, 923 (W. Va. 1978) ("Not only must fraud or

---

[3] *See, e.g.,* Complaint at ¶ 43 (Count I: common law fraud and misrepresentation) ("The AIG/VALIC and individual Defendants engaged in a consistent, common, ongoing, pervasive, intentional, wanton, illegal and system pattern of misrepresenting and/or omitting material facts regarding the condition of the TRS...."); *Id.* at ¶ 47 (Count II: joint venture) ("The AIG/VALIC and Individual Defendants combined their skill, knowledge, resources, contacts, and other attributes and characteristics in order to engage in a single business enterprise of marketing and selling the DCP and the Annuity to Plaintiff and Class members by the use of misrepresentations, omission, and deceit[.]"); *Id.* at ¶ 51 (Count III: civil conspiracy) ("The AIG/VALIC and individual Defendant's actions and omissions as described herein constitute civil conspiracy."); *Id.* at ¶ 54 (Count IV: unconscionability) ("Plaintiff and Class members were fraudulently induced by AIG/VALIC and the individual Defendants to enter into the contract purchasing the Annuity[.]").

mistake be pleaded, the circumstances creating the fraud or mistake must be set out in the pleadings with particularity. The charge of fraud is of such gravity that the strict requirements of Rule 9(b) R.C.P. have been included in the procedural rules as an exception to the principles of brevity and simplicity in pleadings called for in Rule 8(e)(1)."). The West Virginia Supreme Court has held that the one of the purposes of Rule 9(b) is to permit the party charged with fraud the opportunity to prepare a defense. *Mortanio v. Consultant Engineering Services, Inc.*, 467 S.E.2d 778, 782 (W. Va. 1996); *Hager v. Exxon Corp.*, 241 S.E.2d at 923.

Because all of Plaintiff's causes of action relate to or rest on the Defendants' purported fraud, each of these causes of action must satisfy the particularity requirements of 9(b).

**B.    Plaintiff's Claims Must Be Dismissed Because They Are Not Particularized as to Each of the Uninvolved Defendants.**

Plaintiff's Complaint improperly lumps together the conduct of the various Defendants. Where multiple defendants are involved in the alleged fraud, courts require that the fraud be particularized as to each of the defendants. *See, e.g., Vicom, Inc. v. Harbridge Merchant Services, Inc.*, 20 F.3d 771, 778 (7th Cir. 1994) ("[T]he plaintiff who pleads fraud must 'reasonably notify the defendants of their purported role in the scheme.'"); *Adams v. NVR Homes, Inc.*, 193 F.R.D. 243, 250 (D. Md. 2000) ("A complaint fails to meet the particularity requirement of Rule 9(b) when a plaintiff asserts merely conclusory allegations of fraud against multiple defendants without identifying each individual defendant's participation in the alleged fraud.").

The fact that a entity may be associated or affiliated with other entities is not, by itself, sufficient grounds to establish liability against that entity. *See Southern States Co-op., Inc. v. Dailey*, 280 S.E.2d 821, 827 (W. Va. 1981) ("The mere showing that one corporation is owned by another or that they share common officers is not a sufficient justification for a court to

disregard their separate corporate structure."); *United States v. Bestfoods*, 524 U.S. 51, 61, 118 S. Ct. 1876, 141 L.Ed.2d 43 (1998) ("It is a general principle of corporate law deeply ingrained in our economic and legal system that a parent corporation…is not liable for the acts of its subsidiaries."). Further, a plaintiff is not permitted to simply "group all wrongdoers into a single set of allegations.  Each defendant is entitled to specific notice of the conduct by him, her, or it that the plaintiff contends is fraudulent." *Goldstein v. Malcolm G. Fries & Associates*, 72 F. Supp. 2d 620, 627 (E.D Va. 1999).[4]

Here, Plaintiff recognizes that the Uninvolved Defendants are separate and distinct entities. (Complaint, ¶ 14.)  Nonetheless, Plaintiff makes no specific allegations concerning the purported relationship between Cerra and the Uninvolved Defendants; rather, Plaintiff merely states that the Uninvolved Defendants operated "by and through Defendant Cerra" who they had recruited, trained and controlled.  (Complaint at ¶¶ 35-40.)  Plaintiff's vague and conclusory assertion that Defendant Cerra acted as agent for the distinct and separate Uninvolved Defendants violates their ability to prepare a proper defense.  Accordingly, Plaintiff's claims against the Uninvolved Defendant should be dismissed for failure to comply with W. Va. R. Civ. P. 9(b).

**C.      Plaintiff Fails to Detail the Necessary Circumstances of the Alleged Fraudulent Acts.**

Under W. VA. R. CIV. P. 9(b), Plaintiff must plead the "***circumstances*** constituting fraud or mistake" with "particularity."   W. VA. R. CIV. P. 9(b) (emphasis added); *Hager v. Exxon Corporation*, 241 S.E.2d at 293.  The circumstances to be pled with particularity include the

---

[4] *See also American United Life Ins. Co. v. Martinez*, 480 F.3d 1043, 1065 (11th Cir. 2007) (where a conspiracy claim alleges that two or more parties agreed to commit fraud, the plaintiff must also plead this act with specificity pursuant to Rule 9(b)); *Kolbeck v. LIT America, Inc.*, 923 F. Supp. 557, 569 (S.D.N.Y. 1996) ("When an implied agency relationship is allegedly part of the fraud, 'the circumstances constituting the fraud' on the part of the purported principal include both the facts constituting the underlying fraud and the facts establishing the agency relationship.'"); *Wiener v. Napoli*, 760 F. Supp. 278, 284 (E.D.N.Y. 1991) (holding that where "multiple defendants are involved in the alleged fraud, it is especially important that the fraud be particularized as to each one of them.").

time, place, and contents of the false representation, as well as the identity of the person making the misrepresentation and what he obtained thereby. *Ashworth v. Albers Medical, Inc.*, 410 F. Supp. 2d 471, 477 (S.D. W. Va. 2005).   Plaintiff completely fails to comply with these requirements with respect to the Uninvolved Defendants.

For example, Plaintiff fails to plead with particularity "who" made the allegedly fraudulent representations.  As discussed above, Plaintiff cannot simply allege, as she has done, that the Uninvolved defendants acted through Defendant Cerra.  (*See* Complaint at ¶¶ 36, 39.) Rather, Plaintiff must detail each of the Defendant's respective involvement in the alleged fraud.

Plaintiff also fails to plead with particularity "when" the allegedly fraudulent acts were made.  As currently alleged, Plaintiff's complaint makes reference to two groups of fraudulent statements/omissions: (1) those that occurred sometime at a school meeting during the 1990-1991 school year (Complaint at ¶¶ 35-38); and (2) a second set of unspecified fraudulent statements/omissions made by the Uninvolved Defendants, allegedly through Defendant Cerra (Complaint at ¶ 39).[5]   Neither group of statements/omissions satisfy the particularity requirement with respect to time. *See*, *e.g.*, *Skylon Corp. v. Guilford Mills, Inc.*, No. 93-civ-5581, 1997 WL 88894, * 2 (S.D.N.Y. Mar. 3, 1997) (alleging four month window in which fraudulent statements were made did not constitute pleadings time with particularity); *Irwin v. Country Coach, Inc.*, No. 4:05cv145, 2006 WL 278267, *7 (E.D. Tex. Feb. 3, 2006) (window of two months did not meet particularity requirement).   Further, Plaintiff does not even bother to allege what the Uninvolved Defendants obtained through their purportedly fraudulent representations.   It is no

---

[5] Paragraph 39 of Plaintiff's complaint states "Defendant AIG/VALIC, by and through Defendant Cerra, also employed many intentional omissions concerning the nature of the Annuity, its projected performance and related terms and conditions, the fact Defendant Cerra's exorbitant commission on the sale of the Annuity was front loaded, and terms and conditions of the Annuity contract, including but not limited to its surrender charge penalty provision."

excuse that Plaintiff does not know.  She must meet all the elements required under Rule 9(b) or her claims must be dismissed.

Because Plaintiff's complaint does not specify with particularity the circumstances of the alleged fraudulent actions, the Uninvolved Defendants are entitled to dismissal.

## II.   ALTERNATIVELY, THE UNINVOLVED DEFENDANTS ARE ENTITLED TO SUMMARY JUDGMENT AGAINST ALL OF PLAINTIFF'S CLAIMS BECAUSE THEY HAD NOTHING TO DO WITH THE SALE OR MARKETING OF THE ANNUITY AT ISSUE HERE.

### A.   Summary Judgment Standard

W. VA. R. CIV. P. 56(b) provides that "[a] party against whom a claim, counterclaim, or cross-claim is asserted…may, at any time, move with or without supporting affidavits for a summary judgment in the party's favor as to all or any part thereof."  Summary judgment is required when the record reveals that there is "no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law."  *Id.* at 56(c).  "The mere assertion that there exists a 'genuine issue of material fact' without a corresponding demonstration of what specific factual issues remain to be resolve is insufficient to avoid summary judgment." *Reed v. Orme*, 655 S.E.2d 83, 87 (2007).  When a motion for summary judgment is made, an adverse party may not rest upon the mere allegations or denial of the adverse party's pleadings, but the adverse party's response must set forth specific facts showing that there is a genuine issue for trial.  W. VA. R. CIV .P. 56(e).

### B.   The Uninvolved Defendants Were Not Involved In Any Way With the Annuity at Issue in this Case.

As discussed below, *none* of the Uninvolved Defendants were not involved in the sale or marketing of the Annuity transaction to Plaintiff or to any putative class members.  Accordingly, the Uninvolved Defendants are entitled to summary judgment on Plaintiff's claims for common law fraud and misrepresentation, joint venture, civil conspiracy, and unconscionability.

### 1.  AIGRSCo

AIGRSCo, a separate subsidiary of VALIC, did not market, sell, underwrite, or administer the Annuity at issue in this case.[6]  In fact, AIGRSCo's predecessor company, VALIC Retirement Services Company, did not even come into existence until November 18, 1996 — *five years after* Plaintiff elected to participate in the DCP.[7]  AIGRSCo did not enter into any agreements with Cheryl Dougherty, the West Virginia Teachers' Defined Contribution Plan, the plan's sponsor, or its plan participants.[8]  AIGRSCo did not make visits or conduct meetings with Cheryl Dougherty or other school systems, or make pronouncements about the condition or status of the Teachers Retirement System.[9]  Furthermore, AIGRSCo did not issue the Annuity or any contracts to the DCP or to its participants, did not impose any surrender charges regarding the Annuity, and did not recruit, hire, train, or instruct agents to sell the Annuity.[10]  AIGRSCo provides nondiscretionary administrative services to employer-sponsored retirement plans. AIGRSCo is not and was not the administrative services provider to the West Virginia Teachers' Defined Contribution Plan.[11]

### 2.  VAMCO

VAMCO no longer exists.  In fact, VAMCO was dissolved on June 21, 2002.[12]  VAMCO was formerly a subsidiary of VALIC, but VAMCO did not market, sell, underwrite, or

---

[6] *See* Affidavit of Katherine Stoner Regarding AIGRSCo at ¶¶ 4-5, attached as Exhibit 1.

[7] *Id.* at ¶ 4.

[8] *Id.* at ¶ 5.

[9] *Id.* at ¶ 6.

[10] *Id.* at ¶ 7.

[11] *Id.* at ¶ 7.  Each of AIG, Inc.'s subsidiaries, including AIGRSCo, is an entity separate and distinct from AIG, Inc. AIGRSCo maintains its own corporate formalities, including separate books and records and a separate Board of Directors.  AIGRSCo does not pay the commission, salaries or other expenses of VALIC agents or employees.  *Id.* at ¶ 8.

[12] *See* Affidavit of Katherine Stoner Regarding VAMCO at ¶ 6, attached as Exhibit 2. Each of AIG, Inc.'s subsidiaries, including the former VAMCO entity, is an entity separate and distinct from AIG, Inc.  During its existence, VAMCO maintained its own corporate formalities, including separate books and records and a separate Board of Directors.  VAMCO did not pay the commission, salaries or other expenses of VALIC agents or employees related to the Annuity.  *Id.* at ¶ 7.

administer the Annuity at issue in this case. [13]   VAMCO did not visit or conduct meetings with Cheryl Dougherty or other school system members, or make pronouncements about the condition or status of the Teachers Retirement System.[14]   VAMCO did not issue the Annuity or any annuity contract to the West Virginia Teachers' Defined Contribution Plan or its participants, did not impose any surrender charges regarding the Annuity, and did not recruit, hire, train, or instruct agents to sell the Annuity.[15]

### 3.   *AIG VALIC Group*

AIG VALIC Group does not exist.   There is no company in the VALIC family of companies that goes by or went by the name AIG Retirement Group, f/k/a AIG VALIC Group, as alleged in paragraph 13 of the Complaint.[16]   Further, no company in either the VALIC or AIG, Inc. family of companies has ever used the name AIG Retirement Group, f/k/a AIG VALIC Group as a trade name or conducted business as AIG Retirement Group, f/k/a AIG VALIC Group.[17]

### 4.   *AIGRA*

AIGRA (f/k/a VALIC Financial Advisors, Inc.), a separate subsidiary of VALIC, was incorporated on November 18, 1996, *five years after* Plaintiff elected to participate in the DCP.[18] The summary judgment evidence further shows that AIGRA did not market, sell, underwrite, or administer the Annuity at issue in this case.   AIGRA did not make visits or conduct meetings with Cheryl Dougherty or other school system members, or make pronouncements about the

---

[13] *Id.* at ¶ 4.

[14] *Id.*

[15] *Id.* at ¶ 5.

[16] *See* Affidavit of Katherine Stoner Regarding AIG VALIC Group at ¶ 4, attached as Exhibit 3.

[17] *Id.* at ¶ 5. Each of VALIC's subsidiaries is an entity separate and distinct from VALIC.  VALIC's subsidiary companies each maintain their own corporate formalities, including separate books and records and a separate Board of Directors. *Id.* at ¶ 6.

[18] *See* Affidavit of David Den Boer regarding AIG Retirement Advisors, Inc. f/k/a VALIC Financial Advisors, Inc., ¶ 4, attached as Exhibit 4. VALIC Investment Services Company's name was changed to American General Financial Advisors, Inc. on February 14, 2000, then to VALIC Financial Advisors, Inc. effective November 1, 2001, before becoming AIGRA effective January 1, 2008. *Id.*

condition or status of the Teachers Retirement System.[19]   AIGRA did not issue the Annuity to

the West Virginia Teachers' Defined Contribution Plan or its participants, did not impose any

surrender charges regarding the Annuity, and did not recruit, hire, train, or instruct agents to sell

the Annuity.[20]

### 5.    AIG, Inc.

AIG Inc. is a "holding company" and corporate parent to numerous corporations,

including VALIC, which is an indirect, wholly owned subsidiary of AIG, Inc.[21]   AIG, Inc.

completed its purchase of American General Corporation, of which VALIC was a subsidiary, in

August 2001 — approximately ten years after Plaintiff elected to participate in the DCP.  AIG,

Inc. never marketed, sold, underwrote, or administered Annuities and therefore could not have

and did not visit or conduct meetings with Cheryl Dougherty or other school system members, or

make pronouncements about the condition or status of the Teachers Retirement System.[22]

Further, AIG, Inc. did not issue any annuity contracts, impose any surrender charges regarding

any annuity contract, or recruit, hire, train, or instruct agents to sell any such annuities to the

DCP or to its participants.[23]

### C.    The Summary Judgment Evidence Negates Plaintiff's Claim Against the Uninvolved Defendants.

### 1.    Common law fraud and misrepresentation

"The essential elements in an action for fraud are: (1) that the act claimed to be fraudulent

was the act of the defendant or induced by him; (2) that it was material and false; that plaintiff

---

[19] *Id.* at ¶ 5.
[20] *Id.* at ¶ 6.  Each of AIG, Inc.'s subsidiaries, including AIGRA, is an entity separate and distinct from AIG, Inc. AIGRA maintains its own corporate formalities, including separate books and records and a separate Board of Directors. *Id.* at. ¶ 8.
[21] *See* Affidavit of Timothy Greensfelder regarding American International Group, Inc., ¶ 4, attached as Exhibit 5.
[22] *Id.* at ¶ 5.
[23] *Id.* Each of AIG Inc.'s subsidiaries, including VALIC, is an entity separate and distinct from AIG Inc.  VALIC and AIG Inc.'s other subsidiary companies each maintain their own corporate formalities, including separate books and records and a separate Board of Directors.  AIG, Inc. does not pay the commissions, salaries or other expenses of VALIC agents and employees.  *Id.* at ¶ 8.

relied on it and was justified under the circumstances in relying upon it; and (3) that he was damaged because he relied upon it." *Muzelak v. King Chevrolet, Inc.*, 368 S.E.2d 710, 715 (W. Va. 1988). Plaintiff alleges that the AIG/VALIC Defendants engaged in a pattern and practice of misrepresenting and/or omitting material facts regarding the condition of the TRS. (Complaint at ¶ 43.)

Plaintiff's claims fail because the summary judgment evidence affirmatively negates the first element of Plaintiff's claim—that the act claimed to be fraudulent was *the act of the defendant* or induced by him. Specifically, the summary judgment evidence affirmatively shows that the Uninvolved Defendants and their respective agents did not have any communication with Plaintiff regarding the DCP Annuity and therefore could not have misrepresented or omitted material facts regarding the condition of the TRS as alleged by Plaintiff. Further, AIGRSCo and AIGRA *did not even exist* during the relevant period of time the misstatements and/or omissions were made to Plaintiff.[24] Moreover, AIG VALIC Group does not and has never existed as a VALIC or AIG, Inc. company. Accordingly, the Uninvolved Defendants are entitled to summary judgment on Plaintiff's claim for common law misrepresentation and fraud.

### 2.      *Joint venture*

In West Virginia, a joint venture is an association of two or more persons to carry out a single business enterprise for profit, for which purpose they combine their property, money, effects, skill, and knowledge. *See Price v. Halstead*, 355 S.E.2d 380, 384 (W. Va. 1987); *Sipple v. Starr*, 520 S.E.2d 884, 892 (W. Va. 1999). Plaintiff alleges that the Defendants engaged in the single business enterprise of marketing and selling the DCP and the Annuity to Plaintiff and

---

[24] Defendant Cerra is alleged to have made misstatements and/or omissions during a meeting held during the 1990-1991 school year. (Complaint at ¶ 35.)

other unidentified Class Members by the use of misrepresentation, omission, and deceit. (Complaint at ¶ 47.)

Plaintiff's joint venture claim fails as a matter of law because the summary judgment evidence affirmatively shows that the Uninvolved Defendants were not participants in any joint venture. The Uninvolved Defendants were not involved in any way, either directly or indirectly in the marketing or sale of the Annuity product to Plaintiff, and Plaintiff has no evidence that the Uninvolved Defendants formed an association for profit or combined any property, money, effects, skill, or knowledge to further such an association. Accordingly, the Uninvolved Defendants are entitled to summary judgment on Plaintiff's joint venture claim.

### 3.    *Civil conspiracy*

A civil conspiracy is a combination of two or more persons by concerted action to accomplish an unlawful purpose or to accomplish some purpose, not in itself unlawful, by unlawful means. *Politon v. Azzon, Inc.*, 569 S.E.2d 447, 451 (W. Va. 2002); *Kessel v. Leavitt*, 511 S.E.2d 720, 754 (W. Va. 1998). Plaintiff asserts that the Uninvolved Defendants conspired with other Defendants to market and sell the DCP and the Annuity to Plaintiff and class members by the use of misrepresentation, omission, and deceit. (Complaint at ¶ 51.)

The summary judgment evidence, however, proves that the Uninvolved Defendants did not engage in any such conspiracy. Specifically, the Uninvolved Defendants were not involved in any way, either directly or indirectly in the marketing or sale of the Annuity product to Plaintiff, and Plaintiff has no evidence that the Uninvolved Defendants entered into any combination of individuals or entities, took any concerted action in furtherance of any conspiracy, set out to accomplish an unlawful purpose, or attempted to accomplish a lawful

purpose by unlawful means.   Accordingly, the Uninvolved Defendants are entitled to summary judgment on Plaintiff's civil conspiracy claim.

### 4.      *Unconscionability*

Under West Virginia law, a ***contract*** may be invalidated because of "unconscionability." *Lang v. Derr*, 569 S.E.2d 778, 780 (W. Va. 2002) (emphasis added).   Plaintiff asserts that Plaintiff and class members were fraudulently induced by AIG/VALIC and individual Defendants to enter into the contract purchasing the Annuity.[25]   (Complaint at ¶ 54.)

However, Plaintiff's unconscionability claim against the Uninvolved Defendants fails because Plaintiff has no contract with any of the Uninvolved Defendants.   The Uninvolved Defendants were not involved in any way, either directly or indirectly in contracting with Plaintiff for the sale of the Annuity product to Plaintiff or to any proposed class members. Because the Uninvolved Defendants are not parties to any Annuity contract with Plaintiff, Plaintiff's unconscionability claim fails.   Accordingly, the Uninvolved Defendants are entitled to summary judgment.

### *Conclusion*

Plaintiff's claims as to the Uninvolved Defendants fail to satisfy the heightened pleading requirements of W. Va. R. Civ. P. 9(b), which requires that Plaintiff plead the circumstances constituting the fraud with particularly.   Because Plaintiff fails to detail the circumstances of the alleged fraud as to each Defendant, the Uninvolved Defendants are entitled to dismissal pursuant to W. Va. R. Civ. P. 9(b).   In the alternative, the Uninvolved Defendants are entitled to summary

---

[25] Plaintiff's allegation that she was induced to purchase the DCP Annuity Contract mischaracterizes the nature of the DCP Annuity contract.   The only parties to the Annuity contract are the West Virginia Teachers' Defined Contribution Plan and VALIC.   Rather than entering into a contract with VALIC, Plaintiff and all putative class members merely elected the VALIC Annuity Option as part of the DCP Plan.   Neither Plaintiff nor any putative class members have any contracts with VALIC or the Uninvolved Defendants with regard to the DCP.

judgment, pursuant to W. Va. R. Civ. P. 56, because the Uninvolved Defendants were not involved in any way in the sale or marketing of the Annuity to Plaintiff.

> **AMERICAN INTERNATIONAL GROUP, INC.; AIG RETIREMENT GROUP f/k/a AIG VALIC GROUP; AIG RETIREMENT ADVISORS INC. f/k/a VALIC FINANCIAL ADVISORS INC.; AIG RETIREMENT SERVICES COMPANY f/k/aVALIC RETIREMENT SERVICES COMPANY; VARIABLE ANNUITY MARKETING COMPANY,**
>
> **By Counsel**
>
>
> Thomas J. Hurney, Jr. (WVSB #1833)
> Clifford F. Kinney, Jr. (WVSB #6220)
> **JACKSON KELLY PLLC**
> P. O. Box 553
> Charleston, WV  25322-0553
> (304) 340-1000
>
> and
>
> David McNeel Lane, Jr.
> (admission *pro hac vice* pending)
> Brian S. Jones
> (admission *pro hac vice* pending)
> **AKIN GUMP STRAUSS HAUER & FELD LLP**
> 300 Convent Street, Suite 1600
> San Antonio, Texas 78205-3732
> (210) 281-7000

IN THE CIRCUIT COURT OF KANAWHA COUNTY, WEST VIRGINIA

CHERYL DOUGHERTY, individually,
and on behalf of all others similarly situated,

      Plaintiff,

v.                                 CIVIL ACTION NO. 08-C-2080
                                        (Judge Kaufman)

RAMONA CERRA, et al.,

      Defendants.

## CERTIFICATE OF SERVICE

    I, Clifford F. Kinney, Jr., certify that a copy of the foregoing **"Memorandum of Law Supporting the Uninvolved Defendants' Motion to Dismiss for Failure to Plead Fraud with Specificity And, in the Alternative, Motion for Summary Judgment"** was served upon all counsel of record by placing a copy thereof in the regular course of the United States mail, postage prepaid, this 17th day of November, 2008, addressed as follows:

Harry F. Bell, Jr.
William L. Bands
Tim J. Yianne
BELL & BANDS, PLLC
30 Capitol Street
P.O. Box 1723
Charleston, WV 25326-1723

Charles R. Webb
THE WEBB LAW FIRM
108 1/2 Capitol Street, Suite 201
Charleston, WV 25301

Gary Pullin
PULLIN, FOWLER, FLANAGAN,
BROWN, & POE, PLLC
JamesMark Building
901 Quarrier Street
Charleston, WV 25301

_____
Clifford F. Kinney, Jr. (WVSB# 6220)

IN THE CIRCUIT COURT OF KANAWHA COUNTY, WEST VIRGINIA

*FILED*

*2008 NOV 18  PH 1:4M*

~~KANAWHA S.B. ~~ ~~~~ ~~KAHWHA CO. CIRCUIT COURT~~

CHERYL DOUGHERTY, individually,
and on behalf of all others similarly situated,

     Plaintiff,

v.

                                         CIVIL ACTION NO. 08-C-2080
                                         (Judge Kaufman)

RAMONA CERRA, et al., individually; JOHN
COOK, individually; GREG GARRETT,
individually; ROLAND RICH, individually;
GEORGE M. EDWARDS, individually;
CLARENCE BURDETTE, individually; BRIAN
AIKMAN, individually; LUTHER COPE,
individually; GUY DEVONO, individually; DON
GIBSON, individually; BILL GLASS, individually;
JOHN MARSHALL, individually; MARK
MULLENS, individually; TIMOTHY PALMER,
individually; JIM PINGLEY, individually; DAVID
SISK, individually; JOHN SPURLOCK,
individually; KEN WHITTINGTON, individually;
and all other Presently Unknown Individual Agents /
Employees Contract Workers / Representatives of
VALIC/AIG, as named below, involved in the sale
and marketing of VALIC/AIG retirement products
in West Virginia to existing and newly-hired
members of the West Virginia Teachers' Retirement
System; AMERICAN INTERNATIONAL GROUP,
INC., a Texas corporation; AIG RETIREMENT
GROUP, f/k/a AIG VALIC GROUP; VARIABLE
ANNUITY LIFE INSURANCE COMPANY, a Texas
corporation; AIG RETIREMENT ADVISORS, INC.,
f/k/a VALIC FINANCIAL ADVISORS, INC., a
Texas corporation; AIG RETIREMENT SERVICES
COMPANY, f/k/a VALIC RETIREMENT
SERVICES COMPANY, a Texas corporation;
VARIABLE ANNUITY MARKETING COMPANY,
a Texas Corporation; and the WEST VIRGINIA
CONSOLIDATED PUBLIC RETIREMENT
BOARD, a West Virginia state Agency,

     Defendants.

$55$

$6$

## NOTICE OF MOTION

Please take notice that counsel for the Defendants will bring on for hearing "Uninvolved Defendants' Motion to Dismiss for Failure to Plead Fraud With Specificity and, in the Alternative, Motion for Summary Judgment" a date and time to be determined by the Court.

AMERICAN INTERNATIONAL GROUP, INC.; AIG RETIREMENT GROUP f/k/a AIG VALIC GROUP; AIG RETIREMENT ADVISORS INC. f/k/a VALIC FINANCIAL ADVISORS INC.; AIG RETIREMENT SERVICES COMPANY f/k/aVALIC RETIREMENT SERVICES COMPANY; VARIABLE ANNUITY MARKETING COMPANY

BY COUNSEL:

Thomas J. Hurney, Jr. (WVSB #1833)
Clifford F. Kinney, Jr. (WVSB# 6220)
JACKSON KELLY PLLC
1600 Laidley Tower
500 Lee Street, East
P. O. Box 553
Charleston, WV  25322-0553
(304) 340-1000

and

Daniel McNeel Lane, Jr.
(Admission *pro hac vice* pending)
AKIN, GUMP, STRAUSS, HAUER & FELD, LLP
300 Convent Street, Suite 1500
San Antonio, TX 78205-3732
(210) 281-7070

**IN THE CIRCUIT COURT OF KANAWHA COUNTY, WEST VIRGINIA**

CHERYL DOUGHERTY, individually,
and on behalf of all others similarly situated,

      Plaintiff,

v.

                                   CIVIL ACTION NO. 08-C-2080
                                   (Honorable Judge Kaufman)

RAMONA CERRA, et al.,

      Defendants.

<u>CERTIFICATE OF SERVICE</u>

    I, Clifford F. Kinney, Jr., hereby certify that I have served the foregoing *Notice of Motion* upon the following by placing a copy thereof in the regular course of the United States mail, postage prepaid, this 17th day of November, 2008 addressed as follows:

Harry F. Bell, Jr.
William L. Bands
Tim J. Yianne
BELL & BANDS, PLLC
30 Capitol Street
P.O. Box 1723
Charleston, WV 25326-1723
(304) 345-1700
(304) 345-1715 Facsimile

Gary Pullin
PULLIN, FOWLER, FLANAGAN,
BROWN, & POE, PLLC
JamesMark Building
901 Quarrier Street
Charleston, WV 25301
(304) 344-1000
(304) 342-1545 Facsimile

Charles R. Webb
THE WEBB LAW FIRM
1081/2 Capitol Street, Suite 201
Charleston, WV 25301
(304) 344-9322
(304) 344-1157 Facsimile

CLIFFORD F. KINNEY, JR. (WVSB# 6220)

FILED

2008 NOV 18 PM 1:48

CATHY S. _____
KANAWHA CO. CIRCUIT COURT

**IN THE CIRCUIT COURT OF KANAWHA COUNTY, WEST VIRGINIA**

CHERYL DOUGHERTY, individually,
and on behalf of all others similarly situated,

      Plaintiff,

v.
                                         **CIVIL ACTION NO. 08-C-2080**
                                         **(Honorable Judge Kaufman)**

RAMONA CERRA, et al.,

      Defendants.

## <u>CERTIFICATE OF SERVICE</u>

    I, Clifford F. Kinney, Jr., hereby certify that I have served the foregoing *Answers of the*

*"Uninvolved Defendants" to Plaintiff's Interrogatories and Responses to Requests for*

*Production of Documents, First Set* upon the following by placing a copy thereof in the regular

course of the United States mail, postage prepaid, this 17th day of November, 2008 addressed as

follows:

Harry F. Bell, Jr.
William L. Bands
Tim J. Yianne
BELL & BANDS, PLLC
30 Capitol Street
P.O. Box 1723
Charleston, WV  25326-1723
(304) 345-1700
(304) 345-1715 Facsimile

Gary Pullin
PULLIN, FOWLER, FLANAGAN,
BROWN, & POE, PLLC
JamesMark Building
901 Quarrier Street
Charleston, WV  25301
(304) 344-1000
(304) 342-1545 Facsimile

Charles R. Webb
THE WEBB LAW FIRM
108 1/2 Capitol Street, Suite 201
Charleston, WV  25301
(304) 344-9322
(304) 344-1157 Facsimile

                                                  CLIFFORD F. KINNEY, JR. (WVSB# 6220)

**IN THE CIRCUIT COURT OF KANAWHA COUNTY, WEST VIRGINIA**

**CHERYL DOUGHERTY, individually,**
**and on behalf of all others similarly situated,**

      **Plaintiff,**

v.                                         **CIVIL ACTION NO. 08-C-2080**
                                            **(Honorable Judge Kaufman)**

**RAMONA CERRA, et al.,**

      **Defendants.**

FILED
2008 NOV 18 PM 1:48
CATHY... GATSON, CLERK
KANAWHA CO. CIRCUIT COURT

## CERTIFICATE OF SERVICE

    I, Clifford F. Kinney, Jr., hereby certify that I have served the foregoing *Defendant The*

*VALIC's Answers to Plaintiff's Interrogatories and Responses to Requests for Production of*

*Documents, First Set* upon the following by placing a copy thereof in the regular course of the

United States mail, postage prepaid, this 17th day of November, 2008 addressed as follows:

Harry F. Bell Jr., Esq.                     Charles R. Webb, Esq.
William L. Bands, Esq.                 THE WEBB LAW FIRM
Tim J. Yianne, Esq.                    108 ½ Capitol Street, Suite 201
BELL & BANDS, PLLC               Charleston, WV 25301
30 Capitol Street
P. O. Box 1723
Charleston, WV 25326-1723

Gary E. Pullin, Esq.
PULLIN, FOWLER, FLANAGAN, BROWN &
POE PLLC
JamesMark Building
901 Quarrier Street
Charleston, WV 25301

                                         _____
                                  CLIFFORD F. KINNEY, JR. (WVSB# 6220)



| PLAINTIFF: | **CHERYL DOUGHERTY** | CASE NUMBER: |
|---|---|---|
| DEFENDANT: | **RAMONA CERRA, et al.** | 08-C-2080 |

**II.   TYPE OF CASE:**

- ■ General Civil
- ☐ Mass Litigation
  (As defined in T.C.R. Rule XIX(c))

  - ☐ Asbestos
  - ☐ Carpal Tunnel Syndrome
  - ☐ Diet Drugs
  - ☐ Environment
  - ☐ Industrial Hearing Loss
  - ☐ Silicone Implants
  - ☐ Other: _____

- ☐ Habeas Corpus/Other Extraordinary Writ

- ☐ Other: _____

- ☐ Adoption
- ☐ Administrative Agency Appeal
- ☐ Civil Appeal from Magistrate Court
- ☐ Miscellaneous Civil Petition
- ☐ Mental Hygiene
- ☐ Guardianship
- ☐ Medical Malpractice

*2008 NOV 18 PM 11: 48*

*CATHY S. GATSON CLERK*
*KANAWHA CO. CIRCUIT COURT*

**III.   JURY DEMAND:**        ■ Yes        ☐ No

**CASE WILL BE READY FOR TRIAL BY (MONTH/YEAR):**        May 20 / 2010

**IV.   DO YOU OR ANY OF YOUR CLIENTS OR WITNESSES IN THIS CASE REQUIRE SPECIAL ACCOMMODATIONS DUE TO A DISABILITY OR AGE? ☐ YES ■ NO**

IF YES, PLEASE SPECIFY:

- ☐ Wheelchair accessible hearing room and other facilities
- ☐ Interpreter or other auxiliary aid for the hearing impaired
- ☐ Reader or other auxiliary aid for the visually impaired
- ☐ Spokesperson or other auxiliary aid for the speech impaired
- ☐ Other: _____

| Attorney Name: | **Clifford F. Kinney, Jr.  (WVSB#6220)** | Representing: |
|---|---|---|
| Firm: | **JACKSON KELLY PLLC** | ☐ Plaintiff        ■ Defendant |
| Address: | **P. O. Box 553** | ☐ Cross- Complainant        ☐ Cross-Defendant |
| | **Charleston, WV 25322-0553** | |
| Telephone: | **(304) 340-1000** | |
| Dated: | 11-17-08 | |

☐ Proceeding Without an Attorney

IN THE CIRCUIT COURT OF KANAWHA COUNTY, WEST VIRGINIA

FILED

2008 NOV 18 PM 1:48

KANAWHA CO. CIRCUIT COURT

CHERYL DOUGHERTY, individually,
and on behalf of all others similarly situated,

      Plaintiff,

v.

RAMONA CERRA, individually; JOHN COOK,
individually; GREG GARRETT, individually;
ROLAND RICH, individually; GEORGE M.
EDWARDS, individually; CLARENCE
BURDETTE, individually; BRIAN AIKMAN,
individually; LUTHER COPE, individually; GUY
DEVONO, individually; DON GIBSON,
individually; BILL GLASS, individually; JOHN
MARSHALL, individually; MARK MULLENS,
individually; TIMOTHY PALMER, individually;
JIM PINGLEY, individually; DAVID SISK,
individually; JOHN SPURLOCK, individually; KEN
WHITTINGTON, individually; and all other
Presently Unknown Individual
Agents/Employees/Contract Workers/
Representatives of VALIC/AIG, as named below,
involved in the sale and marketing of VALIC/AIG
retirement products in West Virginia to existing and
newly-hired members of the West Virginia Teachers'
Retirement System; AMERICAN
INTERNATIONAL GROUP, INC., a Texas
corporation; AIG RETIREMENT GROUP, f/k/a
AIG VALIC GROUP; VARIABLE ANNUITY LIFE
INSURANCE COMPANY, a Texas corporation;
AIG RETIREMENT ADVISORS, INC., f/k/a
VALIC FINANCIAL ADVISORS, INC., a Texas
corporation; AIG RETIREMENT SERVICES
COMPANY, f/k/a VALIC RETIREMENT
SERVICES COMPANY, a Texas corporation;
VARIABLE ANNUITY MARKETING COMPANY,
a Texas Corporation; and the WEST VIRGINIA
CONSOLIDATED PUBLIC RETIREMENT
BOARD, a West Virginia state Agency,

      Defendants.

CIVIL ACTION NO.: 08-C-2080
(Judge Kaufman)

{C1439104.1}

11-12

**ANSWER AND AFFIRMATIVE AND OTHER DEFENSES
OF DEFENDANT VARIABLE ANNUITY LIFE INSURANCE COMPANY TO
AMENDED CLASS ACTION COMPLAINT**

Comes now The Variable Annuity Life Insurance Company ("the VALIC"), Defendant,

by counsel, and submits this its Answer and Affirmative and other defenses to the Amended

Class Action Complaint ("Amended Complaint"):

**ANSWER**

## I.   INTRODUCTION AND COMMON FACTS

1.   Paragraph 1 of the Amended Complaint states legal conclusions to which VALIC is not

required to respond.  To the extent a response to the allegations is required, the VALIC

denies the allegations contained in Paragraph 1 of the Amended Complaint.

2.   The VALIC denies the allegations in Paragraph 2 of the Amended Complaint.

3.   The VALIC admits it was chosen to be a financial services provider for the Defined

Contribution Plan ("DCP") by the West Virginia Consolidated Public Retirement Board

("WVCPRB"), as alleged in Paragraph 3 of the Amended Complaint.  VALIC denies the

remaining allegations in paragraph 3 of the Amended Complaint.

4.   The VALIC denies the allegations in Paragraph 4 of the Amended Complaint.

5.   The VALIC denies the allegations in Paragraph 5 of the Amended Complaint.

6.   The VALIC denies the allegations in Paragraph 6 of the Amended Complaint.

7.   Paragraph 7 of the Amended Complaint states legal conclusions to which no response is

require.  To the extent a response to the allegations is required, the VALIC lacks

knowledge or information sufficient to form a belief with respect to the truth of the

allegations contained in Paragraph 7 of the Amended Complaint.

8.   The VALIC denies the allegations in Paragraph 8 of the Amended Complaint.

9.      The VALIC denies the allegations in Paragraph 9 of the Amended Complaint.

10.     The VALIC denies the allegations in Paragraph 10 of the Amended Complaint.

## II.      THE PARTIES

11.     In response to Paragraph 11 of the Amended Complaint, VALIC restates and realleges its responses and defenses as if fully stated herein.

12.     The VALIC denies the allegations in Paragraph 12 of the Amended Complaint.

13.     The VALIC denies the allegations in Paragraph 13 of the Amended Complaint.

14.     The VALIC denies the allegations in Paragraph 14 of the Amended Complaint.

15.     The VALIC denies the allegations in Paragraph 15 of the Amended Complaint.

16.     The VALIC denies the allegations in Paragraph 16 of the Amended Complaint.

17.     Paragraph 17 of the Amended Complaint states legal conclusions to which no response is required.  To the extent a response to the allegations is required, the VALIC lacks knowledge or information sufficient to form a belief with respect to the truth of the allegations contained in Paragraph 17 of the Amended Complaint.

## III.      JURISDICTION AND VENUE

18.     In response to Paragraph 18 of the Amended Complaint, the VALIC restates and realleges its responses and defenses as if fully stated herein.

19.     The VALIC denies the allegations in Paragraph 19 of the Amended Complaint.

20.     The VALIC denies the allegations in Paragraph 20 of the Amended Complaint.

## IV.      CLASS ACTION ALLEGATIONS

21.     In response to Paragraph 21 of the Amended Complaint, the VALIC restates and realleges its responses and defenses as if fully stated herein.

22.     The VALIC admits the allegations in Paragraph 22 of the Amended Complaint.

23.     The VALIC denies the allegations in Paragraph 23 of the Amended Complaint.

24.     The VALIC denies the allegations in Paragraph 24 of the Amended Complaint.

25.     The VALIC denies the allegations in Paragraph 25 of the Amended Complaint.

26.     The VALIC denies the allegations in Paragraph 26 of the Amended Complaint.

27.     The VALIC admits the allegations in Paragraph 27 of the Amended Complaint.

28.     The VALIC denies the allegations in Paragraph 28 of the Amended Complaint.

29.     The VALIC denies the allegations in paragraph 29 of the Amended Complaint.

30.     The VALIC denies the allegations in paragraph 30 of the Amended Complaint.

31.     The VALIC denies the allegations in paragraph 31 of the Amended Complaint.

32.     The VALIC denies the allegations in Paragraph 32 of the Amended Complaint.

33.     Paragraph 33 of the Amended Complaint states legal conclusions to which no response is

        required.  To the extent a response to the allegations is required, the VALIC lacks

        knowledge or information sufficient to form a belief with respect to the truth of the

        allegations contained in Paragraph 33 of the Amended Complaint

## V.     SPECIFIC PARTY ALLEGATIONS

34.     In response to Paragraph 34 of the Amended Complaint, the VALIC restates and

        realleges its responses and defenses as if fully stated herein.

35.     The VALIC admits that Defendant Cerra was its representative as alleged in Paragraph

        35 of the Amended Complaint.  As to the remaining allegations, the VALIC lacks

        knowledge or information sufficient to form a belief with respect to the truth of the

        allegations contained in Paragraph 35 of the Amended Complaint.

36.     The VALIC denies the allegations in Paragraph 36 of the Amended Complaint.

37.     The VALIC denies the allegations in Paragraph 37 of the Amended Complaint.

38.     The VALIC denies the allegations in Paragraph 38 of the Amended Complaint.

39.     The VALIC denies the allegations in Paragraph 39 of the Amended Complaint.

{C1439104.1}

40.     The VALIC denies the allegations in Paragraph 40 of the Amended Complaint.

41.     The VALIC denies the allegations in Paragraph 41 of the Amended Complaint.

## VI.     CAUSES OF ACTION

42.     In response to Paragraph 42 of the Amended Complaint, the VALIC restates and realleges its responses and defenses as if fully stated herein.

43.     The VALIC denies the allegations in Paragraph 43 of the Amended Complaint.

44.     The VALIC denies the allegations in Paragraph 44 of the Amended Complaint.

45.     The VALIC denies the allegations in Paragraph 45 of the Amended Complaint.

46.     In response to Paragraph 46 of the Amended Complaint, the VALIC restates and realleges its responses and defenses as if fully stated herein.

47.     The VALIC denies the allegations in Paragraph 47 of the Amended Complaint.

48.     The VALIC denies the allegations in Paragraph 48 of the Amended Complaint.

49.     The VALIC denies the allegations in Paragraph 49 of the Amended Complaint.

50.     In response to Paragraph 50 of the Amended Complaint, the VALIC restates and realleges its responses and defenses as if fully stated herein.

51.     The VALIC denies the allegations in Paragraph 51 of the Amended Complaint.

52.     The VALIC denies the allegations in Paragraph 52 of the Amended Complaint.

53.     In response to Paragraph 53 of the Amended Complaint, the VALIC restates and realleges its responses and defenses as if fully stated herein.

54.     The VALIC denies the allegations in Paragraph 54 of the Amended Complaint.

55.     The VALIC denies the allegations in Paragraph 55 of the Amended Complaint.

56.     The VALIC denies the allegations in Paragraph 56 of the Amended Complaint.

57.     The VALIC denies the allegations in Paragraph 57 of the Amended Complaint.

58.     The VALIC denies the allegations in Paragraph 58 of the Amended Complaint.

{C1439104.1}

59.    In response to Paragraph 59 of the Amended Complaint, the VALIC restates and realleges its responses and defenses as if fully stated herein.

60.    Paragraph 60 of the Amended Complaint states allegations against another party to which no response is required.  To the extent a response to the allegations is required, the VALIC denies the allegations contained in Paragraph 60 of the Amended Complaint.

61.    Paragraph 61 of the Amended Complaint states allegations against another party to which no response is required.  To the extent a response to the allegations is required, the VALIC denies the allegations contained in Paragraph 61 of the Amended Complaint.

62.    Paragraph 62 of the Amended Complaint states allegations against another party to which no response is required.  To the extent a response to the allegations is required, the VALIC denies the allegations contained in Paragraph 62 of the Amended Complaint.

63.    The VALIC denies that certification of a class is proper.

64.    The VALIC denies all allegations not expressly admitted herein.

65.    The VALIC denies that Plaintiff is entitled to the relief requested in the Amended Complaint.

## AFFIRMATIVE AND OTHER DEFENSES

As for additional defenses to the Amended Complaint, and without assuming any burden of pleading or proof that would otherwise rest on Plaintiff, the VALIC states as follows:

1.    The Amended Complaint fails to state, in whole or in part, a claim upon which relief may be granted pursuant to Rule 12 of the West Virginia Rules of Civil Procedure.

2.    Plaintiff's individual and putative class claims are barred by laches, the applicable statutes of limitations and repose.

3.    Plaintiff's and the putative class members' recovery, if any, should be reduced pursuant to the comparative negligence, fault, responsibility, or causation of others, including, but not limited to, Plaintiff and the putative class members.

4.    Plaintiff's individual and putative class claims are barred by reason of Plaintiff's failure to mitigate the alleged damages or losses and the failure of the putative class members to mitigate the alleged damages or losses.

5.    Plaintiff's individual and putative class claims are barred by the doctrines of waiver and estoppel.

6.    Plaintiff's individual and putative class claims are barred, in whole or in part, because Plaintiff's and the putative class members' alleged damages or injuries were the result of intervening or superseding events, factors, forces, occurrences, or conditions that were in no way caused by the VALIC and for which the VALIC is not liable.

7.    Plaintiff's and the putative class members' damages, if any, were not proximately caused by any act of omission of the VALIC.

8.    The VALIC acted properly and within its discretion pursuant to the terms of its agreement with the West Virginia Consolidated Public Retirement Board.

9.    The imposition of punitive damages on the facts alleged in the complaint is barred by the United States Constitution and by the Constitution of the State of West Virginia.

10.    Plaintiff's individual and putative class claims are barred by Plaintiff's and the individual class members' failure to exhaust administrative remedies.

11.    Plaintiff's individual and putative class claims are barred because the claims are derivative of and belong to the West Virginia Teacher's Defined Contribution Plan, a non-party.

12.     Plaintiff's individual and putative class claims are barred in whole or in part by the

decision in <u>Anthony J. Barbario et al. v. State of West Virginia Consolidated Public</u>

<u>Retirement Board</u>, Circuit Court of Kanawha County, West Virginia, Civil Action No.

06-C-687 (Zakaib).

13.     Venue in Marshall County is improper.

14.     Inasmuch as the VALIC is not advised of all of the facts and circumstances surrounding

the events and allegations referred to in Plaintiff's Amended Complaint, it reserves the

right to later assert any and all other affirmative defenses, including but not limited to

those set forth in Rules 8 and 12 of the West Virginia Rules of Civil Procedure, which

discovery may reveal are applicable.

**WHEREFORE**, the VALIC respectfully requests that the Court dismiss Plaintiff's

Amended Complaint with prejudice and grant the VALIC such other and further relief as may be

appropriate, including costs and attorney's fees as the Court deems proper.

Defendant the VALIC demands a trial by jury.


                            **THE VARIABLE ANNUITY LIFE**
                            **INSURANCE COMPANY**

                            **By Counsel**


                            Thomas J. Hurney, Jr. (WVSB #1833)
                            Clifford F. Kinney, Jr. (WVSB #6220)
                            **JACKSON KELLY PLLC**
                            P. O. Box 553
                            Charleston, WV  25322-0553
                            (304) 340-1000

                            and

{C1439104.1}

David McNeel Lane, Jr.
(admission *pro hac vice* pending)
Brian S. Jones
(admission *pro hac vice* pending)
**AKIN GUMP STRAUSS HAUER & FELD LLP**
300 Convent Street, Suite 1600
San Antonio, Texas 78205-3732
(210) 281-7000

IN THE CIRCUIT COURT OF KANAWHA COUNTY, WEST VIRGINIA

CHERYL DOUGHERTY, individually,
and on behalf of all others similarly situated,

     Plaintiff,

v.

                              CIVIL ACTION NO. 08-C-2080
                              (Honorable Judge Kaufman)

RAMONA CERRA, et al.,

     Defendants.

## CERTIFICATE OF SERVICE

I, Clifford F. Kinney, Jr., certify that a copy of the foregoing *Answer and Affirmative and Other Defenses of Defendant Variable Annuity Life Insurance Company to Amended Class Action Complaint* was sent via *regular U.S. mail* on November 17th, 2008 to the following counsel of record:

Harry F. Bell, Jr.
William L. Bands
Tim J. Yianne
BELL & BANDS, PLLC
30 Capitol Street
P.O. Box 1723
Charleston, WV 25326-1723
(304) 345-1700
(304) 345-1715 Facsimile

Charles R. Webb
THE WEBB LAW FIRM
108 1/2 Capitol Street, Suite 201
Charleston, WV 25301
(304) 344-9322
(304) 344-1157 Facsimile

Gary Pullin
PULLIN, FOWLER, FLANAGAN,
BROWN, & POE, PLLC
JamesMark Building
901 Quarrier Street
Charleston, WV 25301
(304) 344-1000
(304) 342-1545 Facsimile

Clifford F. Kinney, Jr. (WVSB# 6220)

| PLAINTIFF: | **CHERYL DOUGHERTY** | CASE NUMBER: 08-C-2080 | *FILED* |
|---|---|---|---|
| DEFENDANT: | **RAMONA CERRA, et al.** | | |

2008 NOV 18 PM 1:48
CATHY ...... Eth
KANAWHA CO. CIRCUIT COURT

**II.    TYPE OF CASE:**

■ General Civil

□ Mass Litigation

   (As defined in T.C.R. Rule XIX(c))

     □ Asbestos
     □ Carpal Tunnel Syndrome
     □ Diet Drugs
     □ Environment
     □ Industrial Hearing Loss
     □ Silicone Implants
     □ Other: _____

□ Habeas Corpus/Other Extraordinary Writ

□ Other: _____

□ Adoption

□ Administrative Agency Appeal

□ Civil Appeal from Magistrate Court

□ Miscellaneous Civil Petition

□ Mental Hygiene

□ Guardianship

□ Medical Malpractice

**III.   JURY DEMAND:**     ■ Yes     □ No

**CASE WILL BE READY FOR TRIAL BY
(MONTH/YEAR):**                    May 20   / 2010

**IV.   DO YOU OR ANY OF YOUR CLIENTS OR WITNESSES IN THIS CASE REQUIRE SPECIAL ACCOMMODATIONS DUE TO A
DISABILITY OR AGE?** □ YES ■ NO
    IF YES, PLEASE SPECIFY:

    □ Wheelchair accessible hearing room and other facilities
    □ Interpreter or other auxiliary aid for the hearing impaired
    □ Reader or other auxiliary aid for the visually impaired
    □ Spokesperson or other auxiliary aid for the speech impaired
    □ Other: _____

Attorney Name:  **Clifford F. Kinney, Jr.  (WVSB#6220)**
Firm:  **JACKSON KELLY PLLC**
Address:  **P. O. Box 553**
            **Charleston, WV 25322-0553**
Telephone:  **(304) 340-1000**
Dated:  *11-17-08*

Representing:

□ Plaintiff                    ■ Defendant
□ Cross- Complainant    □ Cross-Defendant

□ Proceeding Without an Attorney

IN THE CIRCUIT COURT OF KANAWHA COUNTY, WEST VIRGINIA

*FILED*

2008 NOV 18  PM 1: 4 4

KANAWHA CO. CIRCUIT COURT

CHERYL DOUGHERTY, individually,
and on behalf of all others similarly situated,

       Plaintiff,

v.

**CIVIL ACTION NO.: 08-C-2080**
**(Honorable Judge Kaufman)**

RAMONA CERRA, individually; JOHN COOK,
individually; GREG GARRETT, individually;
ROLAND RICH, individually; GEORGE M.
EDWARDS, individually; CLARENCE
BURDETTE, individually; BRIAN AIKMAN,
individually; LUTHER COPE, individually; GUY
DEVONO, individually; DON GIBSON,
individually; BILL GLASS, individually; JOHN
MARSHALL, individually; MARK MULLENS,
individually; TIMOTHY PALMER, individually;
JIM PINGLEY, individually; DAVID SISK,
individually; JOHN SPURLOCK, individually; KEN
WHITTINGTON, individually; and all other
Presently Unknown Individual
Agents/Employees/Contract Workers/
Representatives of VALIC/AIG, as named below,
involved in the sale and marketing of VALIC/AIG
retirement products in West Virginia to existing and
newly-hired members of the West Virginia Teachers'
Retirement System; AMERICAN
INTERNATIONAL GROUP, INC., a Texas
corporation; AIG RETIREMENT GROUP, f/k/a
AIG VALIC GROUP; VARIABLE ANNUITY LIFE
INSURANCE COMPANY, a Texas corporation;
AIG RETIREMENT ADVISORS, INC., f/k/a
VALIC FINANCIAL ADVISORS, INC., a Texas
corporation; AIG RETIREMENT SERVICES
COMPANY, f/k/a VALIC RETIREMENT
SERVICES COMPANY, a Texas corporation;
VARIABLE ANNUITY MARKETING COMPANY,
a Texas Corporation; and the WEST VIRGINIA
CONSOLIDATED PUBLIC RETIREMENT
BOARD, a West Virginia state Agency,

       Defendants.

*13-14*

{C1418247.1}

**ANSWER AND AFFIRMATIVE AND OTHER DEFENSES
OF DEFENDANT GEORGE MATT EDWARDS TO AMENDED CLASS ACTION
COMPLAINT**

Comes now Defendant George Matt Edwards ("Defendant Edwards"), by counsel, and

submits his Answer and Affirmative and Other Defenses to the Amended Class Action

Complaint ("Amended Complaint"):

**ANSWER**

**I.     INTRODUCTION AND COMMON FACTS**

1.     Defendant Edwards lacks knowledge or information sufficient to form a belief with

respect to the truth of the allegations contained in Paragraph 1 of the Amended

Complaint.

2.     Defendant Edwards denies the allegations in Paragraph 2 of the Amended Complaint.

3.     Defendant Edwards lacks knowledge or information sufficient to form a belief with

respect to the truth of the allegations contained in Paragraph 3 of the Amended

Complaint.

4.     Defendant Edwards lacks knowledge or information sufficient to form a belief with

respect to the truth of the allegations contained in Paragraph 4 of the Amended

Complaint.

5.     Defendant Edwards denies the allegations in Paragraph 5 of the Amended Complaint.

6.     Defendant Edwards denies the allegations in Paragraph 6 of the Amended Complaint.

7.     Paragraph 7 of the Amended Complaint states legal conclusions which no response is

required.  To the extent a response to the allegations is required, Defendant Edwards

lacks knowledge or information sufficient to form a belief with respect to the truth of the

allegations contained in Paragraph 7 of the Amended Complaint.

8.    Defendant Edwards lacks knowledge or information sufficient to form a belief with respect to the truth of the allegations contained in Paragraph 8 of the Amended Complaint.

9.    Defendant Edwards lacks knowledge or information sufficient to form a belief with respect to the truth of the allegations contained in Paragraph 9 of the Amended Complaint.

10.   Defendant Edwards denies the allegations in Paragraph 10 of the Amended Complaint.

## II.    THE PARTIES

11.   In response to Paragraph 11 of the Amended Complaint, Defendant Edwards reasserts his responses and defenses as if fully stated herein.

12.   Defendant Edwards denies the allegations in Paragraph 12 of the Amended Complaint.

13.   Defendant Edwards lacks knowledge or information sufficient to form a belief with respect to the truth of the allegations contained in Paragraph 13 of the Amended Complaint.

14.   Defendant Edwards denies the allegations in Paragraph 14 of the Amended Complaint.

15.   Defendant Edwards lacks knowledge or information sufficient to form a belief with respect to the truth of the allegations contained in Paragraph 15 of the Amended Complaint.

16.   Defendant Edwards denies the allegations in Paragraph 16 of the Amended Complaint.

17.   Paragraph 17 of the Amended Complaint states legal conclusions to which no response is required.  To the extent a response to the allegations is required, Defendant Edwards lacks knowledge or information sufficient to form a belief with respect to the truth of the allegations contained in Paragraph 17 of the Amended Complaint.

### III.    JURISDICTION AND VENUE

18.    In response to Paragraph 18 of the Amended Complaint, Defendant Edwards reasserts his responses and defenses as if fully stated herein.

19.    Paragraph 19 of the Amended Complaint states legal conclusions to which no response is required.  To the extent a response to the allegations is required, Defendant Edwards lacks knowledge or information sufficient to form a belief with respect to the truth of the allegations contained in Paragraph 19 of the Amended Complaint.

20.    Paragraph 20 of the Amended Complaint states legal conclusions to which no response is required.  To the extent a response to the allegations is required, Defendant Edwards denies the allegations in Paragraph 20 of the Amended Complaint.  Defendant Edwards further states that venue is proper in Kanawha County.

### IV.    CLASS ACTION ALLEGATIONS

21.    In response to Paragraph 21 of the Amended Complaint, Defendant Edwards reasserts his responses and defenses as if fully stated herein.

22.    Defendant Edwards lacks knowledge or information sufficient to form a belief with respect to the truth of the allegations contained in Paragraph 22 of the Amended Complaint.

23.    Paragraph 23 also states legal conclusions to which no response is required.  To the extent a response to the allegations is required, Defendant Edwards denies the allegations in Paragraph 23 of the Amended Complaint.

24.    Paragraph 24 also states legal conclusions to which no response is required.  To the extent a response to the allegations is required, Defendant Edwards denies the allegations in Paragraph 24 of the Amended Complaint.

25.    Paragraph 25 states legal conclusions and allegations about other parties to which no response is required.  To the extent a response to the allegations is required, Defendant Edwards denies the allegations in Paragraph 25 and its subparts of the Amended Complaint.

26.    Paragraph 26 states legal conclusions to which no response is required.  To the extent a response to the allegations is required, Defendant Edwards denies the allegations in Paragraph 26 of the Amended Complaint.

27.    Defendant Edwards lacks knowledge or information sufficient to form a belief with respect to the truth of the allegations contained in Paragraph 27 of the Amended Complaint.

28.    Paragraph 28 of the Amended Complaint states legal conclusions to which no response is required.  To the extent a response to the allegations is required, Defendant Edwards denies the allegations in Paragraph 28 of the Amended Complaint.

29.    Paragraph 29 of the Amended Complaint states legal conclusions to which no response is required.  To the extent a response to the allegations is required, Defendant Edwards denies the allegations in Paragraph 29 of the Amended Complaint.

30.    Paragraph 30 of the Amended Complaint states legal conclusions to which no response is required.  To the extent a response to the allegations is required, Defendant Edwards denies the allegations in Paragraph 30 of the Amended Complaint.

31.    Paragraph 31 of the Amended Complaint states legal conclusions to which no response is required.  To the extent a response to the allegations is required, Defendant Edwards denies the allegations in Paragraph 31 of the Amended Complaint.

32.     Paragraph 32 of the Amended Complaint states legal conclusions to which no response is required.  To the extent a response to the allegations is required, Defendant Edwards denies the allegations in Paragraph 32 of the Amended Complaint.

33.     Paragraph 33 of the Amended Complaint states legal conclusions to which no response is required.  To the extent a response to the allegations is required, Defendant Edwards denies the allegations in Paragraph 33 of the Amended Complaint.

## V.     SPECIFIC PARTY ALLEGATIONS

34.     In response to Paragraph 34 of the Amended Complaint, Defendant Edwards reasserts his responses and defenses as if fully stated herein.

35.     Defendant Edwards denies the allegations in Paragraph 35 of the Amended Complaint.

36.     Defendant Edwards lacks knowledge or information sufficient to form a belief with respect to the truth of the allegations contained in Paragraph 36 of the Amended Complaint.

37.     Defendant Edwards lacks knowledge or information sufficient to form a belief with respect to the truth of the allegations contained in Paragraph 37 and its subparts of the Amended Complaint.

38.     Defendant Edwards lacks knowledge or information sufficient to form a belief with respect to the truth of the allegations contained in Paragraph 38 of the Amended Complaint.

39.     Defendant Edwards lacks knowledge or information sufficient to form a belief with respect to the truth of the allegations contained in Paragraph 39 of the Amended Complaint.

40.     Defendant Edwards lacks knowledge or information sufficient to form a belief with respect to the truth of the allegations contained in Paragraph 40 of the Amended Complaint.

41.     Defendant Edwards lacks knowledge or information sufficient to form a belief with respect to the truth of the allegations contained in Paragraph 41 of the Amended Complaint.

## VI.     CAUSES OF ACTION

42.     In response to Paragraph 42 of the Amended Complaint, Defendant Edwards reasserts his responses and defenses as if fully stated herein.

43.     Defendant Edwards denies the allegations in Paragraph 43 of the Amended Complaint.

44.     Defendant Edwards denies the allegations in Paragraph 44 of the Amended Complaint.

45.     Defendant Edwards denies the allegations in Paragraph 45 of the Amended Complaint.

46.     In response to Paragraph 46 of the Amended Complaint, Defendant Edwards reasserts his responses and defenses as if fully stated herein.

47.     Defendant Edwards denies the allegations in Paragraph 47 of the Amended Complaint.

48.     Defendant Edwards denies the allegations in Paragraph 48 of the Amended Complaint.

49.     Defendant Edwards denies the allegations in Paragraph 49 of the Amended Complaint.

50.     In response to Paragraph 50 of the Amended Complaint, Defendant Edwards reasserts his responses and defenses as if fully stated herein.

51.     Defendant Edwards denies the allegations in Paragraph 51 of the Amended Complaint.

52.     Defendant Edwards denies the allegations in Paragraph 52 of the Amended Complaint.

53.     In response to Paragraph 53 of the Amended Complaint, Defendant Edwards reasserts his responses and defenses as if fully stated herein.

54.     Defendant Edwards denies the allegations in Paragraph 54 of the Amended Complaint.

55.     Defendant Edwards denies the allegations in Paragraph 55 of the Amended Complaint.

56.     Defendant Edwards denies the allegations in Paragraph 56 of the Amended Complaint.

57.     Defendant Edwards denies the allegations in Paragraph 57 of the Amended Complaint.

58.     Defendant Edwards denies the allegations in Paragraph 58 of the Amended Complaint.

59.     In response to Paragraph 59 of the Amended Complaint, Defendant Edwards reasserts his responses and defenses as if fully stated herein.

60.     Defendant Edwards lacks knowledge or information sufficient to form a belief with respect to the truth of the allegations contained in Paragraph 60 of the Amended Complaint.

61.     Defendant Edwards lacks knowledge or information sufficient to form a belief with respect to the truth of the allegations contained in Paragraph 61 of the Amended Complaint.

62.     Defendant Edwards lacks knowledge or information sufficient to form a belief with respect to the truth of the allegations contained in Paragraph 62 of the Amended Complaint. .

63.     Defendant Edwards denies that certification of a class is proper.

64.     Defendant Edwards denies all allegations not expressly admitted herein.

65.     Defendant Edwards denies that Plaintiff is entitled to the relief requested in the Amended Complaint.

## AFFIRMATIVE AND OTHER DEFENSES

As for additional defenses to the Amended Complaint, and without assuming any burden of pleading or proof that would otherwise rest on Plaintiff, Defendant Edwards states as follows:

1.      The Amended Complaint fails to state, in whole or in part, a claim upon which relief may be granted pursuant to Rule 12 of the West Virginia Rules of Civil Procedure.

2.      Plaintiff's individual and putative class claims are barred by laches and the applicable

statutes of limitations and repose.

3.      Plaintiff's and the putative class members' recovery, if any, should be reduced pursuant

to the comparative negligence, fault, responsibility, or causation of others, including, but

not limited to, Plaintiff and the putative class members.

4.      Plaintiff's individual and putative class claims are barred by reason of Plaintiff's failure

to mitigate the alleged damages or losses and the failure of the putative class members to

mitigate the alleged damages or losses.

5.      Plaintiff's individual and putative class claims are barred by the doctrines of waiver and

estoppel.

6.      Plaintiff's individual and putative class claims are barred, in whole or in part, because

Plaintiff's and the putative class members' alleged damages or injuries were the result of

intervening or superseding events, factors, forces, occurrences, or conditions that were in

no way caused by Defendant Edwards and for which Defendant Edwards is not liable.

7.      Plaintiff's and the putative class members' damages, if any, were not proximately caused

by any act of omission of Defendant Edwards.

8.      Defendant Edwards acted properly and within the discretion afforded to him by law and

the West Virginia Consolidated Public Retirement Board.

9.      The imposition of punitive damages on the facts alleged in the complaint is barred by the

United States Constitution and by the Constitution of the State of West Virginia.

10.     Plaintiff's individual and putative class claims are barred in whole or in part by the

decision in <u>Anthony J. Barbario et al. v. State of West Virginia Consolidated Public</u>

<u>Retirement Board</u>, Circuit Court of Kanawha County, West Virginia, Civil Action No. 06-C-687 (Zakaib).

11.    Venue in Marshall County is improper.

12.    Inasmuch as Defendant Edwards is not advised of all of the facts and circumstances surrounding the events and allegations referred to in Plaintiff's Amended Complaint, he reserves the right to later assert any and all other affirmative defenses, including but not limited to those set forth in Rules 8 and 12 of the West Virginia Rules of Civil Procedure, which discovery may reveal are applicable.

**WHEREFORE**, George Matt Edwards respectfully requests that the Court dismiss Plaintiff's Amended Complaint with prejudice and grant George Matt Edwards such other and further relief as may be appropriate, including costs and attorney's fees as the Court deems proper.

Defendant George Matt Edwards demands a trial by jury.

**GEORGE MATT EDWARDS**

**By Counsel**

Thomas J. Hurney, Jr. (WVSB #1833)
Clifford F. Kinney, Jr. (WVSB #6220)
**JACKSON KELLY PLLC**
P. O. Box 553
Charleston, WV  25322-0553
(304) 340-1000

and

David McNeel Lane, Jr.
(admission *pro hac vice* pending)
Brian S. Jones
(admission *pro hac vice* pending)
**AKIN GUMP STRAUSS HAUER & FELD LLP**
300 Convent Street, Suite 1600
San Antonio, Texas 78205-3732
(210) 281-7000

# IN THE CIRCUIT COURT OF KANAWHA COUNTY, WEST VIRGINIA

**CHERYL DOUGHERTY, individually,**
**and on behalf of all others similarly situated,**

      **Plaintiff,**

**v.**

                                  **CIVIL ACTION NO. 08-C-2080**
                                  **(Honorable Judge Kaufman)**

**RAMONA CERRA, et al.,**

      **Defendants.**

## CERTIFICATE OF SERVICE

    I, Clifford F. Kinney, Jr., counsel for Defendant certify that a copy of the foregoing *Answer and Affirmative and Other Defenses of Defendant George Matt Edwards to Amended Class Action Complaint* was sent via *regular U.S. mail* on November 17th, 2008 to the following counsel of record:

| | |
|---|---|
| Harry F. Bell, Jr. | Gary Pullin |
| William L. Bands | PULLIN, FOWLER, FLANAGAN, |
| Tim J. Yianne | BROWN, & POE, PLLC |
| BELL & BANDS, PLLC | JamesMark Building |
| 30 Capitol Street | 901 Quarrier Street |
| P.O. Box 1723 | Charleston, WV 25301 |
| Charleston, WV 25326-1723 | (304) 344-1000 |
| (304) 345-1700 | (304) 342-1545 Facsimile |
| (304) 345-1715 Facsimile | |

Charles R. Webb
THE WEBB LAW FIRM
108 1/2 Capitol Street, Suite 201
Charleston, WV 25301
(304) 344-9322
(304) 344-1157 Facsimile

Clifford F. Kinney, Jr. (WVSB #6220)

| PLAINTIFF: | **CHERYL DOUGHERTY** | CASE NUMBER: 08-C-2080 | *FILED* |
|---|---|---|---|
| DEFENDANT: | **RAMONA CERRA, et al.** | | |

II.  **TYPE OF CASE:**
- ■ **General Civil**
- ☐ **Mass Litigation**
  **(As defined in T.C.R. Rule XIX(c))**

  2008 NOV 18 PM 1:49
  CATHY S. ...
  KANAWHA CO. CIRCUIT COURT

  - ☐ **Asbestos**
  - ☐ **Carpal Tunnel Syndrome**
  - ☐ **Diet Drugs**
  - ☐ **Environment**
  - ☐ **Industrial Hearing Loss**
  - ☐ **Silicone Implants**
  - ☐ **Other:** _____

- ☐ **Habeas Corpus/Other Extraordinary Writ**

- ☐ **Other:** _____

- ☐ **Adoption**
- ☐ **Administrative Agency Appeal**
- ☐ **Civil Appeal from Magistrate Court**
- ☐ **Miscellaneous Civil Petition**
- ☐ **Mental Hygiene**
- ☐ **Guardianship**
- ☐ **Medical Malpractice**

III.  **JURY DEMAND:**     ■ Yes     ☐ No

**CASE WILL BE READY FOR TRIAL BY (MONTH/YEAR):**     **May 20**  /  **2010**

IV.  **DO YOU OR ANY OF YOUR CLIENTS OR WITNESSES IN THIS CASE REQUIRE SPECIAL ACCOMMODATIONS DUE TO A DISABILITY OR AGE? ☐ YES ■ NO**
    **IF YES, PLEASE SPECIFY:**

    - ☐ Wheelchair accessible hearing room and other facilities
    - ☐ Interpreter or other auxiliary aid for the hearing impaired
    - ☐ Reader or other auxiliary aid for the visually impaired
    - ☐ Spokesperson or other auxiliary aid for the speech impaired
    - ☐ Other: _____

| Attorney Name: | **Clifford F. Kinney, Jr.  (WVSB#6220)** | | Representing: |
|---|---|---|---|
| Firm: | **JACKSON KELLY PLLC** | ☐ Plaintiff | ■ Defendant |
| Address: | **P. O. Box 553** | ☐ Cross- Complainant | ☐ Cross-Defendant |
| | **Charleston, WV 25322-0553** | | |
| Telephone: | **(304) 340-1000** | | |
| Dated: | *11-17-08* | | |

☐ Proceeding Without an Attorney

FILED

2009 NOV 18 PM 1:49

KANAWHA CO. CIRCUIT COURT

IN THE CIRCUIT COURT OF KANAWHA COUNTY, WEST VIRGINIA

CHERYL DOUGHERTY, individually,
and on behalf of all others similarly situated,

      Plaintiff,

v.

                                                         CIVIL ACTION NO.: 08-C-2080
                                                         (Honorable Judge Kaufman)

RAMONA CERRA, individually; JOHN COOK,
individually; GREG GARRETT, individually;
ROLAND RICH, individually; GEORGE M.
EDWARDS, individually; CLARENCE
BURDETTE, individually; BRIAN AIKMAN,
individually; LUTHER COPE, individually; GUY
DEVONO, individually; DON GIBSON,
individually; BILL GLASS, individually; JOHN
MARSHALL, individually; MARK MULLENS,
individually; TIMOTHY PALMER, individually;
JIM PINGLEY, individually; DAVID SISK,
individually; JOHN SPURLOCK, individually; KEN
WHITTINGTON, individually; and all other
Presently Unknown Individual
Agents/Employees/Contract Workers/
Representatives of VALIC/AIG, as named below,
involved in the sale and marketing of VALIC/AIG
retirement products in West Virginia to existing and
newly-hired members of the West Virginia Teachers'
Retirement System; AMERICAN
INTERNATIONAL GROUP, INC., a Texas
corporation; AIG RETIREMENT GROUP, f/k/a
AIG VALIC GROUP; VARIABLE ANNUITY LIFE
INSURANCE COMPANY, a Texas corporation;
AIG RETIREMENT ADVISORS, INC., f/k/a
VALIC FINANCIAL ADVISORS, INC., a Texas
corporation; AIG RETIREMENT SERVICES
COMPANY, f/k/a VALIC RETIREMENT
SERVICES COMPANY, a Texas corporation;
VARIABLE ANNUITY MARKETING COMPANY,
a Texas Corporation; and the WEST VIRGINIA
CONSOLIDATED PUBLIC RETIREMENT
BOARD, a West Virginia state Agency,

      Defendants.

{C1418264.1}

## ANSWER AND AFFIRMATIVE AND OTHER DEFENSES
## OF DEFENDANT JOHN E. COOK TO AMENDED CLASS ACTION COMPLAINT

Comes now Defendant John E. Cook ("Defendant Cook"), by counsel, and submits his

Answer and Affirmative and Other Defenses to the Amended Class Action Complaint

("Amended Complaint"):

### ANSWER

### I.    INTRODUCTION AND COMMON FACTS

1.    Defendant Cook lacks knowledge or information sufficient to form a belief with respect
to the truth of the allegations contained in Paragraph 1 of the Amended Complaint.

2.    Defendant Cook denies the allegations in Paragraph 2 of the Amended Complaint.

3.    Defendant Cook lacks knowledge or information sufficient to form a belief with respect
to the truth of the allegations contained in Paragraph 3 of the Amended Complaint.

4.    Defendant Cook lacks knowledge or information sufficient to form a belief with respect
to the truth of the allegations contained in Paragraph 4 of the Amended Complaint.

5.    Defendant Cook denies the allegations in Paragraph 5 of the Amended Complaint.

6.    Defendant Cook denies the allegations in Paragraph 6 of the Amended Complaint.

7.    Paragraph 7 of the Amended Complaint states legal conclusions to which no response is
required.  To the extent a response to the allegations is required, Defendant Cook lacks
knowledge or information sufficient to form a belief with respect to the truth of the
allegations contained in Paragraph 7 of the Amended Complaint.

8.    Defendant Cook denies the allegations in Paragraph 8 of the Amended Complaint.

9.    Defendant Cook denies the allegations in Paragraph 9 of the Amended Complaint.

10.    Defendant Cook denies the allegations in Paragraph 10 of the Amended Complaint.

### II.    THE PARTIES

11.     In response to Paragraph 11 of the Amended Complaint, Defendant Cook reasserts his responses and defenses as if fully stated herein.

12.     Defendant Cook denies the allegations in Paragraph 12 of the Amended Complaint.

13.     Defendant Cook lacks knowledge or information sufficient to form a belief with respect to the truth of the allegations contained in Paragraph 13 of the Amended Complaint.

14.     Defendant Cook denies the allegations in Paragraph 14 of the Amended Complaint.

15.     Defendant Cook denies the allegations in Paragraph 15 of the Amended Complaint.

16.     Defendant Cook denies the allegations in Paragraph 16 of the Amended Complaint.

17.     Paragraph 17 of the Amended Complaint states legal conclusions to which no response is required.  To the extent a response to the allegations is required, Defendant Cook lacks knowledge or information sufficient to form a belief with respect to the truth of the allegations contained in Paragraph 17 of the Amended Complaint.

### III.     JURISDICTION AND VENUE

18.     In response to Paragraph 18 of the Amended Complaint, Defendant Cook reasserts his responses and defenses as if fully stated herein.

19.     Paragraph 19 of the Amended Complaint states legal conclusions to which no response is required.  To the extent a response to the allegations is required, Defendant Cook lacks knowledge or information sufficient to form a belief with respect to the truth of the allegations contained in Paragraph 19 of the Amended Complaint.

20.     Paragraph 20 of the Amended Complaint states legal conclusions to which no response is required.  To the extent a response to the allegations is required, Defendant Cook denies the allegations in Paragraph 20 of the Amended Complaint.  Defendant Cook further states that venue is proper in Kanawha County.

### IV.     CLASS ACTION ALLEGATIONS

21.     In response to Paragraph 21 of the Amended Complaint, Defendant Cook reasserts his responses and defenses as if fully stated herein.

22.     Defendant Cook lacks knowledge or information sufficient to form a belief with respect to the truth of the allegations contained in Paragraph 22 of the Amended Complaint.

23.     Paragraph 23 also states legal conclusions and allegations about other parties to which no response is required.  To the extent a response to the allegations is required, Defendant Cook denies the allegations in Paragraph 23 of the Amended Complaint.

24.     Paragraph 24 also states legal conclusions and allegations about other parties to which no response is required.  To the extent a response to the allegations is required, Defendant Cook denies the allegations in Paragraph 24 of the Amended Complaint.

25.     Paragraph 25 states legal conclusions and allegations about other parties to which no response is required.  To the extent a response to the allegations is required, Defendant Cook denies the allegations in Paragraph 25 and its subparts of the Amended Complaint.

26.     Paragraph 26 states legal conclusions to which no response is required.  To the extent a response to the allegations is required, Defendant Cook denies the allegations in Paragraph 26 of the Amended Complaint.

27.     Defendant Cook lacks knowledge or information sufficient to form a belief with respect to the truth of the allegations contained in Paragraph 27 of the Amended Complaint.

28.     Paragraph 28 of the Amended Complaint states legal conclusions to which no response is required.  To the extent a response to the allegations is required, Defendant Cook denies the allegations in Paragraph 28 of the Amended Complaint.

29.    Paragraph 29 of the Amended Complaint states legal conclusions to which no response is required.  To the extent a response to the allegations is required, Defendant Cook denies the allegations in Paragraph 29 of the Amended Complaint.

30.    Paragraph 30 of the Amended Complaint states legal conclusions to which no response is required.  To the extent a response to the allegations is required, Defendant Cook denies the allegations in Paragraph 30 of the Amended Complaint.

31.    Paragraph 31 of the Amended Complaint states legal conclusions to which no response is required.  To the extent a response to the allegations is required, Defendant Cook denies the allegations in Paragraph 31 of the Amended Complaint.

32.    Paragraph 32 of the Amended Complaint states legal conclusions which no response is required.  To the extent a response to the allegations is required, Defendant Cook denies the allegations in Paragraph 32 of the Amended Complaint.

33.    Paragraph 33 of the Amended Complaint states legal conclusions which no response is required.  To the extent a response to the allegations is required, Defendant Cook denies the allegations in Paragraph 33 of the Amended Complaint.

## V.    SPECIFIC PARTY ALLEGATIONS

34.    In response to Paragraph 34 of the Amended Complaint, Defendant Cook reasserts his responses and defenses as if fully stated herein.

35.    Defendant Cook lacks knowledge or information sufficient to form a belied with respect to the truth of the allegations contained in Paragraph 35 of the Amended Complaint.

36.    Defendant Cook lacks knowledge or information sufficient to form a belief with respect to the truth of the allegations contained in Paragraph 36 of the Amended Complaint.

37. Defendant Cook lacks knowledge or information sufficient to form a belief with respect to the truth of the allegations contained in Paragraph 37 and its subparts of the Amended Complaint.

38. Defendant Cook lacks knowledge or information sufficient to form a belief with respect to the truth of the allegations contained in Paragraph 38 of the Amended Complaint.

39. Defendant Cook lacks knowledge or information sufficient to form a belief with respect to the truth of the allegations contained in Paragraph 39 of the Amended Complaint.

40. Defendant Cook lacks knowledge or information sufficient to form a belief with respect to the truth of the allegations contained in Paragraph 40 of the Amended Complaint.

41. Defendant Cook lacks knowledge or information sufficient to form a belief with respect to the truth of the allegations contained in Paragraph 41 of the Amended Complaint.

## VI.    CAUSES OF ACTION

42. In response to Paragraph 42 of the Amended Complaint, Defendant Cook reasserts his responses and defenses as if fully stated herein.

43. Defendant Cook denies the allegations in Paragraph 43 of the Amended Complaint.

44. Defendant Cook denies the allegations in Paragraph 44 of the Amended Complaint.

45. Defendant Cook denies the allegations in Paragraph 45 of the Amended Complaint.

46. In response to Paragraph 46 of the Amended Complaint, Defendant Cook reasserts his responses and defenses as if fully stated herein.

47. Defendant Cook denies the allegations in Paragraph 47 of the Amended Complaint.

48. Defendant Cook denies the allegations in Paragraph 48 of the Amended Complaint.

49. Defendant Cook denies the allegations in Paragraph 49 of the Amended Complaint.

50. In response to Paragraph 50 of the Amended Complaint, Defendant Cook reasserts his responses and defenses as if fully stated herein.

51.    Defendant Cook denies the allegations in Paragraph 51 of the Amended Complaint.

52.    Defendant Cook denies the allegations in Paragraph 52 of the Amended Complaint.

53.    In response to Paragraph 53 of the Amended Complaint, Defendant Cook reasserts his responses and defenses as if fully stated herein.

54.    Defendant Cook denies the allegations in Paragraph 54 of the Amended Complaint.

55.    Defendant Cook denies the allegations in Paragraph 55 of the Amended Complaint.

56.    Defendant Cook denies the allegations in Paragraph 56 of the Amended Complaint.

57.    Defendant Cook denies the allegations in Paragraph 57 of the Amended Complaint.

58.    Defendant Cook denies the allegations in Paragraph 58 of the Amended Complaint.

59.    In response to Paragraph 59 of the Amended Complaint, Defendant Cook reasserts his responses and defenses as if fully stated herein.

60.    Defendant Cook lacks knowledge or information sufficient to form a belief with respect to the truth of the allegations contained in Paragraph 60 of the Amended Complaint.

61.    Defendant Cook lacks knowledge or information sufficient to form a belief with respect to the truth of the allegations contained in Paragraph 61 of the Amended Complaint.

62.    Defendant Cook lacks knowledge or information sufficient to form a belief with respect to the truth of the allegations contained in Paragraph 62 of the Amended Complaint.  .

63.    Defendant Cook denies that certification of a class is proper.

64.    Defendant Cook denies all allegations not expressly admitted herein.

65.    Defendant Cook denies that Plaintiff is entitled to the relief requested in the Amended Complaint.

## AFFIRMATIVE AND OTHER DEFENSES

As for additional defenses to the Amended Complaint, and without assuming any burden of pleading or proof that would otherwise rest on Plaintiff, Defendant Cook states as follows:

1.      The Amended Complaint fails to state, in whole or in part, a claim upon which relief may be granted pursuant to Rule 12 of the West Virginia Rules of Civil Procedure.

2.      Plaintiff's individual and putative class claims are barred by laches, the applicable statutes of limitations and repose.

3.      Plaintiff's and the putative class members' recovery, if any, should be reduced pursuant to the comparative negligence, fault, responsibility, or causation of others, including, but not limited to, Plaintiff and the putative class members.

4.      Plaintiff's individual and putative class claims are barred by reason of Plaintiff's failure to mitigate the alleged damages or losses and the failure of the putative class members to mitigate the alleged damages or losses.

5.      Plaintiff's individual and putative class claims are barred by the doctrines of waiver and estoppel.

6.      Plaintiff's individual and putative class claims are barred, in whole or in part, because Plaintiff's and the putative class members' alleged damages or injuries were the result of intervening or superseding events, factors, forces, occurrences, or conditions that were in no way caused by Defendant Cook and for which Defendant Cook is not liable.

7.      Plaintiff's and the putative class members' damages, if any, were not proximately caused by any act of omission of Defendant Cook.

8.      Defendant Cook acted properly and within the discretion afforded to him by law and the West Virginia Consolidated Public Retirement Board.

9.      The imposition of punitive damages on the facts alleged in the complaint is barred by the United States Constitution and by the Constitution of the State of West Virginia.

10.    Plaintiff's individual and putative class claims are barred in whole or in part by the

decision in <u>Anthony J. Barbario et al. v. State of West Virginia Consolidated Public</u>

<u>Retirement Board</u>, Circuit Court of Kanawha County, West Virginia, Civil Action No.

06-C-687 (Zakaib).

11.    Venue in Marshall County is improper.

12.    Inasmuch as Defendant Cook is not advised of all of the facts and circumstances

surrounding the events and allegations referred to in Plaintiff's Amended Complaint, he

reserves the right to later assert any and all other affirmative defenses, including but not

limited to those set forth in Rules 8 and 12 of the West Virginia Rules of Civil Procedure,

which discovery may reveal are applicable.

**WHEREFORE**, John E. Cook respectfully requests that the Court dismiss Plaintiff's

Amended Complaint with prejudice and grant John E. Cook such other and further relief as may

be appropriate, including costs and attorney's fees as the Court deems proper.

Defendant John E. Cook demands a trial by jury.


**JOHN E. COOK**


**By Counsel**


Thomas J. Hurney, Jr. (WVSB #1833)
Clifford F. Kinney, Jr. (WVSB #6220)
**JACKSON KELLY PLLC**
P. O. Box 553
Charleston, WV  25322-0553
(304) 340-1000

and

David McNeel Lane, Jr.
(admission *pro hac vice* pending)
Brian S. Jones
(admission *pro hac vice* pending)
**AKIN GUMP STRAUSS HAUER & FELD LLP**
300 Convent Street, Suite 1600
San Antonio, Texas 78205-3732
(210) 281-7000

IN THE CIRCUIT COURT OF KANAWHA COUNTY, WEST VIRGINIA

CHERYL DOUGHERTY, individually,
and on behalf of all others similarly situated,

      Plaintiff,

v.                                    CIVIL ACTION NO. 08-C-2080
                                           (Honorable Judge Kaufman)

RAMONA CERRA, et al.,

      Defendants.

## CERTIFICATE OF SERVICE

I, Clifford F. Kinney, Jr., certify that a copy of the foregoing *Answer and Affirmative and Other Defenses of Defendant John E. Cook to Amended Class Action Complaint* was sent via *regular U.S. mail* on November 17th, 2008 to the following counsel of record:

Harry F. Bell, Jr.
William L. Bands
Tim J. Yianne
BELL & BANDS, PLLC
30 Capitol Street
P.O. Box 1723
Charleston, WV 25326-1723
(304) 345-1700
(304) 345-1715 Facsimile

Charles R. Webb
THE WEBB LAW FIRM
108 1/2 Capitol Street, Suite 201
Charleston, WV 25301
(304) 344-9322
(304) 344-1157 Facsimile

Gary Pullin
PULLIN, FOWLER, FLANAGAN,
BROWN, & POE, PLLC
JamesMark Building
901 Quarrier Street
Charleston, WV 25301
(304) 344-1000
(304) 342-1545 Facsimile

Clifford F. Kinney, Jr. (WVSB #6220)

{C1418264.1}

| PLAINTIFF: | **CHERYL DOUGHERTY** | CASE NUMBER: |
|---|---|---|
| DEFENDANT: | **RAMONA CERRA, et al.** | 08-C-2080 |

*FILED*

*2008 NOV 18 PM 1: 50*

*KANAWHA CO. CIRCUIT COURT*

**II.    TYPE OF CASE:**

- ■ General Civil
- ☐ **Mass Litigation**
   **(As defined in T.C.R. Rule XIX(c))**

   - ☐ **Asbestos**
   - ☐ **Carpal Tunnel Syndrome**
   - ☐ **Diet Drugs**
   - ☐ **Environment**
   - ☐ **Industrial Hearing Loss**
   - ☐ **Silicone Implants**
   - ☐ **Other:** _____

- ☐ **Habeas Corpus/Other Extraordinary Writ**

- ☐ **Other:** _____

- ☐ **Adoption**
- ☐ **Administrative Agency Appeal**

- ☐ **Civil Appeal from Magistrate Court**

- ☐ **Miscellaneous Civil Petition**

- ☐ **Mental Hygiene**

- ☐ **Guardianship**

- ☐ **Medical Malpractice**

**III.    JURY DEMAND:**        ■ Yes        ☐ No

**CASE WILL BE READY FOR TRIAL BY
(MONTH/YEAR):**                    **May 20** / **2010**

**IV.    DO YOU OR ANY OF YOUR CLIENTS OR WITNESSES IN THIS CASE REQUIRE SPECIAL ACCOMMODATIONS DUE TO A
DISABILITY OR AGE? ☐ YES ■ NO
IF YES, PLEASE SPECIFY:**

- ☐ Wheelchair accessible hearing room and other facilities
- ☐ Interpreter or other auxiliary aid for the hearing impaired
- ☐ Reader or other auxiliary aid for the visually impaired
- ☐ Spokesperson or other auxiliary aid for the speech impaired
- ☐ Other: _____

| | | Representing: |
|---|---|---|
| Attorney Name: | **Clifford F. Kinney, Jr.  (WVSB#6220)** | |
| Firm: | **JACKSON KELLY PLLC** | ☐ Plaintiff        ■ Defendant |
| Address: | **P. O. Box 553** | ☐ Cross- Complainant   ☐ Cross-Defendant |
| | **Charleston, WV 25322-0553** | |
| Telephone: | **(304) 340-1000** | |
| Dated: | *11-17-08* | |

☐  Proceeding Without an Attorney