IN THE CIRCUIT COURT OF KANAWHA COUNTY, WEST VIRGINIA

**CHERYL DOUGHERTY, individually,**
**and on behalf of all others similarly situated,**

      **Plaintiff,**

v.

**RAMONA CERRA, individually; JOHN COOK,**
**individually; GREG GARRETT, individually;**
**ROLAND RICH, individually; GEORGE M.**
**EDWARDS, individually; CLARENCE**
**BURDETTE, individually; BRIAN AIKMAN,**
**individually; LUTHER COPE, individually; GUY**
**DEVONO, individually; DON GIBSON,**
**individually; BILL GLASS, individually; JOHN**
**MARSHALL, individually; MARK MULLENS,**
**individually; TIMOTHY PALMER, individually;**
**JIM PINGLEY, individually; DAVID SISK,**
**individually; JOHN SPURLOCK, individually; KEN**
**WHITTINGTON, individually; and all other**
**Presently Unknown Individual**
**Agents/Employees/Contract Workers/**
**Representatives of VALIC/AIG, as named below,**
**involved in the sale and marketing of VALIC/AIG**
**retirement products in West Virginia to existing and**
**newly-hired members of the West Virginia Teachers'**
**Retirement System; AMERICAN**
**INTERNATIONAL GROUP, INC., a Texas**
**corporation; AIG RETIREMENT GROUP, f/k/a**
**AIG VALIC GROUP; VARIABLE ANNUITY LIFE**
**INSURANCE COMPANY, a Texas corporation;**
**AIG RETIREMENT ADVISORS, INC., f/k/a**
**VALIC FINANCIAL ADVISORS, INC., a Texas**
**corporation; AIG RETIREMENT SERVICES**
**COMPANY, f/k/a VALIC RETIREMENT**
**SERVICES COMPANY, a Texas corporation;**
**VARIABLE ANNUITY MARKETING COMPANY,**
**a Texas Corporation; and the WEST VIRGINIA**
**CONSOLIDATED PUBLIC RETIREMENT**
**BOARD, a West Virginia state Agency,**

      **Defendants.**

**CIVIL ACTION NO.: 08-C-2080**
**(Honorable Judge Kaufman)**

FILED
2008 NOV 18 PM 1: 50
KANAWHA CO. CIRCUIT COURT

{C1434582.1}

## ANSWER AND AFFIRMATIVE AND OTHER DEFENSES
## OF DEFENDANT ROLAND RICH TO AMENDED CLASS ACTION COMPLAINT

Comes now Defendant Roland Rich ("Defendant Rich"), by counsel, and submits his

Answer and Affirmative and Other Defenses to the Amended Class Action Complaint

("Amended Complaint"):

### ANSWER

### I.        INTRODUCTION AND COMMON FACTS

1.        Defendant Rich lacks knowledge or information sufficient to form a belief with
respect to the truth of the allegations contained in Paragraph 1 of the Amended Complaint.

2.        Defendant Rich denies the allegations in Paragraph 2 of the Amended Complaint.

3.        Defendant Rich lacks knowledge or information sufficient to form a belief with
respect to the truth of the allegations contained in Paragraph 3 of the Amended Complaint.

4.        Defendant Rich lacks knowledge or information sufficient to form a belief with
respect to the truth of the allegations contained in Paragraph 4 of the Amended Complaint.

5.        Defendant Rich denies the allegations in Paragraph 5 of the Amended Complaint.

6.        Defendant Rich denies the allegations in Paragraph 6 of the Amended Complaint.

7.        Paragraph 7 of the Amended Complaint states legal conclusions to which no
response is required.  To the extent a response to the allegations is required, Defendant Rich
lacks knowledge or information sufficient to form a belief with respect to the truth of the
allegations contained in Paragraph 7 of the Amended Complaint.

8.        Defendant Rich lacks knowledge or information sufficient to form a belief with
respect to the truth of the allegations contained in Paragraph 8 of the Amended Complaint.

9.        Defendant Rich lacks knowledge or information sufficient to form a belief with
respect to the truth of the allegations contained in Paragraph 9 of the Amended Complaint.

10.     Defendant Rich denies the allegations contained in Paragraph 10 of the Amended Complaint.

## II.     THE PARTIES

11.     In response to Paragraph 11 of the Amended Complaint, Defendant Rich reasserts his responses and defenses as if fully stated herein.

12.     Defendant Rich denies the allegations in Paragraph 12 of the Amended Complaint.

13.     Defendant Rich lacks knowledge or information sufficient to form a belief with respect to the truth of the allegations contained in Paragraph 13 of the Amended Complaint.

14.     Defendant Rich denies the allegations in Paragraph 14 of the Amended Complaint.

15.     Defendant Rich lacks knowledge or information sufficient to form a belief with respect to the truth of the allegations contained in Paragraph 15 of the Amended Complaint.

16.     Defendant Rich denies the allegations in Paragraph 16 of the Amended Complaint.

17.     Paragraph 17 of the Amended Complaint states legal conclusions to which no response is required.  To the extent a response to the allegations is required, Defendant Rich lacks knowledge or information sufficient to form a belief with respect to the truth of the allegations contained in Paragraph 17 of the Amended Complaint.

## III.     JURISDICTION AND VENUE

18.     In response to Paragraph 18 of the Amended Complaint, Defendant Rich reasserts his responses and defenses as if fully stated herein.

19.     Paragraph 19 of the Amended Complaint states legal conclusions to which no response is required. To the extent a response to the allegations is required, Defendant Rich lacks

knowledge or information sufficient to form a belief with respect to the truth of the allegations contained in Paragraph 19 of the Amended Complaint.

20.     Paragraph 20 of the Amended Complaint states legal conclusions to which no response is required.  To the extent a response is required, Defendant Rich denies the allegations. Defendant Rich further states that venue is proper in Kanawha County.

## IV.     CLASS ACTION ALLEGATIONS

21.     In response to Paragraph 21 of the Amended Complaint, Defendant Rich reasserts his responses and defenses as if fully stated herein.

22.     Defendant Rich lacks knowledge or information sufficient to form a belief with respect to the truth of the allegations contained in Paragraph 22 of the Amended Complaint.

23.     Paragraph 23 of the Amended Complaint states legal conclusions to which no response is required.  To the extent a response to the allegations is required, Defendant Rich denies the allegations in Paragraph 23 of the Amended Complaint.

24.     Paragraph 24 of the Amended Complaint states legal conclusions to which no response is required.  To the extent a response to the allegations is required, Defendant Rich denies the allegations in Paragraph 24 of the Amended Complaint.

25.     Paragraph 25 of the Amended Complaint states legal conclusions to which no response is required.  To the extent a response to the allegations is required, Defendant Rich denies the allegations in Paragraph 25 and its subparts of the Amended Complaint.

26.     Paragraph 26 of the Amended Complaint states legal conclusions to which no response is required.  To the extent a response to the allegations is required, Defendant Rich denies the allegations in Paragraph 26 of the Amended Complaint.

27.     Defendant Rich lacks knowledge or information sufficient to form a belief with respect to the truth of the allegations contained in Paragraph 27 of the Amended Complaint.

28.      Paragraph 28 of the Amended Complaint states legal conclusions to which no response is required.  To the extent a response to the allegations is required, Defendant Rich denies the allegations in Paragraph 28 of the Amended Complaint.

29.      Paragraph 29 of the Amended Complaint states legal conclusions to which no response is required.  To the extent a response to the allegations is required, Defendant Rich denies the allegations in Paragraph 29 of the Amended Complaint.

30.      Paragraph 30 of the Amended Complaint states legal conclusions to which no response is required.  To the extent a response to the allegations is required, Defendant Rich denies the allegations in Paragraph 30 of the Amended Complaint.

31.      Paragraph 31 of the Amended Complaint states legal conclusions to which no response is required.  To the extent a response to the allegations is required, Defendant Rich denies the allegations in Paragraph 31 of the Amended Complaint.

32.      Paragraph 32 of the Amended Complaint states legal conclusions to which no response is required.  To the extent a response to the allegations is required, Defendant Rich denies the allegations in Paragraph 32 of the Amended Complaint.

33.      Paragraph 33 of the Amended Complaint states legal conclusions to which no response is required.  To the extent a response to the allegations is required, Defendant Rich denies the allegations in Paragraph 33 of the Amended Complaint.

## V.      SPECIFIC PARTY ALLEGATIONS

34.      In response to Paragraph 34 of the Amended Complaint, Defendant Rich reasserts his responses and defenses as if fully stated herein.

35.      Defendant Rich denies the allegations in Paragraph 35 of the Amended Complaint.

36.     Defendant Rich lacks knowledge or information sufficient to form a belief with respect to the truth of the allegations contained in Paragraph 36 of the Amended Complaint.

37.     Defendant Rich lacks knowledge or information sufficient to form a belief with respect to the truth of the allegations contained in Paragraph 37 and its subparts of the Amended Complaint.

38.     Defendant Rich lacks knowledge or information sufficient to form a belief with respect to the truth of the allegations contained in Paragraph 38 of the Amended Complaint.

39.     Defendant Rich lacks knowledge or information sufficient to form a belief with respect to the truth of the allegations contained in Paragraph 39 of the Amended Complaint.

40.     Defendant Rich lacks knowledge or information sufficient to form a belief with respect to the truth of the allegations contained in Paragraph 40 of the Amended Complaint.

41.     Defendant Rich lacks knowledge or information sufficient to form a belief with respect to the truth of the allegations contained in Paragraph 41 of the Amended Complaint.

## VI.     CAUSES OF ACTION

42.     In response to Paragraph 42 of the Amended Complaint, Defendant Rich reasserts his responses and defenses as if fully stated herein.

43.     Defendant Rich denies the allegations in Paragraph 43 of the Amended Complaint.

44.     Defendant Rich denies the allegations in Paragraph 44 of the Amended Complaint.

45.     Defendant Rich denies the allegations in Paragraph 45 of the Amended Complaint.

46.     In response to Paragraph 46 of the Amended Complaint, Defendant Rich reasserts his responses and defenses as if fully stated herein.

47.     Defendant Rich denies the allegations in Paragraph 47 of the Amended Complaint.

48.     Defendant Rich denies the allegations in Paragraph 48 of the Amended Complaint.

49.     Defendant Rich denies the allegations in Paragraph 49 of the Amended Complaint.

50.     In response to Paragraph 50 of the Amended Complaint, Defendant Rich reasserts his responses and defenses as if fully stated herein.

51.     Defendant Rich denies the allegations in Paragraph 51 of the Amended Complaint.

52.     Defendant Rich denies the allegations in Paragraph 52 of the Amended Complaint.

53.     In response to Paragraph 53 of the Amended Complaint, Defendant Rich reasserts his responses and defenses as if fully stated herein.

54.     Defendant Rich denies the allegations in Paragraph 54 of the Amended Complaint.

55.     Defendant Rich denies the allegations in Paragraph 55 of the Amended Complaint.

56.     Defendant Rich denies the allegations in Paragraph 56 of the Amended Complaint.

57.     Defendant Rich denies the allegations in Paragraph 57 of the Amended Complaint.

58.     Defendant Rich denies the allegations in Paragraph 58 of the Amended Complaint.

59.     In response to Paragraph 59 of the Amended Complaint, Defendant Rich reasserts his responses and defenses as if fully stated herein.

60.     Defendant Rich lacks knowledge or information sufficient to form a belief with respect to the truth of the allegations contained in Paragraph 60 of the Amended Complaint.

61.     Defendant Rich lacks knowledge or information sufficient to form a belief with respect to the truth of the allegations contained in Paragraph 61 of the Amended Complaint

62.     Defendant Rich lacks knowledge or information sufficient to form a belief with respect to the truth of the allegations contained in Paragraph 62 of the Amended Complaint

63.     Defendant Rich denies that certification of a class is proper.

64.     Defendant Rich denies all allegations not expressly admitted herein.

65.     Defendant Rich denies that Plaintiff is entitled to the relief requested in the Amended Complaint.

## AFFIRMATIVE AND OTHER DEFENSES

As for additional defenses to the Amended Complaint, and without assuming any burden of pleading or proof that would otherwise rest on Plaintiff, Defendant Rich states as follows:

1.     The Amended Complaint fails to state, in whole or in part, a claim upon which relief may be granted pursuant to Rule 12 of the West Virginia Rules of Civil Procedure.

2.     Plaintiff's individual and putative class claims are barred by laches, the applicable statutes of limitations and repose.

3.     Plaintiff's and the putative class members' recovery, if any, should be reduced pursuant to the comparative negligence, fault, responsibility, or causation of others, including, but not limited to, Plaintiff and the putative class members.

4.      Plaintiff's individual and putative class claims are barred by reason of Plaintiff's failure to mitigate the alleged damages or losses and the failure of the putative class members to mitigate the alleged damages or losses.

5.      Plaintiff's individual and putative class claims are barred by the doctrines of waiver and estoppel.

6.      Plaintiff's individual and putative class claims are barred, in whole or in part, because Plaintiff's and the putative class members' alleged damages or injuries were the result of intervening or superseding events, factors, forces, occurrences, or conditions that were in no way caused by Defendant Rich and for which Defendant Rich is not liable.

7.      Plaintiff's and the putative class members' damages, if any, were not proximately caused by any act of omission of Defendant Rich.

8.      Defendant Rich acted properly and within the discretion afforded to him by law and the West Virginia Consolidated Public Retirement Board.

9.      The imposition of punitive damages on the facts alleged in the complaint is barred by the United States Constitution and by the Constitution of the State of West Virginia.

10.     Plaintiff's individual and putative class claims are barred in whole or in part by the decision in Anthony J. Barbario et al. v. State of West Virginia Consolidated Public Retirement Board, Circuit Court of Kanawha County, West Virginia, Civil Action No. 06-C-687 (Zakaib).

11.     Venue in Marshall County is improper.

12.     Defendant Rich is a resident of the Commonwealth of Pennsylvania.  This Court lacks jurisdiction over Defendant Rich.

13. Inasmuch as Defendant Rich is not advised of all of the facts and circumstances surrounding the events and allegations referred to in Plaintiff's Amended Complaint, he reserves the right to later assert any and all other affirmative defenses, including but not limited to those set forth in Rules 8 and 12 of the West Virginia Rules of Civil Procedure, which discovery may reveal are applicable.

**WHEREFORE**, Roland Rich respectfully requests that the Court dismiss Plaintiff's Amended Complaint with prejudice and grant Roland Rich such other and further relief as may be appropriate, including costs and attorney's fees as the Court deems proper.

Defendant Roland Rich demands a trial by jury.

**ROLAND RICH**

**By Counsel**

Thomas J. Hurney, Jr. (WVSB #1833)
Clifford F. Kinney, Jr. (WVSB #6220)
**JACKSON KELLY PLLC**
P. O. Box 553
Charleston, WV  25322-0553
(304) 340-1000

and

David McNeel Lane, Jr.
(admission *pro hac vice* pending)
Brian S. Jones
(admission *pro hac vice* pending)
**AKIN GUMP STRAUSS HAUER & FELD LLP**
300 Convent Street, Suite 1600
San Antonio, Texas 78205-3732
(210) 281-7000

## IN THE CIRCUIT COURT OF KANAWHA COUNTY, WEST VIRGINIA

**CHERYL DOUGHERTY, individually,**
**and on behalf of all others similarly situated,**

      **Plaintiff,**

**v.**
                               **CIVIL ACTION NO. 08-C-2080**
                               **(Honorable Judge Kaufman)**

**RAMONA CERRA, et al.,**

      **Defendants.**

### CERTIFICATE OF SERVICE

I, Clifford F. Kinney, Jr., certify that a copy of the foregoing *Answer and Affirmative and Other Defenses of Defendant Roland Rich to Amended Class Action Complaint* was sent via *regular U.S. mail* on November 17th, 2008 to the following counsel of record:

Harry F. Bell, Jr.
William L. Bands
Tim J. Yianne
BELL & BANDS, PLLC
30 Capitol Street
P.O. Box 1723
Charleston, WV 25326-1723
(304) 345-1700
(304) 345-1715 Facsimile

Gary Pullin
PULLIN, FOWLER, FLANAGAN,
BROWN, & POE, PLLC
JamesMark Building
901 Quarrier Street
Charleston, WV 25301
(304) 344-1000
(304) 342-1545 Facsimile

Charles R. Webb
THE WEBB LAW FIRM
1081/2 Capitol Street, Suite 201
Charleston, WV 25301
(304) 344-9322
(304) 344-1157 Facsimile

Clifford F. Kinney, Jr. (WVSB# 6220)

| 'AINTIFF: | **CHERYL DOUGHERTY** | CASE NUMBER:<br>08-C-2080 |
|---|---|---|
| ᴊᴇFENDANT: | **RAMONA CERRA, et al.** | |

*FILED*

*2008 NOV 18 PM 1:49*

*KANAWHA CO CIRCUIT COURT*

**II.   TYPE OF CASE:**

■ General Civil
☐ Mass Litigation
   (As defined in T.C.R. Rule XIX(c))

   ☐ Asbestos
   ☐ Carpal Tunnel Syndrome
   ☐ Diet Drugs
   ☐ Environment
   ☐ Industrial Hearing Loss
   ☐ Silicone Implants
   ☐ Other: _____

☐ Habeas Corpus/Other Extraordinary Writ

☐ Other: _____

☐ Adoption
☐ Administrative Agency Appeal
☐ Civil Appeal from Magistrate Court
☐ Miscellaneous Civil Petition
☐ Mental Hygiene
☐ Guardianship
☐ Medical Malpractice

---

**III.   JURY DEMAND:**          ■ Yes          ☐ No

**CASE WILL BE READY FOR TRIAL BY**
**(MONTH/YEAR):**                    **May 20** / **2010**

---

**IV.   DO YOU OR ANY OF YOUR CLIENTS OR WITNESSES IN THIS CASE REQUIRE SPECIAL ACCOMMODATIONS DUE TO A DISABILITY OR AGE?** ☐ YES ■ NO
      IF YES, PLEASE SPECIFY:

   ☐ Wheelchair accessible hearing room and other facilities
   ☐ Interpreter or other auxiliary aid for the hearing impaired
   ☐ Reader or other auxiliary aid for the visually impaired
   ☐ Spokesperson or other auxiliary aid for the speech impaired
   ☐ Other: _____

---

| | | Representing: |
|---|---|---|
| 'ttorney Name: | **Clifford F. Kinney, Jr.  (WVSB#6220)** | ☐ Plaintiff     ■ Defendant |
| ꜰirm: | **JACKSON KELLY PLLC** | ☐ Cross- Complainant     ☐ Cross-Defendant |
| Address: | **P. O. Box 553** | |
| | **Charleston, WV 25322-0553** | |
| Telephone: | **(304) 340-1000** | |
| Dated: | *11-17-08* | |

☐ Proceeding Without an Attorney

IN THE CIRCUIT COURT OF KANAWHA COUNTY, WEST VIRGINIA

**FILED**
2008 NOV 18 PM 1:4?
PATSY ?????? CLERK
KANAWHA CO. CIRCUIT COURT

**CHERYL DOUGHERTY, individually,**
**and on behalf of all others similarly situated,**

      **Plaintiff,**

v.

                              **CIVIL ACTION NO.: 08-C-2080**
                              **(Honorable Judge Kaufman)**

**RAMONA CERRA, individually; JOHN COOK,**
**individually; GREG GARRETT, individually;**
**ROLAND RICH, individually; GEORGE M.**
**EDWARDS, individually; CLARENCE**
**BURDETTE, individually; BRIAN AIKMAN,**
**individually; LUTHER COPE, individually; GUY**
**DEVONO, individually; DON GIBSON,**
**individually; BILL GLASS, individually; JOHN**
**MARSHALL, individually; MARK MULLENS,**
**individually; TIMOTHY PALMER, individually;**
**JIM PINGLEY, individually; DAVID SISK,**
**individually; JOHN SPURLOCK, individually; KEN**
**WHITTINGTON, individually; and all other**
**Presently Unknown Individual**
**Agents/Employees/Contract Workers/**
**Representatives of VALIC/AIG, as named below,**
**involved in the sale and marketing of VALIC/AIG**
**retirement products in West Virginia to existing and**
**newly-hired members of the West Virginia Teachers'**
**Retirement System; AMERICAN**
**INTERNATIONAL GROUP, INC., a Texas**
**corporation; AIG RETIREMENT GROUP, f/k/a**
**AIG VALIC GROUP; VARIABLE ANNUITY LIFE**
**INSURANCE COMPANY, a Texas corporation;**
**AIG RETIREMENT ADVISORS, INC., f/k/a**
**VALIC FINANCIAL ADVISORS, INC., a Texas**
**corporation; AIG RETIREMENT SERVICES**
**COMPANY, f/k/a VALIC RETIREMENT**
**SERVICES COMPANY, a Texas corporation;**
**VARIABLE ANNUITY MARKETING COMPANY,**
**a Texas Corporation; and the WEST VIRGINIA**
**CONSOLIDATED PUBLIC RETIREMENT**
**BOARD, a West Virginia state Agency,**

      **Defendants.**

19-20

{C1417427.1}

## ANSWER AND AFFIRMATIVE AND OTHER DEFENSES
## OF DEFENDANT LUTHER T. COPE TO AMENDED CLASS ACTION COMPLAINT

Comes now Defendant Luther T. Cope ("Defendant Cope"), by counsel, and submits his Answer and Affirmative and Other Defenses to the Amended Class Action Complaint ("Amended Complaint"):

## ANSWER

### I.  INTRODUCTION AND COMMON FACTS

1. Defendant Cope lacks knowledge or information sufficient to form a belief with respect to the truth of the allegations contained in Paragraph 1 of the Amended Complaint.

2. Defendant Cope denies the allegations in Paragraph 2 of the Amended Complaint.

3. Defendant Cope lacks knowledge or information sufficient to form a belief with respect to the truth of the allegations contained in Paragraph 3 of the Amended Complaint.

4. Defendant Cope lacks knowledge or information sufficient to form a belief with respect to the truth of the allegations contained in Paragraph 4 of the Amended Complaint.

5. Defendant Cope denies the allegations in Paragraph 5 of the Amended Complaint.

6. Defendant Cope denies the allegations in Paragraph 6 of the Amended Complaint.

7. Paragraph 7 of the Amended Complaint states legal conclusions to which no response is required.  To the extent a response to the allegations is required, Defendant Cope lacks knowledge or information sufficient to form a belief with respect to the truth of the allegations contained in Paragraph 7 of the Amended Complaint.

8. Defendant Cope lacks knowledge or information sufficient to form a belief with respect to the truth of the allegations contained in Paragraph 8 of the Amended Complaint.

9. Defendant Cope lacks knowledge or information sufficient to form a belief with respect to the truth of the allegations contained in Paragraph 9 of the Amended Complaint.

10.    Defendant Cope denies the allegations contained in Paragraph 10 of the Amended Complaint.

## II.    THE PARTIES

11.    In response to Paragraph 11 of the Amended Complaint, Defendant Cope reasserts his responses and defenses as if fully stated herein.

12.    Defendant Cope denies the allegations in Paragraph 12 of the Amended Complaint.

13.    Defendant Cope lacks knowledge or information sufficient to form a belief with respect to the truth of the allegations contained in Paragraph 13 of the Amended Complaint.

14.    Defendant Cope denies the allegations in Paragraph 14 of the Amended Complaint.

15.    Defendant Cope lacks knowledge or information sufficient to form a belief with respect to the truth of the allegations contained in Paragraph 15 of the Amended Complaint.

16.    Defendant Cope denies the allegations in Paragraph 16 of the Amended Complaint.

17.    Paragraph 17 of the Amended Complaint states legal conclusions to which no response is required.  To the extent a response to the allegations is required, Defendant Cope lacks knowledge or information sufficient to form a belief with respect to the truth of the allegations contained in Paragraph 17 of the Amended Complaint.

## III.    JURISDICTION AND VENUE

18.    In response to Paragraph 18 of the Amended Complaint, Defendant Cope reasserts his responses and defenses as if fully stated herein.

19.    Paragraph 19 of the Amended Complaint states legal conclusions to which no response is required. To the extent a response to the allegations is required, Defendant Cope lacks knowledge or information sufficient to form a belief with respect to the truth of the allegations contained in Paragraph 19 of the Amended Complaint.

20.     Paragraph 20 of the Amended Complaint states legal conclusions to which no response is required. To the extent a response is required, Defendant Cope denies the allegations. Defendant Cope further states that venue is proper in Kanawha County.

## IV.     CLASS ACTION ALLEGATIONS

21.     In response to Paragraph 21 of the Amended Complaint, Defendant Cope reasserts his responses and defenses as if fully stated herein.

22.     Defendant Cope lacks knowledge or information sufficient to form a belief with respect to the truth of the allegations contained in Paragraph 22 of the Amended Complaint.

23.     Paragraph 23 of the Amended Complaint states legal conclusions to which no response is required. To the extent a response to the allegations is required, Defendant Cope denies the allegations in Paragraph 23 of the Amended Complaint.

24.     Paragraph 24 of the Amended Complaint states legal conclusions to which no response is required. To the extent a response to the allegations is required, Defendant Cope denies the allegations in Paragraph 24 of the Amended Complaint.

25.     Paragraph 25 of the Amended Complaint states legal conclusions to which no response is required. To the extent a response to the allegations is required, Defendant Cope denies the allegations in Paragraph 25 and its subparts of the Amended Complaint.

26.     Paragraph 26 of the Amended Complaint states legal conclusions to which no response is required. To the extent a response to the allegations is required, Defendant Cope denies the allegations in Paragraph 26 of the Amended Complaint.

27.     Defendant Cope lacks knowledge or information sufficient to form a belief with respect to the truth of the allegations contained in Paragraph 27 of the Amended Complaint.

28.     Paragraph 28 of the Amended Complaint states legal conclusions to which no response is required.  To the extent a response to the allegations is required, Defendant Cope denies the allegations in Paragraph 28 of the Amended Complaint.

29.     Paragraph 29 of the Amended Complaint states legal conclusions to which no response is required.  To the extent a response to the allegations is required, Defendant Cope denies the allegations in Paragraph 29 of the Amended Complaint.

30.     Paragraph 30 of the Amended Complaint states legal conclusions to which no response is required.  To the extent a response to the allegations is required, Defendant Cope denies the allegations in Paragraph 30 of the Amended Complaint.

31.     Paragraph 31 of the Amended Complaint states legal conclusions to which no response is required.  To the extent a response to the allegations is required, Defendant Cope denies the allegations in Paragraph 31 of the Amended Complaint.

32.     Paragraph 32 of the Amended Complaint states legal conclusions to which no response is required.  To the extent a response to the allegations is required, Defendant Cope denies the allegations in Paragraph 32 of the Amended Complaint.

33.     Paragraph 33 of the Amended Complaint states legal conclusions to which no response is required.  To the extent a response to the allegations is required, Defendant Cope denies the allegations in Paragraph 33 of the Amended Complaint.

## V.     SPECIFIC PARTY ALLEGATIONS

34.     In response to Paragraph 34 of the Amended Complaint, Defendant Cope reasserts his responses and defenses as if fully stated herein.

35.     Defendant Cope denies the allegations in Paragraph 35 of the Amended Complaint.

36.     Defendant Cope lacks knowledge or information sufficient to form a belief with respect to the truth of the allegations contained in Paragraph 36 of the Amended Complaint.

37.   Defendant Cope lacks knowledge or information sufficient to form a belief with respect to the truth of the allegations contained in Paragraph 37 and its subparts of the Amended Complaint.

38.   Defendant Cope lacks knowledge or information sufficient to form a belief with respect to the truth of the allegations contained in Paragraph 38 of the Amended Complaint.

39.   Defendant Cope lacks knowledge or information sufficient to form a belief with respect to the truth of the allegations contained in Paragraph 39 of the Amended Complaint.

40.   Defendant Cope lacks knowledge or information sufficient to form a belief with respect to the truth of the allegations contained in Paragraph 40 of the Amended Complaint.

41.   Defendant Cope lacks knowledge or information sufficient to form a belief with respect to the truth of the allegations contained in Paragraph 41 of the Amended Complaint.

## VI.    CAUSES OF ACTION

42.   In response to Paragraph 42 of the Amended Complaint, Defendant Cope reasserts his responses and defenses as if fully stated herein.

43.   Defendant Cope denies the allegations in Paragraph 43 of the Amended Complaint.

44.   Defendant Cope denies the allegations in Paragraph 44 of the Amended Complaint.

45.   Defendant Cope denies the allegations in Paragraph 45 of the Amended Complaint.

46.   In response to Paragraph 46 of the Amended Complaint, Defendant Cope reasserts his responses and defenses as if fully stated herein.

47.   Defendant Cope denies the allegations in Paragraph 47 of the Amended Complaint.

48.   Defendant Cope denies the allegations in Paragraph 48 of the Amended Complaint.

49.   Defendant Cope denies the allegations in Paragraph 49 of the Amended Complaint.

50.   In response to Paragraph 50 of the Amended Complaint, Defendant Cope reasserts his responses and defenses as if fully stated herein.

51.    Defendant Cope denies the allegations in Paragraph 51 of the Amended Complaint.

52.    Defendant Cope denies the allegations in Paragraph 52 of the Amended Complaint.

53.    In response to Paragraph 53 of the Amended Complaint, Defendant Cope reasserts his responses and defenses as if fully stated herein.

54.    Defendant Cope denies the allegations in Paragraph 54 of the Amended Complaint.

55.    Defendant Cope denies the allegations in Paragraph 55 of the Amended Complaint.

56.    Defendant Cope denies the allegations in Paragraph 56 of the Amended Complaint.

57.    Defendant Cope denies the allegations in Paragraph 57 of the Amended Complaint.

58.    Defendant Cope denies the allegations in Paragraph 58 of the Amended Complaint.

59.    In response to Paragraph 59 of the Amended Complaint, Defendant Cope reasserts his responses and defenses as if fully stated herein.

60.    Defendant Cope lacks knowledge or information sufficient to form a belief with respect to the truth of the allegations contained in Paragraph 60 of the Amended Complaint.

61.    Defendant Cope lacks knowledge or information sufficient to form a belief with respect to the truth of the allegations contained in Paragraph 61 of the Amended Complaint

62.    Defendant Cope lacks knowledge or information sufficient to form a belief with respect to the truth of the allegations contained in Paragraph 62 of the Amended Complaint

63.    Defendant Cope denies that certification of a class is proper.

64.    Defendant Cope denies all allegations not expressly admitted herein.

65.    Defendant Cope denies that Plaintiff is entitled to the relief requested in the Amended Complaint.

## AFFIRMATIVE AND OTHER DEFENSES

As for additional defenses to the Amended Complaint, and without assuming any burden of pleading or proof that would otherwise rest on Plaintiff, Defendant Cope states as follows:

1.     The Amended Complaint fails to state, in whole or in part, a claim upon which relief may be granted pursuant to Rule 12 of the West Virginia Rules of Civil Procedure.

2.     Plaintiff's individual and putative class claims are barred by laches, the applicable statutes of limitations and repose.

3.     Plaintiff's and the putative class members' recovery, if any, should be reduced pursuant to the comparative negligence, fault, responsibility, or causation of others, including, but not limited to, Plaintiff and the putative class members.

4.     Plaintiff's individual and putative class claims are barred by reason of Plaintiff's failure to mitigate the alleged damages or losses and the failure of the putative class members to mitigate the alleged damages or losses.

5.     Plaintiff's individual and putative class claims are barred by the doctrines of waiver and estoppel.

6.     Plaintiff's individual and putative class claims are barred, in whole or in part, because Plaintiff's and the putative class members' alleged damages or injuries were the result of intervening or superseding events, factors, forces, occurrences, or conditions that were in no way caused by Defendant Cope and for which Defendant Cope is not liable.

7.     Plaintiff's and the putative class members' damages, if any, were not proximately caused by any act of omission of Defendant Cope.

8.     Defendant Cope acted properly and within the discretion afforded to him by law and the West Virginia Consolidated Public Retirement Board.

9.     The imposition of punitive damages on the facts alleged in the complaint is barred by the United States Constitution and by the Constitution of the State of West Virginia.

10.    Plaintiff's individual and putative class claims are barred in whole or in part by the

decision in <u>Anthony J. Barbario et al. v. State of West Virginia Consolidated Public</u>

<u>Retirement Board</u>, Circuit Court of Kanawha County, West Virginia, Civil Action No.

06-C-687 (Zakaib).

11.    Venue in Marshall County is improper.

12.    Inasmuch as Defendant Cope is not advised of all of the facts and circumstances

surrounding the events and allegations referred to in Plaintiff's Amended Complaint, he

reserves the right to later assert any and all other affirmative defenses, including but not

limited to those set forth in Rules 8 and 12 of the West Virginia Rules of Civil Procedure,

which discovery may reveal are applicable.

**WHEREFORE**, Luther T. Cope respectfully requests that the Court dismiss Plaintiff's

Amended Complaint with prejudice and grant Luther T. Cope such other and further relief as

may be appropriate, including costs and attorney's fees as the Court deems proper.

Defendant Luther T. Cope demands a trial by jury.

**LUTHER T. COPE,**

**By Counsel**

Thomas J. Hurney, Jr. (WVSB #1833)
Clifford F. Kinney, Jr. (WVSB #6220)
**JACKSON KELLY PLLC**
P. O. Box 553
Charleston, WV  25322-0553
(304) 340-1000

and

David McNeel Lane, Jr.
(admission *pro hac vice* pending)
Brian S. Jones
(admission *pro hac vice* pending)
**AKIN GUMP STRAUSS HAUER & FELD LLP**
300 Convent Street, Suite 1600
San Antonio, Texas 78205-3732
(210) 281-7000

**IN THE CIRCUIT COURT OF KANAWHA COUNTY, WEST VIRGINIA**

CHERYL DOUGHERTY, individually,
and on behalf of all others similarly situated,

        Plaintiff,

v.

        CIVIL ACTION NO. 08-C-2080
        (Honorable Judge Kaufman)

RAMONA CERRA, et al.,

        Defendants.

*FILED*
*2008 NOV 18 PM 1:49*
*KANAWHA CO. CIRCUIT COURT*

## CERTIFICATE OF SERVICE

    I, Clifford F. Kinney, Jr., certify that a copy of the foregoing *Answer and Affirmative and Other Defenses of Defendant Luther T. Cope to Amended Class Action Complaint* was sent via *regular U.S. mail* on November 17th, 2008 to the following counsel of record:

Harry F. Bell, Jr.
William L. Bands
Tim J. Yianne
BELL & BANDS, PLLC
30 Capitol Street
P.O. Box 1723
Charleston, WV  25326-1723
(304) 345-1700
(304) 345-1715 Facsimile

Gary Pullin
PULLIN, FOWLER, FLANAGAN,
BROWN, & POE, PLLC
JamesMark Building
901 Quarrier Street
Charleston, WV  25301
(304) 344-1000
(304) 342-1545 Facsimile

Charles R. Webb
THE WEBB LAW FIRM
108 1/2 Capitol Street, Suite 201
Charleston, WV  25301
(304) 344-9322
(304) 344-1157 Facsimile

                                        Clifford F. Kinney, Jr. (WVSB# 6220)

# IN THE CIRCUIT COURT OF KANAWHA COUNTY, WEST VIRGINIA

**CHERYL DOUGHERTY, individually,**
**and on behalf of all others similarly situated,**

        **Plaintiff,**

v.

**RAMONA CERRA, individually; JOHN COOK,**
**individually; GREG GARRETT, individually;**
**ROLAND RICH, individually; GEORGE M.**
**EDWARDS, individually; CLARENCE**
**BURDETTE, individually; BRIAN AIKMAN,**
**individually; LUTHER COPE, individually; GUY**
**DEVONO, individually; DON GIBSON,**
**individually; BILL GLASS, individually; JOHN**
**MARSHALL, individually; MARK MULLENS,**
**individually; TIMOTHY PALMER, individually;**
**JIM PINGLEY, individually; DAVID SISK,**
**individually; JOHN SPURLOCK, individually; KEN**
**WHITTINGTON, individually; and all other**
**Presently Unknown Individual**
**Agents/Employees/Contract Workers/**
**Representatives of VALIC/AIG, as named below,**
**involved in the sale and marketing of VALIC/AIG**
**retirement products in West Virginia to existing and**
**newly-hired members of the West Virginia Teachers'**
**Retirement System; AMERICAN**
**INTERNATIONAL GROUP, INC., a Texas**
**corporation; AIG RETIREMENT GROUP, f/k/a**
**AIG VALIC GROUP; VARIABLE ANNUITY LIFE**
**INSURANCE COMPANY, a Texas corporation;**
**AIG RETIREMENT ADVISORS, INC., f/k/a**
**VALIC FINANCIAL ADVISORS, INC., a Texas**
**corporation; AIG RETIREMENT SERVICES**
**COMPANY, f/k/a VALIC RETIREMENT**
**SERVICES COMPANY, a Texas corporation;**
**VARIABLE ANNUITY MARKETING COMPANY,**
**a Texas Corporation; and the WEST VIRGINIA**
**CONSOLIDATED PUBLIC RETIREMENT**
**BOARD, a West Virginia state Agency,**

        **Defendants.**

**CIVIL ACTION NO.: 08-C-2080**
**(Honorable Judge Kaufman)**



FIL
2008 NOV 18
KANAWHA G. GATSON
KANAWHA CO. CIRC.

21-22

## ANSWER AND AFFIRMATIVE AND OTHER DEFENSES
## OF DEFENDANT RAMONA CERRA TO AMENDED CLASS ACTION COMPLAINT

Comes now Defendant Ramona Ward (formerly know as Ramona Cerra) ("Defendant Ward"), by counsel, and submits her Answer and Affirmative and other defenses to the Amended Class Action Complaint ("Amended Complaint"):

### ANSWER

### I.    INTRODUCTION AND COMMON FACTS

1.    Defendant Ward lacks knowledge or information sufficient to form a belief with respect to the truth of the allegations contained in Paragraph 1 of the Amended Complaint.

2.    Defendant Ward denies the allegations in Paragraph 2 of the Amended Complaint.

3.    Defendant Ward lacks knowledge or information sufficient to form a belief with respect to the truth of the allegations contained in Paragraph 3 of the Amended Complaint.

4.    Defendant Ward lacks knowledge or information sufficient to form a belief with respect to the truth of the allegations contained in Paragraph 4 of the Amended Complaint.

5.    Defendant Ward denies the allegations in Paragraph 5 of the Amended Complaint.

6.    Defendant Ward denies the allegations in Paragraph 6 of the Amended Complaint.

7.    Paragraph 7 of the Amended Complaint states legal conclusions to which no response is required. To the extent a response to the allegations is required, Defendant Ward lacks knowledge or information sufficient to form a belief with respect to the truth of the allegations contained in Paragraph 7 of the Amended Complaint.

8.    Defendant Ward lacks knowledge or information sufficient to form a belief with respect to the truth of the allegations contained in Paragraph 8 of the Amended Complaint.

9.    Defendant Ward lacks knowledge or information sufficient to form a belief with respect to the truth of the allegations contained in Paragraph 9 of the Amended Complaint.

10.     Defendant Ward denies the allegations in Paragraph 10 of the Amended Complaint.

## II.     THE PARTIES

11.     In response to Paragraph 11 of the Amended Complaint, Defendant Ward reasserts her responses and defenses as if fully stated herein.

12.     Defendant Ward denies the allegations in Paragraph 12 of the Amended Complaint.

13.     Defendant Ward lacks knowledge or information sufficient to form a belief with respect to the truth of the allegations contained in Paragraph 13 of the Amended Complaint.

14.     Defendant Ward denies the allegations in Paragraph 14 of the Amended Complaint.

15.     Defendant Ward admits to being a West Virginia resident and former legislator and former representative of the Variable Annuity Life Insurance Company ("VALIC.") Defendant Ward further states that she did not receive any commissions.  Defendant Ward denies the remaining allegations in Paragraph 15 of the Amended Complaint.

16.     Defendant Ward denies the allegations in Paragraph 16 of the Amended Complaint.

17.     Paragraph 17 of the Amended Complaint states legal conclusions to which no response is required.  To the extent a response to the allegations is required, Defendant Ward lacks knowledge or information sufficient to form a belief with respect to the truth of the allegations contained in Paragraph 17 of the Amended Complaint.

## III.     JURISDICTION AND VENUE

18.     In response to Paragraph 18 of the Amended Complaint, Defendant Ward reasserts her responses and defenses as if fully stated herein.

19.     Paragraph 19 of the Amended Complaint states legal conclusions to which no response is required.  To the extent a response to the allegations is required, Defendant Ward lacks knowledge or information sufficient to form a belief with respect to the truth of the allegations contained in Paragraph 19 of the Amended Complaint.

20.     Paragraph 20 of the Amended Complaint states legal conclusions to which no response is required.  To the extent a response to the allegations is required, Defendant Ward denies the allegations in Paragraph 20 of the Amended Complaint.  Defendant Ward further states that venue is proper in Kanawha County.

## IV.   CLASS ACTION ALLEGATIONS

21.     In response to Paragraph 21 of the Amended Complaint, Defendant Ward reasserts her responses and defenses as if fully stated herein.

22.     Defendant Ward lacks knowledge or information sufficient to form a belief with respect to the truth of the allegations contained in Paragraph 22 of the Amended Complaint.

23.     Paragraph 23 states legal conclusions to which no response is required.  To the extent a response to the allegations is required, Defendant Ward denies the allegations in Paragraph 23 of the Amended Complaint.

24.     Paragraph 24 states legal conclusions to which no response is required.  To the extent a response to the allegations is required, Defendant Ward denies the allegations in Paragraph 24 of the Amended Complaint.

25.     Paragraph 25 states legal conclusions to which no response is required.  To the extent a response to the allegations is required, Defendant Ward denies the allegations in Paragraph 25 and its subparts of the Amended Complaint.

26.     Paragraph 26 states legal conclusions to which no response is required.  To the extent a response to the allegations is required, Defendant Ward denies the allegations in Paragraph 26 of the Amended Complaint.

27.     Defendant Ward lacks knowledge or information sufficient to form a belief with respect to the truth of the allegations contained in Paragraph 27 of the Amended Complaint.

28.   Paragraph 28 of the Amended Complaint states legal conclusions to which no response is required.  To the extent a response to the allegations is required, Defendant Ward denies the allegations in Paragraph 28 of the Amended Complaint.

29.   Paragraph 29 of the Amended Complaint states legal conclusions to which no response is required.  To the extent a response to the allegations is required, Defendant Ward denies the allegations in Paragraph 29 of the Amended Complaint.

30.   Paragraph 30 of the Amended Complaint states legal conclusions to which no response is required.  To the extent a response to the allegations is required, Defendant Ward denies the allegations in Paragraph 30 of the Amended Complaint.

31.   Paragraph 31 of the Amended Complaint states legal conclusions to which no response is required.  To the extent a response to the allegations is required, Defendant Ward denies the allegations in Paragraph 31 of the Amended Complaint.

32.   Paragraph 32 of the Amended Complaint states legal conclusions to which no response is required.  To the extent a response to the allegations is required, Defendant Ward denies the allegations in Paragraph 32 of the Amended Complaint.

33.   Paragraph 33 of the Amended Complaint states legal conclusions to which no response is required.  To the extent a response to the allegations is required, Defendant Ward denies the allegations in Paragraph 33 of the Amended Complaint.

## V.    SPECIFIC PARTY ALLEGATIONS

34.   In response to Paragraph 34 of the Amended Complaint, Defendant Ward reasserts her responses and defenses as if fully stated herein.

35.   Defendant Ward admits that she attended a meeting during the school day on Marshall County school grounds.  Defendant Ward denies the remaining allegations in Paragraph 35 of the Amended Complaint.

36.     Defendant Ward denies the allegations in Paragraph 36 of the Amended Complaint.

37.     Defendant Ward denies the allegations in Paragraph 37 and its subparts of the Amended
        Complaint.

38.     Defendant Ward denies the allegations in Paragraph 38 of the Amended Complaint.

39.     Defendant Ward denies the allegations in Paragraph 39 of the Amended Complaint.

40.     Defendant Ward denies the allegations in Paragraph 40 of the Amended Complaint.

41.     Defendant Ward denies the allegations in Paragraph 41 of the Amended Complaint.

## VI.     CAUSES OF ACTION

42.     In response to Paragraph 42 of the Amended Complaint, Defendant Ward reasserts her
        responses and defenses as if fully stated herein.

43.     Defendant Ward denies the allegations in Paragraph 43 of the Amended Complaint.

44.     Defendant Ward denies the allegations in Paragraph 44 of the Amended Complaint.

45.     Defendant Ward denies the allegations in Paragraph 45 of the Amended Complaint.

46.     In response to Paragraph 46 of the Amended Complaint, Defendant Ward reasserts her
        responses and defenses as if fully stated herein.

47.     Defendant Ward denies the allegations in Paragraph 47 of the Amended Complaint.

48.     Defendant Ward denies the allegations in Paragraph 48 of the Amended Complaint.

49.     Defendant Ward denies the allegations in Paragraph 49 of the Amended Complaint.

50.     In response to Paragraph 50 of the Amended Complaint, Defendant Ward reasserts her
        responses and defenses as if fully stated herein.

51.     Defendant Ward denies the allegations in Paragraph 51 of the Amended Complaint.

52.     Defendant Ward denies the allegations in Paragraph 52 of the Amended Complaint.

53.     In response to Paragraph 53 of the Amended Complaint, Defendant Ward reasserts her
        responses and defenses as if fully stated herein.

3.    Plaintiff's and the putative class members' recovery, if any, should be reduced pursuant
to the comparative negligence, fault, responsibility, or causation of others, including, but
not limited to, Plaintiff and the putative class members.

4.    Plaintiff's individual and putative class claims are barred by reason of Plaintiff's failure
to mitigate the alleged damages or losses and the failure of the putative class members to
mitigate the alleged damages or losses.

5.    Plaintiff's individual and putative class claims are barred by the doctrines of waiver and
estoppel.

6.    Plaintiff's individual and putative class claims are barred, in whole or in part, because
Plaintiff's and the putative class members' alleged damages or injuries were the result of
intervening or superseding events, factors, forces, occurrences, or conditions that were in
no way caused by Defendant Ward and for which Defendant Ward is not liable.

7.    Plaintiff's and the putative class members' damages, if any, were not proximately caused
by any act of omission of Defendant Ward.

8.    Defendant Ward acted properly and within the discretion afforded to him by law and the
West Virginia Consolidated Public Retirement Board.

9.    The imposition of punitive damages on the facts alleged in the complaint is barred by the
United States Constitution and by the Constitution of the State of West Virginia.

10.   Plaintiff's individual and putative class claims are barred in whole or in part by the
decision in <u>Anthony J. Barbario et al. v. State of West Virginia Consolidated Public
Retirement Board</u>, Circuit Court of Kanawha County, West Virginia, Civil Action No.
06-C-687 (Zakaib).

11.   Venue in Marshall County is improper.

12.   Inasmuch as Defendant Ward is not advised of all of the facts and circumstances

surrounding the events and allegations referred to in Plaintiff's Amended Complaint, she

reserves the right to later assert any and all other affirmative defenses, including but not

limited to those set forth in Rules 8 and 12 of the West Virginia Rules of Civil Procedure,

which discovery may reveal are applicable.

WHEREFORE, Ramona Ward respectfully requests that the Court dismiss Plaintiff's

Amended Complaint with prejudice and grant Ramona Ward such other and further relief as may

be appropriate, including costs and attorney's fees as the Court deems proper.

Defendant Ramona Ward demands a trial by jury.

RAMONA CERRA

By Counsel

Thomas J. Hurney, Jr. (WVSB #1833)
Clifford F. Kinney, Jr. (WVSB #6220)
JACKSON KELLY PLLC
P. O. Box 553
Charleston, WV  25322-0553
(304) 340-1000

and

David McNeel Lane, Jr.
(admission *pro hac vice* pending)
Brian S. Jones
(admission *pro hac vice* pending)
AKIN GUMP STRAUSS HAUER & FELD LLP
300 Convent Street, Suite 1600
San Antonio, Texas 78205-3732
(210) 281-7000

# IN THE CIRCUIT COURT OF KANAWHA COUNTY, WEST VIRGINIA

**CHERYL DOUGHERTY, individually,**
**and on behalf of all others similarly situated,**

      **Plaintiff,**

**v.**

                                    **CIVIL ACTION NO. 08-C-2080**
                                      **(Honorable Judge Kaufman)**

**RAMONA CERRA, et al.,**

      **Defendants.**

## CERTIFICATE OF SERVICE

I, Clifford F. Kinney, Jr., certify that a copy of the foregoing *Answer and Affirmative and Other Defenses of Defendant Ramona Cerra to Amended Class Action Complaint* was sent via *regular U.S. mail* on November 17th, 2008 to the following counsel of record:

| | |
|---|---|
| Harry F. Bell, Jr. | Gary Pullin |
| William L. Bands | PULLIN, FOWLER, FLANAGAN, |
| Tim J. Yianne | BROWN, & POE, PLLC |
| BELL & BANDS, PLLC | JamesMark Building |
| 30 Capitol Street | 901 Quarrier Street |
| P.O. Box 1723 | Charleston, WV 25301 |
| Charleston, WV 25326-1723 | (304) 344-1000 |
| (304) 345-1700 | (304) 342-1545 Facsimile |
| (304) 345-1715 Facsimile | |
| | |
| Charles R. Webb | |
| THE WEBB LAW FIRM | |
| 1081/2 Capitol Street, Suite 201 | |
| Charleston, WV 25301 | |
| (304) 344-9322 | |
| (304) 344-1157 Facsimile | |

Clifford F. Kinney, Jr. (WVSB #6220)

| PLAINTIFF: | **CHERYL DOUGHERTY** | CASE NUMBER: | *FILED* |
|---|---|---|---|
| DEFENDANT: | **RAMONA CERRA, et al.** | 08-C-2080 | |

2008 NOV 18 PM 1:49
KANAWHA CO CIRCUIT COURT

**II.  TYPE OF CASE:**

■ General Civil
☐ Mass Litigation
   (As defined in T.C.R. Rule XIX(c))

☐ Asbestos
☐ Carpal Tunnel Syndrome
☐ Diet Drugs
☐ Environment
☐ Industrial Hearing Loss
☐ Silicone Implants
☐ Other: _____

☐ Habeas Corpus/Other Extraordinary Writ

☐ Other: _____

☐ Adoption
☐ Administrative Agency Appeal

☐ Civil Appeal from Magistrate Court

☐ Miscellaneous Civil Petition

☐ Mental Hygiene

☐ Guardianship

☐ Medical Malpractice

**III.  JURY DEMAND:**   ■ Yes   ☐ No

**CASE WILL BE READY FOR TRIAL BY
(MONTH/YEAR):**   __May 20__ / __2010__

**IV.  DO YOU OR ANY OF YOUR CLIENTS OR WITNESSES IN THIS CASE REQUIRE SPECIAL ACCOMMODATIONS DUE TO A DISABILITY OR AGE?** ☐ YES ■ NO
   IF YES, PLEASE SPECIFY:

☐ Wheelchair accessible hearing room and other facilities
☐ Interpreter or other auxiliary aid for the hearing impaired
☐ Reader or other auxiliary aid for the visually impaired
☐ Spokesperson or other auxiliary aid for the speech impaired
☐ Other: _____

Attorney Name:  **Clifford F. Kinney, Jr.  (WVSB#6220)**
Firm:  **JACKSON KELLY PLLC**
Address:  **P. O. Box 553**
   **Charleston, WV 25322-0553**
Telephone:  **(304) 340-1000**
Dated:  12-17-08

Representing:
☐ Plaintiff
☐ Cross- Complainant
■ Defendant
☐ Cross-Defendant

☐ Proceeding Without an Attorney

21

IN THE CIRCUIT COURT OF KANAWHA COUNTY, WEST VIRGINIA

FILED
2008 NOV 18 PM 1:49
KANAWHA CO. CIRCUIT COURT

CHERYL DOUGHERTY, individually,
and on behalf of all others similarly situated,

       Plaintiff,

v.

RAMONA CERRA, individually; JOHN COOK,
individually; GREG GARRETT, individually;
ROLAND RICH, individually; GEORGE M.
EDWARDS, individually; CLARENCE
BURDETTE, individually; BRIAN AIKMAN,
individually; LUTHER COPE, individually; GUY
DEVONO, individually; DON GIBSON,
individually; BILL GLASS, individually; JOHN
MARSHALL, individually; MARK MULLENS,
individually; TIMOTHY PALMER, individually;
JIM PINGLEY, individually; DAVID SISK,
individually; JOHN SPURLOCK, individually; KEN
WHITTINGTON, individually; and all other
Presently Unknown Individual
Agents/Employees/Contract Workers/
Representatives of VALIC/AIG, as named below,
involved in the sale and marketing of VALIC/AIG
retirement products in West Virginia to existing and
newly-hired members of the West Virginia Teachers'
Retirement System; AMERICAN
INTERNATIONAL GROUP, INC., a Texas
corporation; AIG RETIREMENT GROUP, f/k/a
AIG VALIC GROUP; VARIABLE ANNUITY LIFE
INSURANCE COMPANY, a Texas corporation;
AIG RETIREMENT ADVISORS, INC., f/k/a
VALIC FINANCIAL ADVISORS, INC., a Texas
corporation; AIG RETIREMENT SERVICES
COMPANY, f/k/a VALIC RETIREMENT
SERVICES COMPANY, a Texas corporation;
VARIABLE ANNUITY MARKETING COMPANY,
a Texas Corporation; and the WEST VIRGINIA
CONSOLIDATED PUBLIC RETIREMENT
BOARD, a West Virginia state Agency,

       Defendants.

CIVIL ACTION NO.: 08-C-2080
(Honorable Judge Kaufman)

23-24

{C1418756.1}

## ANSWER AND AFFIRMATIVE AND OTHER DEFENSES
## OF DEFENDANT GREG GARRETT TO AMENDED CLASS ACTION COMPLAINT

Comes now Defendant Greg Garrett ("Defendant Garrett"), by counsel, and submits his

Answer and Affirmative and other defenses to the Amended Class Action Complaint ("Amended

Complaint"):

### ANSWER

### I.    INTRODUCTION AND COMMON FACTS

1.    Defendant Garrett lacks knowledge or information sufficient to form a belief with respect
to the truth of the allegations contained in Paragraph 1 of the Amended Complaint.

2.    Defendant Garrett denies the allegations in Paragraph 2 of the Amended Complaint.

3.    Defendant Garrett lacks knowledge or information sufficient to form a belief with respect
to the truth of the allegations contained in Paragraph 3 of the Amended Complaint.

4.    Defendant Garrett lacks knowledge or information sufficient to form a belief with respect
to the truth of the allegations contained in Paragraph 4 of the Amended Complaint.

5.    Defendant Garrett denies the allegations in Paragraph 5 of the Amended Complaint.

6.    Defendant Garrett denies the allegations in Paragraph 6 of the Amended Complaint.

7.    Paragraph 7 of the Amended Complaint states legal conclusions to which no response is
required.  To the extent a response to the allegations is required, Defendant Garrett lacks
knowledge or information sufficient to form a belief with respect to the truth of the
allegations contained in Paragraph 7 of the Amended Complaint.

8.    Defendant Garrett denies the allegations in Paragraph 8 of the Amended Complaint.

9.    Defendant Garrett denies the allegations in Paragraph 9 of the Amended Complaint.

10.    Defendant Garrett denies the allegations in Paragraph 10 of the Amended Complaint.

### II.    THE PARTIES

11.   In response to Paragraph 11 of the Amended Complaint, Defendant Garrett reasserts his responses and defenses as if fully stated herein.

12.   Defendant Garrett lacks knowledge or information sufficient to form a belief with respect to the truth of the allegations contained in Paragraph 12 of the Amended Complaint.

13.   Defendant Garrett lacks knowledge or information sufficient to form a belief with respect to the truth of the allegations contained in Paragraph 13 of the Amended Complaint.

14.   Defendant Garrett denies the allegations in Paragraph 14 of the Amended Complaint.

15.   Defendant Garrett lacks knowledge or information sufficient to form a belief with respect to the truth of the allegations contained in Paragraph 15 of the Amended Complaint.

16.   Defendant Garrett denies the allegations in Paragraph 16 of the Amended Complaint.

17.   Paragraph 17 of the Amended Complaint states legal conclusions to which no response is required.  To the extent a response to the allegations is required, Defendant Garrett lacks knowledge or information sufficient to form a belief with respect to the truth of the allegations contained in Paragraph 17 of the Amended Complaint.

### III.   JURISDICTION AND VENUE

18.   In response to Paragraph 18 of the Amended Complaint, Defendant Garrett reasserts his responses and defenses as if fully stated herein.

19.   Paragraph 19 of the Amended Complaint states legal conclusions to which no response is required.  To the extent a response to the allegations is required, Defendant Garrett lacks knowledge or information sufficient to form a belief with respect to the truth of the allegations contained in Paragraph 19 of the Amended Complaint.

20.   Paragraph 20 of the Amended Complaint states legal conclusions to which no response is required.  To the extent a response to the allegations is required, Defendant Garrett lacks knowledge or information sufficient to form a belief with respect to the truth of the

allegations contained in Paragraph 20 of the Amended Complaint.  Defendant Garrett

further states that venue is proper in Kanawha County.

### IV.    CLASS ACTION ALLEGATIONS

21.    In response to Paragraph 21 of the Amended Complaint, Defendant Garrett reasserts his

responses and defenses as if fully stated herein.

22.    Defendant Garrett lacks knowledge or information sufficient to form a belief with respect

to the truth of the allegations contained in Paragraph 22 of the Amended Complaint.

23.    Paragraph 23 states legal conclusions to which no response is required.  To the extent a

response to the allegations is required, Defendant Garrett denies the allegations in

Paragraph 23 of the Amended Complaint.

24.    Paragraph 24  states legal conclusions to which no response is required.  To the extent a

response to the allegations is required, Defendant Garrett denies the allegations in

Paragraph 24 of the Amended Complaint.

25.    Paragraph 25 states legal conclusions to which no response is required.  To the extent a

response to the allegations is required, Defendant Garrett denies the allegations in

Paragraph 25 and its subparts of the Amended Complaint.

26.    Paragraph 26 states legal conclusions to which no response is required.  To the extent a

response to the allegations is required, Defendant Garrett denies the allegations in

Paragraph 26 of the Amended Complaint.

27.    Defendant Garrett lacks knowledge or information sufficient to form a belief with respect

to the truth of the allegations contained in Paragraph 27 of the Amended Complaint.

28.    Paragraph 28 of the Amended Complaint states legal conclusions to which no response is

required.  To the extent a response to the allegations is required, Defendant Garrett denies

the allegations in Paragraph 28 of the Amended Complaint.

29.   Paragraph 29 of the Amended Complaint states legal conclusions to which no response is required.  To the extent a response to the allegations is required, Defendant Garrett denies the allegations in Paragraph 29 of the Amended Complaint.

30.   Paragraph 30 of the Amended Complaint states legal conclusions to which no response is required.  To the extent a response to the allegations is required, Defendant Garrett denies the allegations in Paragraph 30 of the Amended Complaint.

31.   Paragraph 31 of the Amended Complaint states legal conclusions to which no response is required.  To the extent a response to the allegations is required, Defendant Garrett denies the allegations in Paragraph 31 of the Amended Complaint.

32.   Paragraph 32 of the Amended Complaint states legal conclusions to which no response is required.  To the extent a response to the allegations is required, Defendant Garrett denies the allegations in Paragraph 32 of the Amended Complaint.

33.   Paragraph 33 of the Amended Complaint states legal conclusions to which no response is required.  To the extent a response to the allegations is required, Defendant Garrett lacks knowledge or information sufficient to form a belief with respect to the truth of the allegations contained in Paragraph 33 of the Amended Complaint.

## V.    SPECIFIC PARTY ALLEGATIONS

34.   In response to Paragraph 34 of the Amended Complaint, Defendant Garrett restates his responses and defenses as if fully stated herein.

35.   Defendant Garrett denies the allegations in Paragraph 35 of the Amended Complaint.

36.   Defendant Garrett denies the allegations in Paragraph 36 of the Amended Complaint.

37.   Defendant Garrett denies the allegations in Paragraph 37 and its subparts of the Amended Complaint.

38.     Defendant Garrett lacks knowledge or information sufficient to form a belief with respect to the truth of the allegations in Paragraph 38 of the Amended Complaint.

39.     Defendant Garrett lacks knowledge or information sufficient to form a belief with respect to the truth of the allegations in Paragraph 39 of the Amended Complaint.

40.     Defendant Garrett lacks knowledge or information sufficient to form a belief with respect to the truth of the allegations in Paragraph 40 of the Amended Complaint.

41.     Defendant Garrett lacks knowledge or information sufficient to form a belief with respect to the truth of the allegations in Paragraph 41 of the Amended Complaint.

## VI.     CAUSES OF ACTION

42.     In response to Paragraph 42 of the Amended Complaint, Defendant Garrett reasserts his responses and defenses as if fully stated herein.

43.     Defendant Garrett denies the allegations in Paragraph 43 of the Amended Complaint.

44.     Defendant Garrett denies the allegations in Paragraph 44 of the Amended Complaint.

45.     Defendant Garrett denies the allegations in Paragraph 45 of the Amended Complaint.

46.     In response to Paragraph 46 of the Amended Complaint, Defendant Garrett reasserts his responses and defenses as if fully stated herein.

47.     Defendant Garrett denies the allegations in Paragraph 47 of the Amended Complaint.

48.     Defendant Garrett denies the allegations in Paragraph 48 of the Amended Complaint.

49.     Defendant Garrett denies the allegations in Paragraph 49 of the Amended Complaint.

50.     In response to Paragraph 50 of the Amended Complaint, Defendant Garrett reasserts his responses and defenses as if fully stated herein.

51.     Defendant Garrett denies the allegations in Paragraph 51 of the Amended Complaint.

52.     Defendant Garrett denies the allegations in Paragraph 52 of the Amended Complaint.

53.     In response to Paragraph 53 of the Amended Complaint, Defendant Garrett reasserts his responses and defenses as if fully stated herein.

54.     Defendant Garrett denies the allegations in Paragraph 54 of the Amended Complaint.

55.     Defendant Garrett denies the allegations in Paragraph 55 of the Amended Complaint.

56.     Defendant Garrett denies the allegations in Paragraph 56 of the Amended Complaint.

57.     Defendant Garrett denies the allegations in Paragraph 57 of the Amended Complaint.

58.     Defendant Garrett denies the allegations in Paragraph 58 of the Amended Complaint.

59.     In response to Paragraph 59 of the Amended Complaint, Defendant Garrett reasserts his responses and defenses as if fully stated herein.

60.     Defendant Garrett lacks knowledge or information sufficient to form a belief with respect to the truth of the allegations contained in Paragraph 60 of the Amended Complaint.

61.     Defendant Garrett lacks knowledge or information sufficient to form a belief with respect to the truth of the allegations contained in Paragraph 61 of the Amended Complaint.

62.     Defendant Garrett lacks knowledge or information sufficient to form a belief with respect to the truth of the allegations contained in Paragraph 62 of the Amended Complaint.

63.     Defendant Garrett denies that certification of a class is proper.

64.     Defendant Garrett denies all allegations not expressly admitted herein.

65.     Defendant Garrett denies that Plaintiff is entitled to the relief requested in the Amended Complaint.

## AFFIRMATIVE AND OTHER DEFENSES

As for additional defenses to the Amended Complaint, and without assuming any burden of pleading or proof that would otherwise rest on Plaintiff, Defendant Garrett states as follows:

1.      The Amended Complaint fails to state, in whole or in part, a claim upon which relief may be granted pursuant to Rule 12 of the West Virginia Rules of Civil Procedure.

2.    Plaintiff's individual and putative class claims are barred by laches, the applicable statutes of limitations and repose.

3.    Plaintiff's and the putative class members' recovery, if any, should be reduced pursuant to the comparative negligence, fault, responsibility, or causation of others, including, but not limited to, Plaintiff and the putative class members.

4.    Plaintiff's individual and putative class claims are barred by reason of Plaintiff's failure to mitigate the alleged damages or losses and the failure of the putative class members to mitigate the alleged damages or losses.

5.    Plaintiff's individual and putative class claims are barred by the doctrines of waiver and estoppel.

6.    Plaintiff's individual and putative class claims are barred, in whole or in part, because Plaintiff's and the putative class members' alleged damages or injuries were the result of intervening or superseding events, factors, forces, occurrences, or conditions that were in no way caused by Defendant Garrett and for which Defendant Garrett is not liable.

7.    Plaintiff's and the putative class members' damages, if any, were not proximately caused by any act of omission of Defendant Garrett.

8.    Defendant Garrett acted properly and within the discretion afforded to him by law and the West Virginia Consolidated Public Retirement Board.

9.    The imposition of punitive damages on the facts alleged in the complaint is barred by the United States Constitution and by the Constitution of the State of West Virginia.

10.   Plaintiff's individual and putative class claims are barred in whole or in part by the decision in <u>Anthony J. Barbario et al. v. State of West Virginia Consolidated Public</u>

<u>Retirement Board</u>, Circuit Court of Kanawha County, West Virginia, Civil Action No.
06-C-687 (Zakaib).

11.     Venue in Marshall County is improper.

12.     Inasmuch as Defendant Garrett is not advised of all of the facts and circumstances
surrounding the events and allegations referred to in Plaintiff's Amended Complaint, he
reserves the right to later assert any and all other affirmative defenses, including but not
limited to those set forth in Rules 8 and 12 of the West Virginia Rules of Civil Procedure,
which discovery may reveal are applicable.

**WHEREFORE**, Greg Garrett respectfully requests that the Court dismiss Plaintiff's
Amended Complaint with prejudice and grant Greg Garrett such other and further relief as may
be appropriate, including costs and attorney's fees as the Court deems proper.

Defendant Greg Garrett demands a trial by jury.

**GREG GARRETT**

**By Counsel**

Thomas J. Hurney, Jr. (WVSB #1833)
Clifford F. Kinney, Jr. (WVSB #6220)
**JACKSON KELLY PLLC**
P. O. Box 553
Charleston, WV  25322-0553
(304) 340-1000

and

{C1418756.1}                                    9

David McNeel Lane, Jr.
(admission *pro hac vice* pending)
Brian S. Jones
(admission *pro hac vice* pending)
**AKIN GUMP STRAUSS HAUER & FELD LLP**
300 Convent Street, Suite 1600
San Antonio, Texas 78205-3732
(210) 281-7000

IN THE CIRCUIT COURT OF KANAWHA COUNTY, WEST VIRGINIA

CHERYL DOUGHERTY, individually,
and on behalf of all others similarly situated,

      Plaintiff,

v.

                             CIVIL ACTION NO. 08-C-2080
                             (Honorable Judge Kaufman)

RAMONA CERRA, et al.,

      Defendants.

## CERTIFICATE OF SERVICE

I, Clifford F. Kinney, Jr., certify that a copy of the foregoing *Answer and Affirmative and Other Defenses of Defendant Greg Garrett to Amended Class Action Complaint* was sent via *regular U.S. mail* on November 17th, 2008 to the following counsel of record:

Harry F. Bell, Jr.
William L. Bands
Tim J. Yianne
BELL & BANDS, PLLC
30 Capitol Street
P.O. Box 1723
Charleston, WV 25326-1723
(304) 345-1700
(304) 345-1715 Facsimile

Charles R. Webb
THE WEBB LAW FIRM
108 1/2 Capitol Street, Suite 201
Charleston, WV 25301
(304) 344-9322
(304) 344-1157 Facsimile

Gary Pullin
PULLIN, FOWLER, FLANAGAN,
BROWN, & POE, PLLC
JamesMark Building
901 Quarrier Street
Charleston, WV 25301
(304) 344-1000
(304) 342-1545 Facsimile

_____
Clifford F. Kinney, Jr. (WVSB# 6220)

{C1418756.1}

| PLAINTIFF: | **CHERYL DOUGHERTY** | CASE NUMBER:<br>08-C-2080 | FILED |
|---|---|---|---|
| DEFENDANT: | **RAMONA CERRA, et al.** | | |

*2008 NOV 18 PM 1:49*

*KANAWHA CO. CIRCUIT COURT*

**II.   TYPE OF CASE:**

- ■ **General Civil**
- ☐ **Mass Litigation**
  (As defined in T.C.R. Rule XIX(c))

  - ☐ **Asbestos**
  - ☐ **Carpal Tunnel Syndrome**
  - ☐ **Diet Drugs**
  - ☐ **Environment**
  - ☐ **Industrial Hearing Loss**
  - ☐ **Silicone Implants**
  - ☐ **Other:** _____

- ☐ **Habeas Corpus/Other Extraordinary Writ**

- ☐ **Other:** _____

- ☐ **Adoption**
- ☐ **Administrative Agency Appeal**

- ☐ **Civil Appeal from Magistrate Court**

- ☐ **Miscellaneous Civil Petition**

- ☐ **Mental Hygiene**

- ☐ **Guardianship**

- ☐ **Medical Malpractice**

---

**III.   JURY DEMAND:**        ■ Yes        ☐ No

**CASE WILL BE READY FOR TRIAL BY
(MONTH/YEAR):**                 May 20  / 2010

---

**IV.   DO YOU OR ANY OF YOUR CLIENTS OR WITNESSES IN THIS CASE REQUIRE SPECIAL ACCOMMODATIONS DUE TO A
DISABILITY OR AGE?** ☐ YES ■ NO
IF YES, PLEASE SPECIFY:

- ☐ Wheelchair accessible hearing room and other facilities
- ☐ Interpreter or other auxiliary aid for the hearing impaired
- ☐ Reader or other auxiliary aid for the visually impaired
- ☐ Spokesperson or other auxiliary aid for the speech impaired
- ☐ Other: _____

---

Attorney Name:   **Clifford F. Kinney, Jr.  (WVSB#6220)**
Firm:            **JACKSON KELLY PLLC**
Address:         **P. O. Box 553**
                 **Charleston, WV 25322-0553**
Telephone:       **(304) 340-1000**
Dated:           *11-17-08*

Representing:

- ☐ Plaintiff
- ☐ Cross- Complainant
- ■ Defendant
- ☐ Cross-Defendant

☐ Proceeding Without an Attorney

23

| PLAINTIFF: | **CHERYL DOUGHERTY** | CASE NUMBER:<br>08-C-2080 | *FILED* |
|---|---|---|---|
| DEFENDANT: | **RAMONA CERRA, et al.** | | |

**II.   TYPE OF CASE:**

- ■ General Civil
- ☐ **Mass Litigation**
  (As defined in T.C.R. Rule XIX(c))

  - ☐ Asbestos
  - ☐ Carpal Tunnel Syndrome
  - ☐ Diet Drugs
  - ☐ Environment
  - ☐ Industrial Hearing Loss
  - ☐ Silicone Implants
  - ☐ Other: _____

- ☐ Habeas Corpus/Other Extraordinary Writ

- ☐ Other: _____

- ☐ Adoption
- ☐ Administrative Agency Appeal
- ☐ Civil Appeal from Magistrate Court
- ☐ Miscellaneous Civil Petition
- ☐ Mental Hygiene
- ☐ Guardianship
- ☐ Medical Malpractice

*2008 NOV 18 PM 1:50*
*CATHY S. GATSON, CLERK*
*KANAWHA CO. CIRCUIT COURT*

**Ill.   JURY DEMAND:**     ■ Yes     ☐ No

**CASE WILL BE READY FOR TRIAL BY (MONTH/YEAR):**     May 20   / 2010

**IV.   DO YOU OR ANY OF YOUR CLIENTS OR WITNESSES IN THIS CASE REQUIRE SPECIAL ACCOMMODATIONS DUE TO A DISABILITY OR AGE?** ☐ YES ■ NO
IF YES, PLEASE SPECIFY:

- ☐ Wheelchair accessible hearing room and other facilities
- ☐ Interpreter or other auxiliary aid for the hearing impaired
- ☐ Reader or other auxiliary aid for the visually impaired
- ☐ Spokesperson or other auxiliary aid for the speech impaired
- ☐ Other: _____

| | | |
|---|---|---|
| Attorney Name: | **Clifford F. Kinney, Jr.  (WVSB#6220)** | Representing: |
| Firm: | **JACKSON KELLY PLLC** | ☐ Plaintiff     ■ Defendant |
| Address: | **P. O. Box 553** | ☐ Cross- Complainant     ☐ Cross-Defendant |
| | **Charleston, WV 25322-0553** | |
| Telephone: | **(304) 340-1000** | |
| Dated: | *11-17-2008* | |

☐ Proceeding Without an Attorney



# IN THE CIRCUIT COURT OF KANAWHA COUNTY, WEST VIRGINIA

FILED

2008 NOV 18 PM 1:50

KANAWHA CO. CIRCUIT COURT

**CHERYL DOUGHERTY, individually,**
**and on behalf of all others similarly situated,**

        **Plaintiff,**

**v.**

        **CIVIL ACTION NO.: 08-C-2080**
        **(Honorable Judge Kaufman)**

**RAMONA CERRA, individually; JOHN COOK,**
**individually; GREG GARRETT, individually;**
**ROLAND RICH, individually; GEORGE M.**
**EDWARDS, individually; CLARENCE**
**BURDETTE, individually; BRIAN AIKMAN,**
**individually; LUTHER COPE, individually; GUY**
**DEVONO, individually; DON GIBSON,**
**individually; BILL GLASS, individually; JOHN**
**MARSHALL, individually; MARK MULLENS,**
**individually; TIMOTHY PALMER, individually;**
**JIM PINGLEY, individually; DAVID SISK,**
**individually; JOHN SPURLOCK, individually; KEN**
**WHITTINGTON, individually; and all other**
**Presently Unknown Individual**
**Agents/Employees/Contract Workers/**
**Representatives of VALIC/AIG, as named below,**
**involved in the sale and marketing of VALIC/AIG**
**retirement products in West Virginia to existing and**
**newly-hired members of the West Virginia Teachers'**
**Retirement System; AMERICAN**
**INTERNATIONAL GROUP, INC., a Texas**
**corporation; AIG RETIREMENT GROUP, f/k/a**
**AIG VALIC GROUP; VARIABLE ANNUITY LIFE**
**INSURANCE COMPANY, a Texas corporation;**
**AIG RETIREMENT ADVISORS, INC., f/k/a**
**VALIC FINANCIAL ADVISORS, INC., a Texas**
**corporation; AIG RETIREMENT SERVICES**
**COMPANY, f/k/a VALIC RETIREMENT**
**SERVICES COMPANY, a Texas corporation;**
**VARIABLE ANNUITY MARKETING COMPANY,**
**a Texas Corporation; and the WEST VIRGINIA**
**CONSOLIDATED PUBLIC RETIREMENT**
**BOARD, a West Virginia state Agency,**

        **Defendants.**



{C1417660.1}

### ANSWER AND AFFIRMATIVE AND OTHER DEFENSES
## OF DEFENDANT CLARENCE BURDETTE TO AMENDED CLASS ACTION
### COMPLAINT

Comes now Defendant Clarence Burdette ("Defendant Burdette"), by counsel, and submits his Answer and Affirmative and Other Defenses to the Amended Class Action Complaint ("Amended Complaint"):

### ANSWER

## I.      INTRODUCTION AND COMMON FACTS

1.      Defendant Burdette lacks knowledge or information sufficient to form a belief with respect to the truth of the allegations contained in Paragraph 1 of the Amended Complaint.

2.      Defendant Burdette denies the allegations in Paragraph 2 of the Amended Complaint.

3.      Defendant Burdette lacks knowledge or information sufficient to form a belief with respect to the truth of the allegations contained in Paragraph 3 of the Amended Complaint.

4.      Defendant Burdette lacks knowledge or information sufficient to form a belief with respect to the truth of the allegations contained in Paragraph 4 of the Amended Complaint.

5.      Defendant Burdette denies the allegations in Paragraph 5 of the Amended Complaint.

6.      Defendant Burdette denies the allegations in Paragraph 6 of the Amended Complaint.

7.      Paragraph 7 of the Amended Complaint states legal conclusions to which no response is required.  To the extent a response to the allegations is required, Defendant Burdette lacks knowledge or information sufficient to form a belief with respect to the truth of the allegations contained in Paragraph 7 of the Amended Complaint.

8.     Defendant Burdette lacks knowledge or information sufficient to form a belief with respect to the truth of the allegations contained in Paragraph 8 of the Amended Complaint.

9.     Defendant Burdette denies the allegations in Paragraph 9 of the Amended Complaint.

10.    Defendant Burdette denies the allegations in Paragraph 10 of the Amended Complaint.

## II.     THE PARTIES

11.    In response to Paragraph 11 of the Amended Complaint, Defendant Burdette reasserts his responses and defenses as if fully stated herein.

12.    Defendant Burdette denies the allegations in Paragraph 12 of the Amended Complaint.

13.    Defendant Burdette lacks knowledge tor information sufficient to form a belief with respect to the truth of the allegations contained in Paragraph 13 of the Amended Complaint.

14.    Defendant Burdette denies the allegations in Paragraph 14 of the Amended Complaint.

15.    Defendant Burdette denies the allegations in Paragraph 15 of the Amended Complaint.

16.    Defendant Burdette denies the allegations in Paragraph 16 of the Amended Complaint.

17.    Paragraph 17 of the Amended Complaint states legal conclusions to which no response is required.  To the extent a response to the allegations is required, Defendant Burdette lacks knowledge or information sufficient to form a belief with respect to the truth of the allegations contained in Paragraph 17 of the Amended Complaint.

## III.     JURISDICTION AND VENUE

18.    In response to Paragraph 18 of the Amended Complaint, Defendant Burdette reasserts his responses and defenses as if fully stated herein.

19.    Paragraph 19 of the Amended Complaint states legal conclusions to which no response is required.  To the extent a response to the allegations is required, Defendant Burdette

lacks knowledge or information sufficient to form a belief with respect to the truth of the allegations contained in Paragraph 19 of the Amended Complaint.

20. Paragraph 20 of the Amended Complaint states legal conclusions to which no response is required. To the extent a response to the allegations is required, Defendant Burdette denies the allegations in Paragraph 20 of the Amended Complaint. Defendant Burdette further states that venue is proper in Kanawha County.

## IV.   CLASS ACTION ALLEGATIONS

21. In response to Paragraph 21 of the Amended Complaint, Defendant Burdette reasserts his responses and defenses as if fully stated herein.

22. Defendant Burdette lacks knowledge or information sufficient to form a belief with respect to the truth of the allegations contained in Paragraph 22 of the Amended Complaint.

23. Paragraph 23 also states legal conclusions to which no response is required. To the extent a response to the allegations is required, Defendant Burdette denies the allegations in Paragraph 23 of the Amended Complaint.

24. Paragraph 24 also states legal conclusions to which no response is required. To the extent a response to the allegations is required, Defendant Burdette denies the allegations in Paragraph 24 of the Amended Complaint.

25. Paragraph 25 states legal conclusions and allegations about other parties to which no response is required. To the extent a response to the allegations is required, Defendant Burdette denies the allegations in Paragraph 25 and its subparts of the Amended Complaint.

26.    Paragraph 26 states legal conclusions to which no response is required.  To the extent a response to the allegations is required, Defendant Burdette denies the allegations in Paragraph 26 of the Amended Complaint.

27.    Defendant Burdette lacks knowledge or information sufficient to form a belief with respect to the truth of the allegations contained in Paragraph 27 of the Amended Complaint.

28.    Paragraph 28 of the Amended Complaint states legal conclusions to which no response is required.  To the extent a response to the allegations is required, Defendant Burdette denies the allegations in Paragraph 28 of the Amended Complaint.

29.    Paragraph 29 of the Amended Complaint states legal conclusions to which no response is required.  To the extent a response to the allegations is required, Defendant Burdette denies the allegations in Paragraph 29 of the Amended Complaint.

30.    Paragraph 30 of the Amended Complaint states legal conclusions to which no response is required.  To the extent a response to the allegations is required, Defendant Burdette denies the allegations in Paragraph 30 of the Amended Complaint.

31.    Paragraph 31 of the Amended Complaint states legal conclusions to which no response is required.  To the extent a response to the allegations is required, Defendant Burdette denies the allegations in Paragraph 31 of the Amended Complaint.

32.    Paragraph 32 of the Amended Complaint states legal conclusions to which no response is required.  To the extent a response to the allegations is required, Defendant Burdette denies the allegations in Paragraph 32 of the Amended Complaint.

33.    Paragraph 33 of the Amended Complaint states legal conclusions to which no response is required.  To the extent a response to the allegations is required, Defendant Burdette denies the allegations in Paragraph 33 of the Amended Complaint.

## V.    SPECIFIC PARTY ALLEGATIONS

34.    In response to Paragraph 34 of the Amended Complaint, Defendant Burdette reasserts his responses and defenses as if fully stated herein.

35.    Defendant Burdette lacks knowledge or information sufficient to form a belief with respect to the truth of the allegations contained in Paragraph 35 of the Amended Complaint.

36.    Defendant Burdette lacks knowledge or information sufficient to form a belief with respect to the truth of the allegations contained in Paragraph 36 of the Amended Complaint.

37.    Defendant Burdette lacks knowledge or information sufficient to form a belief with respect to the truth of the allegations contained in Paragraph 37 and its subparts of the Amended Complaint.

38.    Defendant Burdette lacks knowledge or information sufficient to form a belief with respect to the truth of the allegations contained in Paragraph 38 of the Amended Complaint.

39.    Defendant Burdette lacks knowledge or information sufficient to form a belief with respect to the truth of the allegations contained in Paragraph 39 of the Amended Complaint.

40.    Defendant Burdette lacks knowledge or information sufficient to form a belief with respect to the truth of the allegations contained in Paragraph 40 of the Amended Complaint.

41.     Defendant Burdette lacks knowledge or information sufficient to form a belief with
        respect to the truth of the allegations contained in Paragraph 41 of the Amended
        Complaint.

### VI.     CAUSES OF ACTION

42.     In response to Paragraph 42 of the Amended Complaint, Defendant Burdette reasserts his
        responses and defenses as if fully stated herein.

43.     Defendant Burdette denies the allegations in Paragraph 43 of the Amended Complaint.

44.     Defendant Burdette denies the allegations in Paragraph 44 of the Amended Complaint.

45.     Defendant Burdette denies the allegations in Paragraph 45 of the Amended Complaint.

46.     In response to Paragraph 46 of the Amended Complaint, Defendant Burdette reasserts his
        responses and defenses as if fully stated herein.

47.     Defendant Burdette denies the allegations in Paragraph 47 of the Amended Complaint.

48.     Defendant Burdette denies the allegations in Paragraph 48 of the Amended Complaint.

49.     Defendant Burdette denies the allegations in Paragraph 49 of the Amended Complaint.

50.     In response to Paragraph 50 of the Amended Complaint, Defendant Burdette reasserts his
        responses and defenses as if fully stated herein.

51.     Defendant Burdette denies the allegations in Paragraph 51 of the Amended Complaint.

52.     Defendant Burdette denies the allegations in Paragraph 52 of the Amended Complaint.

53.     In response to Paragraph 53 of the Amended Complaint, Defendant Burdette reasserts his
        responses and defenses as if fully stated herein.

54.     Defendant Burdette denies the allegations in Paragraph 54 of the Amended Complaint.

55.     Defendant Burdette denies the allegations in Paragraph 55 of the Amended Complaint.

56.     Defendant Burdette denies the allegations in Paragraph 56 of the Amended Complaint.

57.     Defendant Burdette denies the allegations in Paragraph 57 of the Amended Complaint.

58.   Defendant Burdette denies the allegations in Paragraph 58 of the Amended Complaint.

59.   In response to Paragraph 59 of the Amended Complaint, Defendant Burdette reasserts his responses and defenses as if fully stated herein.

60.   Defendant Burdette lacks knowledge or information sufficient to form a belief with respect to the truth of the allegations contained in Paragraph 60 of the Amended Complaint.

61.   Defendant Burdette lacks knowledge or information sufficient to form a belief with respect to the truth of the allegations contained in Paragraph 61 of the Amended Complaint.

62.   Defendant Burdette lacks knowledge or information sufficient to form a belief with respect to the truth of the allegations contained in Paragraph 62 of the Amended Complaint.  .

63.   Defendant Burdette denies that certification of a class is proper.

64.   Defendant Burdette denies all allegations not expressly admitted herein.

65.   Defendant Burdette denies that Plaintiff is entitled to the relief requested in the Amended Complaint.

## AFFIRMATIVE AND OTHER DEFENSES

As for additional defenses to the Amended Complaint, and without assuming any burden of pleading or proof that would otherwise rest on Plaintiff, Defendant Burdette states as follows:

1.   The Amended Complaint fails to state, in whole or in part, a claim upon which relief may be granted pursuant to Rule 12 of the West Virginia Rules of Civil Procedure.

2.   Plaintiff's individual and putative class claims are barred by laches, the applicable statutes of limitations and repose.

3.     Plaintiff's and the putative class members' recovery, if any, should be reduced pursuant
to the comparative negligence, fault, responsibility, or causation of others, including, but
not limited to, Plaintiff and the putative class members.

4.     Plaintiff's individual and putative class claims are barred by reason of Plaintiff's failure
to mitigate the alleged damages or losses and the failure of the putative class members to
mitigate the alleged damages or losses.

5.     Plaintiff's individual and putative class claims are barred by the doctrines of waiver and
estoppel.

6.     Plaintiff's individual and putative class claims are barred, in whole or in part, because
Plaintiff's and the putative class members' alleged damages or injuries were the result of
intervening or superseding events, factors, forces, occurrences, or conditions that were in
no way caused by Defendant Burdette and for which Defendant Burdette is not liable.

7.     Plaintiff's and the putative class members' damages, if any, were not proximately caused
by any act of omission of Defendant Burdette.

8.     Defendant Burdette acted properly and within the discretion afforded to him by law and
the West Virginia Consolidated Public Retirement Board.

9.     The imposition of punitive damages on the facts alleged in the complaint is barred by the
United States Constitution and by the Constitution of the State of West Virginia.

10.    Plaintiff's individual and putative class claims are barred in whole or in part by the
decision in Anthony J. Barbario et al. v. State of West Virginia Consolidated Public
Retirement Board, Circuit Court of Kanawha County, West Virginia, Civil Action No.
06-C-687 (Zakaib).

11.    Venue in Marshall County is improper.

12.     Inasmuch as Defendant Burdette is not advised of all of the facts and circumstances

surrounding the events and allegations referred to in Plaintiff's Amended Complaint, he

reserves the right to later assert any and all other affirmative defenses, including but not

limited to those set forth in Rules 8 and 12 of the West Virginia Rules of Civil Procedure,

which discovery may reveal are applicable.

**WHEREFORE**, Clarence Burdette respectfully requests that the Court dismiss

Plaintiff's Amended Complaint with prejudice and grant Clarence Burdette such other and

further relief as may be appropriate, including costs and attorney's fees as the Court deems

proper.

Defendant Clarence Burdette demands a trial by jury.

**CLARENCE BURDETTE**

**By Counsel**

Thomas J. Hurney, Jr. (WVSB #1833)
Clifford F. Kinney, Jr. (WVSB #6220)
**JACKSON KELLY PLLC**
P. O. Box 553
Charleston, WV  25322-0553
(304) 340-1000

and

David McNeel Lane, Jr.
(admission *pro hac vice* pending)
Brian S. Jones
(admission *pro hac vice* pending)
**AKIN GUMP STRAUSS HAUER & FELD LLP**
300 Convent Street, Suite 1600
San Antonio, Texas 78205-3732
(210) 281-7000

## IN THE CIRCUIT COURT OF KANAWHA COUNTY, WEST VIRGINIA

CHERYL DOUGHERTY, individually,
and on behalf of all others similarly situated,

      Plaintiff,

v.

                                        CIVIL ACTION NO. 08-C-2080
                                        (Honorable Judge Kaufman)

RAMONA CERRA, et al.,

      Defendants.

### CERTIFICATE OF SERVICE

      I, Clifford F. Kinney, Jr., certify that a copy of the foregoing *Answer and Affirmative and Other Defenses of Defendant Clarence Burdette to Amended Class Action Complaint* was sent via *regular U.S. mail* on November 17th, 2008 to the following counsel of record:

Harry F. Bell, Jr.
William L. Bands
Tim J. Yianne
BELL & BANDS, PLLC
30 Capitol Street
P.O. Box 1723
Charleston, WV  25326-1723
(304) 345-1700
(304) 345-1715 Facsimile

Gary Pullin
PULLIN, FOWLER, FLANAGAN,
BROWN, & POE, PLLC
JamesMark Building
901 Quarrier Street
Charleston, WV  25301
(304) 344-1000
(304) 342-1545 Facsimile

Charles R. Webb
THE WEBB LAW FIRM
108 1/2 Capitol Street, Suite 201
Charleston, WV  25301
(304) 344-9322
(304) 344-1157 Facsimile

                                      Clifford F. Kinney, Jr. (WVSB #6220)

| PLAINTIFF: Cheryl Dougherty | | CASE NUMBER: |
| DEFENDANT: Ramona Cerra, et al. | 2008 NOV 20  PM 1: 31 | 08-C-2080 |

TYPE OF CASE

CATHY S...
KANAWHA CO. CIRCUIT COURT

| TORTS | OTHER CIVIL | OTHER CIVIL |
|-------|-------------|-------------|
| ASBESTOS | ADOPTION | APPEAL FROM MAGISTRATE COURT |
| PROFESSIONAL MALPRACTICE | CONTRACT | PETITION FOR MODIFICATION OF MAGISTRATE  SENTENCE |
| PERSONAL  INJURY | REAL PROPERTY | MISC. CIVIL |
| PRODUCT LIABILITY | MENTAL HEALTH | OTHER |
| OTHER TORT | APPEAL OF ADMINISTRATIVE AGENCY | |

**JURY DEMAND:**     Yes
**CASE WILL BE READY FOR TRIAL BY (Month/Year):**  February 2009

**DO YOU OR ANY OF YOUR CLIENTS OR WITNESSES IN THIS CASE REQUIRE SPECIAL ACCOMMODATIONS DUE TO A DISABILITY OR AGE?**   No
**IF YES, PLEASE SPECIFY:**

Wheelchair accessible hearing room and other facilities
        Interpreter or other auxiliary aid for the hearing impaired
        Reader or other auxiliary air for the visually impaired
        Spokesperson or other auxiliary aid for the speech impaired
        Other:

| Attorney: | Gary E. Pullin, Esq. |
| | WV State Bar No. 4528 |
| Firm: | **Pullin, Fowler, Flanagan, Brown & Poe, PLLC** |
| Address: | 901 Quarrier Street |
| | Charleston, WV  25301 |
| Telephone: | (304) 344-0100 |

Representing:  WVCPRB

DATE:  November 19, 2008

Gary E. Pullin
WV State Bar No. 4528

IN THE CIRCUIT COURT OF KANAWHA COUNTY, WEST VIRGINIA

CHERYL DOUGHERTY, individually,
and on behalf of all others similarly
situated,

       Plaintiff,

v.
                               Civil Action No. 08-C-2080
                               Judge Tod Kaufman

RAMONA CERRA, individually; et al.,

       Defendants.


## ANSWER

**COMES NOW** the defendant, West Virginia Consolidated Public Retirement

Board, a West Virginia State agency, by counsel, Gary E. Pullin and Pullin, Fowler,

Flanagan, Brown & Poe, PLLC, for its answer to plaintiff's amended class action

complaint and states as follows:

### First Defense

1.     This claim fails to state a claim against this defendant upon which relief

can be granted.

### Second Defense

#### I. Introduction and Common Facts

2.     Paragraph 1 of plaintiff's amended complaint does not contain any

allegations to which a response by way of admission or denial is required.  To the extent

paragraph 1 alleges any negligent or intentional acts or wrong-doing against this

defendant, all such allegations are denied.  This defendant further denies that the

plaintiffs are entitled to compensatory and punitive damages from this defendant.



1

3.      This defendant denies that it engaged in any of the unlawful, unfair and/or deceptive acts alleged in paragraph 2 of plaintiff's amended complaint.

4.      This defendant denies all allegations of wrong-doing by this defendant which are alleged in paragraph 3 of plaintiff's amended complaint.  In further response to paragraph 3, this defendant states that the duties and obligations of the defendant are set forth in appropriate statutes, rules and regulations.  To the extent that the allegations in paragraph 3 are inconsistent with the applicable statutes, rules and regulations, all such allegations are denied.

5.      This defendant denies all allegations of wrong-doing, negligence, and/or willful or intentional acts alleged against this defendant in paragraphs 4, 5 and 6 of plaintiff's amended complaint.

6.      In response to paragraph 7 of plaintiff's amended complaint, this defendant states that the duties and responsibilities of the West Virginia State Consolidated Public Retirement Board are set forth in applicable statutes, rules and regulations.  To the extent the allegations contained in paragraph 7 are inconsistent with the applicable statutes, rules and regulations, all such allegations are denied.

7.      In response to paragraphs 8 and 9 of plaintiff's amended complaint, this defendant denies the allegations contained therein as worded.

8.      This defendant denies the allegations contained in paragraph 10 of plaintiff's amended complaint insofar as they relate to this defendant.

## II.  The Parties

9.      In response to paragraph 11 of plaintiff's amended complaint, this defendant reasserts its responses to paragraphs 1 through 10 and incorporate the same by reference as if fully set forth herein.

10.    This defendant is without sufficient information to admit or deny the allegations contained in paragraphs 12, 13, 14, 15 and 16 of plaintiff's amended complaint and, therefore, denies the same and demands strict proof thereof.

11.    In response to paragraph 17 of plaintiff's amended complaint, this defendant states that the obligations and responsibilities of this defendant are set forth in applicable statutes, rules and regulations. To the extent the allegations contained in paragraph 17 are inconsistent with the applicable statutes, rules and regulations, all such allegations are denied.  To the extent that paragraph of plaintiff's amended complaint alleges any wrong-doing, negligence, willful and/or intentional acts of wrong-doing against this defendant, all such allegations are denied.

### III.  Jurisdiction and Venue

12.    In response to paragraph 18 of plaintiff's amended complaint, this defendant reasserts its responses to paragraphs 1 through 17 and incorporate the same by reference as if fully set forth herein.

13.    In response to paragraph 19 of plaintiff's amended complaint, this defendant states that jurisdiction and venue as to this defendant is proper only in Kanawha County, West Virginia.

14.    In response to paragraph 20 of plaintiff's amended complaint, this defendant asserts that venue in this civil action lies in only in Kanawha County, West Virginia.

### IV.  Class Action Allegations

15.    In response to paragraph 21 of plaintiff's amended complaint, this defendant reasserts its responses to paragraphs 1 through 20 and incorporate the same by reference as if fully set forth herein.

3

16.      Paragraph 22 of plaintiff's amended complaint does not state any allegations to which a response by way of admission or denial is required.

17.      This defendant denies all allegations of wrong-doing, negligence, willful and intentional acts or breaches of fiduciary duties alleged in paragraph 23 of plaintiff's amended complaint against this defendant.

18.      This defendant denies the allegations contained in paragraph 24 of plaintiff's amended complaint.

19.      This defendant denies the allegations contained in paragraph 25 of plaintiff's amended complaint and all subparts thereof.

20.      This defendant denies the allegations contained in paragraph 26 of plaintiff's amended complaint.

21.      Paragraph 27 of plaintiff's amended complaint does not contain any allegations to which a response by way of admission or denial is required.

22.      This defendant denies that plaintiff is entitled to the damages and relief sought in paragraph 28 of plaintiff's amended complaint against this defendant.

23.      This denies the allegations contained in paragraphs 29, 30, 31, 32 and 33 of plaintiff's amended complaint.

### V. Specific Party Allegations

24.      In response to paragraph 34 of plaintiff's amended complaint, this defendant reasserts its responses to paragraphs 1 through 33 and incorporate the same by reference as if fully set forth herein.

25.      This defendant is without sufficient information to admit or deny the allegations contained in paragraphs 35, 36, 37, 38, 39, 40 and 41 of plaintiff's amended complaint and, therefore, denies the same and demands strict proof thereof.

4

## VI. [sic] Causes of Action

### First Cause of Action
### (Common Law Fraud and Misrepresentation –
### AIG/VALIC and Individual Defendants)

26.     In response to paragraph 42 of plaintiff's amended complaint, this

defendant reasserts its responses to paragraphs 1 through 41 and incorporate the same by

reference as if fully set forth herein.

27.     Paragraphs 43, 44 and 45 of plaintiff's amended complaint do not state

any allegations against this defendant to which a response by way of admission or denial

is required.  In further response to paragraphs 43, 44 and 45, this defendant states that it is

without sufficient information to admit or deny the allegations contained in these

paragraphs and, therefore, denies the same and demands strict proof thereof.

### Second Cause of Action
### (Joint Venure – AIG/VALIC and
### Individual Defendants)

28.     In response to paragraph 46 of plaintiff's amended complaint, this

defendant reasserts its responses to paragraphs 1 through 45 and incorporate the same by

reference as if fully set forth herein.

29.     Paragraphs 47, 48 and 49 of plaintiff's amended complaint do not contain

any allegations against this defendant to which a response by way of admission or denial

is required.  In further response to paragraphs 47, 48 and 49, this defendant states that it is

without sufficient information to admit or deny the allegations contained in those

paragraphs and, therefore, denies the same and demands strict proof thereof.

**Third Cause of Action**
**(Civil Conspiracy – AIG/VALIC and**
**Individual Defendants)**

30.    In response to paragraph 50 of plaintiff's amended complaint, this defendant reasserts its responses to paragraphs 1 through 49 and incorporate the same by reference as if fully set forth herein.

31.    This defendant is without sufficient information to admit or deny the allegations contained in paragraphs 51 and 52 of plaintiff's amended complaint and, therefore, denies the same and demands strict proof thereof.

**Fourth Cause of Action**
**(Unconscionability – AIG/VALIC and**
**Individual Defendants)**

32.    In response to paragraph 53 of plaintiff's amended complaint, this defendant reasserts its responses to paragraphs 1 through 52 and incorporate the same by reference as if fully set forth herein.

33.    This defendant is without sufficient information to admit or deny the allegations contained in paragraphs 54, 55, 56, 57 and 58 of plaintiff's amended complaint and, therefore, denies the same and demands strict proof thereof.

**Fifth Cause of Action**
**Breach of Fiduciary Duty –**
**Defendant WVCPRB)**

34.    In response to paragraph 59 of plaintiff's amended complaint, this defendant reasserts its responses to paragraphs 1 through 58 and incorporate the same by reference as if fully set forth herein.

35.    This defendant denies the allegations contained in paragraphs 60, 61 and 62 of plaintiff's amended complaint and, therefore, denies the same and demands strict proof thereof.

36.     This defendant denies all allegations contained in plaintiff's amended complaint against this defendant not specifically admitted herein.

37.     This defendant denies that the plaintiff is entitled to the relief sought against this defendant.

38.     This defendant specifically denies that the plaintiff is entitled to the relief sought in paragraphs 1 through 6 of the "wherefore" clause of plaintiff's complaint.

### Third Defense

39.     This amended complaint fails to state a claim for punitive damages against this defendant upon which relief can be granted.

### Fourth Defense

40.     This defendant is immune from all claims for punitive damages.

### Fifth Defense

41.     The plaintiff failed to mitigate damages.

### Sixth Defense

42.     This defendant asserts that to the extent any of the following affirmative defenses are applicable based upon the evidence adduced in this matter, this defendant invokes the following defenses of contract, accord and satisfaction, arbitration and award, contributory negligence, comparative negligence, assumption of the risk, waiver, estoppel, failure of consideration, fraud, illegality, laches, payment, statute of frauds, expiration of statute of limitations, lack of jurisdiction and venue, and any other matter constituting an avoidance or affirmative defense.

### Seventh Defense

43.     This defendant asserts that the injuries and damages, if any, of which the plaintiffs complain, were not caused by the acts or omissions of this defendant, but by

intervening and superseding acts or omissions by other persons or entities or by events over which this defendant had no control.

### Eighth Defense

44.     At all times pertinent herein, this defendant acted in accordance with applicable statutes, rules and regulations.

### Ninth Defense

45.     This defendant specifically asserts all common law, statutory and constitutional immunities afforded it under state and federal laws and the Constitutions of the United States and the State of West Virginia.

### Tenth Defense

46.     This defendant hereby raises and preserves each and every defense set forth in Rules 8, 9 and 12 of the West Virginia Rules of Civil Procedure, and further reserves the right to raise such additional defenses as may appear appropriate following further discovery and factual development in this case.

### Eleventh Defense

47.     This defendant violated no duty at law owed to the plaintiffs.

### Twelfth Defense

48.     This defendant is or maybe entitled to qualified immunity and/or sovereign immunity.

### Thirteenth Defense

49.     This defendant reserves the right to assert hereafter any defense, affirmative or otherwise, cross-claim, counterclaim or third party complaint, which may be come known through further discovery and/or investigation.

**WHEREFORE**, your defendant, the West Virginia Consolidated Public Retirement Board, respectfully prays that it be dismissed from this civil action, and for such other and further relief as this defendant may be entitled.

THIS DEFENDANT RESPECTFULLY DEMANDS A TRIAL BY JURY ON ALL ISSUES SO TRIABLE.

WEST VIRGINIA CONSOLIDATED
PUBLIC RETIREMENT BOARD

By Counsel

Gary E. Pullin, Esquire
WVSB No. 4528

**Pullin, Fowler, Flanagan, Brown & Poe, PLLC**
JamesMark Building
901 Quarrier Street
Charleston, West Virginia 25301
304/344-0100 Telephone
304/342-1741 Fascimile

9

IN THE CIRCUIT COURT OF KANAWHA COUNTY, WEST VIRGINIA

CHERYL DOUGHERTY, individually,
and on behalf of all others similarly
situated,

        Plaintiff,

v.                                   Civil Action No. 08-C-2080
                                     Judge Tod Kaufman

RAMONA CERRA, individually; et al.,

        Defendants.

### CERTIFICATE OF SERVICE

The undersigned counsel for defendant, West Virginia Consolidated Public Retirement

Baord, does hereby certify on this 19th day of November,, 2008, that a true copy of the foregoing

"**Answer**" was served upon all counsel of record by depositing same to them in the U.S. Mail,

postage prepaid, sealed in an envelope, and addressed as follows:

| | |
|---|---|
| Harry F. Bell, Jr., Esquire<br>William L. Bands, Esquire<br>Tim J. Yianne, Esquire<br>***Bell & Bands PLLC***<br>P.O. Box 1723<br>Charleston, WV 25326-1723 | Charles R. Webb, Esquire<br>***The Webb Law Firm***<br>108-1/2 Capitol St.,Ste. 201<br>Charleston, WV 25301 |
| Thomas J. Hurney, Esquire<br>Jackson Kelly PLLC<br>P.O. Box 553<br>Charleston, WV 25322-0553 | |

Gary E. Pullin
WV State Bar No. 4528

**Pullin, Fowler, Flanagan, Brown & Poe, PLLC**
JamesMark Building
901 Quarrier Street
Charleston, West Virginia 25301
304/344-0100 Telephone
304/342-1741 Fascimile