IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

CHERYL DOUGHERTY, individually,
and on behalf of all others similarly situated,

       Plaintiff,

v.                            CIVIL ACTION NO.: 2:09-CV-00443

RAMONA CERRA, individually; JOHN COOK,
individually; GREG GARRETT, individually;
ROLAND RICH, individually; GEORGE M. EDWARDS,
individually; CLARENCE BURDETTE, individually;
LUTHER COPE, individually; and all other Presently
Unknown Individual Agents/Employees/Contract
Workers/Representatives of VALIC/AIG, as named
below, involved in the sale and marketing of
VALIC/AIG retirement products in West Virginia to
existing and newly-hired members of the West
Virginia Teachers' Retirement System; AMERICAN
INTERNATIONAL GROUP, INC., a Texas corporation;
VARIABLE ANNUITY LIFE INSURANCE COMPANY, a
Texas corporation; AIG RETIREMENT ADVISORS, INC.,
f/k/a VALIC FINANCIAL ADVISORS, INC., a Texas
corporation; AIG RETIREMENT SERVICES
COMPANY, f/k/a VALIC RETIREMENT SERVICES
COMPANY, a Texas corporation; and the WEST
VIRGINIA CONSOLIDATED PUBLIC RETIREMENT
BOARD, a West Virginia state agency,

       Defendants.

## THIRD AMENDED CLASS ACTION COMPLAINT

Now comes the Plaintiff, on behalf of herself and all others similarly situated (hereinafter referred to as the "system members," "Class members," and/or "Class"), by and through counsel, Bell & Bands, PLLC, and the Webb Law Firm, PLLC, and file this Third Amended Class Action Complaint against Defendants states as follows:

### I.   INTRODUCTION AND COMMON FACTS

1.      Plaintiff brings this action, on behalf of herself and all others similarly situated, for compensatory and punitive damages for the unlawful, unfair and/or deceptive acts or practices employed by, and/or breaches of fiduciary duty committed by, the Defendants, jointly and severally;

2.      These unlawful, unfair and/or deceptive acts involve and include the consistent, common, ongoing, pervasive, intentional, deliberate, wanton, illegal, and systematic pattern and practice of recruiting, hiring, training and/or instructing undisclosed, prominent representatives in this State to make virtually identical and/or common fraudulent or misleading misrepresentations, including intentional omissions, which in fact were made, to Plaintiff, and all others similarly situated, unsophisticated employees of the State public school system, calculated to convince them to transition from the State of West Virginia Teacher's Retirement System Defined Benefit Plan (hereinafter referred to as the "TRS") to the Defined Contribution Plan (hereinafter referred to as "DCP"), of, and sold by, the individual and corporate Defendants, and/or to purchase an exorbitantly commission-driven,

2

front-loaded brokerage fee annuity ("the Annuity"), pursuant to an unconscionable contract or contract with unconscionable terms, procured in an unconscionable manner using fraud and coercion, which in fact was not a financial product that would be, and/or is, in the best interest of the Plaintiff and all others similarly situated, but instead very beneficial to the individual and corporate Defendants;

3.     The individual and corporate Defendants were chosen by and working in conjunction with Defendant West Virginia Consolidated Public Retirement Board ("WVCPRB"), which was charged with the fiduciary duty to choose appropriate and honest financial services providers for the TRS and DCP, and in turn the fiduciary duty to supervise, monitor and oversee the operations and practices of the provider(s) chosen, in this case the individual and corporate Defendants;

4.     Specifically, at all times relevant herein, the corporate Defendants named in this action and further described and identified hereinbelow, *inter alia*, collectively constitute the primary brokerage firm/financial services provider selected by, working in conjunction with, and purportedly supervised, overseen and monitored by Defendant WVCPRB, to administer the then-recently mandated DCP for newly-hired qualified employee members and for those existing teacher, school service personnel and professional staff members who left the TRS to move to the recently-mandated DCP (collectively the "members" of the "TRS");

5.     At all times relevant herein, the individual Defendants, named in this action and further described and identified hereinbelow, *inter alia*, are and/or were

prominent local persons with knowledge of, and/or experience with, the State and local public school system, including, upon information and belief, former legislators, former teachers, former coaches, and/or former school/education administrators, recruited, trained and/or instructed by the corporate Defendants, in return for exorbitant front-loaded commissions, to act on the corporate Defendants' behalf to represent, suggest, infer, and/or lead Plaintiff, and all others similarly situated, to believe, that they were representatives of Defendant WVCPRB, not the corporate Defendants, which were independent marketers of the annuity, chosen and purportedly supervised, overseen and monitored by Defendant WVCPRB, and to make virtually identical and/or common fraudulent, coercive and/or misleading misrepresentations, including intentional omissions, which in fact were made to Plaintiff and all others similarly situated, unsophisticated employees of the State public school system, calculated to convince them to move from the TRS to the DCP and/or to purchase the Annuity pursuant to an unconscionable contract, or contract with unconscionable terms, as aforesaid, sold in an unconscionable manner, by the corporate and individual Defendants, which was not a financial product that would be, and/or is, in the best interest of the Plaintiff and all others similarly situated;

6.      The aforesaid misrepresentations, misleading statements, and intentional omissions, *inter alia*, made on a consistent, common, ongoing, pervasive, intentional, wanton, illegal and systematic basis by the individual and corporate Defendants to Plaintiff and all others similarly situated, i.e. existing TRS members

and newly-hired employee members mandated to enter the DCP, were, to existing TRS members, that the TRS was in grave danger and/or going bankrupt, that they would receive no retirement funds, and that, to ensure that system members' retirement fund accounts would sufficiently provide for the TRS members' retirement, they must transfer into the "new" DCP system; and to both existing TRS members and newly-hired employee members mandated to enter the DCP, that purchasing the Annuity from the individual and corporate Defendants as their DCP retirement product was in their best interest as it was "guaranteed" to perform significantly better than the "old" TRS, even if the "old" TRS remained solvent, without ever explaining or emphasizing the unconscionable contract or unconscionable terms therein, unilaterally inserted into the Annuity contract, un-bargained for, and oppressive ;

7.      At all times relevant herein, Defendant WVCPRB was an agency and arm of the State of West Virginia, charged with the fiduciary duty to choose appropriate and honest financial services providers for the TRS and DCP, and in turn the fiduciary duties to, *inter alia*:  (1) educate or supervise and monitor the education of Plaintiff, and all others similarly situated, unsophisticated employees of the State public school system, so that they could make informed decisions based on truthful and accurate information to move from the TRS to the DCP, and/or to purchase the individual and corporate Defendants' Annuity because it was in fact in the best interest of Plaintiff and all others similarly situated; (2) to administer, monitor and

supervise the TRS, as well as the new DCP, including but not limited to the affirmative duty to oversee, monitor and evaluate the Retirement System funds and assets, and in turn to monitor and evaluate the products, sales tactics, and unconscionable contracts and/or contractual terms employed by the corporate and individual Defendants; and (3) to take all actions necessary to protect the fiscal and actuarial solvency of such funds and assets.  Defendant WVCPRB breached these fiduciary duties;

8.     In April 2008, Defendant WVCPRB mailed statements to Plaintiff and all other similarly situated system members which for the first time informed Plaintiff and all other similarly situated system members the actual and true projections of what they would earn under the DCP with the Annuities purchased from the corporate and individual Defendants, in comparison to the projected hypothetical retirement plan value and earnings had they remained in, or been able to join, the TRS, and not transferred to the DCP and/or chosen the corporate and individual Defendants' Annuity, thereby informing Plaintiff and all other similarly situated system members for the first time that, in their reliance on the misrepresentations, intentional omissions and misleading statements of the individual and corporate Defendants, chosen and purportedly supervised and monitored by Defendant WVCPRB, they were actually losing retirement funds with Defendants' Annuity, and/or that Defendants' Annuity had in reality performed significantly below the levels guaranteed by the Defendants, hence causing them to suffer significant damages;

9.     This statement also, for the first time, informed Plaintiff and all other similarly situated system members that they had the option to switch back, or transfer, from the Defendants' Annuity to the TRS, but at significant personal cost, thereby increasing their damages suffered as a direct result of Defendants' misrepresentations calculated to induce them to switch their retirement fund accounts to Defendants' Annuity, or for new hires to choose the same, sold pursuant to an unconscionable contract or contractual terms, in an unconscionable manner, and their detrimental reliance on the same;

10.    In addition, Plaintiff and all other similarly situated system members recently learned of the individual and corporate Defendants' Annuity contract's unconscionability, or unconscionable terms, relating to surrender charges, said contract and/or terms being fraudulently and coercively entered into by Plaintiff and all other similarly situated system members unknowing of, and  without an informed perception and appreciation of, the unconscionable surrender charge terms, acquiesced in and approved by Defendant WVCPRB, due to the individual and corporate Defendants' unconscionable, fraudulent, false, misleading, and coercive practices employed in the sale of the Annuity.

## II.     THE PARTIES

11.    Plaintiff restates and realleges every allegation herein as if repeated verbatim;

12.     Plaintiff Cheryl Dougherty is, and at all times relevant herein was, a resident of Wheeling, Ohio County, West Virginia, and a member of the Retirement System, employed as a teacher in Marshall County, West Virginia, who, directly as a result of Defendants' misrepresentations and intentional omissions left the TRS for the DCP, and in turn transferred her retirement fund account to the individual and corporate Defendants' Annuity, pursuant to an unconscionably-sold contract with unconscionable terms, *inter alia*, imposing surrender charges, and suffered significant damages as a direct result;

13.     Defendant American International Group, Inc. ("AIG"), is and was the parent corporation of Defendant Variable Annuity Life Insurance Company ("VALIC"). Defendant AIG also is and was the parent corporation of Defendant AIG Retirement Advisors, Inc., f/k/a VALIC Financial Advisors, Inc., and Defendant AIG Retirement Services, Inc., f/k/a VALIC Retirement Services Company;

14.     All of these Defendants (previously referred to herein collectively as "the corporate Defendants," hereinafter referred to collectively as "the AIG/VALIC Defendants") are, and at all times relevant herein were, Texas corporations with their principal place of business being Houston, Texas, and doing business throughout the entire State of West Virginia as, *inter alia*, marketers, sellers and administrators of financial products, including retirement products such as annuities, and specifically the Annuity at issue in this action, by and through the individual Defendants recruited, hired, trained and/or instructed, and undisclosed, prominent

8

representatives in this State to make virtually identical and/or common fraudulent misrepresentations, and intentional omissions, which in fact were made, to Plaintiff, and all similarly situated system members, unsophisticated employees of the State public school system, calculated to induce them to transfer from the State of West Virginia Teacher's Retirement System ("TRS") Defined Benefit Plan (hereinafter referred as to "DBP") to the Defined Contribution Plan (hereinafter referred to as "DCP"), of, and sold by, Defendants, which was an exorbitantly commission-driven, front-loaded brokerage fee annuity ("the Annuity"), sold pursuant to an unconscionable contract or contractual terms imposing unconscionable surrender charges, in an unconscionable manner, and not a financial product that would be, and/or is, in the best interest of the Plaintiff and all others similarly situated;

15.    Defendant Ramona Cerra (previously referred to herein as one of the collective group of "individual Defendants," hereinafter also referred to as "Defendant Cerra") is, and at all times relevant hereto was, a resident of West Virginia and a former legislator, and thus a prominent local person with knowledge of, and/or experience with, the State and local public school system, recruited, hired, trained and/or instructed by the AIG/VALIC Defendants to act as their agent and representative to make the misrepresentations and intentional omissions described herein to system members in the Northern Panhandle region, including Plaintiff and other similarly situated system members, many of whom, along with Plaintiff, met with Defendant Cerra at their place of employment in Marshall County, West Virginia,

9

at which time said misrepresentations were made.  In return, Defendant Cerra received from the AIG/VALIC Defendants exorbitant front-loaded commissions on her sales of the Annuity to Plaintiff and other similarly situated system members employed by the Marshall County school system.  In committing these actions and omissions, Defendant Cerra acted individually and as an agent under the direction and control of the AIG/VALIC Defendants;

16.    Defendants John Cook ("Defendant Cook"), Greg Garrett ("Defendant Garrett"), Roland Rich ("Defendant Rich"), George M. Edwards ("Defendant Edwards"), Clarence Burdette ("Defendant Burdette"), Luther Cope ("Defendant Cope"), and all other presently unknown and unidentified  individual agents / employees / contract workers / representatives of the AIG/VALIC Defendants involved in the sale and marketing of the Annuity in West Virginia to existing TRS members transferred to the DCP and new hires mandated to join the DCP, along with Defendant Cerra (hereinafter all also referred to collectively as "the individual Defendants"), are and were prominent local persons with knowledge of, and/or experience with, the State and local public school system, recruited, hired, trained and/or instructed by the AIG/VALIC Defendants to act as their agents and representatives to make the misrepresentations described herein to system members similarly situated with the Plaintiff, throughout the State of West Virginia, at meetings such as the one described hereinabove.  In return, the individual Defendants received from the AIG/VALIC Defendants exorbitant front-loaded

commissions on their fraudulent sales of the Annuity to Plaintiff and other similarly situated system members employed throughout the State of West Virginia, pursuant to an unconscionable contract.  In committing these actions and omissions, the individual Defendants acted individually and as agents under the direction and control of the AIG/VALIC Defendants;

17.    Defendant WVCPRB is and was an agency and arm of the State of West Virginia, pursuant to W.Va. Code §§ 5-10D-1, *et seq.*, charged with the fiduciary duty to choose appropriate and honest financial services providers for the TRS and DCP, and in turn the fiduciary duties to, *inter alia*:  (1) educate or supervise and monitor the education of Plaintiff, and all others similarly situated, unsophisticated employees of the State public school system, so that they could make informed decisions based on truthful and accurate information to move from the TRS to the DCP, and/or to purchase the individual and corporate Defendants' Annuity because it was in fact in the best interest of Plaintiff and all others similarly situated; (2) to administer, monitor and supervise the TRS, as well as the new DCP, including but not limited to the affirmative duty to oversee, monitor and evaluate the Retirement System funds and assets, and in turn to monitor and evaluate the products, sales tactics, and unconscionable contracts and/or contractual terms employed by the AIG/VALIC and individual Defendants; and (3) to take all actions necessary to protect the fiscal and actuarial solvency of such funds and assets.

### III.   JURISDICTION AND VENUE

18.   Plaintiff restates and realleges every allegation herein as if repeated verbatim;

19.   The parties to this action and the acts and omissions complained of herein are subject to the jurisdiction of a Court located in the State of West Virginia, with the proper venue being before a Court located in Kanawha County, West Virginia.

### IV.   CLASS ACTION ALLEGATIONS

20.   Plaintiff restates and realleges every allegation herein as if repeated verbatim;

21.   This civil action is brought by the Plaintiff as a class action, individually and on behalf of all others similarly situated under the provisions of Rule 23 of the West Virginia and/or Federal Rules of Civil Procedure;

22.   The Class consists of all current and former system members who, as a result of the misrepresentations and intentional omissions of the individual and AIG/VALIC Defendants as aforesaid, upon which they detrimentally relied, and by which they were fraudulently induced, transferred their retirement fund account from the TRS to, or placed their retirement fund account in, the individual and AIG/VALIC Defendants' Annuity, pursuant to an unconscionable contract or contractual terms imposed upon them via unconscionable sale, all while acting under Defendant WVCPRB, which was charged with the fiduciary duties as aforesaid relating to the

choice of financial services provider, and administration, monitoring and supervision of the same, in this case the AIG/VALIC and individual Defendants;

23.    The Class is so numerous that joinder of individual members is impracticable. The exact number of Class members can be readily determined from the records of the Defendants.  In fact, upon information and belief, a significant number of retired and/or disabled former members, referred to herein, may not yet even know that they detrimentally relied on the aforesaid misrepresentations and intentional omissions of the AIG/VALIC and individual Defendants, and the unconscionable contract pursuant to which they were fraudulently induced to purchase the Annuity from the AIG/VALIC and individual Defendants, chosen and purportedly supervised, monitored and administered by their purported retirement system fiduciary, Defendant WVCPRB, and that they have suffered significant damages as direct result;

24.    There are common questions of law and/or fact in this action which relate to and affect the rights of the Plaintiff and each Class member, and the relief sought is common to the entire Class, including but not limited to:

     a.    whether the AIG/VALIC Defendants engaged in a consistent, common, ongoing, pervasive, intentional, deliberate, wanton, illegal, and systematic pattern and practice of recruiting, hiring, training and/or instructing undisclosed, prominent agents/representatives in this State, controlled by the AIG/VALIC Defendants, with knowledge or, and/or experience with, the State and local public school system including, upon information and belief, former legislators, former

teachers, former coaches, and/or former school/education administrators, to make virtually identical and/or common fraudulent misrepresentations, and intentional omissions, calculated to induce Plaintiff and Class members to detrimentally rely on the same and as a direct result transfer retirement funds to, or purchase, the Annuity;

b.     whether the contract or contractual terms pursuant to which the Annuity was sold were and are unconscionable in their surrender charge penalty provisions, and whether the entire contract was rendered unconscionable pursuant to the fraudulent manner in which Plaintiff and Class members were induced to enter the same;

c.     whether Defendant WVCPRB breached its fiduciary duties in choosing the AIG/VALIC Defendants, and in, *inter alia*, subsequently failing to monitor, administer and supervise the individual and AIG/VALIC Defendants;

d.     whether Plaintiff and Class members so transferred retirement funds to, or purchased, the Annuity;

e.     whether Plaintiff and Class members suffered damages; and

f.     whether the individual Defendants received exorbitant, front-loaded commissions from their sales of the Annuity to Plaintiff and Class members;

25.     The claims of the named Plaintiff are typical of the claims of the Class in that the named Plaintiff and Class members are or were all system members to which misrepresentations were made regarding the Annuity and who purchased or transferred funds to the Annuity;

26.     Notice, if required, can be provided to Class members by first class mail and/or by published notice using techniques and forms of notice similar to those customarily used in consumer protection class action litigation;

27.     Plaintiff seeks compensatory and punitive damages common to the Class and also seeks to enjoin and redress the aforementioned unlawful, unfair and deceptive sales practices employed and approved by Defendants;

28.     Class certification is appropriate pursuant to Rule 23 because Defendants have committed consistent and common, virtually-identical actions and/or omissions and used identical and/or common documents generally, with minor variations over time, applicable to the entire Class, with minor variations over time, and the fiduciary duties relating to the claims made herein owed by Defendant WVCPRB extend to all members of the Class;

29.     Class certification is also appropriate under Rule 23 because, among other things, the prosecution of several actions by individual Class members would create the risk of varying adjudications and the creation of inconsistent standards of conduct for those opposing the Class;

30.     Further, individual actions by Class members may be dispositive of the interests of other members not parties to the adjudication of the claims made herein or like claims, which would impair or impede the ability of those individuals to protect their interests;

31.     Class certification is also appropriate because the cost of litigation for one individual may be unlikely to justify the case, yet Plaintiff is in need of the relief sought herein and Defendants are liable for the harm to Plaintiff and the Class. Without class certification, Plaintiff will be unable to seek proper redress for this harm;

32.     The Plaintiff will fairly and adequately represent and protect the interests of the Class.

## V.  SPECIFIC PARTY ALLEGATIONS

33.     Plaintiff restates and realleges every allegation herein as if repeated verbatim;

34.     During the academic year 1990-1991, the AIG/VALIC Defendants, by and through their individual agent and representative, Defendant Cerra, conducted a meeting during the school day, on Marshall County school grounds, for Plaintiff and other system members at that location;

35.     The AIG/VALIC Defendants, by and through Defendant Cerra, whom they had, *inter alia*, recruited and trained, and who they controlled, set up this meeting for the sole purpose of making the misrepresentations described herein calculated to induce Plaintiff, *inter alia*, to leave the TRS and transfer her retirement fund account to the DCP, and in turn to purchase Defendants' Annuity;

36.     At said meeting, Defendant Cerra led Plaintiff to believe Cerra was a representative from Defendant WVCPRB and represented, *inter alia*, to the Plaintiff the following:

a.     That the teachers retirement system was in grave danger;

b.     That there would be no retirement by the time she reached age fifty-five (55);

c.     That there was a new system "which would save us," "allow us to regain our losses," and "allow us to retire with even better benefits than our peers [who remained in the plan]," which was in fact the Defendants' Annuity;

d.     That Plaintiff had to immediately make her decision to purchase and/or transfer her retirement fund account to the Annuity;

37.     The representations made to Plaintiff by Defendant Cerra in an effort to get Plaintiff to leave the TRS and purchase and/or transfer her retirement fund account to the DCP Annuity, under the control of the AIG/VALIC Defendants, were in fact false;

38.     Defendant AIG/VALIC, by and through Defendant Cerra, also employed many intentional omissions concerning the nature of the Annuity, its projected performance and related terms and conditions, the fact Defendant Cerra's exorbitant commission on the sale of the Annuity was front loaded, and terms and conditions of the Annuity contract, including but not limited to its surrender charge penalty provisions;

39.   As a result of the misrepresentations, intentional omissions, and pressure tactics employed by the AIG/VALIC Defendants' agent, Defendant Cerra, Plaintiff left the TRS and purchased and/or transferred her retirement fund account to the DCP Annuity;

40.   Plaintiff did not learn of the misrepresentations and intentional omissions of Defendant Cerra, as an agent controlled by the AIG/VALIC Defendants, and her substantial damages suffered as a result of the same, until 2008 as aforesaid.

## IV.  CAUSES OF ACTION

### First Cause of Action
### (Common Law Fraud and Misrepresentation –
### AIG/VALIC and Individual Defendants)

41.   Plaintiff restates and realleges every allegation herein as if repeated verbatim;

42.   The AIG/VALIC and individual Defendants engaged in a consistent, common, ongoing, pervasive, intentional, wanton, illegal and systematic pattern and practice of misrepresenting and/or omitting material facts regarding the condition of the TRS, and the, *inter alia*, viability, nature, returns, qualities, terms and conditions of the Annuity, as set forth herein, and thus commonly and consistently, and in virtually identical fashion, misrepresented and/or concealed facts and information material to the transactions of Plaintiff and Class members, with the intent that they rely on the same;

43.     As a direct result of said misrepresentations and intentional omissions, Plaintiff and Class members did in fact detrimentally rely on the same and purchased and/or transferred accounts to the AIG/VALIC and individual Defendants' Annuity;

44.     As a direct result of said misrepresentations, Plaintiff and Class members have suffered and continue to suffer significant and substantial damages.

**Second Cause of Action**
**(Joint Venture– AIG/VALIC and**
**Individual Defendants)**

45.     Plaintiff restates and realleges every allegation herein as if repeated verbatim;

46.     The AIG/VALIC and individual Defendants combined their skill, knowledge, resources, contacts, and other attributes and characteristics in order to engage in the single business enterprise of marketing and selling the DCP and the Annuity to Plaintiff and Class members by the use of misrepresentation, omission, and deceit;

47.     The AIG/VALIC and individual Defendants thus engaged in a joint venture to obtain significant economic gain to the detriment of Plaintiff and Class members;

48.     As a direct result, Plaintiff and Class members have suffered and continue to suffer significant and substantial damages.

### Third Cause of Action
### (Civil Conspiracy – AIG/VALIC and
### Individual Defendants)

49.     Plaintiff restates and realleges every allegation herein as if repeated verbatim;

50.     The AIG/VALIC and individual Defendants' actions and omissions as described herein constitute civil conspiracy;

51.     As a direct result, Plaintiff and Class members have suffered and continue to suffer significant and substantial damages.

### Fourth Cause of Action
### (Unconscionability – AIG/VALIC and
### Individual Defendants)

52.     Plaintiff restates and realleges every allegation herein as if repeated verbatim;

53.     Plaintiff and Class members were fraudulently induced by the AIG/VALIC and individual Defendants to enter into the contract purchasing the Annuity;

54.     This renders the Annuity contracts executed by Plaintiff and Class members unconscionable due to the conduct undertaken by these Defendants;

55.     Moreover, the contract itself was a contract of adhesion, the terms of which were not subject to bargaining by Plaintiff and Class members, who came to the contract with bargaining power woefully inadequate in comparison to the AIG/VALIC and individual Defendants, who had prepared and presented the contract

to Plaintiff and Class members for execution following the fraudulent misrepresentations and intentional omissions regarding the Annuity and the contract by these Defendants;

56.     Further, the contractual terms providing for surrender charge penalties are unconscionable in that they were adhesive in nature, unbargained for, and fraudulently and forcibly imposed on, and grossly one-sided and unfair to, the Plaintiff and Class members;

57.     Accordingly, the fraudulently-induced, one-sided, unbargained-for, and grossly-unfair Annuity contract of adhesion generally, and its surrender charge penalty provisions in particular, are unenforceable against and/or have caused Plaintiff and Class members to suffer, and to continue to suffer, significant and substantial damages.

### Fifth Cause of Action
### (Breach of Fiduciary Duty –
### Defendant WVCPRB)

58.     Plaintiff restates and realleges every allegation herein as if repeated verbatim;

59.     Defendant WVCPRB owed various fiduciary duties to Plaintiff and Class members as aforesaid;

60.     Defendant WVCPRB breached these fiduciary duties owed to Plaintiff and Class members as aforesaid;

61.    As a direct result, Plaintiff and Class members have suffered and continue to suffer significant and substantial damages.

**WHEREFORE**, Plaintiff prays that this Court take the following actions and award the following relief:

1.    That this action be certified as a Class Action on behalf of the proposed Class and that Plaintiff be designated as representative of the Class;

2.    That this Court declare that the actions and/or omissions of Defendants as described herein is unlawful, illegal, and in violation of West Virginia law as set forth herein;

3.    That this Court declare that the Annuity contract(s) pursuant to which Plaintiff and Class members purchased the Annuity, and/or the surrender charge penalty provisions of the same, be declared unconscionable and unenforceable against Plaintiff and Class Members;

4.    That this Court grant a permanent injunction against Defendants forbidding them from hereinafter undertaking the unlawful actions and/or omissions described herein;

5.    That this Court award Plaintiff and all Class members compensatory and punitive damages, along with all applicable interest under the law, as well as all other damages available under the law;

6.    That this Court award Plaintiff and all Class members equitable relief; and

7.     That this Court award Plaintiff and all Class members all attorney fees and costs incurred in the prosecution of this action.

**THE PLAINTIFF DEMANDS A TRIAL BY JURY**

**PLAINTIFF CHERYL DOUGHERTY, individually, and on behalf of all others similarly situated, By Counsel**

Harry F. Bell, Jr.
Bell & Bands, PLLC
30 Capitol Street
P.O. Box 1723
Charleston, WV 25326-1723
(304) 345-1700
(304) 345-1715  Facsimile

and

*with permission 06/24/09*
Charles R. Webb
The Webb Law Firm, PLLC
108 ½ Capitol Street, Suite 201
Charleston, WV  25301
(304) 344-9322
(304) 344-1157  Facsimile

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

CHERYL DOUGHERTY, individually,
and on behalf of all others similarly situated,

        Plaintiff,

v.                                CIVIL ACTION NO.: 2:09-CV-00443

RAMONA CERRA, *et al.*

        Defendants.

### CERTIFICATE OF SERVICE

I, Harry F. Bell, Jr., hereby certify that on this 25th day of June, 2009, I electronically filed the THIRD AMENDED CLASS ACTION COMPLAINT, with the clerk of the court using the CM/ECF system which will send notification of such filing to the following CM/ECF participants:

        Michael M. Fisher
        JACKSON KELLY
        1600 Laidley Tower
        P. O. Box 553
        Charleston, WV 25322

        Gary Pullin
        PULLIN FOWLER FLANAGAN
        James Mark Building
        901 Quarrier Street
        Charleston, West Virginia 25301

Daniel McNeel Lane, Jr.
Brian S. Jones
AKIN BUMP STRAUSS HAUER & FELD LLP
300 Convent Street, Suite 1500
San Antonio, TX 78205-3732


      /s/ Harry F. Bell, Jr.
      Harry F. Bell, Jr.