IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

| | | |
|---|---|---|
| CHERYL DOUGHERTY, individually, and on behalf of all others similarly situated, | § § § | |
| Plaintiff, | § § | |
| v. | § § | CIVIL ACTION NO. 2:09-443 |
| RAMONA CERRA, *et al.* | § § | |
| Defendants. | § § | |

---

AMERICAN INTERNATIONAL GROUP, INC.'S
MEMORANDUM IN SUPPORT OF ITS
MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION

---

American International Group, Inc. ("AIG, Inc."), Defendant, respectfully submits this

Memorandum In Support of its Motion to Dismiss for Lack of Personal Jurisdiction.

### Preliminary Statement

Plaintiff has made *no* allegations of misconduct against AIG, Inc.  Instead, Plaintiff seeks

to hold AIG, Inc. liable for the alleged acts of the VALIC Defendants[1] merely as their corporate

parent.  However, AIG, Inc. is a holding company, not an insurance company, or an investment

provider, or a financial services provider.  AIG, Inc. does not write or issue insurance policies, or

underwrite, promote, sell, or market financial products.  AIG, Inc. has never been authorized by

any authority to transact the sale of insurance or annuities, either on its own account or for any

insurer, including, but not limited, to VALIC, and AIG, Inc. has never underwritten insurance

---

[1] VALIC is an indirect, wholly owned subsidiary of AIG.  For convenience, The Variable Annuity Life Insurance Company ("VALIC"), AIG Retirement Advisors, Inc. (n/k/a VALIC Financial Advisors, Inc.), and  AIG Retirement Services Company (n/k/a VALIC Retirement Services Company ) are collectively referred to in this Memorandum as "VALIC" or the "VALIC Defendants."

policies or negotiated or drafted insurance contracts or annuities.  Because AIG, Inc. does not

sell, write, or issue insurance or annuities, AIG, Inc. could not have sold, written, or issued the

annuities that are the subject of this action.  Therefore, Plaintiff has not alleged and cannot

produce facts sufficient to establish personal jurisdiction over AIG, Inc. in this action, or facts

that would support a finding of jurisdiction based solely on the presence of AIG, Inc. subsidiaries

in West Virginia.  Dismissal under Federal Rule of Procedure 12(b)(2) is required.

## FACTUAL BACKGROUND

I.      **ABOUT AIG, INC.**

AIG, Inc. is a "holding company."   (*See* Declaration of Yun G. Lee at ¶2, attached to

AIG, Inc.'s Motion to Dismiss for Lack of Personal Jurisdiction as Exhibit "A.")  AIG, Inc.

completed its purchase of American General Corporation, of which VALIC was a subsidiary, in

August 2001.[2]  While AIG, Inc. is a corporate parent to numerous corporations, including, The

Variable Annuity Life Insurance Company ("VALIC"), AIG, Inc. Retirement Advisors, Inc.

(n/k/a VALIC Financial Advisors, Inc.), and  AIG, Inc. Retirement Services Company (n/k/a

VALIC Retirement Services Company) (collectively, "VALIC"), AIG, Inc. is not an insurance

company and does not write or issue insurance or annuities.  (*Id.* at ¶¶ 2-3.)  AIG, Inc. has never

been authorized by any authority to transact the sale of, write, or issue primary or excess

insurance, either on its own account or for any insurer, including but not limited to VALIC.   (*Id.*

at ¶ 4.)  Moreover, AIG, Inc. has never underwritten insurance policies or negotiated and/or

drafted insurance contracts, including annuities.  (*Id.*)  Since AIG, Inc. does not sell, write or

---

[2] *See* Variable Annuity Life Ins. Co., Supplement Dated August 31, 2001 to Prospectus Dated May 1, 2001
(Prospectus), at 1 (Aug. 31, 2001), attached as Exhibit B to AIG, Inc.'s Motion to Dismiss for Lack of Personal
Jurisdiction.

issue primary or excess insurance or annuities, AIG, Inc. could not have sold, written or issued the annuities that are the subject of this action. (*Id.*)

VALIC is a separate and distinct corporation from AIG, Inc. (*Id.* at ¶5.)  VALIC and AIG, Inc. each maintain their own corporate formalities, including separate books and records, and a separate Board of Directors. (*Id.*)  AIG, Inc. is organized under the laws of Delaware, with its principal place of business in New York, New York. (*Id.* at ¶ 6.)  AIG, Inc. has never done business in West Virginia, is not qualified to do business in West Virginia, and is not required to have an agent for service of process in West Virginia. (*Id.* at ¶ 7.)  Accordingly, AIG, Inc. is not subject to personal jurisdiction in West Virginia.

## II.    PLAINTIFF'S ALLEGATIONS AGAINST AIG, INC.

Plaintiff's Third Amended Complaint generally alleges that the VALIC Defendants committed fraud by misrepresenting that West Virginia's then-existing teacher retirement system, a defined-benefit plan, was "in grave danger" and that a new system, a defined-contribution plan that offered a number of investment options, including mutual funds, bonds, and a VALIC fixed annuity, would perform better. (*See* Third Amended Complaint at ¶ 36.)  However, Plaintiff does not allege that AIG, Inc. itself was directly involved in any such actions.  Instead, Plaintiff seeks only to hold AIG, Inc. liable for the alleged acts of VALIC and VALIC's representatives.  In fact, Plaintiff references AIG, Inc. individually in only 1 of the 61 paragraphs contained in the complaint, and that paragraph merely alleges:

> Defendant American International Group, Inc. ("AIG, Inc."), is and was the parent corporation of Defendant Variable Annuity Life Insurance Company ("VALIC").  Defendant AIG, Inc. also is and was the parent corporation of Defendant AIG, Inc. Retirement Advisors, Inc., f/k/a VALIC Financial Advisors, Inc., and Defendant AIG, Inc. Retirement Services, Inc., f/k/a VALIC Retirement Services Company.

(*Id.* at ¶ 13.)  That is the total of the individual allegations Plaintiff makes against AIG, Inc. Plaintiff's allegations are simply insufficient to establish personal jurisdiction over or state a claim against AIG, Inc.  Dismissal under Rule 12(b)(2) is warranted.

## ARGUMENT AND AUTHORITIES

### I.   PERSONAL JURISDICTION REQUIRES MINIMUM CONTACTS WITH THE FORUM STATE.

Plaintiff bears the burden of establishing that the Court may exercise personal jurisdiction over AIG, Inc.  *See Mylan Labs., Inc. v. Akzo, N.V.*, 2 F.3d 56, 60 (4th Cir.1993).  To meet her burden, Plaintiff must satisfy the requirements of the applicable state long-arm statute and show that the exercise of jurisdiction would comport with the constitutional principles of due process. *Id.*  West Virginia's long-arm statute, W. Va. Code, § 56-3-33 extends West Virginia's jurisdiction as far as the United States Constitution permits, requiring only that the exercise of jurisdiction over non-residents satisfy well-established principals of due process.  *See In re Celotex*, 124 F.3d 619, 627-8 (4th Cir. 1997) (holding that West Virginia long arm statute is coextensive with the full reach of Constitutional due process and that statutory inquiry necessarily merges with Constitutional inquiry); *see also Jeffers v. Wal-Mart Stores, Inc.*, 152 F.Supp.2d 913, 916 (S.D. W. Va. 2001) (same).  Therefore, if jurisdiction is consistent with the Fourteenth Amendment's Due Process Clause, the West Virginia long-arm statute authorizes jurisdiction over a nonresident defendant. *Id.*  Thus, the key question here is whether the exercise of jurisdiction over AIG, Inc. would satisfy the requirements of Constitutional due process.

Absent traditional bases for personal jurisdiction, such as physical presence, domicile or consent—none of which are present here—due process requires the plaintiff to show that the defendant has "certain minimum contacts with the forum such that the maintenance of the suit does not offend traditional notions of fair play and substantial justice." *Helicopteros Nacionales de Columbia S.A. v. Hall*, 466 U.S. 408, 414 (1984) (quotations omitted) (citing *Int'l Shoe Co. v.*

*Washington*, 326 U.S. 310, 316 (1945)). Personal jurisdiction may be general or specific, but in either case, the exercise of jurisdiction must be reasonable. *Id.*; *Faulkner v. Carowinds Amusement Park*, 867 F. Supp. 419, 423 (S.D. W. Va 1994).

A court may exercise general jurisdiction over a nonresident defendant when the defendant's activities in the state are so "substantial" or "continuous and systematic" that justice allows the exercise of jurisdiction even for claims not arising from the defendant's contacts with the state. *Id.* at 414-16. A court may exercise specific jurisdiction only if: (1) the defendant purposefully avails itself of the privilege of acting in the forum; (2) the cause of action arises from that purposeful contact with the forum; and (3) the exercise of jurisdiction comports with fair play and substantial justice. *See Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 471-73 (1985).

## II. AIG, INC. IS NOT SUBJECT TO GENERAL JURISDICTION IN WEST VIRGINIA.

Plaintiff cannot show that AIG, Inc. has the type of substantial, continuous, and systematic contacts with West Virginia that are required to establish general jurisdiction. *See Helicopteros Nacionales*, 466 U.S. at 414-16. As stated, AIG, Inc. is a holding company organized under the laws of Delaware, and has its principal place of business in New York, New York. AIG, Inc. is not qualified to do business in West Virginia, nor has AIG, Inc. ever done business in West Virginia, and AIG, Inc. does not have—and has never been required to have—an agent for service of process in West Virginia. Because AIG, Inc. lacks continuous and systematic contacts with West Virginia, the exercise of general jurisdiction over AIG, Inc. would violate due process. The Court should dismiss Plaintiff's Third Amended Complaint.

## III. AIG, INC. IS NOT SUBJECT TO SPECIFIC JURISDICTION IN WEST VIRGINIA.

Since Plaintiff cannot make the required showing that the exercise of general jurisdiction over AIG, Inc. would comport with due process, Plaintiff's only remaining hope is to show that

AIG, Inc. purposefully established contacts with the forum and that the cause of action directly arises from those contacts. *See Burger King*, 471 U.S. at 471-73. Plaintiff's complaint fails here, too. AIG, Inc. has never transacted business in West Virginia and has never been authorized by any authority to transact the sale of, write, or issue insurance or annuities, either on its own account or for any insurer, including but not limited to VALIC. Since AIG, Inc. does not sell, write, or issue primary or excess insurance or annuities, AIG, Inc. could not have sold, written, or issued the annuities that are the subject of this action. Therefore, Plaintiff cannot produce facts that would establish specific jurisdiction over AIG, Inc. With no basis to exercise personal jurisdiction over AIG, Inc., the Court must dismiss Plaintiff's Third Amended Complaint.

## IV.   AIG, INC. IS NOT SUBJECT TO JURISDICTION BASED ON THE ACTS OF ITS SUBSIDIARIES OR ANY OTHER ENTITIES.

Plaintiff has made no allegations that AIG, Inc. individually entered into any agreements or engaged in any of the activities alleged in the Complaint. Rather, Plaintiff seeks to hold AIG, Inc. responsible for the alleged actions of its subsidiaries—subsidiaries that AIG, Inc. did not even acquire until 10 years after Plaintiff elected to participate in the defined contribution plan. A foreign parent corporation, however, is not subject to the jurisdiction of a forum state merely because its subsidiary is doing business there; the mere existence of a parent-subsidiary relationship is not sufficient to warrant the jurisdiction over the foreign parent. *See Gray v. Riso Kagaku Corp.*, No. 95-1741, 82 F.3d 410, *3 (4th Cir. Apr. 17, 1996) (Table Op.); *see also Alpine View Co. Ltd. v. Atlas Copco AB*, 205 F. 3d 208, 218 (5th Cir. 2000) (finding lack of personal jurisdiction over parent holding company). Jurisdiction over the parent is appropriate only when "the extent [of] domination and control by the parent corporation renders the subsidiary a mere instrumentality of the parent." *Norfolk S. Ry. Co. v. Maynard*, 437 S.E.2d 277, 281 (W. Va.

1993).  "Generally courts presume the institutional independence of parent corporation and wholly-owned subsidiary when considering the question whether jurisdiction may be asserted over the parent solely on the basis of the subsidiary's contacts with the forum."  *Toney v. Family Dollar Stores, Inc.*, 273 F. Supp. 2d 757, 761 (S.D. W.Va. 2003) (citing *Norfolk S. Ry. Co.*, 437 S.E.2d at 117).  Plaintiff does not allege—nor could she—any facts to show that AIG, Inc. had domination or control over the VALIC Defendants sufficient to confer personal jurisdiction over AIG, Inc., because such control simply does not exist.  (Exh. A at ¶ 5.)  The Court must dismiss Plaintiff's Third Amended Complaint.

**V.     AIG, INC. JOINS IN DEFENDANTS' MOTION TO DISMISS THIRD AMENDED COMPLAINT OR, IN THE ALTERNATIVE, MOTION FOR SUMMARY JUDGMENT**

Subject to and as an alternative to its Motion to Dismiss for Lack of Personal Jurisdiction, AIG, Inc. joins in Defendants' Motion to Dismiss Third Amended Complaint or, in the Alternative, Motion for Summary Judgment on the basis stated therein.

## CONCLUSION

Plaintiff's Third Amended Complaint should be dismissed.

DATED: August 14, 2009

                                 Respectfully Submitted,


                                 /s/ Daniel McNeel Lane, Jr.
                                 Daniel McNeel Lane, Jr.
                                 (*admitted pro hac vice*)
                                 Brian S. Jones
                                 (*admitted pro hac vice*)
                                 AKIN GUMP STRAUSS HAUER & FELD LLP
                                 300 Convent Street, Suite 1600
                                 San Antonio, Texas 78205
                                 (210) 281-7000

                                 -and

Thomas J. Hurney, Jr., Esquire
WV Bar ID# 1833
Michael M. Fisher, Esquire
WV Bar ID# 4353
JACKSON KELLY PLLC
P.O. Box 553
Charleston, West Virginia 25322
(304) 340-1000

**ATTORNEYS FOR AMERICAN INTERNATIONAL GROUP, INC.**

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that all parties listed on this certificate of service will receive a copy of the foregoing document filed electronically with the United States District Court for the Southern District of West Virginia, on this 14th day of August, 2009, with notice of case activity to be generated and ECF notice to be sent electronically by the Clerk of the Court. A copy will be mailed Via Certified Mail to those who do not receive ECF notice from the Clerk of the Court:

Harry F. Bell, Jr.
William Bands
Bell & Bands, PLLC
30 Capitol Street
P.O. Box 1723
Charleston, WV 25326-1723

Charles Webb
The Webb Law Firm
108 1/2 Capitol Street, Suite 201
Charleston, WV 25301

Gary Pullin
Pullin Fowler Flanagan PLLC
901 Quarrier Street
Charleston, WV 25301


/s/ Daniel McNeel Lane, Jr.
DANIEL MCNEEL LANE, JR.