IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

CHERYL DOUGHERTY, individually,
and on behalf of all others similarly situated,

       Plaintiff,

v.                                                         CIVIL ACTION NO.: 2:09-CV-00443
                                                              (Honorable John T. Copenhaver, Jr.)

RAMONA CERRA, *et al.*

       Defendants.

**PLAINTIFF'S RESPONSE TO DEFENDANT AMERICAN INTERNATIONAL GROUP, INC.'S MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION**

      Now comes the Plaintiff, individually, and on behalf of all others similarly situated, and hereby responds to Defendant, American International Group, Inc.'s ("AIG") Motion to Dismiss ("MTD") for Lack of Personal Jurisdiction.  Plaintiff requests that this Court deny AIG's MTD for two reasons.  First, Plaintiff has made a *prima facie* showing that AIG is subject to this Court's personal jurisdiction.  Second, more discovery is needed regarding AIG's corporate governance of its wholly owned subsidiaries.  In the alternative, Plaintiff requests that this Court withhold judgment on Defendants' MTD and remand this to case to state court for further proceedings regarding the application of West Virginia's long arm statute to AIG.

                                                 I.     STATEMENT OF FACTS

      During the academic year 1990-91, VALIC sent its agents to schools throughout West Virginia to sell its fixed annuity ("the annuity") to teachers who were then enrolled in the Teachers' Retirement System ("TRS"), a defined benefit pension plan.  (<u>See</u> Third Amended

Complaint at ¶ 34).  To encourage the teachers to transfer their retirement funds to the annuity, VALIC's agents misrepresented to the teachers that the TRS was in grave danger and that the teachers would lose their retirement if they remained in the TRS.  (Id. at ¶ 36).  VALIC's agents also misrepresented to the teachers that they would retire with even better benefits if they transferred to the annuity despite the annuity's unconscionable terms.  (Id.).  Teachers throughout West Virginia transferred their retirement funds to the annuity and have been substantially damaged as a direct result of these misrepresentations.  (Id. at ¶ 40).

AIG acquired VALIC in August 2001.  (See AIG's MTD at Exhibit B).  AIG is the parent corporation of VALIC, which is a wholly owned subsidiary of AIG.  As such, AIG owns 100 percent of VALIC's capital stock (See Exhibit 21 to AIG's 2008 Annual Report, attached hereto as Exhibit A).

As part of its branding campaign to strengthen worldwide recognition of the AIG brand, VALIC was re-branded as AIG Retirement in 2007.  (See AIG's 2007 Annual Report at 4, attached hereto as Exhibit B).  VALIC is under AIG's Life Insurance & Retirement Services unit, which is one of AIG's principal business units.  (See AIG's 2008 Annual Report at 6, attached hereto as Exhibit C).  VALIC is one of six domestic entities within this unit.  (Id.)

In 2007, the Domestic Life Insurance & Retirement Services unit's revenues comprised 21 percent of AIG's total Life Insurance & Retirement Services premiums and 24 percent of its operating income.  (See Exhibit B at 10).  Moreover, VALIC achieved double-digit deposit growth and a steady increase in fee income and assets under management in 2007.  (Id. at 7).  In 2008, AIG's Domestic Life Insurance & Retirement Services revenues comprised 20 percent of AIG's total Life Insurance & Retirement Services premiums.  (See Exhibit C at 13).  AIG's Brokerage Services and Mutual Funds business manages, advises

and/or administers the underlying assets of variable annuities that have been sold by "VALIC to individuals and groups throughout the United States." (See Exhibit B at 12).

## II. *PRIMA FACIE* STANDARD

To survive a Motion to Dismiss for Lack of Personal Jurisdiction, a plaintiff need only make a *prima facie* showing of personal jurisdiction. In deciding whether this showing has been made, a court must resolve all disputed facts and reasonable inferences in favor of the plaintiff. If the existence of personal jurisdiction depends on disputed factual questions, the court may defer its ruling to allow discovery, conduct a separate evidentiary hearing, and/or permit the issue to be litigated at trial. See Vass v. Volvo Trucks N. Am., Inc., 315 F. Supp.2d 851, 853 (S.D.W. Va. 2004)(citing Carefirst of Maryland, Inc. v. Carefirst Pregnancy Centers, Inc., 334 F.3d 390, 396 (4th Cir. 2003) (internal citations omitted)).

## III. ARGUMENT

Federal Rule of Civil Procedure 4(k)(1)(A) provides that a federal court may exercise personal jurisdiction over a defendant in the manner provided by state law. Id. West Virginia's long arm statute, W. Va. Code § 56-3-33, permits the exercise of personal jurisdiction over a nonresident defendant to the fullest extent permitted by the due process clause of the Fourteenth Amendment to the U.S. Constitution. Therefore, the statutory inquiry merges with the constitutional inquiry. Id. at 854 (citing In re Celotex Corp., 124 F.3d 619, 627-28 (4th Cir. 1997)). To satisfy constitutional due process, the defendant must have sufficient minimum contacts with West Virginia so that the exercise of jurisdiction in this state does not "offend traditional notions of fair play and substantial justice." Id. (quoting International Shoe Co. v. Washington, 326 U.S. 310, 316 (1945)).

West Virginia's long arm statute extends personal jurisdiction over nonresidents who transact business in this state. W. Va. Code 56-3-33(a)(1) (2008). A parent-subsidiary

relationship is one of "doing business" in this state.  Syl. Pt. 1, Bowers v. Wurzburg, 202 W. Va. 43, 501 S.E.2d 479 (1998).  However, the West Virginia Supreme Court has held that a parent-subsidiary relationship does not establish jurisdiction over the parent corporation under the long arm statute without a showing of additional factors.  Id.  One of the additional factors to be considered when determining whether to assert personal jurisdiction over a nonresident corporation is whether a parent corporation owns all or most of the capital stock of the subsidiary.  Id. at Syl. Pt. 2.  Another such factor is whether the parent corporation's papers describe the subsidiary as a department or division of the corporation.  Id.  Whether the parent corporation uses the property of the subsidiary as its own is also a relevant question.  Id.

As provided in the Statement of Facts, VALIC is a wholly owned subsidiary of AIG.  Thus, AIG owns all of its capital stock.  Moreover, VALIC is part of a principal business unit of AIG—the Life Insurance and Retirement Services unit.  AIG derives substantial profits from VALIC and this unit.  Finally, AIG manages the underlying assets of the annuities that are sold by VALIC through one of its other subsidiaries.  In doing so, AIG treats the assets of VALIC as its own.

Plaintiff has established several of the factors for determining whether personal jurisdiction applies to AIG's parent-subsidiary relationship with VALIC.  Therefore, Plaintiff has made her *prima facie* showing of personal jurisdiction over AIG.

At the very least, this Court should permit Plaintiff to conduct additional discovery regarding AIG's corporate governance of VALIC.  The information needed to fully answer questions regarding its corporate governance of VALIC is in the exclusive control of AIG.  Moreover, this Court should not grant summary judgment on the basis of the two page

unsworn declaration of AIG's general counsel that provides conclusory answers to these questions.

## IV.   CONCLUSION

Plaintiff requests that this Court deny Defendant, American International Group, Inc.'s, Motion to Dismiss for Lack of Personal Jurisdiction.  In the alternative, Plaintiff requests that this Court withhold judgment and remand this case to state court for further proceedings related to the application of the West Virginia's long arm statute to AIG.

**PLAINTIFF CHERYL DOUGHERTY, individually, and on behalf of all others similarly situated,**

**By Counsel**

s/ Harry F. Bell, Jr.
Harry F. Bell, Jr., Esquire (W. Va. Bar No. 297)
Roger L. Lambert, Esquire (W. Va. Bar No. 10800)
Attorneys for Plaintiff
The Bell Law Firm, PLLC
30 Capitol Street
P.O. Box 1723
Charleston, WV 25326-1723
Telephone:  (304) 345-1700
Fax:  (304) 345-1715
E-mail:  hfbell@belllaw.com

and

s/ Charles R. Webb
Charles R. Webb, Esquire (W. Va. Bar No. 4782)
The Webb Law Firm, PLLC
108 ½ Capitol Street, Suite 201
Charleston, WV  25301
Telephone:  (304) 344-9322
Fax:  (304) 344-1157
E-mail:  rusty@crwlawfirm.com

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

CHERYL DOUGHERTY, individually,
and on behalf of all others similarly situated,

        Plaintiff,

v.                                         CIVIL ACTION NO.: 2:09-CV-00443
                                          (Honorable John T. Copenhaver, Jr.)

RAMONA CERRA, et al.

        Defendants.

## CERTIFICATE OF SERVICE

I, Harry F. Bell, Jr., hereby certify that on the 10th day of September, I have electronically filed with the Clerk of the Court a true and exact copy of the foregoing document using the CM/ECF system, which will send notification of such filing to the following CM/ECF participants:

        Michael M. Fisher
        JACKSON KELLY
        1600 Laidley Tower
        P. O. Box 553
        Charleston, WV 25322

        Gary Pullin
        PULLIN FOWLER FLANAGAN
        James Mark Building
        901 Quarrier Street
        Charleston, West Virginia 25301

        Daniel McNeel Lane, Jr.
        Brian S. Jones
        AKIN BUMP STRAUSS HAUER & FELD LLP
        300 Convent Street, Suite 1500
        San Antonio, TX 78205-3732

                        /s/ Harry F. Bell, Jr.
                        Harry F. Bell, Jr.