IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

| | |
|---|---|
| CHERYL DOUGHERTY, individually, and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>RAMONA CERRA, et al.<br><br>Defendants. | §<br>§<br>§<br>§<br>§<br>§ CIVIL ACTION NO. 2:09-443<br>§<br>§<br>§<br>§<br>§ |

## AMERICAN INTERNATIONAL GROUP, INC.'S
## REPLY BRIEF IN SUPPORT OF ITS
## MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION

Defendant American International Group, Inc. ("AIG") submits this Reply Brief in Support of its Motion to Dismiss for Lack of Personal Jurisdiction, and would show:

*Preliminary Statement*

Plaintiff Cheryl Dougherty's response to AIG's motion to dismiss offers no basis for this Court to assert personal jurisdiction over AIG. Dougherty fails to provide any evidence that AIG conducted business in West Virginia, or that it exercises an amount of control over the VALIC Defendants[1] sufficient to subject it to jurisdiction in West Virginia. Moreover, rather than providing evidence of contacts between AIG and West Virginia, Dougherty offers a litany of statistics regarding VALIC's revenues, premiums, and assets—all of them irrelevant to the issue of whether this Court may exercise personal jurisdiction over AIG.

Indeed, Dougherty concedes what must be the most important fact: AIG did not even acquire VALIC until nearly ten years after the alleged wrongful acts by VALIC. Thus, this case

---

[1] The Variable Annuity Life Insurance Company ("VALIC"), AIG Retirement Advisors, Inc. (n/k/a VALIC Financial Advisors, Inc.), and AIG Retirement Services Company (n/k/a VALIC Retirement Services Company) are collectively referred to as "VALIC" or the "VALIC Defendants."

could not have arisen from AIG's contacts with the state of West Virginia. AIG's motion to dismiss should be granted.

## UNDISPUTED FACTS

The Declaration of Yun G. Lee conclusively disproves Dougherty's assertion that this Court has jurisdiction over AIG by showing that: (1) VALIC is a separate and distinct corporation from AIG; (2) Since AIG does not sell, write or issue primary or excess insurance or annuities, AIG could not have sold, written or issued the annuities that are the subject of this action; (3) AIG is organized under the laws of Delaware, with its principal place of business in New York, New York; (4) AIG has never done business in West Virginia, is not qualified to do business in West Virginia, and is not required to have an agent for service of process in West Virginia; and, (5) AIG did not acquire VALIC until 2001—nearly 10 years after the acts alleged in Dougherty's complaint supposedly occurred. *See* Declaration of Yun G. Lee, attached to AIG's Motion to Dismiss for Lack of Personal Jurisdiction as Exhibit "A." [Docket No. 40-1.]

Dougherty does not dispute any of the facts in Lee's Declaration, but argues instead it has no evidentiary value as an "unsworn statement." Not true. 28 U.S.C. § 1746 specifically provides that: "Wherever ... any matter is required or permitted to be supported, evidenced, established, or proved by the sworn declaration, verification, certificate, statement, oath, or affidavit, in writing of the person making the same ... such matter may, with like force and effect, be supported, evidenced, established, or proved by the unsworn declaration, certificate, verification, or statement, in writing of such person which is subscribed by him, as true under penalty of perjury, and dated." The Lee Declaration is admissible and unambiguously supports dismissal.

Dougherty, on the other hand, failed to produce *any* evidence, or even to make any allegations, that would establish this forum has personal jurisdiction over AIG. Rather than produce any evidence of contacts between AIG and West Virginia, Dougherty misconstrues the relationship

between AIG and the VALIC Defendants. Dougherty incorrectly alleges that AIG (a New York based holding company) manages the underlying assets (located outside of West Virginia) of investment products sold by VALIC (a Texas based company). This assertion is wholly irrelevant—contacts between AIG and West Virginia are at issue, not contacts between AIG and VALIC—and wholly untrue. Not a shred of evidence supports either Dougherty's allegations or personal jurisdiction over AIG.

## ARGUMENT AND AUTHORITIES

### I. PLAINTIFFS MUST PROVE PERSONAL JURISDICTION BY A PREPONDERANCE OF THE EVIDENCE

A Rule 12(b)(2) motion to dismiss for lack of personal jurisdiction is proper under two circumstances: (1) where the complaint, on its face, fails to allege facts upon which the Court may base jurisdiction, or (2) where the facts underlying the jurisdictional allegations are not true. *See African Dev. Co., Ltd. v. Keene Eng'g, Inc.*, 963 F. Supp. 522, 524 (E.D. Va. 1997) ("Under Rule 12(b)2), the accepted practice is to consider the extra-pleading material rather than accept the allegations of the complaint as true.") (citing *Wilson-Cook Med., Inc. v. Wilson*, 942 F.2d 247, 253 (4th Cir. 1991) (accepting district court's consideration of affidavits in ruling on 12(b)(2) motion to dismiss)). Under the first circumstance, all facts as alleged in the complaint are assumed to be true, as with a motion under Rule 12(b)(6) of the Federal Rules of Civil Procedure. *Combs v. Bakker*, 886 F.2d 673, 676 (4th Cir. 1989). Under the second circumstance, the Court may consider matters outside of the pleadings in determining whether it has jurisdiction to hear the plaintiff's claims. *Mylan Labs., Inc. v. Akzo, N.V.*, 2 F.3d 56, 62 (4th Cir. 1993) (district court correctly looked at proffered proof in ruling on motion to dismiss for lack of jurisdiction under 12(b)(2)). In either

circumstance, the plaintiff ultimately bears the burden of establishing by a preponderance of the evidence that the Court, does in fact, have jurisdiction over the defendant.[2] *Id.* at 59-60.

Because Dougherty does not even *allege* facts upon which personal jurisdiction could be premised, much less provide evidence in support, this Court should grant AIG's motion to dismiss, and should not permit Dougherty to impose upon AIG the cost of defending this class action lawsuit. *See Mylan Labs*, 2 F.3d at 64. (affirming district court's refusal to allow discovery where the complaint failed to plead the requisite jurisdictional contacts).

## II. DOUGHERTY HAS FAILED TO ESTABLISH EITHER GENERAL OR SPECIFIC JURISDICTION OVER AIG

### A. DOUGHERTY'S "FACTS" DO NOT ESTABLISH JURISDICTION OVER AIG BASED ON THE PARENT-SUBSIDIARY RELATIONSHIP BETWEEN AIG AND VALIC

Under West Virginia law, "[a] parent-subsidiary relationship between corporations, one of which is 'doing business' in this state, does not without the showing of additional factors subject the nonresident corporation to this state's jurisdiction." *Norfolk S. Ry. Co. v. Maynard*, 437 S.E.2d 277, 281 (W.Va. 1993); *accord Bowers v. Wurzburg*, 501 S.E.2d 479, 490 (W.Va. 1998). A West Virginia court can only exercise jurisdiction over a parent through its subsidiary where "the parent and its subsidiary operate as one entity" or "the extent [of] domination and control by the parent corporation renders the subsidiary a mere instrumentality of the parent." *Norfolk*, 437 S.E.2d at 281 (internal quotations omitted). Both federal and West Virginia courts presume that such domination or control does not exist. *See Toney v. Family Dollar Stores, Inc.*, 273 F.Supp.2d 757, 761 (S.D. W.Va. 2003) ("Generally courts presume the institutional independence of parent corporation and wholly-owned subsidiary when considering the question whether jurisdiction may

---

[2] The *prima facie* standard recited by Dougherty in her response only applies where the Court addresses the jurisdictional question on only the motion papers, legal memoranda, and the relevant allegations in the complaint. *Combs*, 886 F.2d at 676. Where the existence of jurisdiction turns on disputed factual questions, the court may conduct an evidentiary hearing and the plaintiff bears the ultimate burden to establish facts supporting jurisdiction. *Id.*

be asserted over the parent solely on the basis of the subsidiary's contacts with the forum") (citing *Donatelli v. Nat'l Hockey League*, 893 F.2d 459, 466 (1st Cir. 1990); *Norfolk*, 437 S.E.2d at 282).

West Virginia courts have established multiple factors to be considered when determining whether a parent exercises the requisite amount of control over its subsidiary such that the court may obtain personal jurisdiction over the parent through the subsidiary. Dougherty correctly states that *two* of the factors to be considered are whether the parent owns all or most of the stock of the subsidiary and whether the parent describes the subsidiary as a department or division of the parent.

AIG does not dispute that Dougherty can satisfy the first of these factors—specifically, VALIC defendants are indirect, wholly owned subsidiaries of AIG—but this factor standing alone does not support jurisdiction over AIG. Moreover, Dougherty fails to meet the second factor, despite misconstruing the annual reports when she claims that AIG describes VALIC as a department or division of AIG. The annual reports refer to VALIC as a separate "compan[y]," and nowhere refer to any of the VALIC defendants as a department, division, or unit of AIG.

More troubling, Dougherty fails to inform this Court that the two factors she argues favor jurisdiction over AIG *are only two of eleven factors* the Court is supposed to consider. The eleven factors are: (1) whether the parent corporation owns all or most of the capital stock of the subsidiary; (2) whether the parent and subsidiary corporations have common directors and officers; (3) whether the parent corporation finances the subsidiary; (4) whether the parent corporation subscribes to all the capital stock of the subsidiary or otherwise causes its incorporation; (5) whether the subsidiary has grossly inadequate capital; (6) whether the parent corporation pays the salaries and other expenses or losses of the subsidiary; (7) whether the subsidiary has substantially no business except with the parent corporation or no assets except those conveyed to it by the parent corporation; (8) whether in the papers of the parent corporation or in the statement of its

officers, the subsidiary is described as a department or division of the parent corporation, or its business or financial responsibility is referred to as the parent corporation's own; (9) whether the parent corporation uses the property of the subsidiary as its own; (10) whether the directors or executives of the subsidiary do not act independently in the interest of the subsidiary but take their orders from the parent corporation in the latter's interest; and (11) whether the formal legal requirements of the subsidiary are not observed. *Bowers*, 501 S.E.2d. at 490 (quoting *Norfolk*, 437 S.E.2d at 282); *accord Toney*, 273 F. Supp. 2d at 762.

By failing to prove or even to mention nine of the eleven factors, Dougherty effectively concedes this Court has no personal jurisdiction over AIG.

### B. AIG DOES NOT HAVE MINIMUM CONTACTS WITH WEST VIRGINIA TO SATISFY DUE PROCESS

Exercising jurisdiction over AIG would offend federal due process standards. *See Gray v. Riso Kagaku Corp.*, No. 95-1741, 1996 WL 181488, at *2-3 (4th Cir. Apr. 17, 1996) (no personal jurisdiction over parent corporation where plaintiff had not proved that the subsidiary was an agent of the parent, that the parent exerted a degree of control greater than what is normally associated with common ownership, or that the companies were separate entities in name alone). AIG lacks the necessary minimum contacts with West Virginia to satisfy due process protections.

Dougherty has neither alleged nor proven any contacts between AIG and West Virginia other than AIG's ownership of a corporation, VALIC, doing business in West Virginia—which is clearly insufficient to satisfy the due process requirement of minimum contacts. On the other hand, AIG has amply demonstrated that it lacks the minimum contacts with West Virginia necessary to support jurisdiction under due process principles. Dougherty has submitted no evidence to controvert the Lee Declaration that AIG has never done business in West Virginia, is not qualified to do business in West Virginia, and is not required to have an agent for service of process in West

Virginia. Therefore, the exercise of personal jurisdiction over AIG would be improper under the U.S. Constitution.

### Conclusion

AIG's Motion to Dismiss should be granted.

DATED: September 29, 2009

Respectfully Submitted,

/s/ Daniel McNeel Lane, Jr.
Daniel McNeel Lane, Jr.
(*admitted pro hac vice*)
Brian S. Jones
(*admitted pro hac vice*)
AKIN GUMP STRAUSS HAUER & FELD LLP
300 Convent Street, Suite 1600
San Antonio, Texas 78205
(210) 281-7000

-and

Thomas J. Hurney, Jr., Esquire
WV Bar ID# 1833
Michael M. Fisher, Esquire
WV Bar ID# 4353
JACKSON KELLY PLLC
P.O. Box 553
Charleston, West Virginia 25322
(304) 340-1000

**ATTORNEYS FOR AMERICAN INTERNATIONAL GROUP, INC.**

## CERTIFICATE OF SERVICE

    The undersigned hereby certifies that all parties listed on this certificate of service will receive a copy of the foregoing document filed electronically with the United States District Court for the Southern District of West Virginia, on this <u>29th</u> day of September, 2009, with notice of case activity to be generated and ECF notice to be sent electronically by the Clerk of the Court. A copy will be mailed Via Certified Mail to those who do not receive ECF notice from the Clerk of the Court:

Harry F. Bell, Jr.
William Bands
Bell & Bands, PLLC
30 Capitol Street
P.O. Box 1723
Charleston, WV 25326-1723

Charles Webb
The Webb Law Firm
108 1/2 Capitol Street, Suite 201
Charleston, WV 25301

Gary Pullin
Pullin Fowler Flanagan PLLC
901 Quarrier Street
Charleston, WV 25301

                                        /s/ Daniel McNeel Lane, Jr.
                                        DANIEL MCNEEL LANE, JR.